UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., et al., | ) | Case Nos. 4:11CV44 CDP |
| | ) | 4:11CV45 CDP |
| Plaintiffs, | ) | 4:11CV46 CDP |
| | ) | 4:11CV47 CDP |
| vs. | ) | 4:11CV48 CDP |
| | ) | 4:11CV49 CDP |
| DOE RUN RESOURCES | ) | 4:11CV50 CDP |
| CORPORATION, et al., | ) | 4:11CV52 CDP |
| | ) | 4:11CV55 CDP |
| Defendants. | ) | 4:11CV56 CDP |
| | ) | 4:11CV59 CDP |

## MEMORANDUM AND ORDER

Defendants seek a stay of these cases pending appeal. The appeal is from my order denying a stay of these cases while defendants arbitrate a related dispute with a third party. Although I previously held, and continue to believe, that it is not appropriate to stay the claims brought by these plaintiffs while defendants spend years arbitrating their related dispute with Peru, I believe that a stay pending this appeal is appropriate. Unlike the international arbitration, the appeal to the United States Court of Appeals will likely take months, not years. Although plaintiffs will be prejudiced somewhat by the delay, I do not believe that it is unjust to stay these cases for the relatively short period of time that will be required by the appeal.

## Discussion

The background of these cases is set out in detail in my Memorandum and Order dated December 7, 2011 and my Memorandum Opinion dated June 22, 2011, and I will not repeat it in detail here. After lengthy proceedings in state court, defendants removed these cases to this court under 9 U.S.C. § 205. The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, as implemented by 9 U.S.C. §§ 201 *et seq.*, provides a method for enforcement of certain international arbitration agreements, and § 205 allows removal of cases from state court if they "relate[] to" arbitration agreements covered by the convention.

I denied plaintiffs' motions to remand their cases to state court because I found that the cases related to the arbitration agreement between one of the defendants and Peru. Although these cases are "related" to that arbitration agreement, the plaintiffs' claims will not be decided by that arbitration. I therefore denied the defendants' motion to stay these cases pending completion of that international arbitration, and I set out the reasons in more detail in the December 7 opinion.

Defendants appealed that decision, invoking 9 U.S.C. § 16(a)(1)(A), and now seek a stay pending appeal. Defendants assert that I am divested of

jurisdiction pending their appeal.  Plaintiffs assert that the decision is not appealable at all, because their claims will not be determined by the arbitration, and so, they argue, the Federal Arbitration Act does not apply.  But defendants' motion to stay was brought under the FAA, 9 U.S.C. § 3, and the Supreme Court has interpreted that statute to the contrary:

> By that provision's clear and unambiguous terms, any litigant who asks for a stay under § 3 is entitled to an immediate appeal from denial of that motion – regardless of whether the litigant is in fact eligible for a stay.

*Arthur Andersen LLP v. Carlisle*, 129 S.Ct. 1896, 1900 (2009).  Thus, I must consider whether a stay pending appeal is appropriate.

There is a split of authority regarding whether an appeal under 9 U.S.C. § 16(a)(1)(A) automatically divests the district court of jurisdiction.  The Second, Fifth, and Ninth Circuits have held that a stay is not automatic "because arbitrability is an issue easily separable from the merits of the underlying dispute." *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 907-08 (5th Cir. 2011); *see also Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53-54 (2d Cir. 2004); *Britton v. Co-Op Banking Grp.*, 916 F.2d 1405, 1411-12 (9th Cir. 1990).  The Third, Fourth, Seventh, Tenth, and Eleventh Circuits, however, hold that a notice of appeal automatically stays proceedings in the district court because the question of

"[w]hether the litigation may go forward in the district court is precisely what the court of appeals must decide." *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997); *see also Levin v. Alms & Assocs, Inc.*, 634 F.3d 260, 264-66 (4th Cir. 2011); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160-62 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251-52 (11th Cir. 2004).  The Eighth Circuit has not yet decided whether an appeal under § 16(a)(1)(A) automatically divests the district court of jurisdiction.

Without attempting to predict which position the Eighth Circuit would take on this issue, I conclude that a stay pending appeal is an appropriate exercise of my discretion in these circumstances.  Such a stay is permitted under the court's inherent power to control its trial docket. *See, e.g.*, *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.")).  Furthermore, Rule 16(b) of the Federal

Rules of Civil Procedure allows the court to control the schedule and timing of discovery, and to modify such a plan for good cause, and Rule 26(d) allows the court to control the timing and sequence of discovery.  Using this inherent and express power to control my docket, I conclude that the interests of justice are best served by staying these proceedings pending the resolution of defendants' interlocutory appeal.

Defendants are correct that the future progress of this case is dependent upon the ruling of the Eighth Circuit Court of Appeals.  If the Eighth Circuit were to reverse my decision denying a stay during the pendency of the international arbitration, any discovery efforts in this court would have been premature.  Judicial efficiency therefore counsels against requiring defendants to defend this case before there has been a determination of whether they are entitled to stay the proceedings until the international arbitration is complete.  Though this additional time may prejudice the plaintiffs' rights to pursue their claims, defendants have a statutory right to bring this appeal, and it does not appear that they have done so in bad faith.  Additionally, the time for completing an appeal will be far shorter than the expected time for completing the international arbitration, and I do not believe the prejudice to plaintiffs from this additional, relatively short delay, is so significant that I should deny the stay.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to stay proceedings pending appeal [#69] is GRANTED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2012.