IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATE REID and MEGAN HEENEY, As Next Friends of A.O.A., M.C.A., Y.C.A., A.C.C., D.R.G., J.R.G., S.A.L., J.P.Q.M., and B.Q.M., <br><br> Plaintiffs, <br><br> - vs- <br><br> THE DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., MARVIN K. KAISER, ALBERT BRUCE NEIL, JEFFERY L. ZELMS, THEODORE P. FOX III, DANIEL L. VORNBERG, THE RENCO GROUP, INC., RENCO HOLDINGS, INC., AND IRA L. RENNERT, <br><br> Defendants. | Case No.  4:11-CV-44-CDP <br><br> **JURY TRIAL DEMANDED** |

### ANSWER TO PETITION FOR DAMAGES BY DEFENDANTS THE DOE RUN RESOURCES CORPORATION, MARVIN K. KAISER, ALBERT BRUCE NEIL, JEFFERY L. ZELMS, THEODORE P. FOX III, AND DANIEL L. VORNBERG

Pursuant to Fed. R. Civ. P. 12, Defendants The Doe Run Resources Corporation, Marvin K. Kaiser, Albert Bruce Neil, Jeffery L. Zelms, Theodore P. Fox III, and Daniel L. Vornberg (collectively referred to as "the Doe Run Defendants") hereby answer Plaintiffs' Petition for Damages ("Petition").  Unless hereinafter specifically admitted, the Doe Run Defendants deny each and every allegation within the Petition, and further deny that Plaintiffs are entitled to the relief sought therein.  The Doe Run Defendants respond to the allegations of Plaintiffs' Petition as follows:

1.      The Doe Run Defendants admit that Plaintiffs bring this action, but deny that Plaintiffs are entitled to the relief sought.  The Doe Run Defendants deny the remaining allegations of paragraph 1.

## THE PLAINTIFFS

2.      The Doe Run Defendants admit that the Circuit Court for the City of St. Louis entered an Order appointing Sister Kate Reid and Megan Heeney as Next Friends of Plaintiffs.  The Doe Run Defendants deny the remaining allegations of paragraph 2.

3.      The Doe Run Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and so deny the same.

4.      The Doe Run Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and so deny the same.

## THE DEFENDANTS

5.      The Doe Run Defendants admit the allegations of the first sentence of paragraph 5.  The Doe Run Defendants deny the remaining allegations of paragraph 5.

6.      The Doe Run Defendants admit that Doe Run Cayman, Ltd. is a Cayman Island corporation that holds an ownership interest in Doe Run Peru S.R.L.  The Doe Run Defendants deny the remaining allegations of paragraph 6.

7.      The Doe Run Defendants admit that Doe Run Cayman Ltd. has held either a direct or indirect ownership interest in Doe Run Peru S.R.L.  The Doe Run Defendants deny the remaining allegations of paragraph 7.

8.      The Doe Run Defendants deny the allegations of paragraph 8.

9.      The Doe Run Defendants admit that D.R. Acquisition Corp. is a Missouri corporation with its principal place of business in Missouri.  The Doe Run Defendants admit that

D.R. Acquisition Corp. owns 100% of the common stock of The Doe Run Resources Corporation.  The Doe Run Defendants deny the remaining allegations of paragraph 9.

10. The Doe Run Defendants admit the allegations of the first sentence of paragraph 10.  The Doe Run Defendants deny the allegations of the second sentence of paragraph 10 with respect to Defendant Renco Holdings, Inc.  The Doe Run Defendants admit that The Renco Group, Inc. has been the owner of Defendant D.R. Acquisition Corp. and that The Renco Group Inc. is the indirect owner of Doe Run Peru S.R.L.  The Doe Run Defendants deny the remaining allegations of paragraph 10.

11. The Doe Run Defendants admit that Ira L. Rennert is a resident of the City of New York, State of New York and that he is and was a director and officer of each of Renco Group, Inc., Renco Holdings, Inc., and a director of The Doe Run Resources Corporation.  The Doe Run Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 and therefore deny the same.

12. The Doe Run Defendants deny the allegations of the first sentence of paragraph 12.  The Doe Run Defendants admit that Defendant Kaiser was an officer of Defendant The Doe Run Resources Corporation from 1994 to February 2006.  The Doe Run Defendants deny the remaining allegations of paragraph 12.

