# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| KATE REID and MEGAN HEENEY, ) <br> As Next Friends of A.O.A., M.C.A., ) <br> Y.C.A., A.C.C., D.R.G., J.R.G., S.A.L., ) <br> J.P.Q.M., and B.Q.M., ) <br> ) <br> ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> - vs- ) <br> ) <br> THE DOE RUN RESOURCES ) <br> CORPORATION, ) <br> D.R. ACQUISITION CORP., ) <br> MARVIN K. KAISER, ALBERT ) <br> BRUCE NEIL, JEFFERY L. ZELMS, ) <br> THEODORE P. FOX III, DANIEL L. ) <br> VORNBERG, THE RENCO GROUP, ) <br> INC., RENCO HOLDINGS, INC., ) <br> AND IRA L. RENNERT, ) <br> ) <br> **Defendants.** ) | Case No. 4:11-CV-44 |

## ANSWER OF DEFENDANT D.R. ACQUISITION CORP. TO PLAINTIFFS' PETITION FOR DAMAGES

Pursuant to Fed. R. Civ. P. 12, Defendant D.R. Acquisition Corp. ("Defendant") hereby answers Plaintiffs' Petition for Damages ("Petition"). Unless hereinafter specifically admitted, Defendant denies each and every allegation within the Petition, and further denies that Plaintiffs are entitled to the relief sought therein. Defendant responds to the allegations of Plaintiffs' Petition as follows:

1. Defendant admits that Plaintiffs bring this action, but deny that Plaintiffs are entitled to the relief sought. Defendant denies the remaining allegations of paragraph 1.

**THE PLAINTIFFS**

2. Defendant admits that the Circuit Court for the City of St. Louis entered an Order appointing Sister Kate Reid and Megan Heeney as Next Friends of Plaintiffs. Defendant denies the remaining allegations of paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and so denies the same.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and so denies the same.

**THE DEFENDANTS**

5. Defendant admits the allegations of the first sentence of paragraph 5. Defendant denies the remaining allegations of paragraph 5.

6. Defendant admits that Doe Run Cayman, Ltd. is a Cayman Island corporation that holds an ownership interest in Doe Run Peru S.R.L. Defendant denies the remaining allegations of paragraph 6.

7. Defendant admits that Doe Run Cayman Ltd. has held either a direct or indirect ownership interest in Doe Run Peru S.R.L. Defendant denies the remaining allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. Defendant admits that D.R. Acquisition Corp. is a Missouri corporation with its principal place of business in Missouri. Defendant admits that D.R. Acquisition Corp. owns 100% of the common stock of The Doe Run Resources Corporation. Defendant denies the remaining allegations of paragraph 9.

10. Defendant admits the allegations of the first sentence of paragraph 10. Defendant denies the allegations of the second sentence of paragraph 10 with respect to Defendant Renco Holdings, Inc. Defendant admits that The Renco Group, Inc. has been the owner of Defendant D.R. Acquisition Corp. and that The Renco Group Inc. is the indirect owner of Doe Run Peru S.R.L. Defendant denies the remaining allegations of paragraph 10.

11. Defendant admits that Ira L. Rennert is a resident of the City of New York, State of New York and that he is and was a director and officer of each of Renco Group, Inc., Renco Holdings, Inc., and a director of The Doe Run Resources Corporation. Defendant admits that Ira L. Rennert indirectly holds a majority interest in The Renco Group Inc. and that The Renco Group, Inc. is the ultimate owner of the corporate defendants. Defendant denies the remaining allegations of paragraph 11.

12. Defendant denies the allegations of the first sentence of paragraph 12. Defendant admits that Defendant Kaiser was an officer of Defendant The Doe Run Resources Corporation from 1994 to February 2006. Defendant denies the remaining allegations of paragraph 12.

13. Defendant admits the allegations of the first sentence of paragraph 13. Defendant admits that Defendant Neil was an officer of Defendant The Doe Run Resources Corporation from October 2004 to July 2012. Defendant denies the remaining allegations of paragraph 13.

14. Defendant admits the allegations of the first sentence of paragraph 14. Defendant admits that Defendant Zelms was an officer of Defendant The Doe Run Resources Corporation from April 1994 to March 2006. Defendant denies the remaining allegations of paragraph 14.

