UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.O.A., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:11-cv-00044-CDP |
| v. ) | (CONSOLIDATED) |
| ) | |
| DOE RUN RESOURCES ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM TO THE COURT**

Pursuant to the Case Management Order No. 2, entered on March 21, 2013, the parties advise the Court that the parties have agreed on the format of the medical and educational authorization forms and the format of the Plaintiff Profile Sheet (the "Forms"). The agreed-upon forms of those documents are attached hereto as Exhibit A (medical authorization), Exhibit B (educational authorization), and Exhibit C (Plaintiff Profile Sheet), respectively.

Plaintiffs' counsel have agreed to use the attached Forms going forward. On the day of this report, Plaintiffs' counsel informed Defendants' counsel that plaintiffs have been using different versions of these forms. The parties' respective positions on Plaintiffs' counsel's use of forms that Defendants' counsel had not approved follows.

**I.    Position of Plaintiffs' Counsel on Their Use of the Plaintiff Profile Sheet Pursuant to Case Management Order No. 1.**

Case Management Order No. 1, entered on February 22, 2013, initially set a deadline of April 26, 2013 for Plaintiffs to produce Profile Sheets for at least 200 plaintiffs. CMO 1 ordered Plaintiffs to use Plaintiff's Proposed Profile Sheet, Exhibit B to Joint Proposed Scheduling Order, docket # 92-2. Plaintiffs understood that CMO 1 was the Court's final order regarding the Plaintiff Profile Sheet that should be used. Moreover, Plaintiffs were unaware before the March 20 conference that the deadline for completing profile sheets would be extended.

In order to comply with the deadlines set in CMO 1, and with the understanding that the Court had approved for use Plaintiff's Proposed Profile Sheet, Plaintiffs planned for Profile Sheet completion to begin the week of March 18, 2013. Therefore, on March 20, 2013, the date of the most recent scheduling conference, Plaintiffs' legal team, including US counsel, was on the ground in Peru and was scheduling to meet with clients to begin completing profile sheets. On March 15, 2013, Plaintiffs' counsel provided counsel for defendants with Plaintiff's Profile Sheet, noting that the sheet was consistent with CMO 1 and while Plaintiffs' counsel did not need Defense counsel's consent prior to using the form, they wished to obtain it. Counsel for defendants did not provide any edits or comments to the Profile Sheet until March 20th, the morning of the next scheduling conference.

During the scheduling conference on March 20, 2013, the Court ordered various changes to be made to the Profile Sheet. With the legal team already on the ground in Peru and clients scheduled to begin completing Profile Sheets the following day, Plaintiff's counsel quickly incorporated all changes required by the Court and began completing Profile Sheets on March 21, 2013. Since that time, Defense counsel has requested various formatting changes to the Profile Sheet that Plaintiffs began using on March 21, 2013, however, the substance of the questions have not changed.

On today's date, April 25, 2013, in the interest of cooperation and to prevent further delay, Plaintiffs' counsel agreed to use the formatting changes proposed by Defendants for all Profile Sheets collected in the future, although Plaintiffs' counsel found those changes to be unnecessary and redundant. As a courtesy and in the interest of full disclosure, Plaintiffs' counsel alerted counsel for Defendants that Plaintiffs would be producing completed Profile Sheets in which the format but not the substance differed slightly from the format agreed upon today,

based on CMO 1 and the hearing on March 20, 2013. Plaintiffs' counsel further advised Defendants that in the unlikely event that any of the information order by the Court is lacking, supplementation will be provided.

## II.     Defendant's Position on the Use by Plaintiffs' Counsel of Unapproved Versions of the Forms

Plaintiffs' counsel have agreed to use the attached Forms going forward, however on the day of this report, Defendants' counsel learned for the first time that Plaintiffs' counsel have been using different versions of these forms that were not provided to Defendants' counsel in advance of them being completed by some undisclosed number of plaintiffs.

After requesting to see plaintiffs' initial draft plaintiff profile sheet multiple times and being told by Plaintiffs' counsel on March 13, 2013 "We are simply turning our form [Doc. 92-2] into questions, with a signature line at the end", the form that emerged late in the afternoon on Friday, March 15th was radically different from the form Plaintiffs had proposed to the Court in February. Among the changes plaintiffs made to the original form was the significant addition of a list of 34 individual symptoms plaintiffs were requested to identify as having experienced.

In transmitting the form on March 15th, plaintiffs' counsel stated "While we do not think we need your consent, we wish to obtain it, that this document is acceptable so there will be no need to revise this in the future. Please confirm." Defendants' counsel replied that same day: "Thank you for forwarding this. We will review and get back to you."

On the following Monday, March 18, in response to an updated proposal from Plaintiffs regarding the format of discovery that was also under discussion, Defendants' counsel noted: "As I related to you on Thursday, I'm tied up today with a contested hearing in the Patriot Bankruptcy, and we may or may not have another hearing and/or meeting with the Court in that case tomorrow morning. I won't be able to look at the details of your updated position with the

3

benefit of my notes until tomorrow.  Perhaps we could plan to speak on Wednesday morning or if things clear up, tomorrow afternoon.  Please let me know how those times work with your schedule."

