UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11 CV 44 CDP |
| | ) | |
| DOE RUN RESOURCES | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to compel discovery directed to defendants Renco Group and Ira Rennert [doc. # 145]. Plaintiffs ask me to overrule these defendants' objections that they cannot produce documents of a non-party, Doe Run Peru. I conclude that these defendants possess the requisite degree of control over Doe Run Peru's documents, and so I will overrule this general objection.

Although the motion asks for an order requiring these defendants "to produce documents of Doe Run Peru that are in their possession, custody, or control and are responsive to" all of plaintiffs' many document requests, the briefs show that the dispute the parties are asking me to resolve at this point is much more limited. Counsel continue to meet and confer in an attempt to resolve

numerous other objections that defendants have regarding the discovery requests, but this dispute over whether the Doe Run Peru documents are in the "possession, custody or control" of defendants Renco Group and Ira Rennert is preventing counsel from moving on to the many other issues that need resolution.

Doe Run Peru is a Peruvian company that is not a defendant in this case. It is an indirect, nearly wholly-owned subsidiary of defendant Renco. Defendant Rennert is the controlling shareholder of Renco. Doe Run Peru is currently in the Peruvian version of bankruptcy. According to defendants' various briefs, another company owned by Rennert (Doe Run Cayman Holdings, LLC) is both the second largest creditor of Doe Run Peru and the owner of its immediate corporate parent. Doe Run Cayman Holdings, LLC was granted a 30.33% right of participation in the creditor's committee that will control Doe Run Peru's fate under Peruvian law. Doe Run Peru is in the process of being "restructured" and is being managed and operated by a receiver, Right Business, which was appointed by the creditor's committee.

Defendants claim that the former management of Doe Run Peru was required to surrender all aspects of control to Right Business, and that they currently lack any legal ability to control or participate in the affairs of Right Business or Doe Run Peru. Earlier in this litigation and before Right Business was

appointed, defendants sought and were able to obtain certain studies from Doe Run Peru, which I ordered them to produce to plaintiffs.

Rule 34, Fed. R. Civ. P., authorizes requests to produce items "in the responding party's possession, custody, or control." Many courts have considered the "control" prong of this requirement where a party seeks production of documents of a corporation related to the opposing party. Two cases from this district provide some illustration. In *Orthoarm, Inc. v. Forestadent USA, Inc.,* 2007 WL 1796214, No. 4:06CV730CAS (E.D. Mo. June 19, 2007), Judge Shaw cited to a three-part test derived from *Afros S.P.A. v. Krauss-Maffei Corp.,* 113 F.R.D. 127 (D. Del. 1986), requiring the court to consider: "(1) the corporate structures of the party to whom the discovery is directed and the non-party in physical possession of the requested documents, (2) the non-party's connection to the subject matter of the litigation, and (3) whether the non-party will feel the benefits or burdens of any award in the case." 2007 WL 1796214 at *2. In *Orthoarm,* Judge Shaw ruled that financial documents of the German parent company were in the control of the American subsidiary and must be produced. He noted that the companies had some common management and that the party had previously produced other documents of the parent, "demonstrating the ability to obtain documents from the parent company upon request." *Id.* He also found that the parent company had been involved in developing the allegedly infringing

3

device and that it would be affected by the outcome of the case. Similarly, in *Wells v. Fedex Ground Package Sys., Inc.*, 2012 WL 4513860 at * 2, No. 4:10CV2080JAR (E. D. Mo. Oct. 1, 2012), Judge Ross looked at the same factors and found that the defendant had the "practical ability" to obtain the parent corporation information.

The issue in this case is not as complicated as the defendants' briefs make it seem. Even though Doe Run Peru is in bankruptcy, it is still owned by companies controlled by these defendants. A company controlled by these defendants is a one-third member of the creditors' committee in Peru, and that committee controls Doe Run Peru. There can be no doubt that Doe Run Peru has an extremely close connection to the subject-matter of this dispute. Doe Run Peru may well be affected in some way by the ultimate resolution of this case. I conclude that these defendants do have the practical ability to obtain the documents sought, and so I will grant the motion to compel to the extent it asks me to overrule this general objection.

Finally, I must caution defendants about their approach to this dispute. I am particularly concerned that defendants have made no efforts at all to obtain these documents that they claim they have no practical ability to obtain. I am also very concerned about the breadth of this general objection, which essentially says they object to producing anything relevant to this case – whether or not it is within their

possession, custody, or control – because Doe Run Peru is not a defendant.[1] That is a baseless objection, as defense counsel well know. I certainly understand why plaintiffs would be suspicious, based on both the objection itself and also defendants' various briefs, that defendants are hiding behind this "control" objection to refuse production of things in their actual possession, including things within their own offices or information systems, either within the United States or somewhere else. At the status hearing held earlier this week and in response to my specific question, defendants clarified that despite the objection, they are not withholding documents just because they "relate to" Doe Run Peru, although they are apparently withholding many documents for other reasons. I will assume that the parties will now move forward with their attempts to resolve disputes over these other reasons. Defendants are warned, however, that this court will not tolerate games or reliance on semantics to claim that they do not "control" documents that they actually possess or could very easily obtain – for example

---

[1] The objection reads, in its entirety: "Defendants object to each document request to the extent that it seeks documents relating to 'Doe Run Peru' as Doe Run Peru, S.R.L. ('DRP') is a necessary and indispensable party to this litigation pursuant to Fed. R. Civ. P. 19. In their pleadings, Plaintiffs have made numerous allegations that actions and/or 'decisions' by Defendants, purportedly while in the United States, resulted in the release of toxic substances by DRP in and around La Oroya, Peru, and caused harm to its residents, namely, the Plaintiffs. However, despite allegedly being an integral part of this chain of actions and events, Plaintiffs have failed to add DRP as a party to any of the consolidated cases. At no time have Plaintiffs sought to join DRP in any of the consolidated cases. Moreover, the vast majority of Plaintiffs' document requests seek documents that are in some way connected with DRP, whether created, received by, or sent, to DRP, or somehow evidence some action or knowledge of DRP. Plaintiff's discovery is based on the false premise that Defendants have possession, custody and control of all documents of DRP from the formation of DRP to present."

from files located in offices or systems that they undoubtedly *do* control – and I certainly hope that they are not doing that. In any event, I am overruling the general objection to production of Doe Run Peru materials, wherever their location.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel [# 145] is granted to the extent that defendants may not refuse to produce Doe Run Peru documents on the basis that they are not in defendants' control.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2014.