UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SR. KATE REID, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:11CV44 CDP |
| ) | |
| DOE RUN RESOURCES CORP., et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

Pending before me is the defendants' motion for partial reconsideration[1] of the memorandum and order dated February 11, 2015. (Doc. 284.) The portion of that order relevant to this motion involves Missouri's borrowing statute, Mo. Rev. Stat. § 516.190. Applying the plain language of that statute, I held that a claim originating elsewhere must be "fully barred" in its foreign forum (in this case, Peru) before the borrowing statute will govern the claim's timeliness in Missouri. I went on to hold that, in this case, the defendants had not demonstrated that the

---

[1] Under Fed. R. Civ. P. 54(b), an interlocutory order "may be revised at any time before" final judgment. District courts have substantial discretion in deciding whether to reconsider an interlocutory order under Rule 54(b). *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F.Supp.2d 640, 647 (N.D. Iowa 2006); *Wells' Dairy Inc. v. Travelers Indem. Co. of Ill.*, 336 F.Supp.2d 906, 909 (N.D. Iowa 2004). A court may reconsider an interlocutory order to "correct any clearly or manifestly erroneous findings of fact or conclusions of law." *Jones v. Casey's Gen. Stores*, 551 F.Supp.2d 848, 854 (S.D. Iowa 2008) (internal quotation marks omitted); *see also Wells' Dairy*, 336 F.Supp.2d at 909 (standard under Rule 54(b) is "typically held to be less exacting" than standards for motions brought under Rules 59(e) or 60(b)); *compare Elder-Keep v. Aksamit*, 460 F.3d 979, 984-85 (8th Cir. 2006).

claims were fully barred in Peru, so the borrowing statute did not govern. In their motion to reconsider, the defendants take issue with two aspects of this holding.

### a. *"Fully barred" language*

First, the defendants argue that my order misread Section 516.190. They contend that, under Missouri law, a court need *not* find a claim to be fully barred in the foreign jurisdiction before applying Missouri's borrowing statute. For the reasons given in my February 11 order, I disagree. As I held previously, the language here is clear and unambiguous and therefore, under Missouri law, must be understood to mean what it says. *See Ben Hur Steel Worx, LLC v. Dir. of Rev.*, 452 S.W.3d 624, 626 (Mo. banc 2015) (statute's plain language is the best representation of legislative intent).

The defendants also argue specifically that the state appellate court case I relied upon, *Kampe v. Colom*, 906 S.W.2d 796 (Mo. Ct. App. 1995), does not support this understanding. Contrary to what the defendants now assert, the *Kampe* decision did in fact depend on the statutory language (whether the cause of action was fully barred in the foreign jurisdiction):

> Because the [foreign] statute of limitations was tolled . . . , it did not fully bar the cause of action before Missouri's two year statute of limitations. Thus, the borrowing statute, § 516.190, RSMo 1986, was not applicable in this case. The Missouri statute of limitations . . . was the applicable statute in this case.

*Id.* at 807. It is true that, once the court applied the relevant Missouri limitations period, the cause of action at issue in *Kampe* was barred. That may yet be the case

here. In arguing that *Kampe* turned on whether the claim was stale in Missouri, the defendants confuse the reasoning with the result.[2] I still believe *Kampe* is good evidence of what the Supreme Court of Missouri would say on this issue of state law. *Baxter Int'l, Inc. v. Morris*, 976 F.2d 1189, 1196 (8th Cir. 1992). The defendants offer no "controlling decisions" that would alter the conclusion I reached previously. *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005).

### b. *Determination of issue outside the scope of defendants' motion*

Second, the defendants contend that I resolved an issue no one raised: whether the plaintiffs' claims have yet accrued. (Doc. 291, ¶ 2.) I did not adjudicate this issue. In fact, I explicitly noted that the parties had not presented individualized evidence of accrual and declined to decide upon whose knowledge the time of accrual will ultimately depend. (*See* Doc. 284, nn.2, 11.)

Declining to decide when or if the plaintiffs' individual claims have accrued, however, did not prevent me from determining the applicability of the borrowing statute as a "law selection device," which – contrary to what the defendants now assert – they requested be done. If the defendants believed that the borrowing statute could not be interpreted until individualized accrual evidence was before

---

[2]   Other Missouri cases make clear that the *effect* of the borrowing statute does not control whether it applies. *See Devine v. Rook*, 314 S.W.2d 932, 936 (Mo. Ct. App. 1958) (claim that originated in Kansas could proceed because it was timely under Missouri five-year statute of limitations and, looking to Kansas tolling rules, "was not 'fully barred' by the [two-year] Kansas statute of limitations and hence was not barred by the Missouri borrowing statute").

this court, they should not have invited the court to interpret it at this stage of the case.[3] It was the defendants' burden to prove the applicability of the borrowing statute. *Sterling Drug, Inc. v. Cornish*, 370 F.2d 82, 86 (8th Cir. 1966) (citing Fed. R. Civ. P. 8(c)(1)); *Lane v. St. Louis Union Trust Co.*, 201 S.W.2d 288, 291 (Mo. 1947); *Banque Libanaise Pour Le Commerce v. Khreich*, 915 F.2d 1000, 1006 (5th Cir. 1990). They failed to meet that burden despite ample opportunity to submit evidence and arguments to support their position.[4] *See Travelers Indem. Co. of Ill. v. Millard Refrigeration Servs.*, No. 8:00CV91, 2002 WL 442264, at *1 (D. Neb. Mar. 22, 2002) ("It must be emphasized that, because reconsideration interrupts the flow of litigation toward its conclusion, it 'should not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought.'" (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988))).

---

[3] *See* Doc. 244, p. 1 (Defs.' Reply in support of Mtn. for Determination of Foreign Law) (in a section that contained "common issues that cut across all of the arguments that Plaintiffs make in their Memorandum in Opposition," the defendants stated, "Plaintiffs repeatedly assert that they need additional discovery. None is necessary. All of the facts needed for this Court to make the determination that the law of Peru governs here either are not in dispute or are admitted for purposes of this motion. . . . Now is the time to begin the process of resolving these issues."); p. 4 ("deciding now that § 516.190 applies to this case does not require a determination that any particular plaintiff's claim is to be time-barred"); p. 6 ("Another imagined factual issue precluding application of the borrowing statute is Plaintiffs' contention that the Court must decide the accrual date of each plaintiff's claim in order to determine whether the borrowing statute applies. This does not follow.") (citation omitted), p. 7 ("Based on the Court's examination of experts' opinion on Peruvian law and such further study as the Court might choose to undertake, the Court will decide the appropriate accrual / tolling rules. That determination by the Court does not turn on the facts of any particular plaintiff's case.").

[4] The defendants complain that I held that Peru would apply a continuing-tort doctrine in this case. This is incorrect. I held, rather, that in light of persuasive evidence that Peru *might* apply continuing-tort doctrine here, the defendants had failed to demonstrate the plaintiffs' claims were fully barred in that jurisdiction.

The defendants have not demonstrated any manifest error of law or fact, any true misapprehension of the adversarial issues presented to the court or the defendants' positions about those issues, or any other good reason to revisit the February 11 order.  *See Trickey v. Kaman Indus. Tech. Corp.*, No. 1:09CV26 SNLJ, 2011 WL 2118578, at *1 (E.D. Mo. May 26, 2011) ("when evaluating whether to grant a motion to reconsider, the Court also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders"); *Singh*, 383 F. Supp. at 101 ("district court's discretion to reconsider a non-final ruling is . . . subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again") (internal quotation marks omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for partial reconsideration [#291] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of June, 2015.