UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:11 CV 44 CDP |
| | ) | |
| IRA L. RENNERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs move to compel responses to their Sixth Request for Production of Documents. The requests seek extensive financial information, which plaintiffs argue is relevant to the merits of the case, including the issue of piercing the corporate veil, and to the determination of foreign law. Defendants argue that the burden of complying with the requests is disproportionate to the issues in the case and that the requests seek sensitive financial information. They also argue that plaintiffs already have what they need.

I agree with plaintiffs that, in general, the requested discovery is relevant and is necessary. I also agree that these requests are not duplicative and that there is no other way for plaintiffs to obtain this necessary financial information. In the context of this very complex case, the burden of complying with most of these requests is not unreasonable. Moreover, plaintiffs have made a strong preliminary

showing, by attaching documents that defendants have already produced, that the defendants were extensively involved, from the United States, in the management of the La Oroya complex; that defendants seriously undercapitalized the Peruvian operations; and that defendants comingled funds throughout their operations, including providing use of various corporate and trust entities that ultimately provided personal benefits to defendant Ira L. Rennert. In view of the corporate veil issues, I do not agree with defendants' contention that the time period relevant to this litigation terminated when the La Oroya complex ceased operations. Serious questions have thus been raised that require additional discovery on issues directly relevant to the amended complaint, including whether funds were diverted to the personal benefit of Rennert or others instead of being used for environmental and other safeguards in the Peruvian operations.

I am concerned, however, that the parties have not sufficiently conferred in an attempt to reduce the burden of this production with respect to some requests. I will therefore direct the parties to meet and confer on a few aspects of the requests, but generally I am granting the motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Compel Responses to Plaintiffs' Sixth Request for Production of Documents [601] is **GRANTED** with the following limited exception: The parties must meet and confer and attempt to

narrow the scope of Requests 9(d) and 9(e), as well as Requests 12 and 13.  To be clear, I have determined that the records sought in these requests are relevant and that sufficient records responsive to the requests must be produced, but it appears that some narrowing of the requests is possible and would still provide plaintiffs with the necessary information.

**IT IS FURTHER ORDERED** that **within thirty (30) days of the date of this Order**, defendants must:  1) produce all documents requested in plaintiffs' motion to compel, with the only exception being possible limited production to Requests 9(d), 9(e), 12, and 13, as determined after counsel meet and confer regarding narrowing the scope of such production; and 2) supplement their production in response to Request 42 of plaintiffs' First Request for Production of Documents, including providing the certification requested by plaintiffs in their motion to compel.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2017.