UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.O.A., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:11 CV 44 CDP |
| | ) |
| IRA L. RENNERT, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiffs invoke the terms of my Protective Order entered in August 2015 (ECF 325) to request that I remove defendants' confidentiality designations on certain documents and deposition transcripts, unseal these documents/transcripts and related memoranda, and lift all of defendants' confidentiality designations imposed in this case. While it cannot be disputed that defendants violated the letter of my Protective Order, the manner by which plaintiffs sought to invoke the Order against defendants was unreasonable. I will therefore grant plaintiffs' request to unseal certain documents, but with some limitations and conditions. I will give defendants a limited period of time to complete their review of deposition transcripts and associated exhibits. Finally, I will not order that all confidential designations imposed by defendants in this case be lifted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Unseal Documents [668] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **UNSEAL** the following exhibits submitted with Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF 640):

- Wilkins Declaration     ECF 640-1
- Exhibit B     ECF 640-3
- Exhibits E – I     ECF 640-6 – 640-10
- Exhibits K – L     ECF 640-13 – 640-14
- Exhibits N – NN     ECF 640-16 – 640-42
- Exhibit QQ     ECF 640-45
- Exhibits TT – YY     ECF 640-48 – 640-53
- Exhibits AAA – QQQQ     ECF 640-55 – 640-97

**IT IS FURTHER ORDERED** that plaintiffs are granted leave to **SUBSTITUTE** redacted versions of Exhibits OO (ECF 640-43), RR (ECF 640-46), and ZZ (ECF 640-54) and shall separately file the redacted versions in the public record no later than **November 1, 2017**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **UNSEAL** the following exhibits submitted with Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel Responses to Plaintiffs' Sixth Request for Production of Documents (ECF 627):

- Exhibits 1 – 12     ECF 627-1 – 627-12
- Exhibits 14 – 17     ECF 627-14 – 627-17

**IT IS FURTHER ORDERED** that plaintiffs are granted leave to **SUBSTITUTE** the redacted version of Exhibit 13 (ECF 627-13) and shall separately file the redacted version in the public record no later than **November 1, 2017**.

**IT IS FURTHER ORDERED** that no later than **November 10, 2017**, defendants shall:

1) complete their review of the deposition transcripts submitted with Plaintiffs' Opposition to Defendants' Motion to Dismiss, and specifically, Exhibit A (ECF 640-2), Exhibit C (ECF 640-4), Exhibit D (ECF 640-5), Exhibits J-1 & J-2 (ECF 640-11, 640-12), Exhibit M (ECF 640-15), Exhibit PP (ECF 640-44), and Exhibit SS (ECF 640-47), as well as any exhibits used in those depositions;

2) advise plaintiffs in writing of any change in designation of confidential information; and, in the event defendants determine not to change the confidential designation of a deposition excerpt or associated exhibit,

3) identify the specific portion(s) of the transcript(s) or exhibit(s) that contain confidential information and explain to plaintiffs in writing the basis for continued confidential designation.

Defendants are reminded that, as the parties seeking to designate any portion of these deposition transcripts as confidential, it is their duty to identify the specific portions of the transcript to so designate. (Prot. Ord., ECF 325, para. 13.)

**IT IS FURTHER ORDERED** that no later than **November 17, 2017**, plaintiffs shall file in the public record redacted versions of their Opposition to Defendants' Motion to Dismiss and Reply in Support of Plaintiffs' Motion to Compel Responses to Plaintiffs' Sixth Request for Production of Documents.

All parties and counsel are reminded of their obligation to comply with all terms of the Protective Order entered in this case. I am extremely troubled that several terms that the parties themselves stipulated and agreed to have been blatantly and repeatedly violated by their counsel, including the discouragement of global designations (para. 7); the procedure by which to designate *specific portions* of deposition transcripts (para. 13); and that modification of the Protective Order can be made only by written agreement or an express Order of the Court upon motion (para. 18). Further, while the Protective Order provides fourteen days for a Producing Party to respond to a Receiving Party's challenge to a confidentiality designation (para. 12), it is unreasonable for the Receiving Party to make a one-time global challenge to hundreds of documents (comprised of thousands of pages) that have been produced and amassed over the course of this litigation and expect a fourteen-day turnaround without objection by the Producing Party. It is more reasonable for the Receiving Party to review the confidential designation upon receipt of the information and determine within a reasonable time thereafter whether to challenge the designation. I suggest that the parties and counsel think

about this as they proceed.  If the Protective Order needs to be modified, nothing prevents the parties from seeking such modification (*see* paras. 4, 18).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2017.