UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.O.A., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:11 CV 44 CDP |
| | ) |
| IRA L. RENNERT, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

On August 29, 2017, I granted plaintiffs' motion to compel responses to their sixth request for production of documents and ordered defendants to comply within thirty days. At midnight of the thirtieth day, the Renco defendants filed a motion asking that I reconsider my Order with respect to certain categories of documents I ordered them to produce. I will deny the motion.

Federal Rule of Civil Procedure 54(b) permits the district court to "exercise its general discretionary authority to review and revise its interlocutory rulings prior to the entry of final judgment." *Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 856-57 (8th Cir. 2008) (citing *Partmar Corp. v. Paramount Pictures Theatres Corp.*, 347 U.S. 89, 100 (1954) (observing that "[t]he power remained in the trial court until the entry of his final judgment to set aside, for appropriate reasons," orders previously entered in the case); *Interstate Power Co. v. Kansas*

*City Power & Light Co.,* 992 F.2d 804, 807 (8th Cir. 1993) ("Under the last clause of Rule 54(b), a non-final order 'is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.'")). Under Rule 54(b), I may amend or reconsider any of my rulings in order "to correct any clearly or manifestly erroneous findings of facts or conclusions of law." *Jones v. Casey's Gen. Stores,* 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008) (internal citations and quotation marks omitted). I may also grant reconsideration if I patently misunderstood a party, made a decision outside the adversarial issues presented to me by the parties, made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts has occurred since the issue was submitted to the Court. *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). Although I have the power to revisit my prior decisions, I "should be loathe to do so" in the absence of such extraordinary circumstances. *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988). "[T]he Court . . . has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders." *Trickey v. Kaman Indus. Techs. Corp.*, No. 1:09CV26 SNLJ, 2011 WL 2118578, at *2 (E.D. Mo. May 26, 2011).

In their motion, the Renco defendants ask that I reconsider that portion of

my previous Order compelling production of certain financial documents and tax returns in response to plaintiffs' Request Nos. 3(a), 6(a), 9(a), 9(c), and 11. They argue, as they did in response to the original motion to compel, that 1) the documents sought are not relevant to the alter ego and/or choice of law analyses; 2) information contained in this compelled production is cumulative to information in other documents that have been or will be produced; and 3) plaintiffs have failed to show good cause for disclosure of tax returns. These defendants also argue, generally, that I erred when I considered and based my findings on documents first submitted by plaintiffs with their reply brief, because doing so deprived them of the opportunity to respond to plaintiffs' mischaracterization of these documents.

Upon careful and thorough consideration of the parties' arguments on the motion to reconsider, as well as the exhibits submitted and all of the case law cited, I find that the Renco defendants have not demonstrated any manifest error of law or fact in my previous Order. Nor have they shown any true misapprehension of the adversarial issues presented to me or that my decision was outside of these issues. In fact, the arguments raised in their motion to reconsider – and the case law they cite – convince me that my previous ruling was correct.

Requests 3(a), 9(a), and 11

The Renco defendants argue that none of the information sought in these requests is relevant to the alter ego or choice of law analyses; that the financial

information is cumulative to other information plaintiffs possess regarding transfers between Renco and Rennert and/or the Trusts; that they are willing to provide stipulations that would satisfy plaintiffs' relevant need; and that plaintiffs have other tools at their disposal to resolve any perceived financial discrepancies in the records already produced.

Contrary to Renco's argument, the conversion of corporate assets for a shareholder's personal benefit is relevant to the "control" factor of alter ego analysis. *See Fleming Cos., Inc. v. Rich*, 978 F. Supp. 1281, 1304 (E.D. Mo. 1997); *NLRB v. Bolivar-Tees, Inc.*, 551 F.3d 722, 728 (8th Cir. 2008). Accordingly, "how" the shareholders allegedly used Doe Run Peru's corporate assets is relevant, as well as "where" such conversions and/or personal expenditures occurred for choice of law determination.

