UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:11 CV 44 CDP |
| | ) | |
| IRA L. RENNERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiffs seek sanctions for defendants' failure to produce documents after being ordered to do so. I held a hearing on the motion on March 6, 2018, and the parties have filed extensive briefs. I will grant the motion in part.

My order of August 29, 2017, [ECF # 636] granted plaintiffs' motion to compel production of documents requested in their Sixth Request for Production. Defendants have not complied with that order as they have not produced general ledgers or banking documents for subsidiaries Doe Run Mining and Doe Run Peru and also have not produced general ledgers of defendant Doe Run Resources Corporation for dates before 2006. As to the documents of Doe Run Mining and Doe Run Peru, defendants state that they did not understand they were expected to seek documents from the receiver in Peru. As to the pre-2006 general ledgers of Doe Run Resources Corporation, defendants say they have been unable to produce

1

these documents because essential parts of the electronic files have been lost or corrupted.

Plaintiffs' motion for sanctions is based on Federal Rules of Civil Procedure Rule 37(b) (failure to comply with court order) and Rule 37(e) (failure to preserve electronically stored information). They ask me to impose adverse inferences that go to the heart of the merits of these complex cases. Although sanctions are appropriate, imposing adverse inferences is more draconian than necessary. Instead, I will order defendants to pay plaintiffs' reasonable attorneys' fees incurred both in bringing the motion and in investigating and attempting to resolve the non-compliance.

## I. Factual Background

Almost four years ago I considered in detail defendants' general objection to producing documents from Peru that were in the hands of the Peruvian receiver. [April 7, 2014 Order, ECF # 190]. I overruled defendants' objection after concluding that defendants had the practical ability to obtain documents from the Peruvian receiver. Part of my rationale for this was that another company controlled by defendants, Doe Run Cayman, "is a one-third member of the creditors' committee in Peru, and that committee controls Doe Run Peru." [1]

---

[1] Defendants take issue with my having said "one-third" because Doe Run Cayman's participation on the creditors' committee is only is only 30.33%. The quoted language is from page 4 of the order discussing my conclusion; at page 2, in discussing the facts, the order more

Defense counsel stated at the hearing that following the 2014 order they produced seventy to eighty thousand pages of documents that they obtained from the receiver in Peru, and produced many more documents that they obtained from the Atlanta-based law firm that had collected documents from Peru for the ongoing international arbitration between Peru and defendants. After that production, however, defendants apparently made no effort to seek documents from the receiver in Peru in responding to additional discovery requests, relying on the same argument that I rejected in 2014 – that they do not control Doe Run Peru.[2] It was only after the Court's January 18, 2018, telephone status conference that defendants finally requested documents from the Peruvian receiver. Not surprisingly, they have not obtained any documents yet, although their most recent filings indicated that they now are making additional efforts to do so.

The August 29, 2017 Order required production of the compelled documents within thirty days. On the thirtieth day, Defendant Doe Run Resources Corporation – but not the other defendants – asked for and was granted another thirty days to complete its production, explaining that, among other reasons, it was having difficulty restoring the back-up tapes that contained its general ledger for

---

precisely noted the "30.33% right of participation." The three percent difference does not change the conclusion.

[2] I do not know if defendants have sought responsive documents from their Atlanta law firm in response to the August 29, 2017 order. Defendants have a continuing duty, of course, to produce documents that are in the hands of their own lawyers, even if those lawyers are working on a different case.

dates before 2006. That same day defendants Renco Group, Inc. and Ira L. Rennert and the defendants associated with them filed a motion to reconsider the order, which I denied.

## II. Legal Standards

Under Rule 37(b)(2), Fed. R. Civ. P., a court may impose "just" sanctions against a party for failing to obey a discovery order. Rule 37 sanctions "are an invaluable penalty and deterrent to be employed by district courts to thwart discovery abuse." *First Am. State Bank v. Cont'l Ins. Co.,* 897 F.2d 319, 331 (8th Cir. 1990). A court does not abuse its discretion when imposing discovery sanctions when parties fail to comply with discovery orders. *Funk v. Belneftekhim*, 861 F.3d 354, 370 (2d Cir. 2017).

