# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| A.O.A., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:11-cv-00044-CDP |
| | ) (consolidated cases) |
| DOE RUN RESOURCES CORPORATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR A DETERMINATION OF FOREIGN LAW

Pursuant to Fed. R. Civ. P. 44.1, Defendants Ira L. Rennert, The Renco Group, Inc., DR Acquisition Corp., Doe Run Resources Corporation, Doe Run Cayman Holdings LLC, The Ira Leon Rennert Revocable Trust, The Trusts F/B/O S. Tamara Rennert Under The Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2, and 3, The Trusts F/B/O Yonina Nechama Rennert Under The Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2, and 3, The Trusts F/B/O Ari E.Y.M. Rennert Under The Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2, and 3, The Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 4, 5, 9, 10, 11, 2002A, and 2002B, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Sarah Tamara Rennert Winn, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Yonina Nechama Rennert Davidson, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Ari E.Y.M. Rennert, Roger L. Fay, Marvin M. Koenig, John A. Siegel, Jr., Dennis A. Sadlowski, John A. Binko, Michael C. Ryan, Marvin K. Kaiser, Albert Bruce Neil, Jeffery L. Zelms, and Theodore P. Fox III (collectively, "Defendants"), move the Court to determine that the law of the Republic of Peru applies to matters that are at issue in these consolidated cases ("Motion to Determine Foreign Law"). As grounds for their motion, Defendants state as follows:

1.	Rule 44.1 authorizes a federal court to determine that the law of a foreign country applies to an action if the applicability of the foreign nation's law is raised in a pleading or other writing. In their answers and other pleadings served in these cases, Defendants have raised the applicability of the law of Peru to the claims in these cases. (*See, e.g.*, Dkt. # 44, Renco's Answer, at 13.)

2.	These cases involve personal injury claims by Peruvian citizens, residents of the town of La Oroya, Peru and environs, for injuries allegedly caused by the emission of toxic substances from a mining and metallurgical facility located in La Oroya. At the time of the allege injuries, the facility was owned by Doe Run Peru, S.R.L. ("Doe Run Peru"), a Peruvian limited liability company headquartered in, and organized under the laws of, Peru. All of the Plaintiffs were allegedly injured from contact with substances in and around La Oroya. None of the Plaintiffs was injured in Missouri.

3.	On January 16, 2014, Defendants filed their previous motion for a determination of foreign law pursuant to Fed. R. Civ. P. 44.1. On February 11, 2015, the Court issued an order denying the motion without prejudice (the "2015 Order"). In the 2015 Order, the Court held that the motion was "premature" because of "the relative dearth of discovery and the considerable number of factual questions, there is no way yet to thoughtfully determine whether Peru, Missouri, or New York has the most significant relationship to this action." *Reid v. Doe Run Res. Corp.*, 74 F. Supp. 3d 1015, 1024 (E.D. Mo. 2015). Accordingly, the Court allowed any party to refile the motion after "more discovery has been completed" as that would allow for a "firm factual foundation" on which the Court may weigh the relevant factors. *Id.* at 1026.

4.	Subsequent to the 2015 Order, the parties engaged in substantial discovery in anticipation of Defendants renewing their motion to determine the application of foreign law—

something the Defendants do herewith.  Yet, no facts have been adduced in discovery since the 2015 Order to alter the Court's conclusion that Plaintiffs were injured in Peru.  *See Reid*, 74 F. Supp. 3d at 1019 ("[P]laintiffs' claims originated in Peru because that is where the damage resulting therefrom was sustained and was capable of ascertainment.").  Indeed, Plaintiffs' own allegations in their Amended Complaint—filed after the 2015 Order—confirm that Peruvian law should apply to Plaintiffs' claims.

5. In addition, the Republic of Peru has affirmatively asserted—through formal diplomatic channels—its substantial sovereign interests over the matters and issues in dispute in this action, which directly concern its sovereign rights and national interest.  In contrast to Peru's substantial interest in these claims, Plaintiffs remain unable to articulate any governmental interest that Missouri (or any U.S. state) has in their claims, and certainly none that would override the substantial interest of Peru.

6. Accordingly, Peruvian law applies to Plaintiffs' claims for several independent reasons.

7. *First*, Plaintiffs' claims against Defendants rely almost exclusively on veil-piercing and alter-ego theories to hold Defendants vicariously liable for Doe Run Peru's conduct because they were either corporate affiliates or indirect parents of Doe Run Peru, or officers or shareholders of such entities.  Under Missouri's well-settled internal affairs doctrine, any claim to pierce the corporate veil of an entity is decided according to the law of the place of that entity's incorporation.  Doe Run Peru was incorporated in Peru, and thus only the law of Peru is applicable to determine whether Doe Run Peru's corporate form should be ignored and liability could be imposed on Doe Run Peru's parents, corporate affiliates, and certain past and present officers, directors, employees, and shareholders of the corporate defendants.

