UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.O.A., et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:11 CV 44 CDP ) |
| IRA L. RENNERT, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

On March 12, 2018, I granted plaintiffs' motion for sanctions [ECF # 837] for defendants' failure to comply with previous court orders to compel production of documents. I ordered defendants to pay plaintiffs' reasonable attorney's fees associated with the bringing of the motion for sanctions and for the investigation of defendants' non-compliance. Plaintiffs filed their fee statement [ECF # 875] on May 11, 2018, and defendants now seek reconsideration of sanctions and object to the amount of the fee statement by plaintiffs. Defendants also ask for leave to file an over length brief in support of their motion; the brief is sixty-one pages, with more than 350 pages of exhibits.

I will deny defendants' motion for reconsideration. I will grant defendants' motion for leave to file in excess of page limitation because the portion of the brief arguing in support of the motion to reconsider is only fifteen pages. The remainder

of the document relates to their objection to the amount of the fee request, which remains pending.

Federal Rule of Civil Procedure 54(b) permits the district court to "exercise its general discretionary authority to review and revise its interlocutory rulings prior to the entry of final judgment." *Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 856-57 (8th Cir. 2008) (citing *Partmar Corp. v. Paramount Pictures Theatres Corp.*, 347 U.S. 89, 100 (1954) (observing that "[t]he power remained in the trial court until the entry of his final judgment to set aside, for appropriate reasons," orders previously entered in the case. I may also grant reconsideration if I patently misunderstood a party, made a decision outside the adversarial issues presented to me by the parties, made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts has occurred since the issue was submitted to the Court. *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). Although I have the power to revisit my prior decisions, I "should be loathe to do so" in the absence of such extraordinary circumstances. *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988). "[T]he Court . . . has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders." *Trickey v. Kaman Indus. Techs. Corp.*, No. 1:09CV26 SNLJ, 2011 WL 2118578, at *2 (E.D. Mo. May 26, 2011).

In their motion, defendants ask that I reconsider and vacate the order granting the motion for sanctions. Defendants argue that they never had possession, custody, or control over Doe Run Peru's documents, thereby making it impossible to comply with previous orders compelling production. Defendants introduce recently created new evidence stating that Doe Run Peru's records are under the control of the Peruvian Liquidator. Further, defendants argue that because it was impossible to obtain the documents, the plaintiffs were never prejudiced by defendant's violation of my court orders.

These arguments fail because defendants ignore the basis for my order for imposing sanctions, which was defendants' failure to comply with previous court orders; specifically my August 29, 2017 order (granting the Sixth Motion to Compel) and my April 7, 2014 order (making it clear that defendants could not claim they did not possess or control Doe Run Peru documents). Defendants again make this latter claim, and fail to realize their non-compliance is the basis for sanctions: Defendants *never attempted* to comply with earlier orders until January of this year. As the order for sanctions explains, plaintiffs have been prejudiced by defendants' failure to comply with the orders, thereby impairing plaintiffs' ability to present the factual merits of their claim. *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 559 (8th Cir. 1992). The new evidence presented does not change the underlying factual basis for why the order for sanctions was granted;

3

therefore, the defendants have failed to present the "extraordinary circumstances" required for reconsideration under Federal Rule of Civil Procedure 54(b).

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' Motion for Reconsideration Pursuant to Rule 54(b) [914] is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' Motion for Leave to File in Excess of Page Limitation [915] is **GRANTED**.

As the defendants' objections to the amount of plaintiffs' fee request remain under submission, **IT IS FURTHER ORDERED** that plaintiffs must file any response to these objections no later than August 13, 2018.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of July, 2018.