IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., *et al.*, | ) | |
| | ) | Case No. 4:11-cv-00044-CDP |
| Plaintiffs, | ) | (CONSOLIDATED) |
| | ) | |
| vs. | ) | |
| | ) | |
| THE DOE RUN RESOURCES | ) | |
| CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37**

More than two years ago, this Court ordered Defendant Ira Rennert (hereinafter "Defendant Renner") to produce documents reflecting his net worth, including documents identifying his income, expenses, assets, and liabilities. *See* Court's August 29, 2017 Order, ECF No. 636. Yet, Defendant Rennert has not complied with the Court's Order. Plaintiffs' counsel has met and conferred with counsel for Defendants regarding Defendant Rennert's failure to produce the requested documents, but the parties have not resolved their differences. As a result, Plaintiffs move the Court pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure to impose sanctions on Defendant Ira Rennert for refusing to comply with the Court's August 29, 2017 Order.

The basis for this Motion is Defendant Rennert's failure to produce documents as instructed by the Court. More specifically, Defendant Rennert's production deficiencies are threefold.

First, despite the Court's Order compelling Defendant Rennert to produce relevant

financial documents, Defendant has never done so.  There has **never** been a production of any documents pertaining to Defendant Rennert's net worth or asset ownership in response to subpart 9(e) of Plaintiffs' Sixth Request for Production.  Additionally, Defendant Rennert has **never** produced financial statements in response to subpart 9(b).  In fact, Defendants disingenuously claim not to have any documents responsive to these requests.

Second, for the portions of Request 9 that Defendant Rennert has produced some relevant documents, such production is demonstrably incomplete.  Specifically, Defendant has not produced all relevant tax documents in response to Request 9(c), despite Plaintiffs' unambiguous request after noting that tax documents for certain years were missing from Defendants' production.

Third, with respect to the banking and credit card documents produced by Defendant Rennert in response to Request 9(a) and (d), Defendant Rennert has not supplemented the production with updated documents since first producing the initial documents almost two years ago.

In support of its motion for sanctions, Plaintiffs state as follows:

1.      On August 29, 2017, this Court entered an Order granting Plaintiffs' Motion to Compel Defendants to respond to Plaintiffs' Sixth Request for Production of Documents, which sought financial information of the Defendants and their affiliated companies.  (ECF No. 636).

2.      Specifically, Defendants were compelled to produce documents responsive to Request Number 9, which sought documents showing "the income expenses, assets, and liabilities, for Ira Rennert", and listed five categories of exemplary documents as subparts (a) through (e). These categories are as follows:

> a. Copies of monthly, quarterly, or other periodic statements for any domestic or foreign bank, brokerage, or other financial account, regardless of how such

       account is titled, over which Ira Rennert had signatory authority or other such control;

   b. Copies of any and all financial statements, including, but not limited to, financial statements provided to banks or other lending institutions;

   c. Copies of federal income tax returns, including any and all supporting statements and schedules, (including, but not limited to, Forms 1040, 1041, Schedule K-1s, and state tax returns);

   d. Listing of any and all personal credit card accounts and copies of all monthly, quarterly, annual, or periodic statements, regardless of how such account is titled, over which Ira Rennert had control, including the directing of payments on account; and

   e. **Copies of journals, books, statements of net worth, or other documents reflecting, stating, or identifying assets which Ira Rennert possesses or controls directly or through other persons, trusts, entities, or nominees.**

Exhibit 1 at 15-16 (emphasis added).

3. Defendants served their Supplemental Responses to Plaintiffs' Sixth Request for Production of Documents on March 5, 2018. *See* Exhibit 1. Regarding Request 9(b), Defendants indicated that they had completed their supplemental production and that they did not produce any financial statements for Ira Rennert "because they were never created and do not exist." *Id*. at 16.

4. Further, Defendants' Supplemental Response indicated that they did not produce any documents responsive to Request 9(e) because no such documents were located in their search. Exhibit 1 at 17.

