UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., et al., | ) | |
| | ) | Case No.  4:11CV44 CDP |
| Plaintiffs, | ) | (CONSOLIDATED) |
| | ) | |
| v. | ) | |
| | ) | |
| DOE RUN RESOURCES CORPORATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL RESPONSES OF DEFENDANTS THE RENCO GROUP, INC., et al.
TO PLAINTIFFS' SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS**

COME NOW Defendants, The Renco Group, Inc. ("Renco"), DR Acquisition Corp., Ira L. Rennert, Doe Run Cayman Holdings, LLC, The Ira Leon Rennert Revocable Trust, The Trusts F/B/O S. Tamara Rennert Under the Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2 and 3, The Trusts F/B/O Yonina Nechama Rennert Under the Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2 and 3, The Trusts F/B/O Ari E.Y.M. Rennert Under the Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2 and 3, The Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 4, 5, 9, 10, 11, 2002A and 2002B, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Sarah Tamara Rennert Winn, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Yonina Nechama Rennert Davidson, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Ari E.Y.M. Rennert, Roger L. Fay, Marvin M. Koenig, John A. Siegel, Jr., Dennis A. Sadlowski, John A. Binko and Michael C. Ryan (collectively, the "Defendants") and provide the following supplemental responses to Plaintiffs' Sixth Request for Production of Documents as follows:

## OBJECTIONS TO DEFINITIONS

1.      Defendants objects to defining the terms "You" or "Your" or "Renco" to refer to "all subsidiary companies . . .  as well as any partners, directors, officers, employees, servants, agents joint ventures or other representatives of the foregoing companies" as unduly burdensome and oppressive.

2.      Defendants object to the term "identify" or "identity" as overly broad, vague and ambiguous, would therefore be unduly burdensome, oppressive and inconsistent with the Federal Rules of Civil Procedure.

## OBJECTIONS TO INSTRUCTIONS

1.      Defendants object to the Instructions to the extent they impose requirements beyond those imposed by the Federal Rules of Civil Procedure or the ESI Order in this case, including the requirement that Renco identify custodians from whom information might be sought.  Defendants object to the requirement to identify specific documents as responsive to particular requests, which is inconsistent with the Federal Rules of Civil Procedure.

2.      Defendants object to the "relevant time period" as set forth in the instructions to Plaintiffs' requests as being from January 1, 1997 to the present.  On or about June 2, 2009, operations ceased at the La Oroya Complex.  In February 2010, involuntary bankruptcy proceedings were initiated against Doe Run Peru, S.R.L. in the Republic of Perú before the Instituto Nacional de Defensa de la Competencia y de la Protección de la Propiedad Intelectual (INDECOPI).  It is a matter of public record that in May 2012, Right Business S.A., a Peruvian entity, was appointed by the creditors' committee in INDECOPI as the liquidator of Doe Run Peru, S.R.L. including the La Oroya Complex, pending resolution of the bankruptcy proceedings administered by INDECOPI.  Since that time, all assets of Doe Run Peru, S.R.L. have been managed, maintained and controlled solely by liquidators appointed through the INDECOPI

proceedings. Any operations of the La Oroya Complex from May 2012 forward were ones undertaken by the liquidator.

3.      Defendants further object to the Instructions contained in the Plaintiffs' Sixth Request for Production of Documents, to the extent they are counter to or require more than is required under the ESI order and to the standing agreement and course of conduct between counsel for the parties.

## GENERAL OBJECTIONS

1.      Defendants object to the production of any documents that constitute attorney-client communications, work product communications and documents protected by any other privilege.

2.      This request is duplicative of prior requests for documents in this action.  Plaintiffs have served six prior Requests for Production of Documents.  Each successive request has covered (in differing language) many of the same topics, such as ownership and control of the corporate defendants, certain defendants' acquisition of the entity that operated the metallurgical complex, interaction among defendants, agreements among the defendant entities, and detailed records of financial transactions of defendants.

3.      In particular, more than two and one-half years ago, in September 2014, plaintiffs served their Fourth Request for Production of Documents which sought extensive financial records of defendants in detail completely unnecessary to the preparation of this case for trial.  Defendants objected to those Requests for Production of Documents and moved for a Protective Order with respect to that request.  The Motion for Protective Order was ultimately denied without prejudice as moot.  Now, as the parties work to complete discovery necessary to the choice of law issues in advance of the deadline set for that purpose, plaintiffs have renewed these requests in even more

detail, and would impose on defendants the obligation to conduct yet another detailed search of hard copy and electronic records, including voluminous accounting records.  The timing of this renewed and extensive request only adds to the burden.

