# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., *et al.*, | ) | |
| | ) | Case No. 4:11-cv-00044-CDP |
| Plaintiffs, | ) | (CONSOLIDATED) |
| | ) | |
| vs. | ) | |
| | ) | |
| THE DOE RUN RESOURCES | ) | |
| CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF KRISTINE K. KRAFT IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37

I, Kristine K. Kraft, declare:

1.      I am a partner at the firm Schlichter Bogard & Denton, LLP, and am counsel of record in this proceeding for Sister Kate Reid and Megan Heeney as Next Friends of Plaintiffs.

2.      I certify that Elizabeth Wilkins and I have met and conferred with counsel for Defendants in a sincere attempt to resolve the parties' discovery dispute.  However, the parties were unable to reach agreement on the issues addressed in Plaintiffs' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 ("Plaintiffs' Motion for Sanctions").

3.      On May 4, 2017, Plaintiffs served Defendants with their Sixth Request for Production of Documents seeking, among other responsive documents, financial information relating to Defendant Ira Rennert.

4.      Following a dispute about whether Defendants possessed and/or produced relevant financial documents, Plaintiffs filed a motion to compel on July 12, 2017 (ECF No. 601)

which was subsequently granted on August 29, 2017 (ECF No. 636).

5.      On March 5, 2018, Defendants served Plaintiffs with their Supplemental

Responses of Defendants The Renco Group, Inc. at al. to Plaintiffs' Sixth Request for Production

of Documents, but did not produce complete records of Defendant Ira Rennert in response to

Request Number 9.  A true and correct copy of the foregoing Supplemental Response is attached

to Plaintiffs' Motion for Sanctions as Exhibit 1.  In their response to subparagraph (c) of Request

Number 9, Defendants stated in part that "Defendants did not produce financial statements for

Ira Rennert because they were never created and do not exist."   Additionally, in response to the

request in subparagraph (e) for documents identifying Defendant Rennert's assets, Defendants

responded that no documents were produced "because none were located through reasonable and

diligent searches."

6.      On December 30, 2019, I sent an email to counsel for Defendants – Geoffrey

Drake, Carmen Toledo, and Thomas Berra – requesting that Defendants to supplement their

production for Request Number 9 to the Sixth Request for Production of Documents, which

seeks documents relating to financial statements including Rennert's assets, liabilities, and net

worth, within thirty days.  I attached the Sixth Request for Production of Documents to the

email.

7.      On January 31, 2020, Counsel for Defendant Ira Rennert, Geoffrey Drake,

responded, indicating Defendants were aware of their duty to supplement discovery responses

and Defendants had not identified any further documents responsive to Request Number 9.

8.      I responded via email on February 5, 2020 and again on February 6, 2020 stating

that it is impractical for Defendant Rennert to claim that he does not have documents relating to

Defendant Rennert's assets, liabilities, and net worth that are responsive to Request Number 9.

Based on information and belief, Mr. Rennert has taken on multiple, significant bank loans, both by himself and as principal of one or more of his companies.   I further stated that Plaintiffs are seeking both newly created financial documents as well as responsive financial documents that were never produced, including financial statements pertaining to Ira Rennert's assets, liabilities, and net worth.  Finally, I included in my email a list of years for which relevant income tax returns for Ira Rennert had not been produced by Defendants.  Yet, there are several years in addition to those listed in my email dated February 5, 2020 that Defendant Rennert did not produce his income tax returns and the complete list that is outstanding is referenced in the Motion for Sanctions.

9.     On February 12, 2020, Ms. Wilkins and I met and conferred on this issue via telephone with several counsel for Defendants.  During this call, Ms. Wilkins and I reiterated that there had been an incomplete production of financial documents covered by Response Number 9 of Plaintiff's Sixth Request for Production of Documents and in some cases responsive documents had not been produced at all.  Despite having had 30 days to review their files and seek clarification from Plaintiffs' counsel if necessary, Defendants did not ask for clarification and conclusively responded that no responsive documents exist. Yet, when Plaintiffs' counsel indicated their intention to seek sanctions, Defendants stated during the February 12th conference call that they were confused about the subject matter and the scope of Plaintiffs' request for supplementation and asked for additional time to discuss the matter with their client.

10.     Given that Defendant Rennert's counsel did not agree to produce the responsive documents, Plaintiffs' counsel did not agree to provide additional time to consult with their client and does not wish to delay this matter any further and advised counsel that a Motion for Sanctions would be filed.

11.     The parties were unable to reach an accord on any of Plaintiffs' requests, including those at issue in Plaintiffs' Motion for Sanctions.

I declare that the foregoing is true and correct, and this declaration was signed on this 14th day of February 2020 in St. Louis, Missouri.


                         /s/    Kristine K. Kraft