13. The Doe Run Defendants admit the allegations of the first sentence of paragraph 13. The Doe Run Defendants admit that Defendant Neil was an officer of Defendant The Doe Run Resources Corporation from October 2004 to July 2012.  The Doe Run Defendants deny the remaining allegations of paragraph 13.

14. The Doe Run Defendants admit the allegations of the first sentence of paragraph 14.  The Doe Run Defendants admit that Defendant Zelms was an officer of

Defendant The Doe Run Resources Corporation from April 1994 to March 2006.  The Doe Run Defendants deny the remaining allegations of paragraph 14.

15. The Doe Run Defendants deny the allegations of the first sentence of paragraph 15.  The Doe Run Defendants admit that Defendant Fox was an officer of Defendant The Doe Run Resources Corporation from March 2006 to the present.  The Doe Run Defendants deny the remaining allegations of paragraph 15.

16. The Doe Run Defendants admit the allegations of the first sentence of paragraph 16.  The Doe Run Defendants admit that Defendant Vornberg was an officer of Defendant The Doe Run Resources Corporation March 2003 to March 2010.  The Doe Run Defendants deny the remaining allegations of paragraph 16.

## JURISDICTION AND VENUE

17. The Doe Run Defendants admit that jurisdiction is proper in this Court pursuant to 9 U.S.C. § 203 and 28 U.S.C. §§ 1331 and 1332 and that venue is proper in this Court pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1391.  The Doe Run Defendants deny the remaining allegations of paragraph 17.

## ALLEGATIONS COMMON TO ALL COUNTS

18. The Doe Run Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and so deny the same.

19. The Doe Run Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and so deny the same.

20. The Doe Run Defendants deny the allegations of paragraph 20.

21. The Doe Run Defendants deny the allegations of paragraph 21.

22. The Doe Run Defendants deny the allegations of paragraph 22.

23. The Doe Run Defendants deny the allegations of paragraph 23.

24. The Doe Run Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first and third sentences of paragraph 24, and so deny the same. The Doe Run Defendants deny the remaining allegations of paragraph 24.

## FURTHER IDENTIFICATION OF THE DEFENDANTS

25. The Doe Run Defendants admit that The Doe Run Resources Corporation and The Renco Group, Inc. were signatories to the Stock Transfer Agreement by which Doe Run Peru S.R.L. acquired the majority of shares of Empresa Metalurgica La Oroya S.A. (Metalaroya S.A.) from the Peruvian State-owned Empresa Minera del Centro del Peru S.A. (Centromin Peru S.A.). The Doe Run Defendants deny the remaining allegations of paragraph 25.

26. The Doe Run Defendants deny the allegations of paragraph 26.

27. The Doe Run Defendants deny the allegations of paragraph 27.

28. The Doe Run Defendants admit that Defendant The Doe Run Resources Corporation is a company with offices in St. Louis County, Missouri, and whose business includes mining, smelting, recycling, and fabrication of metals. The Doe Run Defendants deny the remaining allegations of paragraph 28.

29. The Doe Run Defendants deny the allegations of paragraph 29.

30. The Doe Run Defendants admit that D.R. Acquisition Corp. is a wholly-owned subsidiary of The Renco Group, Inc. and that D.R. Acquisition Corp. owns 100% of the common stock of the Doe Run Resources Corporation. The Doe Run Defendants deny the remaining allegations of paragraph 30.

31. The Doe Run Defendants admit that Ira L. Rennert serves as the Chairman and Chief Executive Officer of The Renco Group, Inc. The Doe Run Defendants deny the remaining allegations of paragraph 31.

32. The Doe Run Defendants admit that Defendant Renco Group, Inc. is a corporation organized and existing by virtue of law. The Doe Run Defendants deny the remaining allegations of paragraph 32.