15. Defendant denies the allegations of the first sentence of paragraph 15. Defendant admits that Defendant Fox was an officer of Defendant The Doe Run Resources Corporation from March 2006 to the present. Defendant denies the remaining allegations of paragraph 15.

16. Defendant admits the allegations of the first sentence of paragraph 16. Defendant admits that Defendant Vornberg was an officer of Defendant The Doe Run Resources Corporation March 2003 to March 2010. Defendant denies the remaining allegations of paragraph 16.

## JURISDICTION AND VENUE

17. Defendant admits that jurisdiction is proper in this Court pursuant to 9 U.S.C. § 203 and 28 U.S.C. §§ 1331 and 1332 and that venue is proper in this Court pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1391. Defendant denies the remaining allegations of paragraph 17.

## ALLEGATIONS COMMON TO ALL COUNTS

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and so denies the same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and so denies the same.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first and third sentences of paragraph 24, and so denies the same. Defendant denies the remaining allegations of paragraph 24.

## **FURTHER IDENTIFICATION OF THE DEFENDANTS**

25. Defendant admits that The Doe Run Resources Corporation and The Renco Group, Inc. were signatories to the Stock Transfer Agreement by which Doe Run Peru S.R.L. acquired the majority of shares of Empresa Metalurgica La Oroya S.A. (Metalaroya S.A.) from the Peruvian State-owned Empresa Minera del Centro del Peru S.A. (Centromin Peru S.A.). Defendant denies the remaining allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant admits that Defendant The Doe Run Resources Corporation is a company with offices in St. Louis County, Missouri, and whose business includes mining, smelting, recycling, and fabrication of metals. Defendant denies the remaining allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant admits that D.R. Acquisition Corp. is a wholly-owned subsidiary of The Renco Group, Inc. and that D.R. Acquisition Corp. owns 100% of the common stock of the Doe Run Resources Corporation. Defendant denies the remaining allegations of paragraph 30.

31. Defendant admits that Ira L. Rennert serves as the Chairman and Chief Executive Officer of The Renco Group, Inc. Defendant denies the remaining allegations of paragraph 31.

32. Defendant admits that Defendant Renco Group, Inc. is a corporation organized and existing by virtue of law. Defendant denies the remaining allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

## COUNT I

38. Defendant incorporates by reference its responses to the allegations of paragraphs 1 - 37.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

## COUNT II

46. Defendant incorporates by reference its responses to the allegations of paragraphs 1 - 45.

47. Defendant denies the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

49. Defendant denies the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50.

51. Defendant denies the allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52.

## COUNT III

53. Defendant incorporates by reference its responses to the allegations of paragraphs 1 - 52.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

## COUNT IV

59. Defendant incorporates by reference its responses to the allegations of paragraphs 1 - 58.

60. Defendant denies the allegations of paragraph 60.

61. Defendant admits that Defendant Neil was the Chief Executive Officer of Defendant Doe Run Resources Corporation from April 2006 to July 2012 and served as the President of Doe Run Peru from September 2003 to April 2006 and as the General Manager of Doe Run Peru from September 2003 to January 2006.  Defendant denies the remaining allegations of paragraph 61.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

64. Defendant denies the allegations of paragraph 64.

65. Defendant admits that Ira L. Rennert was and is the Chairman and Chief Executive Officer of The Renco Group, Inc. and the Chairman of Defendant Doe Run Resources Corporation.  Defendant denies the remaining allegations of paragraph 65.