Defendants' counsel supplied their feedback on the plaintiffs' suggested Plaintiff Profile Sheet to Plaintiffs' counsel following a telephone conference with Plaintiffs' counsel on the morning of the in-court status conference held on March 20th.  During the telephone conference, Defendants' counsel told Plaintiffs' counsel that they would be sending along their changes to the Plaintiff Profile Sheet.  Plaintiffs' counsel made no suggestion that the Plaintiff Profile Sheet that had been transmitted on March 15th was already in use in Peru.

At the status conference before the Court later that afternoon, that same plaintiffs' counsel surprisingly represented that he somehow thought he had an agreed-upon form of the Plaintiff Profile Sheet (despite having just provided it days before and knowing Defendants' counsel wished to review and provide input and edits) and in the two working days that had passed since providing Defendant's counsel with a draft of the form, Plaintiffs' counsel already begun using it with plaintiffs in Peru.  That approach has now been repeated, a fact that is made clear by today's revelation by Plaintiffs' counsel that they have now run out and used yet another unapproved version of the Plaintiff Profile Sheet.

At the status conference on March 20, 2012, the Court required that the forms of authorizations for medical and educational records and the Plaintiff Profile Sheets be agreed upon before they were completed by plaintiffs.  After discussing the language to be used by the notaries public who are to attest to the plaintiffs' completion of the Plaintiff Profile sheets, the Court stated: "So just -- and so work on the language.  Don't start using it [the Plaintiff Profile Sheet] until you've gotten their approval.  If here's a problem, let me know, but just double-check

that and make sure it's got the right language." Doc. 104 at 50-51.  Consistent with the Court's desired approach that the parties reach agreement on any forms before they were completed by plaintiffs, Case Management Order No. 2 required resolution of the language of the authorizations for the release of medical and educational records in advance of those being used. Doc. 103 at ¶ 1.  Indeed, this report was to be one as to whether or not the parties had reached agreement on the forms of authorization, not one in which Plaintiffs report that they had begun using forms that had not yet been agreed upon.  Id.

Following that status conference on March 20th and the Court's Case Management Order No. 2 of March 21, 2013, and, without Defendants' knowledge or consent, Plaintiffs' counsel used earlier versions of the authorization forms and Plaintiff Profile Sheet that were not presented to Defendants' counsel for their review and approval in advance of them being completed, and which differ from the attached forms.

Despite ongoing communication since March 21, 2013 in which the Defendants' counsel communicated their requested edits and Plaintiffs' counsel communicated their position with respect to such edits of both the forms of authorization and the Plaintiff Profile Sheets, only on April 25, 2013 did Plaintiffs' counsel reveal that "In order to meet the deadlines that have been set, we have had to move forward using the forms that we proposed."  What came later in the day was a further revelation that such use had been underway since the week of the March 20 status conference, well before the proposed forms were even provided to Defendants' counsel for their review.

The first revised version of the Plaintiff Profile Sheet defense counsel received from Plaintiffs' counsel after the March 20, 2013 status conference arrived on April 12, 2013.  That version was furnished in response to a an April 11, 2013 request by defense counsel that noted

5

once the Plaintiff Profile Sheet was in an agreed-upon, final form in English, Defendants' counsel would likewise like to come to consensus with Plaintiffs' counsel on the Spanish language translation of that document to be completed and executed by each of the plaintiffs.  As it turns out, in advance of having a still-undisclosed number of plaintiffs complete an earlier version of the Plaintiff Profile Sheet, Plaintiffs' counsel did neither.

Case Management Order Number 2 required plaintiffs to provide Defendants with a copy of their proposed authorization form for the release of plaintiffs' medical and educational records no later than April 11, 2013.  Doc. 103 at ¶ 1.  Plaintiffs complied by furnishing those forms on April 11, 2013. In their transmittal of the proposed forms of authorization, Plaintiffs' counsel noted:  "Our intention is to expedite the process by submitting all medical requests to the Ministry of Health for the region and all requests for educational records to the superintendent of the region, rather than submitting requests individually to each potential facility. We are told that this process should provide the necessary records and have begun the process and the records are currently being gathered."  In response, Defendant's counsel inquired "Please clarify what, if anything, is already being done and whether it is being done using the forms you furnished to us today." In reply, plaintiffs' counsel stated: "To clarify regarding our use of these authorizations-- We have sent a "test run" for approximately 10 clients to ensure that these authorizations will be acceptable to the facilities and will produce the records that we expect that they should produce."  Defendant's counsel noted in response: "Thank you for the clarification regarding the limited use being made of the authorizations.  Please provide us the feedback you receive in testing those out in order that we may take that into account in any changes we identify as in need of being made to those forms.  If any changes are made, I trust that you will use the modified releases with the ten plaintiffs for whom you have already had releases signed. Thanks

6

too, for providing the Spanish version of the proposed Plaintiff Profile Sheet.  Please provide the English version of the form from which this Profile Sheet was generated in order that defense counsel in the case may review it and we may provide any necessary feedback in advance of the Spanish version being completed or signed by any of your clients."