The Renco defendants also aver that Renco's General Ledger contains information regarding transfers and payments from Renco to Rennert and any Trust defendant, and that this information is sufficient to show whether the relationships at issue in this litigation warrant piercing the corporate veil. I agree with plaintiffs that this information is too limited and not sufficient to show the alleged commingling of funds and assets among and between the subsidiaries and Renco, which were then ultimately paid to and used by Rennert and the Trusts for non-corporate purposes. *See Hometown 2006-1 1925 Valley View LLC v. Prime*

*Income Asset Mgmt., LLC*, No. 3:13-CV-04440-N, 2016 WL 6464485, at *2 (N.D. Tex. Mar. 29, 2016) (requests pertain to the interrelatedness and financial setup of the defendants, which is relevant to claims for alter ego liability).  Production is warranted because plaintiffs bear the burden of proof on each of their claims, the information is necessary to determine whether the unique facts of this case warrant veil piercing, and the defendants currently have exclusive access to the information sought.  *Id.*  The proposed stipulations do not provide this relevant information.

Finally, the Renco defendants argue that these requested documents are not necessary to resolve the purported financial discrepancies identified in documents already produced.  Citing *Coll v. Stryker Corp.*, No. 14-CV-1089 KG/SMV, 2017 WL 3052498 (D.N.M. July 12, 2017), they contend that, instead, plaintiffs can depose corporate representatives about these alleged discrepancies, or wait until trial and ask the factfinder to make inferences based on such discrepancies.  In *Coll*, however, the integrity of the financial information was not yet at issue – the plaintiff merely sought the underlying source documents in an effort to verify the financial data already produced.  No discrepancies or irregularities in the data had yet arisen or been identified.  Because of that circumstance, the court noted that plaintiff could investigate the integrity of the data through Rule 30(b)(6) depositions or through examination of the comprehensive database from which the already-produced financial information came.  The court noted, however, that if

such investigation revealed discrepancies, discovery may be had on the underlying documents that plaintiff sought. *Id.* at *3. *See also Flexiteek Ams., Inc. v. Tek-Dek, LTD.*, No. 08-60995-CIV-SNOW, 2015 WL 11123312, at *1 (S.D. Fla. Mar. 6, 2015) (plaintiffs were entitled to discovery of additional source documents to fill in gaps in financial information, where defendant had already provided some source documents and plaintiffs had identified discrepancies within the materials produced) (cited in *Coll*, 2017 WL 3052498, at *6). Here, contrary to *Coll*, plaintiffs have identified discrepancies in the financial data already produced and seek additional documents to reconcile these conflicts. Such discovery is permissible in these circumstances. *See Coll*, 2017 WL 3052498, at *3; *Piller v. Perftech, Inc.*, No. 10 C 5504, 2011 WL 2293363, at *3 (N.D. Ill. June 9, 2011) (motion to compel financial documents granted in part – relevant to add context and meaning to financial statements already produced).

I also question the assertion that the information plaintiffs seek to obtain is within some other source available to them. Notably, many of the sources that the Renco defendants describe as "available" are documents that I ordered them to produce over their wholesale objections to all discovery requests propounded by plaintiffs, and some of these documents have yet to be produced. It thus appears that regardless of the perceived "availability" of other sources for this requested information, plaintiffs' access to those other sources has been obstructed or

substantially delayed.

I will not reconsider my Order to the Renco defendants to produce this information.

Requests 6(a) and 9(c)

The Renco defendants argue that plaintiffs have failed to show good cause for production of Rennert's and the Trust defendants' tax returns as sought in these requests, and that I therefore erred when I compelled their disclosure.

Tax returns are discoverable upon a showing of good cause. A party seeking disclosure of tax returns must show: 1) the information is relevant, and 2) there is a compelling need for the disclosure because the information is not otherwise readily obtainable. *Tank Holdings v. Bell*, No. 4:12-CV-713 JAR, 2013 WL 2457189, at *1 (E.D. Mo. June 6, 2013); *Sowers v. Gatehouse Media Mo. Holdings, Inc.*, No. 4:08CV633 TIA, 2009 WL 1106946, at *1 (E.D. Mo. Apr. 23, 2009). While the moving party has the initial burden of showing that the tax returns are relevant, the opposing party has the burden of proving that the information is readily obtainable from another source. *Scottrade, Inc. v. Variant, Inc.,* No. 4:13CV1710 RLW, 2014 WL 5489291, at *2 (E.D. Mo. Oct. 30, 2014); *PSK, L.L.C. v. Hicklin*, No. C09-0105, 2010 WL 2710507, at *2 (N.D. Iowa July 8, 2010). In my previous Order, I found the records to be relevant and to not otherwise be available to the plaintiffs. The Renco defendants' arguments do not

persuade me that I erred in this determination.