A court may only impose sanctions for failing to preserve electronically stored information that should have been preserved under Rule 37(e) "upon finding prejudice to another party" or "only upon finding that the party acted with the intent to deprive another party of the information." Fed. R. Civ. P. 37(e). To seek relief under the rule, "a finding of intentional destruction indicating a desire to suppress the truth" must be present. *Burris v. Gulf Underwriters Ins. Co.*, 787 F.3d 875, 879 (8th Cir. 2015). A finding of negligence, or even gross negligence, regarding a party's failure to preserve will not usually support an adverse inference instruction. *Krueger v. Ameriprise Fin., Inc.*, No.0:11-cv-02781, 2014 WL

4

8108458, at *7 (D. Minn. July 7, 2014); *see also Applebaum v. Target Corp.*, 831 F.3d 740, 745 (6th Cir. 2016) ("a showing of negligence or even gross negligence will not do the trick."). A party is not under a duty to preserve documents before litigation commences, or before it is foreseeable that litigation will commence. *Bakhtiari v. Lutz*, 507 F.3d 1132, 1135 (8th Cir. 2007).

**III.    Records of Doe Run Peru and Doe Run Mining**

As stated above, not until January of 2018 did defendants make any attempts to produce documents from the entity that now controls Doe Run Peru. In the August 29, 2017, Order I determined that the financial documents sought by plaintiffs were both relevant and necessary for their completion of discovery. In the April 7, 2014 Order, I made clear that defendants could not claim that they did not possess or control Doe Run Peru documents. The discovery requests sought these documents and I granted the motion to compel. Defendants claim that they did not understand that they were required to seek documents from the Peruvian receiver, and that it may not now be possible to obtain those documents. But defendants have not said that production is impossible, they have said that they did not even try until the issue was raised during the January 2018 telephone conference. At the hearing on the motion for sanctions, defendants argued that several changes to the identity of the receiver since 2014 caused even more delay in the request they ultimately sent on January 24, 2018. But it is defendants' own

5

failure to abide by my 2014 Order that caused them to lose touch with the receiver, and that failure has introduced an unnecessary burden to the already contentious discovery process. I conclude that defendants' failure to comply with both the August 2017 Order and April 2014 Order were willful violations the Court's orders.

Defendants argue that sanctions under Rule 37(b)(2) nevertheless should not be granted because plaintiffs cannot show that they were prejudiced. Defendants assert that other materials, such as audited financial statements, Renco's general ledgers, inter-company related financial transfer documents, and a "Peru payment spreadsheet," depicting the flow of money from Doe Run Resources, will suffice instead of the Court-ordered general ledgers. I previously determined that the materials were relevant and discoverable, and plaintiffs have shown that they cannot obtain all the information they seek from the documents that have been produced. Plaintiffs reasonably need the documents in order to take depositions and to prepare their brief on the issue of foreign law, as well as for the ultimate merits of the case.

Further, plaintiffs' exhibits demonstrate the efforts plaintiffs employed to avoid the need for this motion. Defendants assert that plaintiffs failed to sufficiently meet and confer before filing the motion. Although Rule 37(a) requires parties to meet and confer before filing a motion to compel, Rule 37(b)

does not require doing so before a party can seek sanctions for the opponents' failure to comply with a court order. *Linstedt v. City of Granby*, 238 F.3d 933, 936 (8th Cir. 2000). In any event, plaintiffs made repeated requests to defendants about these documents. They also, of course, were required to spend many hours reviewing the documents that were produced to determine what might be missing. Defendants' actions required plaintiffs to spend their time "hounding" defendants for discovery instead of preparing the case, which has been held to be sufficient prejudice for sanctions to be imposed. *Schoffstall v. Henderson*, 223 F.3d 818, 824 (8th Cir. 2000). Plaintiffs have been prejudiced by defendants' failure to comply with the orders, thereby impairing plaintiffs' ability to present the factual merits of their claim. *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 559 (8th Cir. 1992).

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). Sanctions are therefore appropriate both under the Court's inherent authority and under Rule 37(b)(2) because of defendants' failure to abide by discovery orders.

## IV. Missing DRRC General Ledgers

As stated above, defendants have not produced the general ledgers for Doe Run Resources Corporation (DRRC) for any years before 2006. Plaintiffs argue that this calls for sanctions under both Rule 37(b)(2) and Rule 37(e). They claim that defendants failed to take reasonable measures to preserve the documents, and that because the missing years are the times most relevant to their claims, the Court should draw adverse inference conclusions (and give adverse inference instructions at trial) as a sanction for spoliation.

The evidence before me shows that the failure to preserve occurred in the regular course of business and not for any improper purpose of destroying evidence. DRRC changed its computer systems in 2006 and has been unable to restore the missing ledgers. Plaintiffs argue that DRRC failed to take reasonable measures to preserve the evidence when it knew litigation was likely.