8. *Second*, the application of the choice of law principles of the Restatement (Second) Conflicts of Laws (the "Restatement"), which this Court held govern here, also dictate that Peruvian law applies to all aspects of Plaintiffs' claims.

9. Indeed, each of the Restatement's three-part "most significant relationship" test confirms that Peru has the most significant relationship to the claims in this action, and thus Peruvian law should apply here

   a. Under the first part of the Restatement's most significant relationship test, Peruvian law is not only materially different from Missouri law, but is in direct conflict with the specific Missouri law on which Plaintiffs' claims are based;

   b. Under the second part of the Restatement's most significant relationship test, a presumption that Peruvian law applies to Plaintiffs' claims is applicable herein since Plaintiffs' alleged injuries purportedly occurred in Peru;

   c. Under the final part of the Restatement's most significant relationship test, the Plaintiffs have failed to rebut the presumptive application of the law of the place of injury.

10. *Third*, applying Missouri would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The Constitution independently prohibits a state from applying its laws to conduct with which it has little or no conduct. Thus, applying Missouri's law to torts committed in Peru, by a Peruvian company, against Peruvian citizens would be unconstitutional, and Peruvian law should apply to Plaintiffs' claims.

11. Accordingly, the law of the Republic of Peru governs the whole spectrum of issues before the Court: principles of substantive liability, vicarious liability, damages, and defenses to liability.

WHEREFORE, for the foregoing reasons and those asserted in Defendants' memorandum in support submitted herewith, together with the exhibits attached thereto, all of which are incorporated herein, Defendants pray that the Court grant their Motion to Determine Foreign Law.

Dated: March 16, 2018

Respectfully submitted,

**DOWD BENNETT LLP**

By: /s/   Edward L. Dowd, Jr.
 Edward L. Dowd, Jr.  #28785MO
 edowd@dowdbennett.com
 James E. Crowe, III,  #50031MO
  jcrowe@dowdbennett.com
 7733 Forsyth Blvd., Suite 1900
 St. Louis, Missouri  63105
 Telephone:  (314) 889-7300
 Facsimile: (314) 863-2111

**KASOWITZ BENSON TORRES LLP**

By: /s/   Marc E. Kasowitz (w/ permission)
 Marc E. Kasowitz  (*pro hac vice*)
 mkasowitz@kasowitz.com
 Kenneth R. David (*pro hac vice*)
 kdavid@kasowitz.com
 Matthew A. Kraus (*pro hac vice*)
 mkraus@kasowitz.com
 1633 Broadway
 New York, New York 10019
 Tel: (212) 506-1700
 Facsimile: (212) 506-1800

*Attorneys for Defendants The Renco Group, Inc., DR Acquisition Corp., Ira L. Rennert, and Doe Run Cayman Holdings, LLC*

**LEWIS RICE LLC**

By: /s/ Andrew Rothschild (w/ permission)
 Andrew Rothschild, #23145MO
 arothschild@lewisrice.com
 Richard A. Ahrens, #24757MO
 rahrens@lewisrice.com
 Thomas P. Berra, Jr., #43399MO
 tberra@lewisrice.com
 Michael J. Hickey, #47136MO
 mhickey@lewisrice.com
 600 Washington Avenue, Suite 2500
 St. Louis, Missouri 63101-1311
 Telephone:  (314) 444-7600
 Facsimile:  (314) 241-6056

*Attorneys for Defendants The Doe Run Resources Corporation, Marvin K. Kaiser, Jerry Pyatt, Jeffrey L. Zelms, and Theodore P. Fox III*

**CARMODY MacDONALD P.C.**

By: /s/ Gerard T. Carmody (w /permission)
 Gerard T. Carmody, #24769
 gtc@carmodymacdonald.com
 Kevin M. Cushing, #27930
 kmc@carmodymacdonald.com
 120 South Central Avenue, Suite 1800
 St. Louis, Missouri  63105
 (314) 854 8600 (Telephone)
 (314) 854 8660 (Facsimile)

*Attorneys for Defendants The Ira Leon Rennert Revocable Trust, The Trusts F/B/O S. Tamara*

5

*Rennert Under the Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2 and 3, The Trusts F/B/O Yonina Nechama Rennert Under the Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2 and 3, The Trusts F/B/O Ari E.Y.M. Rennert Under the Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2 and 3, The Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 4, 5, 9, 10, 11, 2002A and 2002B, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Sarah Tamara Rennert Winn, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Yonina Nechama Rennert Davidson, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Ari E.Y.M. Rennert, Roger L. Fay, Marvin M. Koenig, John A. Siegel, Jr., Dennis A. Sadlowski, John A. Binko and Michael C. Ryan*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 16th day of March, 2018, the foregoing was filed via the ECF/CM system with the Clerk of the Court and which will serve Notice of Electronic Filing upon counsel of record via electronic mail.

                                       /s/  Edward L. Dowd, Jr.