5. Additionally, Defendant Rennert has not produced his income tax returns or schedules for the years 1997, 1998, 2000, 2002, 2003, 2004, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, and 2019 in response to Request 9(c). Exhibit 3, Decl. of Kristine Kraft at ¶ 8.

6. It is simply not credible to suggest that Defendant Rennert had no taxable income for any of these years. For example, Defendant Rennert was listed as one of the wealthiest 400

people in the world by Forbes magazine in 2013, being ranked as number 182 with a net worth of $6.5 billion.[1] While that is an estimate, if it is even close to accurate it would mean that Defendant Rennert has very substantial income.

7. Therefore, one of these facts must be true: (1) Defendant Rennert had no reportable income during those listed years, (2) Defendant Rennert had taxable income during those listed years but failed to report it, or (3) Defendant Rennert had taxable income during those listed years, filed corresponding tax returns, and has not decided not to produce them in this litigation. The only realistic scenario is that these income tax returns exist but Defendants have elected not to produce them.

8. The entire purpose of Request 9 is to obtain necessary documents to assess Defendant Rennert's overall worth. Categories (a) - (e) of Request 9 encapsulate the universe of documents that either reflect Defendant Rennert's worth or documents that would allow someone to determine Defendant Rennert's worth. *See* Exhibit 2, Decl. of Kyle Midkiff at ¶ 6 -10 (listing the type of financial documents needed to assess personal net worth). However, Defendants' refusal to provide any such financial documents completely bars Plaintiffs from conducting any meaningful assessment.

9. Defendant Rennert's failure to produce the requested documents constitutes a deliberate failure to comply with this Court's Order compelling him to do so.[2]

10. Financial information is decidedly relevant and paramount to a claim for punitive

---

[1] Diana Shaman, *In the Region / Long Island; In Maxi-Mansion Furor, Echoes and Portents?*, N.Y. TIMES (Nov. 1, 1998), *available at* https://www.nytimes.com/1998/11/01/realestate/in-the-region-long-island-in-maxi-mansion-furor-echoes-and-portents.html.

[2] Failing to produce relevant financial documents is a recurring practice for Ira Rennert, even outside of the instant litigation. In conjunction with the Herculaneum smelter litigation, the plaintiffs were forced to petition the Missouri Circuit Court to compel these very same defendants to produce financial records for Ira Rennert – which the court granted. *Browning v. Fluor Corp.*, Cause No. 22032-10108 (Mo. Cir. Ct.), July 1, 2009 Order Granting Motion to Compel Production of Financial Documents Directed to Defendant Ira Rennert.

damages. *Doe v. Young*, No. 4:08CV197TIA, 2009 WL 440478, at *2 (E.D. Mo. Feb. 18, 2009) ("Evidence of a defendant's net worth and financial condition is relevant for discovery purposes when a plaintiff seeks punitive damages."); *Lee v. Junior Coll. Dist.,* No. 4:94CV415 CDP, 1995 WL 363428, at *1 (E.D. Mo. Nov. 17, 1994) ("plaintiff is entitled to obtain discovery as to defendant's net worth as it relates to the issue of punitive damages . . .").

11. In pursuit of their claims for punitive damages, Plaintiffs are entitled to assess Defendant Rennert's assets and overall worth.

12. Upon information and belief, Defendant Rennert is the settlor, trustee, and/or beneficiary to one or more trusts involving the management of his personal wealth and assets. However, documents were not produced reflecting Defendant Rennert's interest in any trusts.

13. Moreover, Defendants' failure to produce documents responsive to Request 9(e) is particularly egregious given that Request 9(e) broadly asks for documents that identify assets which Defendant Rennert possesses, either directly or through an intermediary. It is implausible for someone of Defendant Rennert's profile to actively engage in large-scale business operations yet claim that there are no documents identifying a single one of his assets, either directly or through an intermediary.