4.      Under Federal Rule of Civil Procedure 26, it is incumbent upon any party serving a request for discovery to limit that discovery to matters relevant to any party's claim or defense and proportional to the needs of the case.  The party propounding discovery must take into account the importance of the issues at stake, the amount in controversy, the party's relative access to relevant information, the party's resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Review of each of these requests demonstrate that they were drafted without regard for these principles and seek to impose on defendant a disproportionate burden bearing little or no usefulness to the preparation of this case.

5.      Defendants object to the production of any non-public financial records other than pursuant to the terms of the Protective Order in place in this action.  The financial records sought in these requests seek detailed financial information, the disclosure of which could cause commercial injury to Defendants.

### OBJECTIONS TO SPECIFIC REQUESTS

**REQUEST NO. 1:**  Detailed transactional General Ledgers, downloaded and exported to Microsoft Excel, for the period September 1, 1997 through the current date for each of the following entities:

      a.      Doe Run Peru

      b.      Doe Run Mining

      c.      Doe Run Cayman

    d.       Doe Run Cayman Holdings

    e.       Doe Run Resources Corporation

    f.       DR Acquisition Corporation

    g.       The Renco Group

**RESPONSE:**  Defendants incorporate their General Objections.  Defendants also object to producing transactional general ledgers which are maintained in electronic format and which contain information related to all accounts within the company's chart of accounts and thus include a great detail of information that bears no relevance whatever to this case and much information that is highly commercially sensitive.  Defendants further object on the ground that the request is overbroad because it is not limited to transactions that might bear some relationship to matters at issue in this action.  In addition, defendants have produced or are producing annual financial statements for the entities involved, which contain information sufficient for purposes of preparation of this case for trial.  To the extent this information is sought for purposes of punitive damages, it is premature in that plaintiffs have not made a showing that a punitive damage case will be submitted to any jury that hears this case.

**SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged documents responsive to this Request located in such searches.  The following responsive documents were not produced: (i) general ledgers for Doe Run Cayman, Doe Run Cayman Holdings, and DR Acquisition Corp. because those entities never created or utilized general

ledgers, and thus those documents do not exist; and (2) general ledgers for Doe Run Peru and Doe Run Mining because, after reasonable and diligent searches, they could not be located.  In accordance with the Court's instruction, however, on January 24, 2018, Defendants sent a written request to the Peruvian Liquidator-in-Possession of Doe Run Peru in an attempt to procure materials responsive to this Request. To the extent the Liquidator-in-Possession of Doe Run Peru provides Defendants with any materials responsive to this Request, Defendants will produce such materials after conducting a privilege review.

**REQUEST NO. 2:**  Quarterly Aged Accounts Receivable and Quarterly Aged Accounts Payable Reports, for the period September 1, 1997 through the current date for each of the following entities:

    a.      Doe Run Peru

    b.      Doe Run Mining

    c.      Doe Run Cayman

    d.      Doe Run Cayman Holdings

    e.      Doe Run Resources Corporation

    f.      DR Acquisition Corporation

    g.      The Renco Group

**RESPONSE:**  Defendants incorporates their General Objections.  Defendants also object on the ground that the Request is overbroad and unduly burdensome because Quarterly Aged Accounts Receivable and Quarterly Aged Accounts Payable Reports are detailed accounting records tracking purchase and sales transactions of the entities involved, most

of which do not involve any transactions related to Doe Run Peru or to any issue in this case.  Compiling and producing 20 years of such reports would be highly burdensome, requiring the retrieval of documents from archived storage.  Production of these materials would add nothing to the preparation or defense of this case because the requested materials are irrelevant to any issue presented by this case.

**<u>SUPPLEMENTAL RESPONSE:</u>**

Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged documents responsive to this Request located in such searches.  Defendants did not produce Quarterly Aged Accounts Receivable and Quarterly Aged Accounts Payable Reports for Doe Run Cayman, Doe Run Cayman Holdings, DR Acquisition Corp., Doe Run Peru, and Doe Run Mining because, after reasonable and diligent searches, they could not be located.  In accordance with the Court's instruction, however, on January 24, 2018, Defendants sent a written request to the Peruvian Liquidator-in-Possession of Doe Run Peru in an attempt to procure materials responsive to this Request. To the extent the Liquidator-in-Possession of Doe Run Peru provides Defendants with any materials responsive to this Request, Defendants will produce such materials after conducting a privilege review.