33. The Doe Run Defendants deny the allegations of paragraph 33.

34. The Doe Run Defendants deny the allegations of paragraph 34.

35. The Doe Run Defendants deny the allegations of paragraph 35.

36. The Doe Run Defendants deny the allegations of paragraph 36.

37. The Doe Run Defendants deny the allegations of paragraph 37.

## COUNT I

**(NEGLIGENCE – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC. and RENCO HOLDINGS, INC.)**

38. The Doe Run Defendants incorporate by reference their responses to the allegations of paragraphs 1 - 37.

39. The Doe Run Defendants deny the allegations of paragraph 39.

40. The Doe Run Defendants deny the allegations of paragraph 40.

41. The Doe Run Defendants deny the allegations of paragraph 41.

42. The Doe Run Defendants deny the allegations of paragraph 42.

43. The Doe Run Defendants deny the allegations of paragraph 43.

44. The Doe Run Defendants deny the allegations of paragraph 44.

45. The Doe Run Defendants deny the allegations of paragraph 45.

## COUNT II

## (CIVIL CONSPIRACY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC. and RENCO HOLDINGS, INC.)

46. The Doe Run Defendants incorporate by reference their responses to the allegations of paragraphs 1 - 45.

47. The Doe Run Defendants deny the allegations of paragraph 47.

48. The Doe Run Defendants deny the allegations of paragraph 48.

49. The Doe Run Defendants deny the allegations of paragraph 49.

50. The Doe Run Defendants deny the allegations of paragraph 50.

51. The Doe Run Defendants deny the allegations of paragraph 51.

52. The Doe Run Defendants deny the allegations of paragraph 52.

## COUNT III

## (ABSOLUTE or STRICT LIABILITY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC. and RENCO HOLDINGS, INC.)

53. The Doe Run Defendants incorporate by reference their responses to the allegations of paragraphs 1 - 52.

54. The Doe Run Defendants deny the allegations of paragraph 54.

55. The Doe Run Defendants deny the allegations of paragraph 55.

56. The Doe Run Defendants deny the allegations of paragraph 56.

57. The Doe Run Defendants deny the allegations of paragraph 57.

58. The Doe Run Defendants deny the allegations of paragraph 58.

## COUNT IV

**(NEGLIGENCE – Defendants MARVIN K. KAISER, ALBERT BRUCE NEIL, JEFFERY L. ZELMS, THEODORE P. FOX III, DANIEL L. VORNBERG and IRA L. RENNERT)**

59. The Doe Run Defendants incorporate by reference their responses to the allegations of paragraphs 1 - 58.

60. The Doe Run Defendants deny the allegations of paragraph 60.

61. The Doe Run Defendants admit that Defendant Neil was the Chief Executive Officer of Defendant Doe Run Resources Corporation from April 2006 to July 2012 and served as the President of Doe Run Peru from September 2003 to April 2006 and as the General Manager of Doe Run Peru from September 2003 to January 2006.  The Doe Run Defendants deny the remaining allegations of paragraph 61.

62. The Doe Run Defendants deny the allegations of paragraph 62.

63. The Doe Run Defendants deny the allegations of paragraph 63.

64. The Doe Run Defendants deny the allegations of paragraph 64.

65. The Doe Run Defendants admit that Ira L. Rennert was and is the Chairman and Chief Executive Officer of The Renco Group, Inc. and the Chairman of Defendant Doe Run Resources Corporation.  The Doe Run Defendants deny the remaining allegations of paragraph 65.

66. The Doe Run Defendants deny the allegations of paragraph 66.

67. The Doe Run Defendants deny the allegations of paragraph 67.

68. The Doe Run Defendants deny the allegations of paragraph 68.

69. The Doe Run Defendants deny the allegations of paragraph 69.

## COUNT V

## (CIVIL CONSPIRACY – Defendants MARVIN K. KAISER, ALBERT BRUCE NEIL, JEFFERY L. ZELMS, THEODORE P. FOX III, DANIEL L. VORNBERG and IRA L. RENNERT)

70. The Doe Run Defendants incorporate by reference their responses to the allegations of paragraphs 1 - 69.

71. The Doe Run Defendants deny the allegations of paragraph 71.

72. The Doe Run Defendants deny the allegations of paragraph 72.

73. The Doe Run Defendants deny the allegations of paragraph 73.

74. The Doe Run Defendants deny the allegations of paragraph 74.

75. The Doe Run Defendants deny the allegations of paragraph 75.

76. The Doe Run Defendants deny the allegations of paragraph 76.

## COUNT VI

## (ABSOLUTE or STRICT LIABILITY – Defendants MARVIN K. KAISER, ALBERT BRUCE NEIL, JEFFERY L. ZELMS, THEODORE P. FOX III, DANIEL L. VORNBERG and IRA L. RENNERT)