7

66. Defendant denies the allegations of paragraph 66.

67. Defendant denies the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

## COUNT V

70. Defendant incorporates by reference its responses to the allegations of paragraphs 1 - 69.

71. Defendant denies the allegations of paragraph 71.

72. Defendant denies the allegations of paragraph 72.

73. Defendant denies the allegations of paragraph 73.

74. Defendant denies the allegations of paragraph 74.

75. Defendant denies the allegations of paragraph 75.

76. Defendant denies the allegations of paragraph 76.

## COUNT VI

77. Defendant incorporates by reference its responses to the allegations of paragraphs 1 - 76.

78. Defendant denies the allegations of paragraph 78.

79. Defendant denies the allegations of paragraph 79.

80. Defendant denies the allegations of paragraph 80.

81. Defendant denies the allegations of paragraph 81.

82. Defendant denies the allegations of paragraph 82.

## COUNT VII

83. Defendant incorporates by reference its responses to the allegations of paragraphs 1 - 82.

84. Defendant denies the allegations of paragraph 84.

85. Defendant denies the allegations of paragraph 85.

86. Defendant denies the allegations of paragraph 86.

87. Defendant denies the allegations of paragraph 87.

88. Defendant denies the allegations of paragraph 88.

89. Defendant denies the allegations of paragraph 89.

90. Defendant denies the allegations of paragraph 90.

91. Defendant denies the allegations of paragraph 91.

92. Defendant denies the allegations of paragraph 92.

WHEREFORE, Defendant, having fully answered the Petition, requests that the Court deny the relief sought by Plaintiffs' in the Petition, that the Plaintiffs take nothing, that the Court award Defendant its fees and costs of defending this action, and that the Court award Defendant such other relief as is reasonable and appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

While continuing to deny the material allegations of Plaintiffs' Petition, Defendant asserts the following affirmative and other defenses:

1. Plaintiffs' Petition, and each and every count thereof, fails to state a claim upon which relief can be granted.

2. Plaintiffs' Petition fails to state a claim for conspiracy upon which relief can be granted in that, under the law, affiliates, officers, and directors cannot conspire with each other.

3. The violations of any regulations cited by Plaintiffs do not provide the basis for private causes of action.

4. Plaintiffs' claims are barred or limited to the extent that they are based upon any theory providing for liability without proof of fault or causation.

5. Plaintiffs' Petition, and each and every count thereof, is barred by the applicable statute of limitations.

6. Plaintiffs' claims are barred by the doctrine of assumption of risk.

7. Plaintiffs' claims are barred by the doctrines of release, accord and satisfaction, res judicata, collateral estoppel, laches, estoppel, and/or waiver.

8. Plaintiffs' named next friends lack standing or capacity to sue on behalf of the Plaintiffs in this case.

9. Plaintiffs' named next friends' authority to represent Plaintiffs has expired, to the extent Plaintiffs have reached the age of majority.

10. Plaintiffs are not entitled to an award of attorneys' fees.

11. Plaintiffs are barred from recovery to the extent that they have failed to mitigate damages, if any.

12. Defendant denies any negligence on Defendants' part. By way of further defense to Plaintiffs' claims, Defendant states as to one or more of the named Plaintiffs, under the doctrines of contributory negligence and comparative fault, any right of recovery Plaintiffs might otherwise have is barred in whole or in part by their failure to exercise ordinary care for their own health, safety, and protection of their property.

13. At all relevant times, the Defendant complied with all applicable laws, regulations, policies and standards.

14. Defendant denies the existence of any duty to Plaintiffs. If any duty is found to have existed, Defendant denies violating any duty owed to Plaintiffs.

15. If Plaintiffs sustained any damages or injury, the alleged damage and injury complained of was due to unavoidable circumstances and from causes beyond the control or fault of Defendant.

16. Plaintiff's claims are barred in whole or in part because Plaintiff's alleged exposure to lead or other allegedly toxic or harmful substances resulted from sources other than those allegedly stemming from the actions of Defendant.

17. Plaintiffs' claims are barred in whole or in part by the doctrine of intervening cause or superseding cause, and any damages that Plaintiffs may have sustained were caused in whole or in part by actions of independent third parties, including, but not limited to, the Republic of Perú, Empresa Minera del Centro Del Peru S.A. (Centromin Peru S.A.), and Activos Mineros S.A.C.

18. Plaintiffs have failed to join parties that are necessary and indispensable under Federal Rule of Civil Procedure 19.

19. In the event that Defendant is found liable to Plaintiffs, which liability is expressly denied, Defendant will be entitled to indemnification, contribution, or apportionment from other parties pursuant to applicable law.