Defendants' counsel provided their edits to the Plaintiff Profile Sheets to Plaintiffs' counsel on April 15, 2013.  There was continuing communication among counsel about those edits during the remainder of that week, leading to another version of the Plaintiff Profile Sheet being provided by Plaintiffs' counsel on April 19th.  On April 24th, defendants provided edits to that version.

Defendants provided their requested edits to the authorization forms on Tuesday, April 16th and supplemented them on April 17th.  In responding to the proposed forms of the authorizations, Defendants' counsel noted that once all issues were resolved, they could work with Plaintiffs' counsel to include the necessary amended language to the medical and educational authorizations in Spanish.

Plaintiffs represent that Defendant's changes are ones limited to formatting.  Defendants disagree.  For example, Defendants requested that the medical authorizations and releases include language that requests both active and passive medical records, which are apparently discrete categories of records that are distinguished in Peru.  While the medical authorization stated that the requesting party had a right to both categories of records, it did not include such language in the request component of the document itself.   The problem presented by that approach is that if no passive records are produced by a medical provider, it cannot be known whether such records don't exist or whether the provider interpreted the request as one for active medical records only.

7

Plaintiffs' counsel unilaterally chose to use different versions of the forms without first reaching agreement with Defendants' counsel—and indeed, led Defense counsel to believe that it was Plaintiffs' counsel's stated intention to reach agreement before the forms were used. That Plaintiffs' counsel did not do so that creates the need for Defendant's counsel to reserve all rights of Defendants to challenge the responses received in response to unapproved forms, particularly in the event that the Plaintiff Profile Sheets do not furnish the information for each field the Court required be provided or that the authorizations used by Plaintiffs' counsel do not operate to procure the complete records of plaintiffs.

Because Plaintiffs' counsel have declined to specify the number of plaintiffs who have completed those earlier, unapproved forms, Defendants' counsel are left unable to determine how many of the unapproved forms have been completed. It is Defendants' position that, at a minimum, Plaintiffs' counsel should immediately discontinue the use of unapproved forms and use only the attached, approved Forms. Defendants respectfully suggest that this issue be taken up by the Court as needed during the telephonic status conference scheduled for May 2, 2013.

April 25, 2013                                    Respectfully submitted,

**SCHLICHTER, BOGARD & DENTON**

By:    /s/Elizabeth Wilkins
ROGER C. DENTON  #30292
KRISTINE K. KRAFT  #37971
ELIZABETH WILKINS #61284
100 South 4th Street, Suite 900
St. Louis, MO 63102
 (314) 621-6115
 (314) 621-7151 (fax)
rdenton@uselaws.com
kkraft@uselaws.com
bwilkins@uselaws.com

Attorneys for Plaintiffs

8

| **DOWD BENNETT LLP** | **LEWIS, RICE & FINGERSH, L.C.** |
|---|---|
| By: /s/ James E. Crowe, III  (w/permission) <br> Edward L. Dowd, Jr.  #28785MO <br> edowd@dowdbennett.com <br> James F. Bennett  #46826MO <br> jbennett@dowdbennett.com <br> Terrence J. O'Toole, #23247MO <br> tjotoole@dowdbennett.com <br> James E. Crowe, III  #50031MO <br> jcrowe@dowdbennett.com <br> 7733 Forsyth Blvd., Suite 1900 <br> St. Louis, Missouri 63105 <br> (314) 889-7300 (telephone) <br> (314) 863-2111 (facsimile) <br><br> Attorneys for Defendants <br> The Renco Group, Inc., <br> DR Acquisition Corp., <br> Renco Holdings, Inc., and Ira L. Rennert | By: /s/ David Fitzpatrick  (w/permission) <br> Andrew Rothschild, #23145MO <br> arothschild@lewisrice.com <br> Richard A. Ahrens, #24757MO <br> rahrens@lewisrice.com <br> Thomas P. Berra, Jr., #43399MO <br> tberra@lewisrice.com <br> Michael J. Hickey, #47136MO <br> mhickey@lewisrice.com <br> David A. Fitzpatrick, #57471MO <br> dfitzpatrick@lewisrice.com <br> 600 Washington Ave., Suite 2500 <br> St. Louis, MO  63102-2147 <br> Telephone: (314) 444-7600 <br> Facsimile:  (314) 241-6056 <br><br> Attorneys for Defendants The Doe Run Resources Corporation, Marvin K. Kaiser, Albert Bruce Neil, Jeffery L. Zelms, Theodore P. Fox, III, and Daniel Vornberg |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 25th day of April, 2013, a copy of the foregoing document was filed with the Clerk of the Court to be served upon counsel of record via the Court's ECF system.

/s/ Elizabeth M. Wilkins