Plaintiffs have shown the relevance of these tax returns. Given the complicated corporate structure(s) involved in this case and the interrelatedness of these structures, both among themselves and their owners/shareholders, the tax returns of Rennert and the Trust defendants may help to ascertain the extent and nature of the financial dealings between them and these entities, including the commingling of assets. *See Federal Trade Comm'n v. AMG Servs., Inc.*, No. 2:12-CV-536-GMN-VCF, 2015 WL 5097526, at *6 (D. Nev. Aug. 28, 2015); *In re Don's Making Money, LLP*, No. 2:99-BK-07757-CGC, 2008 WL 509531 (Bankr. D. Ariz. Feb. 19, 2008); *Benchmark Design, Inc. v. BDC, Inc.*, No. 88-1007-FR, 1989 WL 81618, at *1 (D. Ore. July 5, 1989). *Cf. Certified Enters., Inc. v. United States*, No. 4:17-CV-202 SNLJ, 2017 WL 4778558, at *3 (E.D. Mo. Oct. 23, 2017) (personal financial information relevant to alter ego claim because it may show movement of money between interrelated entities). And, for the reasons stated earlier in this Order, the Renco defendants have failed to meet their burden of showing that the information contained in the requested tax returns is readily obtainable.

I will not reconsider my Order to the Renco defendants to produce the information requested in Request Nos. 6(a) and 9(c).

Documents Submitted in Reply

My review of documents submitted with plaintiffs' reply brief on their motion to compel does not require me to revisit the findings in my Order. As noted previously in this district, "there is no absolute bar to filing documentary evidence in support of a reply brief, provided that the reply and the evidence is limited to matters in reply and does not raise new arguments[.]" *Cowden v. BNSF Ry. Co.*, No. 4:08CV01534 ERW (E.D. Mo. July 23, 2010) (memorandum and order). "It seems absurd to say that reply briefs are allowed but that a party is proscribed from backing up its arguments in reply with the necessary evidentiary material." *Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1456 (E.D. Wis. 1993) (quoted in *Cowden*). Plaintiffs' reply brief did not raise new arguments and the documentary evidence submitted in support did not improperly bring new issues before the Court on their motion to compel.

Conclusion

The alter ego analysis in this case will prove to be a complicated one. But the ultimate determination as to whether plaintiffs' information is sufficient to prove alter ego status such that the corporate veil may be pierced will not be made on a motion to compel or on arguments involving my ruling on such discovery motions. During this contentious discovery process, I am guided by Fed. R. Civ. P. 26(b)(1) and not on whether any party will prevail on their claims or defenses in

this action. With this current discovery dispute, the Renco defendants have not shown any extraordinary circumstances to warrant reconsideration of my August 29 Order.

Addendum

As I stated above, I thoroughly reviewed the Renco defendants' motion to reconsider, the parties' briefs and exhibits submitted in support of their respective positions, and the case law cited by the parties. During this review, repeated accusations of "gross" or "blatant" mischaracterizations, "outright" misrepresentations, falsehoods, and the like served more to detract from the arguments than support a reasoned position. While "zealous advocacy is essential to the conscientious, vigorous representation of a client's interests," *United States v. Dowdy*, 960 F.2d 78, 81 (8th Cir. 1992), vituperative rhetoric is "too often substituted for logic and reason." *State v. Banks*, 215 S.W.3d 118, 122 (Mo. banc 2007).

Accordingly,

**IT IS HEREBY ORDERED** that the Renco defendants' Motion for Reconsideration Pursuant to Rule 54(b) [662] is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2017.