Rule 37(e) sanctions are not warranted here because plaintiffs have not shown defendants' conduct to be an attempt to suppress the truth, and there is nothing before me that indicates defendants' process of changing computer systems was unreasonable. Circumstantial evidence demonstrating undue delay in responding to requests or failure to turn over the tapes for inspection is insufficient to show intent to suppress relevant evidence. *Hallmark Cards, Inc. v. Murely*, 703 F.3d 456, 462 (8th Cir. 2013) (an example of intentional destruction of evidence

where the plaintiff retained relevant documents for five years, but then deleted the documents forty-eight hours before a review was set to occur).

Additionally, there is no evidence that defendants actually anticipated this litigation or should have anticipated it when they changed the computer system. Plaintiffs argue that defendants knew the Peruvian facility had environmental problems, but that is not the same as saying they anticipated litigation over those problems that would require the detailed financial information that is relevant to these cases.

After the hearing, defendants have continued working with their technical IT people and, according to a document recently filed, they have now located "certain general ledger data for Doe Run Resources…for the entire time period at issue…" [ECF #834]. They say they will produce this new information to plaintiffs as soon as possible. Although the timing of this production indicates that defendants did not do all they could have to restore or locate the information earlier, I will nevertheless not impose additional sanctions for defendants' conduct with regard to the DRRC general ledgers.

**V. Conclusion and Sanctions Imposed**

Because I explicitly ordered defendants to produce documents requested in the Sixth Request for Production and defendants failed to comply with my order, I am imposing sanctions under Rule 37(b)(2). Defendants failed to comply with my

9

August 29, 2017 Order by not producing or even attempting to produce documents from the receiver in Peru.  Their argument that plaintiffs do not really need the documents is an argument that I rejected when I granted the motion to compel, and I have found that plaintiffs have been prejudiced by defendants' willful non-compliance with the order.  As evidenced by my April 2014 Order, defendants had years of notice that foreign documents were relevant and within their control.

Rule 37(b)(2)(C) directs the Court to order payment of reasonable expenses, including attorney's fees, caused by a party's failure to comply with a Court order.  I will order defendants to pay plaintiffs' reasonable attorneys' fees for actually bringing and litigating this motion.  Additionally, defendants must pay plaintiffs' reasonable attorneys' fees for the time they spent reviewing the documents they did receive in order to determine that the production was insufficient.

Although I have not imposed sanctions with regard to the failure to produce the Doe Run Resources Corporation general ledger before 2006, I remain concerned about a number of things that defendants did with regard to this production.  First, for many months and despite plaintiffs' request, defendants did not provide a detailed technical explanation for why the documents could not be produced.  Defendants did provide plaintiff with access to a warehouse full of boxes that contained some of the documentation underlying the general ledgers, but defendants refused to provide plaintiffs with an index in their possession that

would have at least partially assisted the plaintiffs in reviewing the many boxes that were in the warehouse. Additionally, in their briefs defendants argue that plaintiffs were not sufficiently diligent because they could have had their own technical person attempt to restore the back-up tapes, but defendants did not inform the Court that they, in fact, had not produced those tapes when plaintiff requested access to them. Now, after the hearing on the motion for sanctions, defendants have managed to locate at least some of the pre-2006 data. These actions, along with those discussed above with regard to the Peruvian documents, as well as defendants' complete disregard of the deadlines that my Order imposed, show bad faith on defendants' part. Defendants are warned that further behavior of this sort could result in additional and more serious sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for sanctions [790] is granted in part as stated above. Defendants must pay plaintiffs' reasonable attorney's fees associated with the bringing of this motion for sanctions and incurred in the investigation of defendants' non-compliance. Plaintiffs shall file their fee statement within thirty days of the date of this Order and defendants will have thirty days thereafter to file objections or to file a statement that they have paid the requested fee amount.

**IT IS FURTHER ORDERED** that defendants must continue to attempt to restore and recover the materials on the back-up tapes, and produce all additional responsive evidence. If the plaintiffs request access to the back-up tapes, defendants will make the tapes available for plaintiffs' review.

**IT IS FINALLY ORDERED** that defendants must forthwith produce to plaintiffs any complete or partial index to the boxes in the Earth City warehouse which they possess, and must make these boxes available for plaintiffs' inspection and review.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of March, 2018.