14. Defendant Rennert personally owns various tangible assets totaling many millions of dollars, including a house in the Hamptons worth somewhere between $250-$500 million.[3] As an example, Defendants have not produced a single document identifying Ira Rennert's mansion, or any personal property in it, as an asset that he controls. Likewise, it is implausible that Defendant Rennert does not have substantial insurance on both his real estate and his

---

[3] Diana Shaman, *In the Region / Long Island; In Maxi-Mansion Furor, Echoes and Portents?*, N.Y. TIMES (Nov. 1, 1998), *available at* https://www.nytimes.com/1998/11/01/realestate/in-the-region-long-island-in-maxi-mansion-furor-echoes-and-portents.html.

5

personal property, requiring appraisal of that property for coverage purposes. However, no such documents have been produced.

15.   Forbes has listed Ira Rennert's overall net worth at $6.5 billion, and ranked him as the 182nd wealthiest individual in the world.[4] It is no more plausible that someone with that kind of wealth would not have a single financial statement or any document reflecting any personal assets or liabilities than it is for such a person to not have filed an income tax returns for sixteen of the last twenty-three years, including each of the last ten years.

16.   Without the financial documents sought by Request 9, Plaintiffs are severely prejudiced in their ability to pursue punitive damages in this action.

17.   As set forth more fully in the accompanying Declaration of Kristine Kraft, Plaintiffs certify that they have conferred by telephone with opposing counsel in good faith, but after sincere efforts to resolve the parties' dispute, are unable to reach an accord.

Pursuant to Fed. R. Civ. P. 37(b)(2), Plaintiffs respectfully petition this Court to grant sanctions against Defendants for failure to comply with the Court's Order dated August 29, 2017. Specifically, Plaintiffs pray for an Order requiring Defendants to:

A. Within four (4) days, produce financial statements for Ira Rennert for each of the last five (5) years or forfeit the right to dispute that Ira Rennert's overall net worth is $6.5 billion as reported by Forbes;

B. Within four (4) days, produce all documents responsive to subpart (e) of Request Number 9 in Plaintiffs' Sixth Request for Document Production, including all documents relating to any asset controlled by Ira Rennert, including deeds, leases, purchase agreements, trusts, wills, appraisals, and insurance policies, or forfeit the

---

[4] Erin Carlyle, Full List: U.S. Billionaires of 2013, FORBES (March 6, 2013), https://www.forbes.com/sites/erincarlyle/2013/03/06/full-list-u-s-billionaires-of-2013/#2ad8ebcc3266.

6

right to dispute that Ira Rennert's overall net worth is $6.5 billion as reported by Forbes;

C. Within four (4) days, produce all documents responsive to subpart (c) of Request Number 9, including but not limited to tax returns for years 1997, 1998, 2000, 2002, 2003, 2004, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, and 2019, or forfeit the right to dispute that Ira Rennert's overall net worth is $6.5 billion as reported by Forbes;

D. Within thirty (30) days, supplement the production of other documents responsive to subparts (a) and (d) of Request Number 9 up to the current time.

E. Reimburse Plaintiffs for costs associated with the filing of this motion.

Dated: February 14, 2020

Respectfully submitted,
SCHLICHTER, BOGARD & DENTON, LLP
 By: /s/   Jerome J. Schlichter
Jerome J. Schlichter, #32225
Nelson G. Wolff, #40796
Kristine K. Kraft, #37971
Elizabeth M. Wilkins, #61284
100 South 4th Street., Suite 1200
St. Louis, Missouri 63102
Telephone: (314) 621-6115
jshlichter@uselaws.com
nwolff@uselaws.com
kkraft@uselaws.com
bwilkins@uselaws.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 14th day of February, 2020, a true and correct copy of the foregoing was filed with the Clerk of the Court through the Court's CM/ECF system, which will effect service on all counsel of record by sending a Notice of Electronic Filing.

/s/ Jerome J. Schlichter