**REQUEST NO. 3**:  Bank statements, cancelled checks, check stubs, wire transfer advices, deposit slips, credit and debit memos, signature cards, and opening account documents for all accounts, from September 1, 1997 through the present, for each of the following:

    a.      Trust Defendants

    b.      Doe Run Peru

    c.      Doe Run Mining

    d.      Doe Run Cayman

    e.      Doe Run Cayman Holdings

    f.      Doe Run Resources Corporation

    g.      DR Acquisition Corporation

    h.      The Renco Group

**RESPONSE:**  Defendants incorporate their General Objections.  Defendants further object on the ground that this request is overbroad and unduly burdensome, given that it seeks underlying transaction documents, most of which having nothing to do with Doe Run Peru or any issue relevant to this case , on a transaction-by-transaction basis for each of eight entities.  It would be extremely wasteful of time and resources to require Renco to compile and produce for inspection and copying the underlying records, such as deposit slips, credit and debit memos, wire transfer advices and cancelled checks, as well as bank statements, related to all of these transactions.

**SUPPLEMENTAL RESPONSE:**

Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent

searches, Defendants have produced all non-privileged documents responsive to this Request located in such searches.  Defendants did not produce bank statements, cancelled checks, check stubs, wire transfer advices, deposit slips, credit and debit memos, signature cards, and opening account documents for accounts of Doe Run Peru and Doe Run Mining because those documents were not located after reasonable and diligent searches.  Additionally, Defendants did not produce credit and debit memos for any of the entities listed in this Request, because those materials, as understood by Defendants, do not exist.  In accordance with the Court's instruction, however, on January 24, 2018, Defendants sent a written request to the Peruvian Liquidator-in-Possession of Doe Run Peru in an attempt to procure materials responsive to this Request. To the extent the Liquidator-in-Possession of Doe Run Peru provides Defendants with any materials responsive to this Requests, Defendants will produce such materials after conducting a privilege review.

**REQUEST NO. 4**: Investment records, share ledgers, records of capital contributions and distributions, from September 1, 1997 through the present, for each of the following entities:

a. Doe Run Peru

b. Doe Run Mining

c. Doe Run Cayman

d. Doe Run Cayman Holdings

e. Doe Run Resources Corporation

f. DR Acquisition Corporation

g. The Renco Group

**RESPONSE:**  Defendants incorporate their general objections.  Defendants also object to this request in that it is vague in terms of what is requested; it is not clear what the term "investment records" means.  In addition, Defendants further object to this request on the ground that it is overbroad and unduly burdensome because this request seeks detailed accounting of particular transactions which have no relevance to Doe Run Peru or any issue presented in this case.

**SUPPLEMENTAL RESPONSE:**  Defendants state this Request was not subject to the Court's Order dated August 29, 2017 [Doc. 636] and therefore Defendants stand by their prior Response.


**REQUEST NO. 5**: Financial statements (internal or externally prepared) for each of the following entities for the years and/or periods ending:

a.   <u>Doe Run Peru</u>: 10/31/02, 10/31/12, 10/31/13 through the present

b.   <u>Doe Run Mining</u>: 10/31/98, 10/31/99, 10/31/00, 06/01/01

c.   <u>Doe Run Cayman</u>: 10/31/97, 10/31/01 through the present

d.   <u>Doe Run Cayman Holdings</u>: 1997 through the present

e.   <u>Doe Run Resources Corporation</u>: 10/31/98, 10/31/99, 10/31/00, 10/31/04, 10/31/11 through the present

f.   <u>DR Acquisition Corporation</u>: 1997 through the present

g.   <u>The Renco Group</u>: 1997 through the present

**RESPONSE:**  Defendants incorporate their general objections.  Defendants object that, to the extent this request seeks information relevant to punitive damages, it is premature in that Plaintiffs have not made a submissible case with respect to punitive damages.  It is

also far more extensive in terms of time than anything required for punitive damages, and goes far beyond the scope of punitive damage discovery that have been allowed in prior cases.  Defendants further object to Plaintiffs' requests for financial statements of Doe Run Peru from 2012 forward, during which period of time Doe Run Peru has been controlled and operated by various liquidators appointed in the INDECOPI proceedings.  Subject to the foregoing objection, Defendants are prepared to meet and confer with Plaintiffs regarding the appropriate scope of financial discovery, commensurate with the needs of this action.  Any discovery of non-public financial information should be subject to the terms of the existing protective order, by reason of the commercially sensitive nature of the information sought.

**SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged documents responsive to this Request located in such searches.  Defendants did not produce financial statements for Doe Run Mining because those documents were not located after reasonable and diligent searches. In accordance with the Court's instruction, however, on January 24, 2018, Defendants sent a written request to the Peruvian Liquidator-in-Possession of Doe Run Peru in an attempt to procure materials responsive to this Request. To the extent the Liquidator-in-Possession of Doe Run Peru provides Defendants with any materials responsive to this Request, Defendants will produce such materials after conducting a privilege review.