77. The Doe Run Defendants incorporate by reference their responses to the allegations of paragraphs 1 - 76.

78. The Doe Run Defendants deny the allegations of paragraph 78.

79. The Doe Run Defendants deny the allegations of paragraph 79.

80. The Doe Run Defendants deny the allegations of paragraph 80.

81. The Doe Run Defendants deny the allegations of paragraph 81.

82. The Doe Run Defendants deny the allegations of paragraph 82.

## COUNT VII

## (CONTRIBUTION BASED ON TORTIOUS CONDUCT OF ENTITIES ACTING IN CONCERT – ALL DEFENDANTS)

83. The Doe Run Defendants incorporate by reference their responses to the allegations of paragraphs 1 - 82.

84. The Doe Run Defendants deny the allegations of paragraph 84.

85. The Doe Run Defendants deny the allegations of paragraph 85.

86. The Doe Run Defendants deny the allegations of paragraph 86.

87. The Doe Run Defendants deny the allegations of paragraph 87.

88. The Doe Run Defendants deny the allegations of paragraph 88.

89. The Doe Run Defendants deny the allegations of paragraph 89.

90. The Doe Run Defendants deny the allegations of paragraph 90.

91. The Doe Run Defendants deny the allegations of paragraph 91.

92. The Doe Run Defendants deny the allegations of paragraph 92.

WHEREFORE**,** the Doe Run Defendants request that the Court deny Plaintiffs' relief sought in the Petition, that Plaintiffs take nothing, that the Court award the Doe Run Defendants their fees and costs of defending this action, and that the Court award the Doe Run Defendants such other relief as is reasonable and appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

While continuing to deny the material allegations of Plaintiffs' Petition, the Doe Run Defendants assert the following affirmative and other defenses:

1. Plaintiffs' Petition, and each and every count thereof, fails to state a claim upon which relief can be granted.

2. Plaintiffs' Petition fails to state a claim for conspiracy upon which relief can be granted in that, under the law, affiliates, officers, and directors cannot conspire with each other.

3. The violations of any regulations cited by Plaintiffs do not provide the basis for private causes of action.

4. Plaintiffs' claims are barred or limited to the extent that they are based upon any theory providing for liability without proof of fault or causation.

5. Plaintiffs' Petition, and each and every count thereof, is barred by the applicable statute of limitations.

6. Plaintiffs' claims are barred by the doctrine of assumption of risk.

7. Plaintiffs' claims are barred by the doctrines of release, accord and satisfaction, res judicata, collateral estoppel, laches, estoppel, and/or waiver.

8. Plaintiffs' named next friends lack standing or capacity to sue on behalf of the Plaintiffs in this case.

9. Plaintiffs' named next friends' authority to represent Plaintiffs has expired, to the extent Plaintiffs have reached the age of majority.

10. Plaintiffs are not entitled to an award of attorneys' fees.

11. Plaintiffs are barred from recovery to the extent that they have failed to mitigate damages, if any.

12. The Doe Run Defendants deny any negligence on Defendants' part.  By way of further defense to Plaintiffs' claims, Defendants state as to one or more of the named Plaintiffs, under the doctrines of contributory negligence and comparative fault, any right of recovery Plaintiffs might otherwise have is barred in whole or in part by their failure to exercise ordinary care for their own health, safety, and protection of their property.

13. At all relevant times, the Doe Run Defendants complied with all applicable laws, regulations, policies and standards.

14. The Doe Run Defendants deny the existence of any duty to Plaintiffs. If any duty is found to have existed, the Doe Run Defendants deny violating any duty owed to Plaintiffs.

15. If Plaintiffs sustained any damages or injury, the alleged damage and injury complained of was due to unavoidable circumstances and from causes beyond the control or fault of the Doe Run Defendants.

16. Plaintiff's claims are barred in whole or in part because Plaintiff's alleged exposure to lead or other allegedly toxic or harmful substances resulted from sources other than those allegedly stemming from the actions of the Doe Run Defendants.

17. Plaintiffs' claims are barred in whole or in part by the doctrine of intervening cause or superseding cause, and any damages that Plaintiffs may have sustained were caused in whole or in part by actions of independent third parties, including, but not limited to, the Republic of Perú, Empresa Minera del Centro Del Peru S.A. (Centromin Peru S.A.), and Activos Mineros S.A.C.

18. Plaintiffs have failed to join parties that are necessary and indispensable under Federal Rule of Civil Procedure 19.

19. In the event that Defendants are found liable to Plaintiffs, which liability is expressly denied, Defendants will be entitled to indemnification, contribution, or apportionment from other parties pursuant to applicable law.