20. In the event that the domestic law of the United States and/or the State of Missouri is found to apply to Plaintiffs' claims for punitive damages (Defendant at all times denying that such laws are applicable or controlling as to such claims), such claims by Plaintiffs are barred in whole or in part because an award of punitive damages would violate Defendant's procedural and substantive due process rights and equal protection rights under the Fifth, Eighth,

and Fourteenth Amendments to the United States Constitution and Article 1, §§ 2, 10, 19 and 21 of the Missouri Constitution.  In particular, any law purporting to permit the recovery of punitive damages in this case is unconstitutional, both on its face and as applied in this case in that said law, among other things: (1) lacks constitutionally sufficient standards to guide and restrain a jury's discretion in determining whether to award punitive damages and in determining the amount of any punitive award; (2) unconstitutionally may permit jury consideration of Defendants' net worth; (3) is void for vagueness in that it fails to afford constitutionally sufficient advance notice as to what conduct will result in punitive sanctions; (4) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of a punitive award; (5) lacks constitutionally sufficient standards for appellate review of a punitive award; and (6) otherwise fails to satisfy the constitutional requirements set forth in, among others, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S.1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); and *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996).

21.  Should any other party effect a settlement of one or more of the claims asserted in this action, Defendant is entitled, as a credit against any judgment herein, to the setoff required by Mo. Rev. Stat. § 537.060 (Defendant at all times denying that Missouri law is applicable or controlling) in the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.

22.  Plaintiffs' claims may be governed by and/or limited in whole or in part by any award or interim measure entered by the tribunal in the pending international arbitration brought by Defendant The Renco Group, Inc. against the Republic of Perú under the U.S. – Perú Trade Promotion Agreement.

12

23.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the laws of the Republic of Perú.

24.     Plaintiffs' claims for compensatory damages are barred, in whole or in part, by the laws of the Republic of Perú.

25.     Plaintiffs are third-party beneficiaries of certain agreements between the Republic of Perú and/or certain of its instrumentalities, on the one hand, and certain of the Defendants, on the other.  Under the terms of said agreements, Plaintiffs are barred from asserting the liability claimed in their Petition, Defendant at all times denying such liability.

26.     Plaintiffs' claims are barred or otherwise limited by the doctrine of sovereign immunity.

27.     Plaintiffs' claims have been released by operation of certain agreements between the Republic of Perú and/or certain of its instrumentalities, on the one hand, and certain of Defendants on the other, by the operation of Mo. Rev. Stat. § 537.060 (Defendant at all times denying that Missouri law is applicable or controlling) and by other means.

28.     Defendant hereby gives notice, pursuant to Federal Rule of Civil Procedure 44.1 that it intends to raise an issue about the law of the Republic of Peru, specifically that Plaintiffs' claims are governed by the substantive laws of the Republic of Perú.

29.     Defendant adopts and incorporates herein any other affirmative defense asserted by any other defendant to this action.

30.     Defendant specifically reserves the right to assert any avoidance or legal defense, affirmative or otherwise, to this action as may become apparent as discovery progresses and/or additional pleadings are filed.

WHEREFORE, Defendant D.R. Acquisition Corp. requests that the Court deny the relief sought by Plaintiffs' in the Petition, that Plaintiffs take nothing, that the Court award D.R. Acquisition Corp. its fees and costs of defending this action, and that the Court award D.R. Acquisition Corp. all such other and further relief as is reasonable and appropriate.

Dated:  January 14, 2013	Respectfully submitted,

**DOWD BENNETT LLP**

By: /s/ Edward L. Dowd, Jr.
Edward L. Dowd, Jr.  #28785MO
edowd@dowdbennett.com
James F. Bennett  #46826MO
jbennett@dowdbennett.com
Terrence J. O'Toole #23247MO
tjotoole@dowdbennett.com
James E. Crowe, III #50031MO
jcrowe@dowdbennett.com
7733 Forsyth Blvd., Suite 1410
St. Louis, Missouri 63105
(314) 889-7300 (telephone)
(314) 863-2111 (facsimile)

Attorneys for Defendant D.R. Acquisition Corp.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 14th day of January, 2013, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system and service upon all participants in the case who are CM/ECF users will be accomplished by operation of that system.

                                        /s/ Edward L. Dowd, Jr.