**REQUEST NO. 6**: Complete tax returns, including any and all supporting statements and schedules, (including, but not limited to, Forms 1120, 1120S, 1065, 1040, 1041, Schedule K-1s, state tax returns, and Peruvian tax returns) for the tax years 1997 through 2015 for each of the following:

    a.       Trust Defendants

    b.       Doe Run Peru

    c.       Doe Run Mining

    d.       Doe Run Cayman

    e.       Doe Run Cayman Holdings

    f.       Doe Run Resources Corporation

    g.       DR Acquisition Corporation

    h.       The Renco Group

**RESPONSE:**  Defendants incorporate their general objections.  Defendants further object on the ground that tax information is not relevant to any issue in this case.  Defendants further object on the ground that production of the tax return information would be invasive of the entities involved and unduly burdensome. To the extent financial information related to the entities listed and not already produced might be relevant, Plaintiffs have previously received such information, or will receive such information as described in Defendants' response to Request 5.

**SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged

documents responsive to this Request located in such searches.  Defendants did not produce tax returns for Doe Run Cayman or Doe Run Cayman Holdings because they were never created and do not exist.  Defendants did not produce tax returns for Doe Run Mining because those documents were not located after reasonable and diligent searches.  In accordance with the Court's instruction, however, on January 24, 2018, Defendants sent a written request to the Peruvian Liquidator-in-Possession of Doe Run Peru in an attempt to procure materials responsive to this Request.  To the extent the Liquidator-in-Possession of Doe Run Peru provides Defendants with any materials responsive to this Request, Defendants will produce such materials after conducting a privilege review.

**REQUEST NO. 7**: Listing of any and all corporate credit card accounts and copies of all monthly, quarterly, annual, or periodic statements, from September 1, 1997 through the present, for each of the following entities:

      a.      Doe Run Peru

      b.      Doe Run Mining

      c.      Doe Run Cayman

      d.      Doe Run Cayman Holdings

      e.      Doe Run Resources Corporation

      f.      DR Acquisition Corporation

      g.      The Renco Group

**RESPONSE:**  Defendants incorporate their general objections.  Defendants also object to this request on the ground that it is not in any way proportional to the needs of discovery in this case.  Defendants further object that the request is irrelevant, overbroad and unduly

burdensome.  Requiring the assembly, compilation of the monthly statements on all company credit card accounts for purposes of business expenses would impose a burden wholly disproportionate to any needs in this case, particularly when in response to earlier document requests served by plaintiffs, Renco has already reviewed and produced any available company credit card account statements that reflect expenses associated with travel by any Renco employee to Peru.

**SUPPLEMENTAL RESPONSE:**  Defendants state this Request was not subject to the Court's Order dated August 29, 2017 [Doc. 636] and therefore Defendants stand by their prior Response.


**REQUEST NO. 8**: Corporate formation and dissolution documents, including, but not limited to, articles of incorporation, certificates of formation, limited liability company agreements, operating agreements, bylaws, and certificates of dissolution, from September 1, 1997 through the present, for each of the following entities:

    a.        Doe Run Peru

    b.        Doe Run Mining

    c.        Doe Run Cayman

    d.        Doe Run Cayman Holdings

    e.        Doe Run Resources Corporation

    f.        DR Acquisition Corporation

    g.        The Renco Group

**RESPONSE:**  Defendants incorporate their general objections.  Defendants also object that would be unduly burdensome to require Defendants to compile these documents, many

of which are publicly available through the offices of the various Secretaries of State and other public offices for the jurisdictions in which the entities are incorporated.  Defendants further object to this request on the ground that the time frame is overly broad in relation to the needs of this case.  Defendants also object to the request on the ground that it is duplicative of prior requests and is therefore cumulative and unduly burdensome.

**SUPPLEMENTAL RESPONSE:**  Defendants state this Request was not subject to the Court's Order dated August 29, 2017 [Doc. 636] and therefore Defendants stand by their prior Response.