20. In the event that the domestic law of the United States and/or the State of Missouri is found to apply to Plaintiffs' claims for punitive damages (Defendants at all times denying that such laws are applicable or controlling as to such claims), such claims by Plaintiffs

are barred in whole or in part because an award of punitive damages would violate Defendants' procedural and substantive due process rights and equal protection rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article 1, §§ 2, 10, 19 and 21 of the Missouri Constitution.  In particular, any law purporting to permit the recovery of punitive damages in this case is unconstitutional, both on its face and as applied in this case in that said law, among other things: (1) lacks constitutionally sufficient standards to guide and restrain a jury's discretion in determining whether to award punitive damages and in determining the amount of any punitive award; (2) unconstitutionally may permit jury consideration of Defendants' net worth; (3) is void for vagueness in that it fails to afford constitutionally sufficient advance notice as to what conduct will result in punitive sanctions; (4) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of a punitive award; (5) lacks constitutionally sufficient standards for appellate review of a punitive award; and (6) otherwise fails to satisfy the constitutional requirements set forth in, among others, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S.1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); and *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996).

21. Should any other party effect a settlement of one or more of the claims asserted in this action, these Defendants are entitled, as a credit against any judgment herein, to the setoff required by Mo. Rev. Stat. § 537.060 (Defendants at all times denying that Missouri law is applicable or controlling) in the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.

22. Plaintiffs' claims may be governed by and/or limited in whole or in part by any award or interim measure entered by the tribunal in the pending international arbitration brought

by Defendant The Renco Group, Inc. against the Republic of Perú under the U.S. – Perú Trade Promotion Agreement.

23. Plaintiffs' claims for punitive damages are barred, in whole or in part, by the laws of the Republic of Perú.

24. Plaintiffs' claims for compensatory damages are barred, in whole or in part, by the laws of the Republic of Perú.

25. Plaintiffs are third-party beneficiaries of certain agreements between the Republic of Perú and/or certain of its instrumentalities, on the one hand, and certain of the Defendants, on the other. Under the terms of said agreements, Plaintiffs are barred from asserting the liability claimed in their Petition, Defendants at all times denying such liability.

26. Plaintiffs' claims are barred or otherwise limited by the doctrine of sovereign immunity.

27. Plaintiffs' claims have been released by operation of certain agreements between the Republic of Peru and/or certain of its instrumentalities, on the one hand, and certain of Defendants on the other, by the operation of Mo. Rev. Stat. § 537.060 (Defendants at all times denying that Missouri law is applicable or controlling) and by other means.

28. Defendants hereby give notice, pursuant to Federal Rule of Civil Procedure 44.1 that they intend to raise an issue about the law of the Republic of Peru, specifically that Plaintiffs' claims are governed by the substantive laws of the Republic of Perú.

29. The Doe Run Defendants adopt and incorporate herein any other affirmative defense asserted by any other Defendant to this action.

30. Defendants specifically reserve the right to assert any avoidance or legal defense, affirmative or otherwise, to this action as may become apparent as discovery progresses and/or additional pleadings are filed.

WHEREFORE, the Doe Run Defendants request that the Court deny Plaintiffs' relief sought in the Petition, that Plaintiffs take nothing, that the Court award the Doe Run Defendants their fees and costs of defending this action, and that the Court award the Doe Run Defendants such other relief as is reasonable and appropriate.

## JURY TRIAL DEMAND

In accordance with Federal Rule of Civil Procedure 38, the Doe Run Defendants demand a trial by jury on all issues and claims so triable.

Dated:  January 14, 2013                    Respectfully submitted,

                                          **LEWIS, RICE, & FINGERSH, L.C.**

                                By:         /s/ Andrew Rothschild
                                    Andrew Rothschild, #23145MO
                                    Richard A. Ahrens, #24757MO
                                    Thomas P. Berra, Jr., #43399MO
                                    Michael J. Hickey, #47136MO

                                    600 Washington Avenue, Suite 2500
                                    St. Louis, Missouri 63101-1311
                                    Telephone:  (314) 444-7600
                                    Facsimile: (314) 241-6056
                                    Email:  arothschild@lewisrice.com
                                                rahrens@lewisrice.com
                                                tberra@lewisrice.com
                                                mhickey@lewisrice.com

*Attorneys for Defendants The Doe Run Resources Corporation, Marvin K. Kaiser, Albert Bruce Neil, Jeffery L. Zelms, Theodore P. Fox III, and Daniel L. Vornberg*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 14th day of January, 2013, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system and service upon all participants in the case who are CM/ECF users will be accomplished by operation of that system.

                                                              /s/ Andrew Rothschild