**REQUEST NO. 9**: Produce documents showing the income, expenses, assets, and liabilities, for Ira Rennert September 1, 1997 to the present, including, but not limited to:

a.      Copies of monthly, quarterly, or other periodic statements for any domestic or foreign bank, brokerage, or other financial account, regardless of how such account is titled, over which Ira Rennert had signatory authority or other such control;

b.      Copies of any and all financial statements, including, but not limited to, financial statements provided to banks or other lending institutions;

c.      Copies of federal income tax returns, including any and all supporting statements and schedules, (including, but not limited to, Forms 1040, 1041, Schedule K-1s, and state tax returns);

d.      Listing of any and all personal credit card accounts and copies of all monthly, quarterly, annual, or periodic statements, regardless of how such account is titled, over which Ira Rennert had control, including the directing of payments on account; and

e.      Copies of journals, books, statements of net worth, or other documents reflecting, stating, or identifying assets which Ira Rennert possesses or controls directly or through other persons, trusts, entities, or nominees.

**RESPONSE:**  Defendants incorporate their general objections.  Defendants also object to this request on the grounds that it is overly broad and not proportional to the needs of the case.  Defendants also object on the ground that the request is  unduly invasive of the privacy interests of Mr. Rennert, as well as individuals and entities not relevant to this case and is therefore overbroad and unduly burdensome.  To the extent the request seeks information required for punitive damages, it is far broader than discovery on this subject that has been allowed by applicable case law.  Defendants further object to this request on the ground that the time frame for this request is far longer than any that is reasonably necessary to any adjudication of issues related to punitive damages.  Defendants also object that the request is premature in that no demonstration has been made that Plaintiffs will make a submissible case pertaining to damages.

**SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged documents responsive to subparts (a), (b), and (c) of this Request located in such searches.  Defendants did not produce financial statements for Ira Rennert because they were never created and do not exist.  The parties attempted to narrow the scope of subparts (d) and (e) of this Request pursuant to and in accordance with the Court's Order dated August 29, 2017.

16

With respect to subpart (d), Defendants agreed to produce: (i) annual credit card statements for Renco and/or its subsidiaries with the understanding that Plaintiffs are not seeking statements for corporate charge cards issued to employees; (ii) copies of any personal credit card statements for Ira Rennert that contain charges for items purchased, in whole or in part, for the use or benefit of Doe Run Peru, Doe Run Mining, Doe Run Cayman, Doe Run Cayman Holdings, Doe Run Resources, DR Acquisition, or The Renco Group; (iii)  copies of credit card statements for any corporate charge card issued to Ira Rennert; and (iv) copies of personal credit card statements of Ira Rennert reflecting all charges paid by Renco and/or its subsidiaries, or for which Mr. Rennert was reimbursed by Renco and/or its subsidiaries. Defendants state that to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged documents responsive to this subpart (iv) located in such searches.  Defendants did not produce documents responsive to (i), (ii), and (iii) above because none were located through reasonable and diligent searches of documents within Defendants' possession, custody and control.

Defendants also agreed to produce documents responsive to subpart (e) to the extent that any such documents existed.  Defendants did not produce any such documents because none were located through reasonable and diligent searches of documents within Defendants' possession, custody and control.

**REQUEST NO. 10**: Produce one copy of each trust agreement, including all amendments, of any trust that presently owns, or at any time from September 1, 1997 to the present owned, any interest in one or more Corporate Defendants or Doe Run Peru (collectively "Trusts," and individually "Trust"), a list of the beneficiaries of each Trust, and the relationship, if any, each beneficiary has to Ira Rennert.

> **RESPONSE:**  Defendants incorporate their general objections.  Defendants further object to this request on the ground that the identity of all the grantors and beneficiaries of any of the trusts referred to are not facts that are relevant to any issue in this case.  The request for such information is intrusive of their privacy and unduly burdensome.

> **SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged documents responsive to this Request located in such searches.

**REQUEST NO. 11**: Produce one copy of each monthly, quarterly, annual, or other periodic financial document prepared by or on behalf of any trustee of a Trust from September 1, 1997 to the present.

> **RESPONSE:**  Defendants incorporate their general objections.  Defendants further object on the grounds that the request is irrelevant, overbroad and unduly burdensome because the documents sought are not proportionate to the needs for any issue in this case and the request is unduly invasive of the privacy of the individual trust beneficiaries.

**SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged documents responsive to this Request located in such searches.

**REQUEST NO. 12**: From September 1, 1997 to the present, produce all records of transfers of funds — whether by wire transfer, electronic funds transfer, check, negotiable order of withdrawal, or otherwise — from a Corporate Defendant, Doe Run Peru, Metaloroya, Doe Run Mining, or Doe Run Cayman, directly or indirectly, to or for the benefit of:

a.     Ira Rennert;

b.     a Trust Defendant;

c.     a Corporate Defendant, Doe Run Peru, Metaloroya, Doe Run Mining, or Doe Run Cayman;

d.     Blue Turtles, Inc. or Renco Holdings, Inc.;

e.     any person owning a direct or indirect interest (through a chain of entities or as beneficiary of a trust, for example) in a Corporate Defendant or Doe Run Peru; or

f.     any person who has one of Ira Rennert's parents as an ancestor or who are or were married to someone who had one of Ira Rennert's parents as an ancestor, any entity owned in whole or part by such individual, and any trust of which such individual is a beneficiary or trustee.

In the case of such transfer of funds, produce the documentation underlying the transfer, whether it be a contract for services or goods, use of property, loan, distribution, capital contribution, gift,

or otherwise. In the case of a loan, produce the note or other evidence of indebtedness, whether documented or maintained in an electronic record, including all records of payment, deferrals, interest rate, and due date.[1]

**RESPONSE:**  Defendants incorporate their general objections.  Defendants also object on the ground that this request is not proportionate to the needs of this case because it seeks detailed information about financial transactions, many of which have no relevance at all to Doe Run Peru or to any issue framed in this case.  Defendants also object on the ground that the request is unduly intrusive on the financial privacy of the entities and individuals involved and therefore is unduly burdensome and not reasonably calculated to lead to admissible evidence.  Defendants further object to the request on the ground that it is duplicative of prior requests and is therefore cumulative and unduly burdensome.

**SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to the Court's Order dated August 29, 2017 [Doc. 636], the parties were directed to narrow the scope of this Request.  Despite numerous meet and confers, Plaintiffs have not agreed to narrow the scope of this Request, nor have they made a proposal to narrow this Request.  Nevertheless, in connection with Plaintiffs' Sixth Request for Documents, Defendants have produced thousands of documents responsive to this Request, including, but not limited to: (i) Renco's general ledgers from 1997 through present (*see* Supplemental Response to Request No. 1); (ii) bank statements, wire transfer advices, cancelled checks, and check stubs for Renco, DR Acquisition Corp., Doe Run Cayman, and Doe Run Cayman Holdings (*see* Supplemental Response to Request No. 3); (iii) financial statements and/or detailed

---

[1]       Request No. 29 from Plaintiffs' Third Request for Production of Documents previously asked for documents relating to cash flow or transfers between Doe Run Peru and a Corporate Defendant or its subsidiary. Any information previously produced in response to said request is specifically excluded.

accounting reporting packages for Renco, DR Acquisition Corp., Doe Run Cayman, Doe Run Cayman Holdings, and Doe Run Peru (*see* Supplemental Response to Request No. 5); (iv) tax returns for Renco, Doe Run Resources, DR Acquisition Corp, and Doe Run Peru (*see* Supplemental Response to Request No. 6); (v) bank statements, cancelled checks, other financial documents, and tax returns for the Trust Defendants (*see* Supplemental Responses to Request Nos. 3, 6, and 11); and (vi) bank statements, credit card statements, and personal tax returns for Ira Rennert (*see* Supplemental Response to Request No. 9). Despite the fact that Plaintiffs have not narrowed this Request in accordance with the Court's August 29, 2017 Order, Defendants have agreed that if, after reviewing Defendants' full production, Plaintiffs believe there is a demonstrable need for additional materials, then Defendants will, in good faith, discuss any requests for additional materials at that time.

**REQUEST NO. 13**: From September 1, 1997 to the present, produce all records of transfers of funds — whether by wire transfer, electronic funds transfer, check, negotiable order of withdrawal, or otherwise — to or for the benefit of a Corporate Defendant, Doe Run Peru, Metaloroya, Doe Run Mining, or Doe Run Cayman, directly or indirectly, by:

    a.    Ira Rennert;

    b.    a Trust Defendant;

    c.    a Corporate Defendant, Doe Run Peru, Metaloroya, Doe Run Mining, or Doe Run Cayman;

    d.    any person owning a direct or indirect interest (through a chain of entities or as beneficiary of a trust, for example) in a Corporate Defendant or Doe Run Peru; or

e.      any person who has one of Ira Rennert's parents as an ancestor or who are or were married to someone who had one of Ira Rennert's parents as an ancestor, any entity owned in whole or part by such individual, and any trust of which such individual is a beneficiary or trustee.

In the case of such transfer of funds, produce the documentation underlying the transfer, whether it be a contract for services or goods, use of property, loan, distribution, capital contribution, gift, or otherwise. In the case of a loan, produce the note or other evidence of indebtedness, whether documented or maintained in an electronic record, including all records of payment, deferrals, interest rate, and due date.[2]

**RESPONSE:**  Defendants incorporate their general objections.  Defendants also object on the ground that this request is not proportionate to the needs of this case because it seeks detailed information about financial transactions, many of which have no relevance at all to Doe Run Peru or to any issue framed in this case.  Defendants also object that the request is unduly intrusive on the financial privacy of the entities and individuals involved and therefore is unduly burdensome and not reasonably calculated to lead to admissible evidence.  Defendants further object to the request on the ground that it is duplicative of prior requests and is therefore cumulative and unduly burdensome.

**SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to the Court's Order dated August 29, 2017 [Doc. 636], the parties were directed to narrow the scope of this Request.  Despite numerous meet and confers, Plaintiffs have not agreed to narrow the scope of this Request, nor have they made a proposal to narrow this Request.  Nevertheless,

---

[2]      Request No. 29 from Plaintiffs' Third Request for Production of Documents previously asked for documents relating to cash flow or transfers between Doe Run Peru and a Corporate Defendant or its subsidiary. Any information previously produced in response to said request is specifically excluded.

in connection with Plaintiffs' Sixth Request for Documents, Defendants have produced thousands of documents responsive to this Request, including, but not limited to: (i) Renco's general ledgers from 1997 through present (*see* Supplemental Response to Request No. 1); (ii) bank statements, wire transfer advices, cancelled checks, and check stubs for Renco, DR Acquisition Corp., Doe Run Cayman, and Doe Run Cayman Holdings (*see* Supplemental Response to Request No. 3); (iii) financial statements and/or detailed accounting reporting packages for Renco, DR Acquisition Corp., Doe Run Cayman, Doe Run Cayman Holdings, and Doe Run Peru (*see* Supplemental Response to Request No. 5); (iv) tax returns for Renco, Doe Run Resources, DR Acquisition Corp, and Doe Run Peru (*see* Supplemental Response to Request No. 6); (v) bank statements, cancelled checks, other financial documents, and tax returns for the Trust Defendants (*see* Supplemental Responses to Request Nos. 3, 6, and 11); and (vi) bank statements, credit card statements, and personal tax returns for Ira Rennert (*see* Supplemental Response to Request No. 9). Despite the fact that Plaintiffs have not narrowed this Request in accordance with the Court's August 29, 2017 Order, Defendants have agreed that if, after reviewing Defendants' full production, Plaintiffs believe there is a demonstrable need for additional materials, then Defendants will, in good faith, discuss any requests for additional materials at that time.

**REQUEST NO. 14**:  Produce all loan agreements (including any amendments thereto) for to any debt, loan, note, debenture, indenture, lines of credit, or other payment obligation:

    a.      entered into by Doe Run Peru, Doe Run Mining, Doe Run Cayman, or Metaloroya;

    b.      guaranteed by Doe Run Peru, Doe Run Mining, Doe Run Cayman, or Metaloroya;

      c.       containing provisions requiring payments from Doe Run Peru, Doe Run Mining, Doe Run Cayman, or Metaloroya (whether to a Corporate Defendant or other party);

      d.       entered into by Ira Rennert or a Corporate Defendant to obtain funding, directly or indirectly, for Doe Run Cayman and/or its subsidiaries; or

      e.       guaranteed by Ira Rennert or a Corporate Defendant to obtain funding, directly or indirectly, for Doe Run Cayman and/or its subsidiaries.

This request specifically includes any loan arrangements intended to indirectly fund Doe Run Cayman or its subsidiaries, such as the Special Term Deposit / Back-to-Back loan.

      **RESPONSE:**  Defendants incorporate their general objections.  Defendants also object that this request is unduly burdensome in that it seeks information about extensive financial transactions far beyond what is necessary to the preparation or defense of this case as well as information that has already been produced.  Defendants further object to the request to the extent it calls for the production of privileged attorney-client communications and work product documents.

      **SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged documents responsive to this Request located in such searches.  In accordance with the Court's instruction, however, on January 24, 2018, Defendants sent a written request to the Peruvian Liquidator-in-Possession of Doe Run Peru in an attempt to procure materials responsive to this Request. To the extent the Liquidator-in-Possession of Doe Run Peru

provides Defendants with any materials responsive to this Request, Defendants will produce such materials after conducting a privilege review.

**REQUEST NO. 15**:  With respect to the loan agreements identified in Request No. **14**, produce all borrowing base certificates, loan applications, and correspondence between the lender and YOU, Doe Run Peru, Doe Run Mining, Doe Run Cayman, or Metaloroya.

> **RESPONSE:**  Defendants incorporate their general objections.  This request is overly broad and unduly burdensome and seeks information about extensive financial transactions far beyond what is necessary to the preparation or defense of this case as well as information that has already been produced. Defendants further object to the request to the extent it calls for the production of privileged attorney-client communications and work product documents.

> **SUPPLEMENTAL RESPONSE:**  Defendants state this Request was not subject to the Court's Order dated August 29, 2017 [Doc. 636] and therefore Defendants stand by their prior Response.

**REQUEST  NO.  16**:   Produce  all  documents  filed  or  otherwise  presented  to  the  court  or commission, all deposition and hearing transcripts, any expert reports, and all decrees or orders — including any English translations thereof — of the insolvency proceedings initiated by Consorcio Minero S.A. ("Cormin") against Doe Run Peru on or about February 18, 2010, including, but not limited to, any and all financial statements and schedules filed in the bankruptcy and schedules of amounts due creditors.

**RESPONSE:**   Defendants incorporate their general objections.   Any insolvency proceedings of Doe Run Peru bear no relevance to any issue presented by the claims in this case, and it would be unduly burdensome to require Defendants to locate and produce any such documents.   Defendants further object to this request on the ground it is unduly burdensome to the extent that records of the insolvency proceedings referred to are as available to Defendants as to Plaintiffs.

**SUPPLEMENTAL RESPONSE:** Defendants state this Request was not subject to the Court's Order dated August 29, 2017 [Doc. 636] and therefore Defendants stand by their prior Response.


**REQUEST NO. 17**:  Produce all minutes, transcripts, recordings, notes, or other records of creditor meetings — including any English translations thereof — in the Doe Run Peru INDECOPI bankruptcy proceedings.

**RESPONSE:**   Defendants incorporate their general objections.   The INDECOPI proceedings of Doe Run Peru bear no relevance to any issue presented by the claims in this case, and it would be unduly burdensome to require Defendants to locate and produce any such documents.   Defendants further object to this request on the ground it is unduly burdensome to the extent that records of the insolvency proceedings referred to are as available to Defendants as to Plaintiffs.

**SUPPLEMENTAL RESPONSE:** Defendants state this Request was not subject to the Court's Order dated August 29, 2017 [Doc. 636] and therefore Defendants stand by their prior Response.

Dated:  March 5, 2018                    Respectfully submitted,

**DOWD BENNETT LLP**

By: /s/  James E. Crowe, III
     Edward L. Dowd, Jr.  #28785MO
     edowd@dowdbennett.com
     Terrence J. O'Toole, #23247MO
     tjotoole@dowdbennett.com
     James E. Crowe, III, #50031MO
     jcrowe@dowdbennett.com
     7733 Forsyth Blvd., Suite 1900
     St. Louis, Missouri 63105
     (314) 889-7300 (telephone)
     (314) 863-2111 (facsimile)

**KASOWITZ BENSON TORRES LLP**

By: /s/  Matthew A. Kraus  (w/ permission)
     Marc E. Kasowitz, *pro hac vice*
     mkasowitz@kasowitz.com
     Kenneth R. David, *pro hac vice*
     kdavid@kasowitz.com
     Matthew A. Kraus, *pro hac vice*
     mkraus@kasowitz.com
     1633 Broadway
     New York, NY  10019
     (212) 506-1710 (telephone)
     (212) 506-1800 (facsimile)

*Attorneys for Defendants*
*The Renco Group, Inc., DR Acquisition Corp., Ira L. Rennert, Doe Run Cayman Holdings, LLC, The Ira Leon Rennert Revocable Trust, The Trusts F/B/O S. Tamara Rennert Under the Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2 and 3, The Trusts F/B/O Yonina Nechama Rennert Under the Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2 and 3, The Trusts F/B/O Ari E.Y.M. Rennert Under the Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2 and 3, The Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 4, 5, 9, 10, 11, 2002A and 2002B, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Sarah Tamara*

*Rennert Winn, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Yonina Nechama Rennert Davidson, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Ari E.Y.M. Rennert, Roger L. Fay, Marvin M. Koenig, John A. Siegel, Jr., Dennis A. Sadlowski, John A. Binko and Michael C. Ryan*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 5th day of March, 2018, a true and correct copy of the foregoing document was served upon counsel listed below by electronic mail addressed to the following:

> Roger C. Denton
> Kristine K. Kraft
> Elizabeth Wilkins
> Schlichter, Bogard & Denton, LLP
> 100 South 4th Street, Suite 1200
> St. Louis, Missouri  63102
>
> Andrew Rothschild
> Richard A. Ahrens
> Thomas P. Berra, Jr.
> Michael J. Hickey
> Lewis Rice LLC
> 600 Washington Avenue, Suite 2500
> St. Louis, Missouri 63101-1311

> _____/s/ James E. Crowe, III_____