# EXHIBIT A

**Cherry, Cheryl**

| | |
|---|---|
| **From:** | Drake, Geoffrey |
| **Sent:** | Friday, February 14, 2020 11:40 AM |
| **To:** | Kristine Kraft |
| **Cc:** | Toledo, Carmen; Dillman, Lisa; Ramic, Mia; Sambataro, Andra; Berra, Thomas P., Jr.; Beth Wilkins; Reenee Gangopadhyay; Cusick, Jim; Murphy, J. Emmett; Beth Wilkins; Dillman, Lisa; Beth Wilkins; Reenee Gangopadhyay |
| **Subject:** | RE: A.O.A. v. Rennert, et al.  - Supplementation to 6th RTP |
| **Attachments:** | 2020.2.14 Reid - Letter to K. Kraft re Sixth RFPs.pdf |

Kris,

Please see the attached letter.  I will be at Dr. Chalhub's deposition Wednesday through Friday of next week, so if you would like to discuss these issues further, I am happy to do so in person.

Thanks,
Geoff

---

**From:** Drake, Geoffrey
**Sent:** Wednesday, February 12, 2020 3:00 PM
**To:** Kristine Kraft <kkraft@uselaws.com>
**Cc:** Toledo, Carmen <ctoledo@kslaw.com>; Dillman, Lisa <ldillman@kslaw.com>; Ramic, Mia <mramic@kslaw.com>; Sambataro, Andra <asambataro@kslaw.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <jcusick@kslaw.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Beth Wilkins <bwilkins@uselaws.com>; Dillman, Lisa <ldillman@kslaw.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** RE: A.O.A. v. Rennert, et al. - Supplementation to 6th RTP

Kris,

Given the new information you relayed to us on our call, we will provide you our written position on Friday.  We are working in good faith on understanding the issues you have raised and meeting our discovery obligations.

Geoff

---

**From:** Kristine Kraft <kkraft@uselaws.com>
**Sent:** Monday, February 10, 2020 2:28 PM
**To:** Drake, Geoffrey <GDrake@KSLAW.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Beth Wilkins <bwilkins@uselaws.com>; Dillman, Lisa <LDillman@KSLAW.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** RE: A.O.A. v. Rennert, et al. - Supplementation to 6th RTP

**External Sender**
Yes  1:00 central?

Kristine K. Kraft, Partner

1

**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115     314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

**From:** Drake, Geoffrey <GDrake@KSLAW.com>
**Sent:** Monday, February 10, 2020 12:58 PM
**To:** Kristine Kraft <kkraft@uselaws.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Beth Wilkins <bwilkins@uselaws.com>; Dillman, Lisa <LDillman@KSLAW.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** RE: A.O.A. v. Rennert, et al. - Supplementation to 6th RTP

Kris,

Do you have availability Wednesday afternoon to discuss the issues you have raised?

Thanks,
Geoff

**From:** Drake, Geoffrey
**Sent:** Thursday, February 6, 2020 3:59 PM
**To:** Kristine Kraft <kkraft@uselaws.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Beth Wilkins <bwilkins@uselaws.com>; Dillman, Lisa <LDillman@KSLAW.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** RE: A.O.A. v. Rennert, et al. - Supplementation to 6th RTP

Kris,

I received your three emails on this topic since yesterday morning, as well as your voicemail.  I am sorry I missed your call, as I have been out of the office (and I also thought you and your colleagues were tied up this week given we had to postpone the Libicki deposition originally scheduled for this week).  I thought I had responded completely to your original email of December 31, but now it appears you are raising several different issues entirely.  So we are looking into the issues you raised yesterday and will circle back with you next week so that we may discuss.

Thanks,
Geoff

2

**From:** Kristine Kraft <kkraft@uselaws.com>
**Sent:** Thursday, February 6, 2020 1:52 PM
**To:** Drake, Geoffrey <GDrake@KSLAW.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Beth Wilkins <bwilkins@uselaws.com>; Dillman, Lisa <LDillman@KSLAW.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** RE: A.O.A. v. Rennert, et al. - Supplementation to 6th RTP

**External Sender**
Geoff:

I'm following up on this email and my voicemail today.   We request that your client supplement the responses to Request No. 9 immediately.  There are responsive documents that were not originally produced (according to our records) and only as examples, it is impractical to claim that there are no responsive documents since early 2018 or that are no documents reflecting Mr. Rennert's assets.

Please let me know when you can discuss these matters very soon.

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115    314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

---

**From:** Kristine Kraft
**Sent:** Wednesday, February 5, 2020 9:26 AM
**To:** Drake, Geoffrey <GDrake@KSLAW.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Dillman, Lisa <LDillman@KSLAW.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** RE: A.O.A. v. Rennert, et al. - Supplementation to 6th RTP

In addition, as to Request No. 9 of the 6th Request, we were not provided Mr. Rennert's tax returns for the following years and we request you supplement the production next week with these returns:

1997, 1998, 2000, 2002, 2003, 2004.

Thanks.

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200

St. Louis, MO 63102
314-621-6115     314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

**From:** Kristine Kraft
**Sent:** Wednesday, February 5, 2020 8:46 AM
**To:** Drake, Geoffrey <GDrake@KSLAW.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Dillman, Lisa <LDillman@KSLAW.com>
**Subject:** RE: A.O.A. v. Rennert, et al.

Geoff:

Defendants last produced documents in response to Request No. 9  in early 2018.   This Request seeks a variety of financial related information pertaining to Mr. Rennert's assets and liabilities and it doesn't seem to be practical that his financial position has remained idle for this length of time and/or  that no financial related documents responsive to this request have been created since 2018.

For instance, are there periodic statements for financial accounts over which Mr. Rennert either has signatory authority or control that are dated since early 2018? (subpart a of Request No. 9). This certainly seems to be the case.  In addition, with respect to subpart e of Request No. 9, all documents identifying Mr. Rennert's assets are responsive and we have not received these documents. His net worth is discoverable and we believe is ascertainable from one or more documents, despite the  responsive given in 2018. These are only examples of responsive documents that we expect to be produced by way of supplementing your responses.  We encourage you to re-visit this issue with your client and provide the responsive documents.

In addition, I would like to set a meet and confer as soon as practical.  Can you discuss tomorrow the 6th prior to 1:00 Central?

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115     314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

**From:** Drake, Geoffrey <GDrake@KSLAW.com>
**Sent:** Friday, January 31, 2020 12:39 PM

4

**To:** Kristine Kraft <kkraft@uselaws.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Dillman, Lisa <LDillman@KSLAW.com>
**Subject:** RE: A.O.A. v. Rennert, et al.

Kris,

We understand the parties have a duty to supplement discovery responses under the Federal Rules, but we have not identified any further responsive documents to RFP 9 in the requested time period.

Geoff

---

**From:** Kristine Kraft <kkraft@uselaws.com>
**Sent:** Monday, December 30, 2019 10:28 AM
**To:** Drake, Geoffrey <GDrake@KSLAW.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** A.O.A. v. Rennert, et al.

**External Sender**
Geoff:

Please provide supplemental responses and documents to Request No. 9 within 30 days.  Thanks.

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115     314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

# EXHIBIT A-1

# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street N.E. Ste. 1600
Atlanta, GA 30309-3521
Tel:  +1 404 572 4600
Fax:  +1 404 572 5100
www.kslaw.com

Geoffrey M. Drake
Direct Dial:  +1 404 572 4726
Direct Fax:  +1 404 572 5100
gdrake@kslaw.com

February 14, 2020

***Via Email***
Kristine Kraft
Beth Wilkens Flieger
Schlichter Bogard & Denton
100 South Fourth Street
Suite 1200
St. Louis, Missouri 63102

> Re: ***A.O.A. et al. v. The Doe Run Resources Corp. et al.*** **– Memorialization of Meet and Confer Regarding Plaintiffs' Request to Supplement Plaintiffs' Sixth Requests for Production**

Dear Kris:

I write to memorialize our discussion on February 12, 2020 and to further respond to Plaintiffs' request to "supplement" Defendants' response to Request No. 9 in Plaintiffs' Sixth Requests for Production originally served on May 4, 2017 ("Requests").

In your initial email to me on December 30, 2019, you requested that Defendants provide "supplemental responses and documents to Request No. 9 within 30 days."  Your email included no explanation of what specific information Plaintiffs needed supplemented, nor did you assert that Defendants' prior productions in response to Request No. 9 were deficient.  Indeed, Plaintiffs had not raised any issue regarding the completeness of Defendants' production in response to Request No. 9 at any point since my firm appeared in this case or since the production was made in early 2018.

On January 31, 2020, I responded that Defendants had not "identified any further responsive documents to RFP 9 in the requested time period."  I understood that email to have responded fully to your request for supplementation.

You then emailed me on February 5, 2020 and asserted for the first time that Plaintiffs were seeking documents responsive to Request No. 9 "created since 2018" as well as "all

February 14, 2020
Page 2

documents identifying Mr. Rennert's assets" to ascertain his "net worth."  You emailed later that day to notify me that, specifically, Mr. Rennert's personal tax returns for 1997, 1998, 2000, 2002, 2003, and 2004 were not included in Defendants' productions in early 2018.

We then conferred by telephone on February 12, 2020 so that Defendants could understand Plaintiffs' request for supplementation and assertions about inadequacies in the prior production.  As we explained during the call, given that King & Spalding was not involved in the original productions and lengthy conferral process on these issues in 2017 and 2018, we had been working to understand the context and details of Defendants' prior productions.  We also asked Plaintiffs to identify the specific deficiencies alleged in past productions.

During our call, it became clear for the first time that Plaintiffs are raising several distinct issues: (1) Plaintiffs seek the production of specific documents that they believe exist and should have been produced in 2018, including (a) Mr. Rennert's personal tax returns for certain years, and (b) a host of documents concerning individual assets and liabilities of Mr. Rennert, which Plaintiffs now contend are responsive to Request No. 9(e); and (2) a request that Defendants supplement their 2018 production made in response to Request No. 9 with documents created after early 2018 through to the present (February 2020), and that Defendants continue to supplement that production on a monthly basis going forward.

Although we entered the call with a desire to understand better these issues so that Defendants could respond to Plaintiffs' concerns, you stated that Plaintiffs would be proceeding with filing a motion for sanctions if Defendants were unwilling to produce "immediately" the demanded documents, including documents that cover an additional two-year period that would have to be collected, reviewed, processed, and produced.  You not only refused to engage in a good-faith meet and confer, but you stated that you were unwilling to wait even two days to permit Defendants to respond to your requests in light of the new understanding of the issues set forth on the call.  The tenor and content of our discussions belies your assertion that Plaintiffs are genuinely interested in obtaining the documents and information you have requested or that the documents are needed for some valid purpose.

As we explained during this call, Defendants do not believe that the parties have exhausted efforts to confer and that any motion on these issues would be in bad faith.  To that end, below I address each issue you raised during our call.

**1.  Pre-2018 Documents**

**(a) Mr. Rennert's Tax Returns for Certain Years**

Plaintiffs assert that Defendants' January 13, 2018 production in response to Request No. 9, which included nearly *23,000* pages of Mr. Rennert's personal state and federal tax returns, as well as bank and portfolio statements, did not include Mr. Rennert's tax returns for 1997, 1998, 2000, 2002, 2003, and 2004 and have demanded production of said documents.  Having now had the opportunity to evaluate this issue further, it is our understanding that Defendants produced in 2018 Mr. Rennert's tax returns for the applicable time period that were located in Defendants' possession, custody, and control following a reasonable search.

February 14, 2020
Page 3

Indeed, on March 5, 2018, Defendants certified to the Court that they "have conducted a reasonable and diligent search of the hard copy and electronic documents in their possession, custody, and control, and have produced any non-privileged materials identified during that search that are responsive to Request Nos. 1-3, 5-6, and 9-14 of Plaintiffs' Sixth Request for Production of Documents.  Accordingly, and as is set forth in the Supplemental Responses of Defendants The Renco Group, Inc., et al. to Plaintiffs' Sixth Request for Production of Documents [Defendants] certify they are in compliance with the Court's August 29, 2017 Order [Doc. 636]."

Defendants have not since identified any additional personal tax returns for Mr. Rennert during the applicable time period in his possession, custody, or control.  Accordingly, Defendants have no supplemental production to provide to Plaintiffs.

**(b) Request No. 9(e)**

Request No. 9(e) seeks "[c]opies of journals, books, statements of net worth, or other documents reflecting, stating, or identifying assets which Ira Rennert possesses or controls directly or through other persons, trusts, entities, or nominees."  In August 2017, the Court directed the parties to confer further on this Request because it appeared that it could be narrowed.  The parties did so, and in September 2017, Plaintiffs proposed specifying that Request 9(e) would be narrowed to the following:  "(i) provide all statements of net worth provided to any financial institution from September 1, 1997 to the present, together with identification of all assets held directly or indirectly and all liabilities[;] (ii) provide a current statement of net worth, together with identification of all assets held directly or indirectly and all liabilities[;] and (iii) provide copies of all net worth statements prepared for any other use or purpose from September 1, 1997 to the present, together with identification of all assets held directly or indirectly and all liabilities."  Defendants accepted that proposal on September 28, 2017 and agreed to produce documents to the extent any existed.

On March 5, 2018, Defendants served supplemental responses stating that no documents had been located that were responsive to the narrowed scope of Request 9(e).  As referenced above, Defendants submitted a certification to the Court to that effect.

Defendants have not identified any documents responsive to the agreed-upon narrowed Request No. 9(e) that were not previously produced.  Accordingly, there are no documents to supplement and none will be produced.

On our February 12 call, however, you stated that Plaintiffs are now construing Request No. 9(e) not to be limited to summary documents reflecting statements of total net worth, but to cover every single individual document underlying every single asset or liability Mr. Rennert may have, including documents relating to, among other things, bank accounts, money market accounts, insurance accounts, IRA accounts, home appraisals, art valuations, retirement funds, mutual funds, and valuation of "other properties."  You also asserted for the first time that these documents are relevant to Mr. Rennert's net worth for purposes of punitive damages.

February 14, 2020
Page 4

This demand is inconsistent with the plain text of the Request, the Court's order, and the parties' agreement in September 2017 regarding the scope of Request 9(e). Plaintiffs' current purported request to Defendants to "supplement" their discovery responses now seeks to expand the scope of Request 9(e) to reach a nebulous and practically limitless category of any document reflecting in any way any of Mr. Rennert's assets or liabilities. Those documents are not "statements of net worth" requested by Request 9(e). Accordingly, Defendants are under no obligation to produce said documents.

## 2. Responsive Documents Created Since Early 2018

The Sixth Requests for Production sought by their own terms documents through the date of the Requests, May 4, 2017. Plaintiffs now seek to enlarge the scope of the Sixth Requests beyond the defined term, claiming that Defendants have an ongoing obligation to supplement with documents that did not exist at the time of the original Requests. Defendants object to producing additional documents. While Defendants have an obligation to supplement discovery responses with responsive materials that come to a party's attention subsequently, supplementation under Rule 26 is not a mechanism for continual and boundless discovery.

The stated basis of relevance for Plaintiffs' Sixth Request, detailed at length in the Motion to Compel Plaintiffs filed in July 2017, was in connection with the choice-of-law and corporate-veil analyses. (Dkt. 602.) The Court has already ruled on choice-of-law. And documents created nearly a decade after Doe Run Peru entered bankruptcy proceedings stretch well beyond the outer limit of any possible relevance to choice-of-law and veil piercing.

You indicated on our call that the basis of relevance of documents created since early 2018 is Mr. Rennert's net worth for punitive damages. That was *not* the basis for Plaintiffs' Motion to Compel in 2017, and it was *not* the basis for the parties' further conference and agreement regarding the documents that would be produced in response to the Sixth Requests. The only specific documents that you have identified for supplementation are "periodic statements for financial accounts over which Mr. Rennert either has signatory authority or control that are dated since early 2018." Itemized statements for financial accounts are wildly overbroad and burdensome if the stated relevance is Mr. Rennert's overall net worth. Similarly, to the extent you seek other documents, for example, itemized monthly credit card statements for the past two years, such documents would also not be relevant to Mr. Rennert's current financial position. Much of the detailed information you now request is not necessary for these purposes and certainly is not required on a rolling basis. Given the short and confused nature of our phone conversation, Defendants request that the Plaintiffs further specify what documents are sought and the relevance of each category of documents.

\*\*\*

February 14, 2020
Page 5


     Defendants remain available to confer further on these issues.  Please let me know if you would like to schedule a follow-up call.

                  Sincerely,

                  Geoffrey M. Drake


cc:    Thomas Berra
       Tracie Renfroe
       Andy Bayman
       Carol Wood
       Carmen Toledo
       James Cusick
       Emmett Murphy

# EXHIBIT B

**Cherry, Cheryl**

| | |
|---|---|
| **From:** | Sarmad M. Khojasteh <SKhojasteh@kasowitz.com> |
| **Sent:** | Thursday, September 28, 2017 1:59 PM |
| **To:** | Beth Wilkins Flieger; Thornton, Patrick J. |
| **Cc:** | Tara Rocque; James E. Crowe, III; Aaron Schwartz; Kristine Kraft; Elizabeth Carroll; Rothschild, Andrew; Berra, Thomas P., Jr.; Hickey, Michael J.; Ed Dowd; Terrence O'Toole; Marc E. Kasowitz; Leonard A. Feiwus; Matthew A. Kraus; Ahrens, Richard A. |
| **Subject:** | RE: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th Request for Production |

Beth,

We are disappointed in your refusal to participate in a call and to unilaterally terminate the meet and confer process.

Nevertheless, the Renco Defendants' response to your proposals as they relate to them is as follows:

We will produce documents responsive to your proposed Request No. 9(d)(i) and (ii), with the understanding that (a) by subpart (d)(i), you are not seeking the production of credit card statements for corporate charge cards issued to employees, and (b) that Request No. 9(d) does not request information from the Trust Defendants and, as such, we will need more time to respond to that aspect of the proposal. On Request No. 9(d)(iii), we will produce any such credit card statements that were paid by Renco or its subsidiaries (as opposed to those paid by Mr. Rennert from his personal funds). Please advise if this is acceptable and, if not, please explain why so that we can work with you to get the information you need.

We will produce documents responsive to your proposal for Request No. 9(e) to the extent that any such documents exist. Please advise if this is acceptable and, if not, please explain why so that we can work with you to get the information you need.

With respect to Request No. 12 and 13, as we have stated, the requests seek information that is duplicative and cumulative of what will be produced in response to other requests. We nevertheless will be producing the documents responsive to Request Nos. 12 and 13: Renco's General Ledger, intercompany agreements and wire transfer advices, cancelled checks, etc., within Renco's possession, custody or control. To the extent that there is other underlying documentation that you are seeking, please advise. Again, if you determine there are additional materials you need after reviewing our production, please let us know what they are (at least by type or category) so that we can be of assistance to you.

Best,

Sarmad

---

**From:** Beth Wilkins Flieger [mailto:bwilkins@uselaws.com]
**Sent:** Wednesday, September 27, 2017 1:44 PM
**To:** Sarmad M. Khojasteh ; Thornton, Patrick J.
**Cc:** Tara Rocque ; James E. Crowe, III ; Aaron Schwartz ; Kristine Kraft ; Elizabeth Carroll ; Rothschild, Andrew ; Berra, Thomas P., Jr. ; Hickey, Michael J. ; Ed Dowd ; Terrence O'Toole ; Marc E. Kasowitz ; Leonard A. Feiwus ; Matthew A. Kraus ; Ahrens, Richard A.
**Subject:** RE: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th Request for Production

Counsel,

Considering your change in schedule resulting in the cancellation of yesterday's call, in lieu of a call, email correspondence should suffice.

Requests 9(d), 9(e), 12, and 13:

To follow up on our Monday call, we are willing to limit requests 9(d), 9(e), 12, and 13 as follows:

9(d): (i) Produce annual credit card statements for all corporations and trusts in which Ira Rennert has or had a 50% or greater interest from September 1, 1997 to the present (unless annual credit card statements do not provide transaction-level detail, in which case, produce statements that show transaction-level detail). (ii) Identify all personal expenses of Ira Rennert which were paid between September 1, 1997 to the present using funds from a corporation or trust in which Ira Rennert has or had a 50% or greater interest. "Personal expenses" of Ira Rennert include all expenses for his personal benefit, regardless of whether he owns the underlying real or personal property (e.g., the Sagaponack property, planes, helicopters, etc. ). (iii) provide copies of any personal credit card statements of Ira Rennert that were mailed from September 1, 1997 to the present to a corporate address of a corporation in which Ira Rennert has or had a 50% or greater interest. All references to percent interests in a trust, specifically include trusts of which Ira Rennert is or was a Grantor, regardless of whether he is a trust beneficiary.

9(e): (i) provide all statements of net worth provided to any financial institution from September 1, 1997 to the present, together with identification of all assets held directly or indirectly and all liabilities. (ii) provide a current statement of net worth, together with identification of all assets held directly or indirectly and all liabilities. (iii) provide copies of all net worth statements prepared for any other use or purpose from September 1, 1997 to the present, together with identification of all assets held directly or indirectly and all liabilities.

Regarding requests 12 and 13, we would agree to limit these requests by replacing subpart (f) with "any child of Ira Rennert," and limiting the final clause of that request to: "In the case of such transfer of funds, produce the documentation underlying the transfer, whether it be a contract for services or goods, use of property, loan, distribution, capital contribution, gift, or otherwise. In the case of a loan, produce the note or other evidence of indebtedness."

We understand that the Renco defendants do not agree to produce any documents responsive to requests 12 and 13, and instead intend to rely upon the general ledgers and any documents already produced in this litigation, and further propose that Plaintiffs advise defendants if, after reviewing the general ledgers, there is information that is still lacking, at which point the Renco defendants will take our request "under advisement" and "consider" whether they will produce additional documents. Plaintiffs do not agree to the shifting of defendants' burden to produce responsive documents, and will file a motion to compel if it the Renco defendants' production does not include the items discussed above.

Considering the Doe Run Defendants' position that they cannot recover pre-2006 documents, we were expecting a detailed response regarding how they intend to respond to requests 12 and 13. Instead, the explanation provided is that intercompany transfers will be revealed in the documentation that is going to be produced in response to "other requests," without any indication of what that might include. We expect that your production will include documents responsive to requests 12 and 13, as limited above, and will proceed with a Motion to Compel if it does not.

Redactions from the General Ledgers

Our position has not changed regarding payments of legal fees, settlement amounts, or medical fees. If Defendants redact legal fees related to this litigation from their general ledgers, we will proceed with a Motion to Compel. We will further consider a motion to compel after we have had the opportunity to review any redactions of settlement amounts or medical fees. Specifically regarding medical fees, while the specific treatment or services may in some cases be protected under HIPAA, the fact that certain individuals received services paid for by Defendants and the amounts paid are not confidential or protected by HIPAA.

Canceled checks and Check Stubs: As we noted previously, it does not appear that your check register will provide information written in the memo portion of the check, or who signed the check. Further, given your position that you cannot produce pre-2006 general ledgers, we expect that canceled checks and check stubs will be produced. Additionally, while you have offered to make examples available for our review, this has not occurred in the approximately two weeks since you first made this offer, and therefore, to avoid further delay, please produce the copies of canceled checks and check stubs.

Wire transfer documents: We understand you had agreed to make examples available for our review, however, this has not happened in the two weeks since we first discussed this issue. Therefore, to avoid further delay, please produce the wire transfer documents.

Doe Run Resources' 1997-2006 General Ledgers
We have been asking for two weeks for a specific, technical explanation as to why Defendants are unable to restore the 1997-2006 information from their backup tapes. This explanation still has not been provided. Please provide a detailed explanation of Defendants' attempts to preserve this data, including technical details as to why the storage and retrieval failed, and the steps Defendants' undertook to meet their obligation to preserve this data for litigation.

Requests 6, 10, 11, and 14:
Requests 6, 10, and 11 have not been addressed during our meet and confer calls or in any email correspondence. Moreover, while we have discussed the substance of Request 14, you have not made us aware of any difficulties in production. We expect responsive documents to be produced tomorrow.

Financial Information for Doe Run Peru, Doe Run Mining, Doe Run Cayman, Doe Run Cayman Holdings, and DR Acquisition
You have not stated your intention with producing financial information relating to the above Renco subsidiaries. We expect your production to also include responsive information relating to these entities.

Rolling Production
We do not consent to a rolling production of any data or documents.

Plaintiffs do not see a need at this time to have another call to further discuss these issues. Plaintiffs have made a good faith attempt to limit these requests. Plaintiffs expect all documents responsive to these requests to be produced on September 28. If there are additional matters that Defendants believe need to be discussed, please provide your position or proposal by email prior to scheduling a call, so that we can reduce the number of calls and proceed in a more efficient manner.

Thank you.

Beth Wilkins Flieger, J.D., M.P.H.
Schlichter, Bogard & Denton, LLP
100 South Fourth Street, Ste 1200
St. Louis, MO 63102
314-621-6115 314-621-7151(fax)
http://www.uselaws.com

This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.

-----Original Message-----
From: Sarmad M. Khojasteh [mailto:SKhojasteh@kasowitz.com]
Sent: Wednesday, September 27, 2017 12:14 PM
To: Thornton, Patrick J.
Cc: Beth Wilkins Flieger; Tara Rocque; James E. Crowe, III; Aaron Schwartz; Kristine Kraft; Elizabeth Carroll; Rothschild, Andrew; Berra, Thomas P., Jr.; Hickey, Michael J.; Ed Dowd; Terrence O'Toole; Marc E. Kasowitz; Leonard A. Feiwus; Matthew A. Kraus; Ahrens, Richard A.
Subject: Re: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th Request for Production

Beth - Are you available at 6:00 pm this evening to reconvene the meet and confer?

On Sep 27, 2017, at 10:36 AM, Thornton, Patrick J. <pthornton@lewisrice.com<mailto:pthornton@lewisrice.com< a="">>> wrote:

Tara and Beth,

On our call on Monday, you had asked for a summary of the documents that Doe Run Resources has ready for production this week. Doe Run Resources currently has ready for production bank statements for its accounts that are responsive to Request 3 and financial statements that are responsive to Request 14. In the process of locating documents responsive to your Sixth Requests, we have also located and have ready for production additional documents relating to intercompany agreements.

As we have mentioned on our calls, it is our position is that information in these documents that reveal the payment of legal fees is confidential and, further, not relevant. Accordingly, we believe that information should be redacted. We also articulated our position that information showing payments for settlement of legal claims should be redacted because that information is protected by confidentiality agreements and confidentiality orders entered in other cases. Doe Run Resources is prohibited by those agreements and orders from producing that information in this action. Finally, we also set forth in our calls that Doe Run Resources was self-insured for many years and made payments to medical services providers on behalf of its employees. It is our position that any information that would reveal the medical services any employee received is confidential, protected by HIPAA, and should be redacted.

It is our understanding that you disagree information pertaining to legal fees should be redacted, that you disagree that information relating to settlement of personal injury lawsuits should be redacted, that you need to confer with our colleagues as redaction of other types of legal claims, and that you are not opposed to redaction of HIPAA protected information. Please let us know if we have misunderstood your positions.

Depending upon the nature of whatever agreement can reach as to these redaction issues, Doe Run Resources is also collecting and can produce documents responsive to Request 1 (the general ledger) and Request 2 (aged accounts payable and aged accounts receivable). Further, while Doe Run Resources could make available to you over 1,000 pages of canceled checks and check stubs, we would propose that a better solution would be to make available Doe Run Resources' check register, which contains among other information the payee, payment amount, and payment date that would be identified in any checks. As we have mentioned, we can make available for your review an example of that check register for your review to assess whether this could be a suitable compromise.

You have also requested documents pertaining to Doe Run Resources' wire transfers (Request 5). As we have mentioned, Doe Run Resources has hard copy documentation relating to these transfer for your review. However, you may find that documentation duplicative as evidence of wire transfers are going to be shown in Doe Run Resources' bank statements and check register. It is my understand that Doe Run Resources has approximately 29 boxes of wire transfer information, but like the check registers it can make example copies available for your review.

We also mentioned on our call on Monday that Doe Run Resources' general ledger, which included its accounts payable and receivable information, from 1997 to 2006 cannot be restored. Doe Run Resources retained a IT vendor and consultant to attempt to reconstruct that ledger from backup tapes, but the vendor has been unable to restore the ledger.

As for Requests 12 and 13, toward the conclusion of our call on Monday you asked what Doe Run Resources' position is with respect to these requests. It is our position that any intercompany transfer is going to be revealed in the documentation that is going to be produced in response to the other requests.

Finally, as we mentioned on our calls, we are continuing to work through production issues, including both redaction of confidential information above and exporting Doe Run Resources' general ledger from an Oracle PeopleSoft program into searchable Excel spreadsheets. While we can produce much of this information this week, we will have to supplement that production in rolling fashion in the coming weeks. Accordingly, we request your consent to approach the Court and request additional time to complete these productions.

While we hope to discuss further on our next call, please let us know if you have any questions that we can address in the interim.

Thank you,

Patrick
--
Lewis Rice

Patrick J. Thornton
pthornton@lewisrice.com<mailto:pthornton@lewisrice.com< a="">>>

600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101-1311
314.444.7655 (direct)
314.612.7655 (fax)
http://www.lewisrice.com<http://www.lewisrice.com>

-----Original Message-----
From: Ahrens, Richard A.
Sent: Tuesday, September 26, 2017 2:50 PM
To: 'Sarmad M. Khojasteh' <SKhojasteh@kasowitz.com<mailto:SKhojasteh@kasowitz.com< a="">>>; Beth Wilkins Flieger <bwilkins@uselaws.com<mailto:bwilkins@uselaws.com< a="">>>
Cc: Tara Rocque <TRocque@uselaws.com<mailto:TRocque@uselaws.com< a="">>>; James E. Crowe, III <jcrowe@dowdbennett.com<mailto:jcrowe@dowdbennett.com< a="">>>; Aaron Schwartz <ASchwartz@uselaws.com<mailto:ASchwartz@uselaws.com< a="">>>; Kristine Kraft <kkraft@uselaws.com<mailto:kkraft@uselaws.com< a="">>>; Elizabeth Carroll <ECarroll@uselaws.com<mailto:ECarroll@uselaws.com< a="">>>; Rothschild, Andrew <arothschild@lewisrice.com<mailto:arothschild@lewisrice.com< a="">>>; Berra, Thomas P., Jr. <tberra@lewisrice.com<mailto:tberra@lewisrice.com< a="">>>; Hickey, Michael J. <MHickey@lewisrice.com<mailto:MHickey@lewisrice.com< a="">>>; Ed Dowd <edowd@dowdbennett.com<mailto:edowd@dowdbennett.com< a="">>>; Terrence O'Toole <tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com< a="">>>; Marc E. Kasowitz <MKasowitz@kasowitz.com<mailto:MKasowitz@kasowitz.com< a="">>>; Leonard A. Feiwus <LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com< a="">>>; Thornton, Patrick J. <pthornton@lewisrice.com<mailto:pthornton@lewisrice.com< a="">>>; Matthew A. Kraus

<MKraus@kasowitz.com<mailto:MKraus@kasowitz.com< a="">>>
Subject: RE: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th Request for Production

Sarmad and Beth, Patrick and I are available tomorrow morning until noon central, or tomorrow afternoon after 3 p.m. central.

--
Lewis Rice

Richard A. Ahrens
rahrens@lewisrice.com<mailto:rahrens@lewisrice.com< a="">>

600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101-1311
314.444.7719 (direct)
314.612.7719 (fax)
http://www.lewisrice.com<http://www.lewisrice.com>

-----Original Message-----
From: Sarmad M. Khojasteh [mailto:SKhojasteh@kasowitz.com]
Sent: Tuesday, September 26, 2017 2:45 PM
To: Beth Wilkins Flieger <bwilkins@uselaws.com<mailto:bwilkins@uselaws.com< a="">>>
Cc: Tara Rocque <TRocque@uselaws.com<mailto:TRocque@uselaws.com< a="">>>; James E. Crowe, III <jcrowe@dowdbennett.com<mailto:jcrowe@dowdbennett.com< a="">>>; Aaron Schwartz <ASchwartz@uselaws.com<mailto:ASchwartz@uselaws.com< a="">>>; Kristine Kraft <kkraft@uselaws.com<mailto:kkraft@uselaws.com< a="">>>; Elizabeth Carroll <ECarroll@uselaws.com<mailto:ECarroll@uselaws.com< a="">>>; Ahrens, Richard A. <rahrens@lewisrice.com<mailto:rahrens@lewisrice.com< a="">>>; Rothschild, Andrew <arothschild@lewisrice.com<mailto:arothschild@lewisrice.com< a="">>>; Berra, Thomas P., Jr. <tberra@lewisrice.com<mailto:tberra@lewisrice.com< a="">>>; Hickey, Michael J. <MHickey@lewisrice.com<mailto:MHickey@lewisrice.com< a="">>>; Ed Dowd <edowd@dowdbennett.com<mailto:edowd@dowdbennett.com< a="">>>; Terrence O'Toole <tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com< a="">>>; Marc E. Kasowitz <MKasowitz@kasowitz.com<mailto:MKasowitz@kasowitz.com< a="">>>; Leonard A. Feiwus <LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com< a="">>>; Thornton, Patrick J. <pthornton@lewisrice.com<mailto:pthornton@lewisrice.com< a="">>>; Matthew A. Kraus <MKraus@kasowitz.com<mailto:MKraus@kasowitz.com< a="">>>
Subject: Re: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th Request for Production

All, apologies for the late notice but we will have to postpone today's meet and confer until tomorrow. We are working with the client regarding plaintiffs' proposal on Request Nos. 9(d) and (e), and hope to be in a position to discuss further tomorrow.

Best,

Sarmad

On Sep 25, 2017, at 5:07 PM, Beth Wilkins Flieger <bwilkins@uselaws.com<mailto:bwilkins@uselaws.com< a="">>><mailto:bwilkins@uselaws.com>> wrote:

We will be on in just a few moments.

Beth Wilkins Flieger, J.D., M.P.H.
Schlichter, Bogard & Denton, LLP
100 South Fourth Street, Ste 1200
St. Louis, MO 63102
314-621-6115 314-621-7151(fax)
http://www.uselaws.com<http://www.uselaws.com><http://www.uselaws.com<http://www.uselaws.com>>

This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.

From: Sarmad M. Khojasteh [mailto:SKhojasteh@kasowitz.com]
Sent: Monday, September 25, 2017 4:07 PM
To: Beth Wilkins Flieger
Cc: Tara Rocque; James E. Crowe, III; Aaron Schwartz; Kristine Kraft; Elizabeth Carroll; Ahrens, Richard A.; Rothschild, Andrew; Berra, Thomas P., Jr.; Hickey, Michael J.; Ed Dowd; Terrence O'Toole; Marc E. Kasowitz; Leonard A. Feiwus; Thornton, Patrick J.; Matthew A. Kraus
Subject: RE: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th Request for Production

Beth, we are on the line.

The dial in information is below:

Tel: 1-877-850-4998

Passcode: 422078

From: Beth Wilkins Flieger [mailto:bwilkins@uselaws.com]
Sent: Friday, September 22, 2017 10:08 PM
To: Sarmad M. Khojasteh <SKhojasteh@kasowitz.com<mailto:SKhojasteh@kasowitz.com< a="">><mailto:SKhojasteh@kasowitz.com>>; Beth Wilkins Flieger <bwilkins@uselaws.com<mailto:bwilkins@uselaws.com< a="">><mailto:bwilkins@uselaws.com>>
Cc: Tara Rocque <TRocque@uselaws.com<mailto:TRocque@uselaws.com< a="">><mailto:TRocque@uselaws.com>>; James E. Crowe, III <jcrowe@dowdbennett.com<mailto:jcrowe@dowdbennett.com< a="">><mailto:jcrowe@dowdbennett.com>>; Aaron Schwartz <ASchwartz@uselaws.com<mailto:ASchwartz@uselaws.com< a="">><mailto:ASchwartz@uselaws.com>>; Kristine Kraft <kkraft@uselaws.com<mailto:kkraft@uselaws.com< a="">><mailto:kkraft@uselaws.com>>; Elizabeth Carroll <ECarroll@uselaws.com<mailto:ECarroll@uselaws.com< a="">><mailto:ECarroll@uselaws.com>>; Ahrens, Richard A. <rahrens@lewisrice.com<mailto:rahrens@lewisrice.com< a="">><mailto:rahrens@lewisrice.com>>; Rothschild, Andrew <arothschild@lewisrice.com<mailto:arothschild@lewisrice.com< a="">><mailto:arothschild@lewisrice.com>>; Berra, Thomas P., Jr. <tberra@lewisrice.com<mailto:tberra@lewisrice.com< a="">><mailto:tberra@lewisrice.com>>; Hickey, Michael J. <MHickey@lewisrice.com<mailto:MHickey@lewisrice.com< a="">><mailto:MHickey@lewisrice.com>>; Ed Dowd <edowd@dowdbennett.com<mailto:edowd@dowdbennett.com< a="">><mailto:edowd@dowdbennett.com>>; Terrence O'Toole <tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com< a="">><mailto:tjotoole@dowdbennett.com>>; Marc E. Kasowitz <MKasowitz@kasowitz.com<mailto:MKasowitz@kasowitz.com<

a="">><mailto:MKasowitz@kasowitz.com>>; Leonard A. Feiwus
<LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com< a="">><mailto:LFeiwus@kasowitz.com>>;
Thornton, Patrick J. <pthornton@lewisrice.com<mailto:pthornton@lewisrice.com<
a="">><mailto:pthornton@lewisrice.com>>; Matthew A. Kraus
<MKraus@kasowitz.com<mailto:MKraus@kasowitz.com< a="">><mailto:MKraus@kasowitz.com>>
Subject: Re: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th Request for Production


5 est is fine. Thanks.



Sent from my Verizon, Samsung Galaxy smartphone


-------- Original message --------
From: "Sarmad M. Khojasteh" <SKhojasteh@kasowitz.com<mailto:SKhojasteh@kasowitz.com<
a="">><mailto:SKhojasteh@kasowitz.com>>
Date: 9/22/17 4:24 PM (GMT-06:00)
To: Beth Wilkins Flieger <bwilkins@uselaws.com<mailto:bwilkins@uselaws.com<
a="">><mailto:bwilkins@uselaws.com>>
Cc: Tara Rocque <TRocque@uselaws.com<mailto:TRocque@uselaws.com<
a="">><mailto:TRocque@uselaws.com>>, "James E. Crowe, III"
<jcrowe@dowdbennett.com<mailto:jcrowe@dowdbennett.com< a="">><mailto:jcrowe@dowdbennett.com>>,
Aaron Schwartz <ASchwartz@uselaws.com<mailto:ASchwartz@uselaws.com<
a="">><mailto:ASchwartz@uselaws.com>>, Kristine Kraft
<kkraft@uselaws.com<mailto:kkraft@uselaws.com< a="">><mailto:kkraft@uselaws.com>>, Elizabeth Carroll
<ECarroll@uselaws.com<mailto:ECarroll@uselaws.com< a="">><mailto:ECarroll@uselaws.com>>, "Ahrens,
Richard A." <rahrens@lewisrice.com<mailto:rahrens@lewisrice.com<
a="">><mailto:rahrens@lewisrice.com>>, "Rothschild, Andrew"
<arothschild@lewisrice.com<mailto:arothschild@lewisrice.com<
a="">><mailto:arothschild@lewisrice.com>>, "Berra, Thomas P., Jr."
<tberra@lewisrice.com<mailto:tberra@lewisrice.com< a="">><mailto:tberra@lewisrice.com>>, "Hickey,
Michael J." <MHickey@lewisrice.com<mailto:MHickey@lewisrice.com<
a="">><mailto:MHickey@lewisrice.com>>, Ed Dowd
<edowd@dowdbennett.com<mailto:edowd@dowdbennett.com< a="">><mailto:edowd@dowdbennett.com>>,
Terrence O'Toole <tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com<
a="">><mailto:tjotoole@dowdbennett.com>>, "Marc E. Kasowitz"
<MKasowitz@kasowitz.com<mailto:MKasowitz@kasowitz.com<
a="">><mailto:MKasowitz@kasowitz.com>>, "Leonard A. Feiwus"
<LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com< a="">><mailto:LFeiwus@kasowitz.com>>,
"Thornton, Patrick J." <pthornton@lewisrice.com<mailto:pthornton@lewisrice.com<
a="">><mailto:pthornton@lewisrice.com>>, "Matthew A. Kraus"
<MKraus@kasowitz.com<mailto:MKraus@kasowitz.com< a="">><mailto:MKraus@kasowitz.com>>
Subject: Re: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th Request for Production

Beth,

We are available at 5:00 pm (EST). Please let us know if that works for you.

Best,

Sarmad

On Sep 22, 2017, at 10:50 AM, Beth Wilkins Flieger
<bwilkins@uselaws.com<mailto:bwilkins@uselaws.com<
a="">><mailto:bwilkins@uselaws.com<mailto:bwilkins@uselaws.com%3cmailto:bwilkins@uselaws.com<mailto:bwilkins@uselaws.com< a="">>>>> wrote:

Sarmad,
It sounds like it would be more efficient to wait until Monday. What time are you available? Perhaps you could let us know by email, the nature of information provided by General Ledger and whether transfers of funds were made between Renco Holdings and Doe Run Peru, Doe Run Mining, Doe Run Resources, Doe Run Cayman Ltd., Doe Run Cayman Holdings, or DR Acquisition.

Regarding potential stipulations, as we stated in the last call, we will consider whether stipulations would be acceptable when defendants propose the details of any stipulation to which they would agree, rather than raising the possibility of a stipulation in abstract. Right now, there is not a sufficiently specific stipulation on the table for us to consider.

Beth Wilkins Flieger, J.D., M.P.H.
Schlichter, Bogard & Denton, LLP
100 South Fourth Street, Ste 1200
St. Louis, MO 63102
314-621-6115 314-621-7151(fax)
http://www.uselaws.com<http://www.uselaws.com><http://www.uselaws.com<http://www.uselaws.com><http://www.uselaws.com<http://www.uselaws.com>>>

This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.


-----Original Message-----
From: Sarmad M. Khojasteh [mailto:SKhojasteh@kasowitz.com]
Sent: Thursday, September 21, 2017 9:22 PM
To: Beth Wilkins Flieger
Cc: Tara Rocque; James E. Crowe, III; Aaron Schwartz; Kristine Kraft; Elizabeth Carroll; Ahrens, Richard A.; Rothschild, Andrew; Berra, Thomas P., Jr.; Hickey, Michael J.; Ed Dowd; Terrence O'Toole; Marc E. Kasowitz; Leonard A. Feiwus; Thornton, Patrick J.; Matthew A. Kraus
Subject: Re: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th Request for Production

Beth,

I am not sure to what you are referring with respect to the information I was to provide you yesterday - at the conclusion of our last call, we scheduled to continue our discussion on Friday at 12:00 pm (EST), and I told you that I would endeavor to get back to you on Wednesday as to whether we would be ready to go by then, which I did. As you may recall, I had depositions in another matter on Tuesday and Wednesday, and in view of the holiday this week, I wanted to be sure we were able to provide responses about the information you had requested.

For our part, we are prepared to discuss the nature of information provided by General Ledger and to address whether transfers of funds were made between Renco Holdings and Doe Run Peru, Doe Run Mining, Doe Run Resources, Doe Run Cayman Ltd., Doe Run Cayman Holdings, or DR Acquisition.

On your side, are you prepared to (i) elaborate upon what purpose you hope to serve by the information sought

by Request No. 9(e), and (ii) report back to us as to whether, directionally, you would be amenable to the concept of a stipulation in lieu of the production of documents sought by Request Nos. 9(d) and (e)? During our last call, you stated that you would do so with respect to both.

Best,

Sarmad

On Sep 21, 2017, at 6:32 PM, Beth Wilkins Flieger <bwilkins@uselaws.com<mailto:bwilkins@uselaws.com< a="">>><mailto:bwilkins@uselaws.com<mailto:bwilkins@uselaws.com%3cmailto:bwilkins@uselaws.com<mailto:bwilkins@uselaws.com< a="">>>><mailto:bwilkins@uselaws.com>> wrote:

Sarmad,
Are you prepared to provide the other information that you hoped to provide by Wednesday (yesterday), including what underlying documentation exists to explain transfers of funds shown on the general ledgers and whether the general ledgers include notations as to any agreement, contract, or the basis otherwise to cause funds to be transferred? Additionally, your group (I believe, Jim) was going to look in to whether transfers of funds were made to Renco Holdings from Doe Run Peru, Doe Run Mining, Doe Run Resources, Doe Run Cayman, Doe Run Cayman Holdings, or Doe Run Acquisition. Do you have information on that issue?

Whether your group has additional information regarding the above issues will determine whether there is a need for a call tomorrow, unless there are other topics you believe need to be discussed. Otherwise, it seems that there is no additional information that you are prepared to provide us that we did not discuss on our call on Monday.

Beth


Beth Wilkins Flieger, J.D., M.P.H.
Schlichter, Bogard & Denton, LLP
100 South Fourth Street, Ste 1200
St. Louis, MO 63102
314-621-6115 314-621-7151(fax)
http://www.uselaws.com<http://www.uselaws.com><http://www.uselaws.com<http://www.uselaws.com>><http://www.uselaws.com<http://www.uselaws.com><http://www.uselaws.com<http://www.uselaws.com><http://www.uselaws.com<http://www.uselaws.com>>>>

This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.

From: Sarmad M. Khojasteh [mailto:SKhojasteh@kasowitz.com]
Sent: Wednesday, September 20, 2017 2:20 PM
To: Tara Rocque; James E. Crowe, III; Beth Wilkins Flieger; Aaron Schwartz; Kristine Kraft; Elizabeth Carroll
Cc: Ahrens, Richard A.; Rothschild, Andrew; Berra, Thomas P., Jr.; Hickey, Michael J.; Ed Dowd; Terrence O'Toole; Marc E. Kasowitz; Leonard A. Feiwus; Thornton, Patrick J.; Matthew A. Kraus
Subject: RE: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th Request for Production

Tara,

I wanted to write you to confirm that we will be in a position to resume the court-ordered meet and confer on Friday at 12:00 pm (EST). In view of the holiday, however, we have been unable to fully discuss the

"stipulation" proposals with respect to Request No. 9. We should be back to you on those early next week, if not sooner. Please advise if you would like to proceed with the meet and confer on Friday, or prefer to speak on these issues once we have answers on all the outstanding items.

Best,

Sarmad


Sarmad M. Khojasteh
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel. (212) 506-1974
Fax. (212) 500-3474
SKhojasteh@kasowitz.com<mailto:SKhojasteh@kasowitz.com<mailto:SKhojasteh@kasowitz.com%3cmailto:
SKhojasteh@kasowitz.com<mailto:SKhojasteh@kasowitz.com< a="">>>>


This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.
From: Tara Rocque [mailto:TRocque@uselaws.com]
Sent: Monday, September 18, 2017 10:16 AM
To: James E. Crowe, III <jcrowe@dowdbennett.com<mailto:jcrowe@dowdbennett.com< a="">>><mailto:jcrowe@dowdbennett.com<mailto:jcrowe@dowdbennett.com%3cmailto:jcrowe@dowdbennett.com<mailto:jcrowe@dowdbennett.com< a="">>>>:jcrowe@dowdbennett.com>>; Beth Wilkins Flieger <bwilkins@uselaws.com<mailto:bwilkins@uselaws.com< a="">>><mailto:bwilkins@uselaws.com<mailto:bwilkins@uselaws.com%3cmailto:bwilkins@uselaws.com<mailto:bwilkins@uselaws.com< a="">>>><mailto:bwilkins@uselaws.com>>; Aaron Schwartz <ASchwartz@uselaws.com<mailto:ASchwartz@uselaws.com< a="">>><mailto:ASchwartz@uselaws.com<mailto:ASchwartz@uselaws.com%3cmailto:ASchwartz@uselaws.com<mailto:ASchwartz@uselaws.com< a="">>>><mailto:ASchwartz@uselaws.com>>; Kristine Kraft <kkraft@uselaws.com<mailto:kkraft@uselaws.com< a="">>><mailto:kkraft@uselaws.com<mailto:kkraft@uselaws.com%3cmailto:kkraft@uselaws.com<mailto:kkraft@uselaws.com< a="">>>><mailto:kkraft@uselaws.com>>; Elizabeth Carroll <ECarroll@uselaws.com<mailto:ECarroll@uselaws.com< a="">>><mailto:ECarroll@uselaws.com<mailto:ECarroll@uselaws.com%3cmailto:ECarroll@uselaws.com<mailto:ECarroll@uselaws.com< a="">>>><mailto:ECarroll@uselaws.com>>
Cc: Ahrens, Richard A. <rahrens@lewisrice.com<mailto:rahrens@lewisrice.com< a="">>><mailto:rahrens@lewisrice.com<mailto:rahrens@lewisrice.com%3cmailto:rahrens@lewisrice.com<mailto:rahrens@lewisrice.com< a="">>>><mailto:rahrens@lewisrice.com>>; Rothschild, Andrew <arothschild@lewisrice.com<mailto:arothschild@lewisrice.com< a="">>><mailto:arothschild@lewisrice.com<mailto:arothschild@lewisrice.com%3cmailto:arothschild@lewisrice.com<mailto:arothschild@lewisrice.com< a="">>>><mailto:arothschild@lewisrice.com>>; Berra, Thomas P., Jr. <tberra@lewisrice.com<mailto:tberra@lewisrice.com< a="">>><mailto:tberra@lewisrice.com<mailto:tberra@lewisrice.com%3cmailto:tberra@lewisrice.com<mailto:tberra@lewisrice.com< a="">>>><mailto:tberra@lewisrice.com>>; Hickey, Michael J. <MHickey@lewisrice.com<mailto:MHickey@lewisrice.com< a="">>><mailto:MHickey@lewisrice.com<mailto:MHickey@lewisrice.com%3cmailto:MHickey@lewisrice.com<mailto:MHickey@lewisrice.com< a="">>>><mailto:MHickey@lewisrice.com>>; Ed Dowd <edowd@dowdbennett.com<mailto:edowd@dowdbennett.com<

a="">>><mailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com%3cmailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com< a="">>>><mailto:edowd@dowdbennett.com>>; Terrence O'Toole <tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com< a="">>><mailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com%3cmailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com< a="">>>><mailto:tjotoole@dowdbennett.com>>; Marc E. Kasowitz <MKasowitz@kasowitz.com<mailto:MKasowitz@kasowitz.com< a="">>><mailto:MKasowitz@kasowitz.com<mailto:MKasowitz@kasowitz.com%3cmailto:MKasowitz@kasowitz.com<mailto:MKasowitz@kasowitz.com< a="">>>><mailto:MKasowitz@kasowitz.com>>; Leonard A. Feiwus <LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com< a="">>><mailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com%3cmailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com< a="">>>><mailto:LFeiwus@kasowitz.com>>; Thornton, Patrick J. <pthornton@lewisrice.com<mailto:pthornton@lewisrice.com< a="">>><mailto:pthornton@lewisrice.com<mailto:pthornton@lewisrice.com%3cmailto:pthornton@lewisrice.com<mailto:pthornton@lewisrice.com< a="">>>><mailto:pthornton@lewisrice.com>>; Matthew A. Kraus <MKraus@kasowitz.com<mailto:MKraus@kasowitz.com< a="">>><mailto:MKraus@kasowitz.com<mailto:MKraus@kasowitz.com%3cmailto:MKraus@kasowitz.com<mailto:MKraus@kasowitz.com< a="">>>><mailto:MKraus@kasowitz.com>>; Sarmad M. Khojasteh <SKhojasteh@kasowitz.com<mailto:SKhojasteh@kasowitz.com< a="">>><mailto:SKhojasteh@kasowitz.com<mailto:SKhojasteh@kasowitz.com%3cmailto:SKhojasteh@kasowitz.com<mailto:SKhojasteh@kasowitz.com< a="">>>><mailto:SKhojasteh@kasowitz.com>>
Subject: RE: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th Request for Production


**External Email**

_____
Thank you. We will speak to you then.

Tara

From: James E. Crowe, III [mailto:jcrowe@dowdbennett.com]
Sent: Monday, September 18, 2017 9:12 AM
To: Tara Rocque; Beth Wilkins Flieger; Aaron Schwartz; Kristine Kraft; Elizabeth Carroll
Cc: Ahrens, Richard A.; Rothschild, Andrew; Berra, Thomas P., Jr.; Hickey, Michael J.; Ed Dowd; Terrence O'Toole; mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com%3cmailto:mkasowitz@kasowitz.com%3e%3cmailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com< a="">>>>; Leonard A. Feiwus; Thornton, Patrick J.; Matthew A. Kraus; Sarmad M. Khojasteh
Subject: RE: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th Request for Production

Tara-

Leaving to the side our difference of views on the events leading up to this call, we can use the following line for a call at 2:00 p.m. today:

1-877-850-4998
Participant Passcode: 422078

Jim


James E. Crowe, III

7733 Forsyth Blvd. Suite 1900 | St. Louis, Missouri 63105 |
314-889-7300 (main) | 314-889-7330 (direct) |
www.dowdbennett.com<http://www.dowdbennett.com><http://www.dowdbennett.com<http://www.dowdbenn
ett.com>><http://www.dowdbennett.com<http://www.dowdbennett.com>><http://www.dowdbennett.com/<http://www.dowdbennett.com/<http://www.dowdbennett.com/><http://www.dow
dbennett.com<http://www.dowdbennett.com>>>>

From: Tara Rocque
[mailto:TRocque@uselaws.com<mailto:TRocque@uselaws.com<mailto:TRocque@uselaws.com%3cmailto:T
Rocque@uselaws.com>>]
Sent: Thursday, September 14, 2017 3:52 PM
To: Jim Crowe <jcrowe@dowdbennett.com<mailto:jcrowe@dowdbennett.com<
a="">><mailto:jcrowe@dowdbennett.com<mailto:jcrowe@dowdbennett.com%3cmailto:jcrowe@dowdbennett.
com<mailto:jcrowe@dowdbennett.com< a="">>>><mailto:jcrowe@dowdbennett.com>>; Beth Wilkins
Flieger <bwilkins@uselaws.com<mailto:bwilkins@uselaws.com<
a="">><mailto:bwilkins@uselaws.com<mailto:bwilkins@uselaws.com%3cmailto:bwilkins@uselaws.com<mai
lto:bwilkins@uselaws.com< a="">>>><mailto:bwilkins@uselaws.com>>; Aaron Schwartz
<ASchwartz@uselaws.com<mailto:ASchwartz@uselaws.com<
a="">><mailto:ASchwartz@uselaws.com<mailto:ASchwartz@uselaws.com%3cmailto:ASchwartz@uselaws.c
om<mailto:ASchwartz@uselaws.com< a="">>>><mailto:ASchwartz@uselaws.com>>; Kristine Kraft
<kkraft@uselaws.com<mailto:kkraft@uselaws.com<
a="">><mailto:kkraft@uselaws.com<mailto:kkraft@uselaws.com%3cmailto:kkraft@uselaws.com<mailto:kkra
ft@uselaws.com< a="">>>><mailto:kkraft@uselaws.com>>; Elizabeth Carroll
<ECarroll@uselaws.com<mailto:ECarroll@uselaws.com<
a="">><mailto:ECarroll@uselaws.com<mailto:ECarroll@uselaws.com%3cmailto:ECarroll@uselaws.com<mai
lto:ECarroll@uselaws.com< a="">>>><mailto:ECarroll@uselaws.com>>
Cc: Ahrens, Richard A. <rahrens@lewisrice.com<mailto:rahrens@lewisrice.com<
a="">><mailto:rahrens@lewisrice.com<mailto:rahrens@lewisrice.com%3cmailto:rahrens@lewisrice.com<mai
lto:rahrens@lewisrice.com< a="">>>><mailto:rahrens@lewisrice.com>>; Rothschild, Andrew
<arothschild@lewisrice.com<mailto:arothschild@lewisrice.com<
a="">><mailto:arothschild@lewisrice.com<mailto:arothschild@lewisrice.com%3cmailto:arothschild@lewisric
e.com<mailto:arothschild@lewisrice.com< a="">>>><mailto:arothschild@lewisrice.com>>; Berra, Thomas P.,
Jr. <tberra@lewisrice.com<mailto:tberra@lewisrice.com<
a="">><mailto:tberra@lewisrice.com<mailto:tberra@lewisrice.com%3cmailto:tberra@lewisrice.com<mailto:t
berra@lewisrice.com< a="">>>><mailto:tberra@lewisrice.com>>; Hickey, Michael J.
<MHickey@lewisrice.com<mailto:MHickey@lewisrice.com<
a="">><mailto:MHickey@lewisrice.com<mailto:MHickey@lewisrice.com%3cmailto:MHickey@lewisrice.co
m<mailto:MHickey@lewisrice.com< a="">>>><mailto:MHickey@lewisrice.com>>; Ed Dowd
<edowd@dowdbennett.com<mailto:edowd@dowdbennett.com<
a="">><mailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com%3cmailto:edowd@dowdbennett.
com<mailto:edowd@dowdbennett.com< a="">>>><mailto:edowd@dowdbennett.com>>; Terrence O'Toole
<tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com<
a="">><mailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com%3cmailto:tjotoole@dowdbenn
ett.com<mailto:tjotoole@dowdbennett.com< a="">>>><mailto:tjotoole@dowdbennett.com>>;
mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com%3cmailto:m
kasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com%3e%3cmailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com<
a="">>>>; Leonard A. Feiwus <LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com<
a="">><mailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com%3cmailto:LFeiwus@kasowitz.com<
mailto:LFeiwus@kasowitz.com< a="">>>><mailto:LFeiwus@kasowitz.com>>; Thornton, Patrick J.

pthornton@lewisrice.com<mailto:pthornton@lewisrice.com<
a="">>><mailto:pthornton@lewisrice.com<mailto:pthornton@lewisrice.com%3cmailto:pthornton@lewisrice.co
m<mailto:pthornton@lewisrice.com< a="">>>>><mailto:pthornton@lewisrice.com>>; Matthew A. Kraus
<MKraus@kasowitz.com<mailto:MKraus@kasowitz.com<
a="">>><mailto:MKraus@kasowitz.com<mailto:MKraus@kasowitz.com%3cmailto:MKraus@kasowitz.com<m
ailto:MKraus@kasowitz.com< a="">>>>><mailto:MKraus@kasowitz.com>>; Sarmad M. Khojasteh
<SKhojasteh@kasowitz.com<mailto:SKhojasteh@kasowitz.com<
a="">>><mailto:SKhojasteh@kasowitz.com<mailto:SKhojasteh@kasowitz.com%3cmailto:SKhojasteh@kasowi
tz.com<mailto:SKhojasteh@kasowitz.com< a="">>>>><mailto:SKhojasteh@kasowitz.com>>
Subject: RE: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th Request for Production

Jim,

That was not understood. DRRC and Renco attorneys were on the scheduling emails. And given the large
number of attorneys representing Renco (2 firms / 14 attorneys), we assumed you could handle both.

The Court's Order was entered on August 29. We made several attempts to meet and confer on this, beginning
two days after the order was entered, and received no reply. As was apparently evident from the tone of my
email, after two weeks of being ignored, our patience had worn thin.

Regardless, I am happy to hear that you are now ready to discuss these issues. We are generally available on
Monday afternoon. How does 2:00 sound? If that works, please circulate the call-in information at your earliest
convenience.

Regards,
Tara

From: Jim Crowe [mailto:jcrowe@dowdbennett.com]
Sent: Wednesday, September 13, 2017 6:40 PM
To: Tara Rocque; Beth Wilkins Flieger; Aaron Schwartz; Kristine Kraft; Elizabeth Carroll
Cc: Ahrens, Richard A.; Rothschild, Andrew; Berra, Thomas P., Jr.; Hickey, Michael J.; Ed Dowd; Terrence
O'Toole;
mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com%3cmailto:m
kasowitz@kasowitz.com%3e%3cmailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com<
a="">>>>; Leonard A. Feiwus; Thornton, Patrick J.; Matthew A. Kraus; Sarmad M. Khojasteh
Subject: RE: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th Request for Production

Tara,

It goes without saying that we disagree with your characterization of the parties' attempts to schedule the court-
ordered meet and confer on Request Nos. 9(d), 9(e), 12 and 13, but nevertheless we seek to clear up any
confusion. We believed Rich's email last Friday made plain that the focus of this afternoon's call was intended
to be several discrete issues particular to DRRC's efforts to comply with the Court's order on the motion to
compel. Moreover, as you are well aware, we were defending the deposition of Mr. Rennert this afternoon, and
therefore were not available to participate in that call. Since plaintiffs' counsel represented they could not
participate in a status conference at 4:00 p.m. central due to Mr. Rennert's deposition, we thought it was
understood that Renco's counsel could not be on the separate 1:30 p.m. call Rich proposed to have with you.

Nevertheless, we would like to propose scheduling the meet and confer for either this Friday at 2:30 pm central, Monday afternoon, or on Tuesday afternoon between 12:00 p.m. and 2:00 p.m. Please advise as to your availability.

Jim

James E. Crowe, III
7733 Forsyth Blvd. Suite 1900 | St. Louis, Missouri 63105
314-889-7300 (main) | 314-889-7330 (direct) |
www.dowdbennett.com<http://www.dowdbennett.com><http://www.dowdbennett.com<http://www.dowdbennett.com>><http://www.dowdbennett.com<http://www.dowdbennett.com>><http://www.dowdbennett.com/<http://www.dowdbennett.com/><http://www.dowdbennett.com/><http://www.dowdbennett.com<http://www.dowdbennett.com>>>

From: Ahrens, Richard A.
[mailto:rahrens@lewisrice.com<mailto:rahrens@lewisrice.com<mailto:rahrens@lewisrice.com%3cmailto:rahrens@lewisrice.com>>]
Sent: Wednesday, September 13, 2017 5:39 PM
To: 'Tara Rocque' <TRocque@uselaws.com<mailto:TRocque@uselaws.com< a="">>><mailto:TRocque@uselaws.com<mailto:TRocque@uselaws.com%3cmailto:TRocque@uselaws.com<mailto:TRocque@uselaws.com< a="">>>>>>; Kristine Kraft <kkraft@uselaws.com<mailto:kkraft@uselaws.com< a="">>><mailto:kkraft@uselaws.com<mailto:kkraft@uselaws.com%3cmailto:kkraft@uselaws.com<mailto:kkraft@uselaws.com< a="">>>>>; Rothschild, Andrew <arothschild@lewisrice.com<mailto:arothschild@lewisrice.com< a="">>><mailto:arothschild@lewisrice.com<mailto:arothschild@lewisrice.com%3cmailto:arothschild@lewisrice.com<mailto:arothschild@lewisrice.com< a="">>>>>; Berra, Thomas P., Jr. <tberra@lewisrice.com<mailto:tberra@lewisrice.com< a="">>><mailto:tberra@lewisrice.com<mailto:tberra@lewisrice.com%3cmailto:tberra@lewisrice.com<mailto:tberra@lewisrice.com< a="">>>>; Hickey, Michael J. <MHickey@lewisrice.com<mailto:MHickey@lewisrice.com< a="">>><mailto:MHickey@lewisrice.com<mailto:MHickey@lewisrice.com%3cmailto:MHickey@lewisrice.com<mailto:MHickey@lewisrice.com< a="">>>>; James E. Crowe, III <jcrowe@dowdbennett.com<mailto:jcrowe@dowdbennett.com< a="">>><mailto:jcrowe@dowdbennett.com<mailto:jcrowe@dowdbennett.com%3cmailto:jcrowe@dowdbennett.com<mailto:jcrowe@dowdbennett.com< a="">>>>>; 'Edward L. Dowd Jr. (edowd@dowdbennett.com<mailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com%3cmailto:edowd@dowdbennett.com%3e%3cmailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com< a="">>>>)' <edowd@dowdbennett.com<mailto:edowd@dowdbennett.com< a="">>><mailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com%3cmailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com< a="">>>>>; 'Terrence J. O'Toole (tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com%3cmailto:tjotoole@dowdbennett.com%3e%3cmailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com< a="">>>>)' <tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com< a="">>><mailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com%3cmailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com< a="">>>>>;

mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com%3cmailto:mkasowitz@kasowitz.com%3e%3cmailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com<a="">>>>>; Joshua Greenblatt (JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com%3cmailto:JGreenblatt@kasowitz.com%3e%3cmailto:JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com<a="">>>>) <JGreenblatt@kasowitz.com<a="">>><mailto:JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com%3cmailto:JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com<a="">>>>><mailto:JGreenblatt@kasowitz.com>>; Leonard A. Feiwus (LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com%3cmailto:LFeiwus@kasowitz.com%3e%3cmailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com<a="">>>>) <LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com<a="">>><mailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com%3cmailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com<a="">>>>><mailto:LFeiwus@kasowitz.com>>; mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com%3cmailto:mkasowitz@kasowitz.com%3e%3cmailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com<a="">>>>; Thornton, Patrick J. <pthornton@lewisrice.com<mailto:pthornton@lewisrice.com<a="">>><mailto:pthornton@lewisrice.com<mailto:pthornton@lewisrice.com%3cmailto:pthornton@lewisrice.com<mailto:pthornton@lewisrice.com<a="">>>>><mailto:pthornton@lewisrice.com>>

Cc: Beth Wilkins Flieger <bwilkins@uselaws.com<mailto:bwilkins@uselaws.com<a="">>><mailto:bwilkins@uselaws.com<mailto:bwilkins@uselaws.com%3cmailto:bwilkins@uselaws.com<mailto:bwilkins@uselaws.com<a="">>>>><mailto:bwilkins@uselaws.com>>; Aaron Schwartz <ASchwartz@uselaws.com<mailto:ASchwartz@uselaws.com<a="">>><mailto:ASchwartz@uselaws.com<mailto:ASchwartz@uselaws.com%3cmailto:ASchwartz@uselaws.com<mailto:ASchwartz@uselaws.com<a="">>>>><mailto:ASchwartz@uselaws.com>>; Kristine Kraft <kkraft@uselaws.com<mailto:kkraft@uselaws.com<a="">>><mailto:kkraft@uselaws.com<mailto:kkraft@uselaws.com%3cmailto:kkraft@uselaws.com<mailto:kkraft@uselaws.com<a="">>>>><mailto:kkraft@uselaws.com>>; Elizabeth Carroll <ECarroll@uselaws.com<mailto:ECarroll@uselaws.com<a="">>><mailto:ECarroll@uselaws.com<mailto:ECarroll@uselaws.com%3cmailto:ECarroll@uselaws.com<mailto:ECarroll@uselaws.com<a="">>>>><mailto:ECarroll@uselaws.com>>

Subject: RE: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th Request for Production

Tara, as we discussed on the call today, we had expected that call to be a conference about issues related to Doe Run's production of documents responsive to the Sixth Requests, which is how I described it in my email requesting the phone conference. As we told you, we did not expect today's call to be the meet and confer related to Requests 9, 12 and 13 called for by the Court's order. Counsel for Renco and Mr. Rennert were necessary to that meet and confer and were not on our call today. They were, as you know, occupied for a good part of the day with Mr. Rennert's deposition.

On today's call, you asked that Patrick and I relay to Renco's counsel your request for an immediate response on the time for the meet and confer. We have done so, and by your email you have done so as well. I anticipate that you will be hearing from Renco's counsel on that subject promptly.

<http://www.lewisrice.com/<http://www.lewisrice.com/><http://www.lewisrice.com/<http://www.lewisrice.com/>><http://www.lewisrice.com/<http://www.lewisrice.com/><http://www.lewisrice.com/<http://www.lewisrice.com/>>>>

Richard A. Ahrens
rahrens@lewisrice.com<mailto:rahrens@lewisrice.com<mailto:rahrens@lewisrice.com%3cmailto:rahrens@lewisrice.com%3e%3cmailto:rahrens@lewisrice.com<mailto:rahrens@lewisrice.com<a="">>>>>

600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101-1311
314.444.7719 (direct)
314.612.7719 (fax)
www.lewisrice.com<http://www.lewisrice.com><http://www.lewisrice.com<http://www.lewisrice.com>><http://www.lewisrice.com<http://www.lewisrice.com>><http://www.lewisrice.com<http://www.lewisrice.com><http://www.lewisrice.com<http://www.lewisrice.com><http://www.lewisrice.com<http://www.lewisrice.com>>>>

From: Tara Rocque [mailto:TRocque@uselaws.com]
Sent: Wednesday, September 13, 2017 4:02 PM
To: Kristine Kraft <kkraft@uselaws.com<mailto:kkraft@uselaws.com< a="">>><mailto:kkraft@uselaws.com<mailto:kkraft@uselaws.com%3cmailto:kkraft@uselaws.com<mailto:kkraft@uselaws.com< a="">>>>><mailto:kkraft@uselaws.com< a="">>>>>; Rothschild, Andrew <arothschild@lewisrice.com<mailto:arothschild@lewisrice.com< a="">>><mailto:arothschild@lewisrice.com<mailto:arothschild@lewisrice.com%3cmailto:arothschild@lewisrice.com<mailto:arothschild@lewisrice.com< a="">>>>><mailto:arothschild@lewisrice.com>>; Ahrens, Richard A. <rahrens@lewisrice.com<mailto:rahrens@lewisrice.com< a="">>><mailto:rahrens@lewisrice.com<mailto:rahrens@lewisrice.com%3cmailto:rahrens@lewisrice.com<mailto:rahrens@lewisrice.com< a="">>>>><mailto:rahrens@lewisrice.com>>; Berra, Thomas P., Jr. <tberra@lewisrice.com<mailto:tberra@lewisrice.com< a="">>><mailto:tberra@lewisrice.com<mailto:tberra@lewisrice.com%3cmailto:tberra@lewisrice.com<mailto:tberra@lewisrice.com< a="">>>>><mailto:tberra@lewisrice.com>>; Hickey, Michael J. <MHickey@lewisrice.com<mailto:MHickey@lewisrice.com< a="">>><mailto:MHickey@lewisrice.com<mailto:MHickey@lewisrice.com%3cmailto:MHickey@lewisrice.com<mailto:MHickey@lewisrice.com< a="">>>>><mailto:MHickey@lewisrice.com>>; James E. Crowe, III <jcrowe@dowdbennett.com<mailto:jcrowe@dowdbennett.com< a="">>><mailto:jcrowe@dowdbennett.com<mailto:jcrowe@dowdbennett.com%3cmailto:jcrowe@dowdbennett.com<mailto:jcrowe@dowdbennett.com< a="">>>>><mailto:jcrowe@dowdbennett.com>>; 'Edward L. Dowd Jr. (edowd@dowdbennett.com<mailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com%3cmailto:edowd@dowdbennett.com%3e%3cmailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com< a="">>>>)' <edowd@dowdbennett.com<mailto:edowd@dowdbennett.com< a="">>><mailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com%3cmailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com< a="">>>>><mailto:edowd@dowdbennett.com>>; 'Terrence J. O'Toole (tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com%3cmailto:tjotoole@dowdbennett.com%3e%3cmailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com< a="">>>>)' <tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com< a="">>><mailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com%3cmailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com< a="">>>>><mailto:tjotoole@dowdbennett.com>>; mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com%3cmailto:mkasowitz@kasowitz.com%3e%3cmailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com< a="">>>>; Joshua Greenblatt (JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com%3cmailto:JGreenblatt@kasowitz.com%3e%3cmailto:JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com< a="">>>>) <JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com< a="">>><mailto:JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com%3cmailto:JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com< a="">>>>><mailto:JGreenblatt@kasowitz.com>>; Leonard A.

17

Feiwus
(LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com%3cmailto:LFeiwus@kasowitz.com%3e%3cmailto:LFeiwus@kasowitz.com< a="">>>>)
<LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com<
a="">>><mailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com%3cmailto:LFeiwus@kasowitz.com<
mailto:LFeiwus@kasowitz.com< a="">>>><mailto:LFeiwus@kasowitz.com>>;
mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com%3cmailto:mkasowitz@kasowitz.com%3e%3cmailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com<
a="">>>>; Thornton, Patrick J. <pthornton@lewisrice.com<mailto:pthornton@lewisrice.com<
a="">>><mailto:pthornton@lewisrice.com<mailto:pthornton@lewisrice.com%3cmailto:pthornton@lewisrice.com<mailto:pthornton@lewisrice.com< a="">>>><mailto:pthornton@lewisrice.com>>
Cc: Beth Wilkins Flieger <bwilkins@uselaws.com<mailto:bwilkins@uselaws.com<
a="">>><mailto:bwilkins@uselaws.com<mailto:bwilkins@uselaws.com%3cmailto:bwilkins@uselaws.com<mailto:bwilkins@uselaws.com< a="">>>><mailto:bwilkins@uselaws.com>>; Aaron Schwartz
<ASchwartz@uselaws.com<mailto:ASchwartz@uselaws.com<
a="">>><mailto:ASchwartz@uselaws.com<mailto:ASchwartz@uselaws.com%3cmailto:ASchwartz@uselaws.com<mailto:ASchwartz@uselaws.com< a="">>>><mailto:ASchwartz@uselaws.com>>; Kristine Kraft
<kkraft@uselaws.com<mailto:kkraft@uselaws.com<
a="">>><mailto:kkraft@uselaws.com<mailto:kkraft@uselaws.com%3cmailto:kkraft@uselaws.com<mailto:kkraft@uselaws.com< a="">>>><mailto:kkraft@uselaws.com>>; Elizabeth Carroll
<ECarroll@uselaws.com<mailto:ECarroll@uselaws.com<
a="">>><mailto:ECarroll@uselaws.com<mailto:ECarroll@uselaws.com%3cmailto:ECarroll@uselaws.com<mailto:ECarroll@uselaws.com< a="">>>><mailto:ECarroll@uselaws.com>>
Subject: RE: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th Request for Production

Gentlemen,

We have now made 3 attempts to meet and confer with you regarding the scope of Requests 9(d), 9(e), 12, and 13 of Plaintiffs' 6th Set of Document Requests in response to the Court's Order. You will recall that our first attempt was made on August 31. You have not responded to any of our requests to confer on these matters.

Given your insistence that counsel for all defendants be involved in every discovery conference throughout the history of this case, we fully anticipated that Renco's counsel would be involved in the call today. We were surprised when only DRRC's counsel attended, and then refused to discuss these Requests. Regardless, since you have not made any attempt to meet and confer on these requests, we will expect full production of responsive documents to all requests within the 30 day time period set forth in the Court's August 29th Order.

Regards,
Tara Rocque

Tara A. Rocque, Esq.
Schlichter Bogard & Denton, LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Tel: 314-621-6115 / Fax: 314-621-1365
http://www.uselaws.com<http://www.uselaws.com><http://www.uselaws.com<http://www.uselaws.com>><http://www.uselaws.com/<http://www.uselaws.com/><http://www.uselaws.com/<http://www.uselaws.com/><http://www.uselaws.com<http://www.uselaws.com>>>>

This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.

From: Kristine Kraft
Sent: Thursday, August 31, 2017 2:02 PM
To: Tara Rocque; Rothschild, Andrew; Ahrens, Richard A.; Berra, Thomas P., Jr.; Michael J. Hickey (MHickey@lewisrice.com<mailto:MHickey@lewisrice.com<mailto:MHickey@lewisrice.com%3cmailto:MHickey@lewisrice.com%3e%3cmailto:MHickey@lewisrice.com<mailto:MHickey@lewisrice.com< a="">>>>); James E. Crowe, III; 'Edward L. Dowd Jr. (edowd@dowdbennett.com<mailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com%3cmailto:edowd@dowdbennett.com%3e%3cmailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com< a="">>>>)'; 'Terrence J. O'Toole (tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com%3cmailto:tjotoole@dowdbennett.com%3e%3cmailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com< a="">>>)'; mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com%3cmailto:mkasowitz@kasowitz.com%3e%3cmailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com< a="">>>>; Joshua Greenblatt (JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com%3cmailto:JGreenblatt@kasowitz.com%3e%3cmailto:JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com< a="">>>>); Leonard A. Feiwus (LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com%3cmailto:LFeiwus@kasowitz.com%3e%3cmailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com< a="">>>>); mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com%3cmailto:mkasowitz@kasowitz.com%3e%3cmailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com< a="">>>>
Cc: Erin Dust; Beth Wilkins Flieger; Aaron Schwartz
Subject: RE: AOA v. Doe Run:, et al - - Meet and Confer on Order regarding 6th REquest for Production


Dear Counsel:

Pursuant to the Court's Order entered on the 29th to meet and confer on certain requests, please advise us of your availablity on Tuesday, September 5th or Wednesday, September 6th.

Kristine K. Kraft, Partner
Schlichter, Bogard & Denton, LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115 314-621-1365 (fax)
kkraft@uselaws.com<mailto:kkraft@uselaws.com<mailto:kkraft@uselaws.com%3e%3cmailto:kkraft@uselaws.com<mailto:kkraft@uselaws.com< a="">>>>
http://www.uselaws.com<http://www.uselaws.com><http://www.uselaws.com<http://www.uselaws.com>><http://www.uselaws.com/<http://www.uselaws.com/><http://www.uselaws.com/<http://www.uselaws.com/><http://www.uselaws.com<http://www.uselaws.com>>>>

Visit our
Website<http://www.druginjuryinformation.com/<http://www.druginjuryinformation.com/><http://www.druginjuryinformation.com/<http://www.druginjuryinformation.com/><http://www.druginjuryinformation.com/%3chttp:/www.druginjuryinformation.com/<http://www.druginjuryinformation.com/%3chttp:/www.druginjuryinformation.com/>>>>

19

This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.

---

From: Tara Rocque
Sent: Thursday, June 22, 2017 10:41 AM
To: Rothschild, Andrew; Ahrens, Richard A.; Berra, Thomas P., Jr.; Michael J. Hickey (MHickey@lewisrice.com<mailto:MHickey@lewisrice.com<mailto:MHickey@lewisrice.com%3cmailto:MHickey@lewisrice.com%3e%3cmailto:MHickey@lewisrice.com<mailto:MHickey@lewisrice.com< a="">>>>); James E. Crowe, III; 'Edward L. Dowd Jr. (edowd@dowdbennett.com<mailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com%3cmailto:edowd@dowdbennett.com%3e%3cmailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com< a="">>>>)'; 'Terrence J. O'Toole (tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com%3cmailto:tjotoole@dowdbennett.com%3e%3cmailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com< a="">>>>)'; mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com%3cmailto:mkasowitz@kasowitz.com%3e%3cmailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com< a="">>>>; Joshua Greenblatt (JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com%3cmailto:JGreenblatt@kasowitz.com%3e%3cmailto:JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com< a="">>>>); Leonard A. Feiwus (LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com%3cmailto:LFeiwus@kasowitz.com%3e%3cmailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com< a="">>>>); mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com%3cmailto:mkasowitz@kasowitz.com%3e%3cmailto:mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com< a="">>>>
Cc: Erin Dust; Kristine Kraft; Beth Wilkins Flieger; Aaron Schwartz
Subject: RE: AOA v. Doe Run: 6th Request for Production of Documents


Good morning, gentlemen. I'm going to give this one more go.

I ask that you please respond to my below meet and confer requests, and let me know your availability to discuss your responses to our Sixth Request for Production of Documents and to follow up on the items Plaintiffs identified as missing from your previous productions.

Aside from a stated openness to meet and confer regarding Request No. 5, which seeks specific year-end financial statements, Defendants objected across the board to our recently issued document requests. If we cannot reach an agreement on these issues, Plaintiffs will be forced to file a Motion to Compel. Accordingly, I again ask that you let me know your ability to meet and confer.

As stated in my earlier email, I ask that you make someone from your legal team available to discuss these issues no later than today.

Thank you,
Tara Rocque

Tara A. Rocque, Esq.
Schlichter Bogard & Denton, LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Tel: 314-621-6115 / Fax: 314-621-1365
http://www.uselaws.com<http://www.uselaws.com><http://www.uselaws.com<http://www.uselaws.com>><http://www.uselaws.com/<http://www.uselaws.com/><http://www.uselaws.com/<http://www.uselaws.com/><http://www.uselaws.com<http://www.uselaws.com>>>>

This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.

---

From: Tara Rocque
Sent: Tuesday, June 20, 2017 3:52 PM
To: 'Rothschild, Andrew'; 'Ahrens, Richard A.'; 'Berra, Thomas P., Jr.'; Michael J. Hickey (MHickey@lewisrice.com<mailto:MHickey@lewisrice.com<mailto:MHickey@lewisrice.com%3cmailto:MHickey@lewisrice.com%3e%3cmailto:MHickey@lewisrice.com<mailto:MHickey@lewisrice.com< a="">>>>); 'James E. Crowe, III'; 'Edward L. Dowd Jr. (edowd@dowdbennett.com<mailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com%3cmailto:edowd@dowdbennett.com%3e%3cmailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com< a="">>>>)'; 'Terrence J. O'Toole (tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com%3cmailto:tjotoole@dowdbennett.com%3e%3cmailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com< a="">>>>)'; 'mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com><mailto:mkasowitz@kasowitz.com><mailto:mkasowitz@kasowitz.com><mailto:mkasowitz@kasowitz.com>'; Joshua Greenblatt (JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com%3cmailto:JGreenblatt@kasowitz.com%3e%3cmailto:JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com< a="">>>>); Leonard A. Feiwus (LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com%3cmailto:LFeiwus@kasowitz.com%3e%3cmailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com< a="">>>>); 'mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com><mailto:mkasowitz@kasowitz.com><mailto:mkasowitz@kasowitz.com>'
Cc: Erin Dust; Kristine Kraft; Beth Wilkins Flieger; Aaron Schwartz
Subject: RE: AOA v. Doe Run: 6th Request for Production of Documents


Gentlemen,

I have not heard back on our request to meet and confer. I would like to speak with you Wednesday or Thursday of this week. Please let me know your availability as soon as possible.

Best Regards,
Tara Rocque

Tara A. Rocque, Esq.
Schlichter Bogard & Denton, LLP

100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Tel: 314-621-6115 / Fax: 314-621-1365
http://www.uselaws.com<http://www.uselaws.com><http://www.uselaws.com<http://www.uselaws.com>><http://www.uselaws.com/<http://www.uselaws.com/><http://www.uselaws.com/<http://www.uselaws.com/><http://www.uselaws.com<http://www.uselaws.com>>>>

This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.

_____

From: Tara Rocque
Sent: Monday, June 19, 2017 3:32 PM
To: Rothschild, Andrew; Ahrens, Richard A.; Berra, Thomas P., Jr.; Michael J. Hickey (MHickey@lewisrice.com<mailto:MHickey@lewisrice.com<mailto:MHickey@lewisrice.com%3cmailto:MHickey@lewisrice.com%3e%3cmailto:MHickey@lewisrice.com<mailto:MHickey@lewisrice.com< a="">>>>); James E. Crowe, III; 'Edward L. Dowd Jr. (edowd@dowdbennett.com<mailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com%3cmailto:edowd@dowdbennett.com%3e%3cmailto:edowd@dowdbennett.com<mailto:edowd@dowdbennett.com< a="">>>)'; 'Terrence J. O'Toole (tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com%3cmailto:tjotoole@dowdbennett.com%3e%3cmailto:tjotoole@dowdbennett.com<mailto:tjotoole@dowdbennett.com< a="">>>)'; 'mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com><mailto:mkasowitz@kasowitz.com><mailto:mkasowitz@kasowitz.com><mailto:mkasowitz@kasowitz.com>'; Joshua Greenblatt (JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com%3cmailto:JGreenblatt@kasowitz.com%3e%3cmailto:JGreenblatt@kasowitz.com<mailto:JGreenblatt@kasowitz.com< a="">>>); Leonard A. Feiwus (LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com%3cmailto:LFeiwus@kasowitz.com%3e%3cmailto:LFeiwus@kasowitz.com<mailto:LFeiwus@kasowitz.com< a="">>>); 'mkasowitz@kasowitz.com<mailto:mkasowitz@kasowitz.com><mailto:mkasowitz@kasowitz.com><mailto:mkasowitz@kasowitz.com>'
Cc: Erin Dust; Kristine Kraft; Beth Wilkins Flieger; Aaron Schwartz
Subject: AOA v. Doe Run: 6th Request for Production of Documents


Gentlemen,

I would like to schedule a time to meet and confer regarding your responses to Plaintiffs' Sixth Request for Production of Documents, as well as the items we previously identified as missing from your current production. As per your request, on June 2nd, I sent you more detailed information on some of the missing documents. However, I have yet to receive a response.

Please let me know your availability for a conference call. I would like to speak with you Wednesday or Thursday of this week.

Regards,
Tara Rocque


Tara A. Rocque, Esq.
Schlichter Bogard & Denton, LLP

100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Tel: 314-621-6115 / Fax: 314-621-1365
http://www.uselaws.com<http://www.uselaws.com><http://www.uselaws.com<http://www.uselaws.com>><http://www.uselaws.com/<http://www.uselaws.com/><http://www.uselaws.com/<http://www.uselaws.com/><http://www.uselaws.com<http://www.uselaws.com>>>>

This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.

_____

This message, including attachments, is from the law firm of Lewis Rice LLC. This message contains information that may be confidential and protected by the attorney-client or attorney work product privileges. If you are not the intended recipient, promptly delete this message and notify the sender of the delivery error by return e-mail or call us at 314-444-7600. You may not forward, print, copy, distribute, or use the information in this message if you are not the intended recipient.

_____

This message, including attachments, is from the law firm of Lewis Rice LLC. This message contains information that may be confidential and protected by the attorney-client or attorney work product privileges. If you are not the intended recipient, promptly delete this message and notify the sender of the delivery error by return e-mail or call us at 314-444-7600. You may not forward, print, copy, distribute, or use the information in this message if you are not the intended recipient.

# EXHIBIT C

**Cherry, Cheryl**

---

| | |
|---|---|
| **From:** | Kristine Kraft <kkraft@uselaws.com> |
| **Sent:** | Monday, December 30, 2019 10:28 AM |
| **To:** | Drake, Geoffrey |
| **Cc:** | Toledo, Carmen; Dillman, Lisa; Ramic, Mia; Sambataro, Andra; Berra, Thomas P., Jr.; Beth Wilkins; Reenee Gangopadhyay |
| **Subject:** | A.O.A. v. Rennert, et al. |
| **Attachments:** | Renco's Resp to 6th RFP (02115454xBFCE7).PDF |

**External Sender**
Geoff:

Please provide supplemental responses and documents to Request No. 9 within 30 days.  Thanks.

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115     314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

# EXHIBIT C-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., et al., | ) | |
| | ) | Case No.  4:11CV44 CDP |
| Plaintiffs, | ) | (CONSOLIDATED) |
| | ) | |
| v. | ) | |
| | ) | |
| DOE RUN RESOURCES CORPORATION, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSES OF DEFENDANTS THE RENCO GROUP, INC., et al. TO PLAINTIFFS'
SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS**

COME NOW Defendants, The Renco Group, Inc. ("Renco"), DR Acquisition Corp., Ira L. Rennert, Doe Run Cayman Holdings, LLC, The Ira Leon Rennert Revocable Trust, The Trusts F/B/O S. Tamara Rennert Under the Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2 and 3, The Trusts F/B/O Yonina Nechama Rennert Under the Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2 and 3, The Trusts F/B/O Ari E.Y.M. Rennert Under the Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2 and 3, The Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 4, 5, 9, 10, 11, 2002A and 2002B, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Sarah Tamara Rennert Winn, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Yonina Nechama Rennert Davidson, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Ari E.Y.M. Rennert, Roger L. Fay, Marvin M. Koenig, John A. Siegel, Jr., Dennis A. Sadlowski, John A. Binko and Michael C. Ryan (collectively, the "Defendants") and respond to Plaintiffs' Sixth Request for Production of Documents as follows:

## OBJECTIONS TO DEFINITIONS

1.      Defendants objects to defining the terms "You" or "Your" or "Renco" to refer to "all subsidiary companies . . .  as well as any partners, directors, officers, employees, servants, agents joint ventures or other representatives of the foregoing companies" as unduly burdensome and oppressive.

2.      Defendants object to the term "identify" or "identity" as overly broad, vague and ambiguous, would therefore be unduly burdensome, oppressive and inconsistent with the Federal Rules of Civil Procedure.

## OBJECTIONS TO INSTRUCTIONS

1.      Defendants object to the Instructions to the extent they impose requirements beyond those imposed by the Federal Rules of Civil Procedure or the ESI Order in this case, including the requirement that Renco identify custodians from whom information might be sought.   Defendants object to the requirement to identify specific documents as responsive to particular requests, which is inconsistent with the Federal Rules of Civil Procedure.

2.      Defendants object to the "relevant time period" as set forth in the instructions to Plaintiffs' requests as being from January 1, 1997 to the present.  On or about June 2, 2009, operations ceased at the La Oroya Complex.   In February 2010, involuntary bankruptcy proceedings were initiated against Doe Run Peru, S.R.L. in the Republic of Perú before the Instituto Nacional de Defensa de la Competencia y de la Protección de la Propiedad Intelectual (INDECOPI).  It is a matter of public record that in May 2012, Right Business S.A., a Peruvian entity, was appointed by the creditors' committee in INDECOPI as the liquidator of Doe Run Peru, S.R.L. including the La Oroya Complex, pending resolution of the bankruptcy proceedings administered by INDECOPI.  Since that time, all assets of Doe Run Peru, S.R.L. have been managed, maintained and controlled solely by liquidators appointed through the INDECOPI

2

proceedings. Any operations of the La Oroya Complex from May 2012 forward were ones undertaken by the liquidator.

3.        Defendants further object to the Instructions contained in the Plaintiffs' Sixth Request for Production of Documents, to the extent they are counter to or require more than is required under the ESI order and to the standing agreement and course of conduct between counsel for the parties.

## GENERAL OBJECTIONS

1.        Defendants object to the production of any documents that constitute attorney-client communications, work product communications and documents protected by any other privilege.

2.        This request is duplicative of prior requests for documents in this action. Plaintiffs have served six prior Requests for Production of Documents.  Each successive request has covered (in differing language) many of the same topics, such as ownership and control of the corporate defendants, certain defendants' acquisition of the entity that operated the metallurgical complex, interaction among defendants, agreements among the defendant entities, and detailed records of financial transactions of defendants.

3.        In particular, more than two and one-half years ago, in September 2014, plaintiffs served their Fourth Request for Production of Documents which sought extensive financial records of defendants in detail completely unnecessary to the preparation of this case for trial. Defendants objected to those Requests for Production of Documents and moved for a Protective Order with respect to that request.  The Motion for Protective Order was ultimately denied without prejudice as moot.  Now, as the parties work to complete discovery necessary to the choice of law issues in advance of the deadline set for that purpose, plaintiffs have renewed these

requests in even more detail, and would impose on defendants the obligation to conduct yet another detailed search of hard copy and electronic records, including voluminous accounting records.  The timing of this renewed and extensive request only adds to the burden.

4.     Under Federal Rule of Civil Procedure 26, it is incumbent upon any party serving a request for discovery to limit that discovery to matters relevant to any party's claim or defense and proportional to the needs of the case.  The party propounding discovery must take into account the importance of the issues at stake, the amount in controversy, the party's relative access to relevant information, the party's resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Review of each of these requests demonstrate that they were drafted without regard for these principles and seek to impose on defendant a disproportionate burden bearing little or no usefulness to the preparation of this case.

5.     Defendants object to the production of any non-public financial records other than pursuant to the terms of the Protective Order in place in this action.  The financial records sought in these requests seek detailed financial information, the disclosure of which could cause commercial injury to Defendants.

## OBJECTIONS TO SPECIFIC REQUESTS

**REQUEST NO. 1:**   Detailed transactional General Ledgers, downloaded and exported to Microsoft Excel, for the period September 1, 1997 through the current date for each of the following entities:

   a.     Doe Run Peru

   b.     Doe Run Mining

   c.     Doe Run Cayman

      d.      Doe Run Cayman Holdings

      e.      Doe Run Resources Corporation

      f.      DR Acquisition Corporation

      g.      The Renco Group

**RESPONSE:**  Defendants incorporate their General Objections.  Defendants also object to producing transactional general ledgers which are maintained in electronic format and which contain information related to all accounts within the company's chart of accounts and thus include a great detail of information that bears no relevance whatever to this case and much information that is highly commercially sensitive.  Defendants further object on the ground that the request is overbroad because it is not limited to transactions that might bear some relationship to matters at issue in this action.  In addition, defendants have produced or are producing annual financial statements for the entities involved, which contain information sufficient for purposes of preparation of this case for trial.  To the extent this information is sought for purposes of punitive damages, it is premature in that plaintiffs have not made a showing that a punitive damage case will be submitted to any jury that hears this case.

**REQUEST NO. 2:**  Quarterly Aged Accounts Receivable and Quarterly Aged Accounts Payable Reports, for the period September 1, 1997 through the current date for each of the following entities:

      a.      Doe Run Peru

      b.      Doe Run Mining

      c.      Doe Run Cayman

      d.      Doe Run Cayman Holdings

      e.      Doe Run Resources Corporation

      f.      DR Acquisition Corporation

      g.      The Renco Group

**RESPONSE:**  Defendants incorporates their General Objections.  Defendants also object on the ground that the Request is overbroad and unduly burdensome because Quarterly Aged Accounts Receivable and Quarterly Aged Accounts Payable Reports are detailed accounting records tracking purchase and sales transactions of the entities involved, most of which do not involve any transactions related to Doe Run Peru or to any issue in this case.  Compiling and producing 20 years of such reports would be highly burdensome, requiring the retrieval of documents from archived storage.  Production of these materials would add nothing to the preparation or defense of this case because the requested materials are irrelevant to any issue presented by this case.

**REQUEST NO. 3**:  Bank statements, cancelled checks, check stubs, wire transfer advices, deposit slips, credit and debit memos, signature cards, and opening account documents for all accounts, from September 1, 1997 through the present, for each of the following:

      a.      Trust Defendants

      b.      Doe Run Peru

      c.      Doe Run Mining

      d.      Doe Run Cayman

      e.      Doe Run Cayman Holdings

      f.      Doe Run Resources Corporation

      g.      DR Acquisition Corporation

      h.      The Renco Group

**RESPONSE:**  Defendants incorporate their General Objections.  Defendants further object on the ground that this request is overbroad and unduly burdensome, given that it seeks underlying transaction documents, most of which having nothing to do with Doe Run Peru or any issue relevant to this case , on a transaction-by-transaction basis for each of eight entities.  It would be extremely wasteful of time and resources to require Renco to compile and produce for inspection and copying the underlying records, such as deposit slips, credit and debit memos, wire transfer advices and cancelled checks, as well as bank statements, related to all of these transactions.

**REQUEST NO. 4**: Investment records, share ledgers, records of capital contributions and distributions, from September 1, 1997 through the present, for each of the following entities:

a.   Doe Run Peru

b.   Doe Run Mining

c.   Doe Run Cayman

d.   Doe Run Cayman Holdings

e.   Doe Run Resources Corporation

f.   DR Acquisition Corporation

g.   The Renco Group

**RESPONSE:**  Defendants incorporate their general objections.  Defendants also object to this request in that it is vague in terms of what is requested; it is not clear what the term "investment records" means.  In addition, Defendants further object to this request on the ground that it is overbroad and unduly burdensome because this request seeks detailed accounting of particular transactions which have no relevance to Doe Run Peru or any issue presented in this case.

**REQUEST NO. 5**: Financial statements (internal or externally prepared) for each of the following entities for the years and/or periods ending:

a.     Doe Run Peru:10/31/02, 10/31/12, 10/31/13 through the present

b.     Doe Run Mining: 10/31/98, 10/31/99, 10/31/00, 06/01/01

c.     Doe Run Cayman: 10/31/97, 10/31/01 through the present

d.     Doe Run Cayman Holdings: 1997 through the present

e.     Doe Run Resources Corporation: 10/31/98, 10/31/99, 10/31/00, 10/31/04, 10/31/11 through the present

f.     DR Acquisition Corporation: 1997 through the present

g.     The Renco Group: 1997 through the present

**RESPONSE:**  Defendants incorporate their general objections.  Defendants object that, to the extent this request seeks information relevant to punitive damages, it is premature in that Plaintiffs have not made a submissible case with respect to punitive damages.  It is also far more extensive in terms of time than anything required for punitive damages, and goes far beyond the scope of punitive damage discovery that have been allowed in prior cases.  Defendants further object to Plaintiffs' requests for financial statements of Doe Run Peru from 2012 forward, during which period of time Doe Run Peru has been controlled and operated by various liquidators appointed in the INDECOPI proceedings.  Subject to the foregoing objection, Defendants are prepared to meet and confer with Plaintiffs regarding the appropriate scope of financial discovery, commensurate with the needs of this action.  Any discovery of non-public financial information should be subject to the terms of the existing protective order, by reason of the commercially sensitive nature of the information sought.

**REQUEST NO. 6**: Complete tax returns, including any and all supporting statements and schedules, (including, but not limited to, Forms 1120, 1120S, 1065, 1040, 1041, Schedule K-1s, state tax returns, and Peruvian tax returns) for the tax years 1997 through 2015 for each of the following:

      a.       Trust Defendants

      b.       Doe Run Peru

      c.       Doe Run Mining

      d.       Doe Run Cayman

      e.       Doe Run Cayman Holdings

      f.       Doe Run Resources Corporation

      g.       DR Acquisition Corporation

      h.       The Renco Group

**RESPONSE:**  Defendants incorporate their general objections.  Defendants further object on the ground that tax information is not relevant to any issue in this case. Defendants further object on the ground that production of the tax return information would be invasive of the entities involved and unduly burdensome. To the extent financial information related to the entities listed and not already produced might be relevant, Plaintiffs have previously received such information, or will receive such information as described in Defendants' response to Request 5.

**REQUEST NO. 7**: Listing of any and all corporate credit card accounts and copies of all monthly, quarterly, annual, or periodic statements, from September 1, 1997 through the present, for each of the following entities:

      a.       Doe Run Peru

b.      Doe Run Mining

c.      Doe Run Cayman

d.      Doe Run Cayman Holdings

e.      Doe Run Resources Corporation

f.      DR Acquisition Corporation

g.      The Renco Group

**RESPONSE:** Defendants incorporate their general objections.  Defendants also object to this request on the ground that it is not in any way proportional to the needs of discovery in this case.  Defendants further object that the request is irrelevant, overbroad and unduly burdensome.  Requiring the assembly, compilation of the monthly statements on all company credit card accounts for purposes of business expenses would impose a burden wholly disproportionate to any needs in this case, particularly when in response to earlier document requests served by plaintiffs, Renco has already reviewed and produced any available company credit card account statements that reflect expenses associated with travel by any Renco employee to Peru.

**REQUEST NO. 8**: Corporate formation and dissolution documents, including, but not limited to, articles of incorporation, certificates of formation, limited liability company agreements, operating agreements, bylaws, and certificates of dissolution, from September 1, 1997 through the present, for each of the following entities:

a.      Doe Run Peru

b.      Doe Run Mining

c.      Doe Run Cayman

d.      Doe Run Cayman Holdings

10

    e.       Doe Run Resources Corporation

    f.       DR Acquisition Corporation

    g.      The Renco Group

**RESPONSE:** Defendants incorporate their general objections.  Defendants also object that would be unduly burdensome to require Defendants to compile these documents, many of which are publicly available through the offices of the various Secretaries of State and other public offices for the jurisdictions in which the entities are incorporated. Defendants further object to this request on the ground that the time frame is overly broad in relation to the needs of this case.  Defendants also object to the request on the ground that it is duplicative of prior requests and is therefore cumulative and unduly burdensome.

**REQUEST NO. 9**: Produce documents showing the income, expenses, assets, and liabilities, for Ira Rennert September 1, 1997 to the present, including, but not limited to:

    a.       Copies of monthly, quarterly, or other periodic statements for any domestic or foreign bank, brokerage, or other financial account, regardless of how such account is titled, over which Ira Rennert had signatory authority or other such control;

    b.       Copies of any and all financial statements, including, but not limited to, financial statements provided to banks or other lending institutions;

    c.       Copies of federal income tax returns, including any and all supporting statements and schedules, (including, but not limited to, Forms 1040, 1041, Schedule K-1s, and state tax returns);

    d.       Listing of any and all personal credit card accounts and copies of all monthly, quarterly, annual, or periodic statements, regardless of how such account is titled,

11

over which Ira Rennert had control, including the directing of payments on account; and

e. Copies of journals, books, statements of net worth, or other documents reflecting, stating, or identifying assets which Ira Rennert possesses or controls directly or through other persons, trusts, entities, or nominees.

**RESPONSE:** Defendants incorporate their general objections. Defendants also object to this request on the grounds that it is overly broad and not proportional to the needs of the case. Defendants also object on the ground that the request is unduly invasive of the privacy interests of Mr. Rennert, as well as individuals and entities not relevant to this case and is therefore overbroad and unduly burdensome. To the extent the request seeks information required for punitive damages, it is far broader than discovery on this subject that has been allowed by applicable case law. Defendants further object to this request on the ground that the time frame for this request is far longer than any that is reasonably necessary to any adjudication of issues related to punitive damages. Defendants also object that the request is premature in that no demonstration has been made that Plaintiffs will make a submissible case pertaining to damages.

**REQUEST NO. 10**: Produce one copy of each trust agreement, including all amendments, of any trust that presently owns, or at any time from September 1, 1997 to the present owned, any interest in one or more Corporate Defendants or Doe Run Peru (collectively "Trusts," and individually "Trust"), a list of the beneficiaries of each Trust, and the relationship, if any, each beneficiary has to Ira Rennert.

**RESPONSE:** Defendants incorporate their general objections. Defendants further object to this request on the ground that the identity of all the grantors and beneficiaries

12

of any of the trusts referred to are not facts that are relevant to any issue in this case.  The request for such information is intrusive of their privacy and unduly burdensome.

**REQUEST  NO.  11**: Produce one copy of each monthly, quarterly, annual, or other periodic financial document prepared by or on behalf of any trustee of a Trust from September 1, 1997 to the present.

> **RESPONSE:**   Defendants  incorporate  their  general  objections.   Defendants  further object on the grounds that the request is irrelevant, overbroad and unduly burdensome because the documents sought are not proportionate to the needs for any issue in this case and the request is unduly invasive of the privacy of the individual trust beneficiaries.

**REQUEST NO. 12**: From September 1, 1997 to the present, produce all records of transfers of funds — whether by wire transfer, electronic funds transfer, check, negotiable order of withdrawal, or otherwise — from a Corporate Defendant, Doe Run Peru, Metaloroya, Doe Run Mining, or Doe Run Cayman, directly or indirectly, to or for the benefit of:

a.    Ira Rennert;

b.    a Trust Defendant;

c.    a Corporate Defendant, Doe Run Peru, Metaloroya, Doe Run Mining, or Doe Run Cayman;

d.    Blue Turtles, Inc. or Renco Holdings, Inc.;

e.    any person owning a direct or indirect interest (through a chain of entities or as beneficiary of a trust, for example) in a Corporate Defendant or Doe Run Peru; or

f.    any person who has one of Ira Rennert's parents as an ancestor or who are or were married to someone who had one of Ira Rennert's parents as an ancestor, any

13

entity owned in whole or part by such individual, and any trust of which such individual is a beneficiary or trustee.

In the case of such transfer of funds, produce the documentation underlying the transfer, whether it be a contract for services or goods, use of property, loan, distribution, capital contribution, gift, or otherwise. In the case of a loan, produce the note or other evidence of indebtedness, whether documented or maintained in an electronic record, including all records of payment, deferrals, interest rate, and due date.[1]

**RESPONSE:**  Defendants incorporate their general objections.  Defendants also object on the ground that this request is not proportionate to the needs of this case because it seeks detailed information about financial transactions, many of which have no relevance at all to Doe Run Peru or to any issue framed in this case.  Defendants also object on the ground that the request is unduly intrusive on the financial privacy of the entities and individuals involved and therefore is unduly burdensome and not reasonably calculated to lead to admissible evidence.  Defendants further object to the request on the ground that it is duplicative of prior requests and is therefore cumulative and unduly burdensome.

**REQUEST NO. 13**: From September 1, 1997 to the present, produce all records of transfers of funds — whether by wire transfer, electronic funds transfer, check, negotiable order of withdrawal, or otherwise — to or for the benefit of a Corporate Defendant, Doe Run Peru, Metaloroya, Doe Run Mining, or Doe Run Cayman, directly or indirectly, by:

a.       Ira Rennert;

b.       a Trust Defendant;

---

[1]Request No. 29 from Plaintiffs' Third Request for Production of Documents previously asked for documents relating to cash flow or transfers between Doe Run Peru and a Corporate Defendant or its subsidiary. Any information previously produced in response to said request is specifically excluded.

      c.      a Corporate Defendant, Doe Run Peru, Metaloroya, Doe Run Mining, or Doe Run Cayman;

      d.      any person owning a direct or indirect interest (through a chain of entities or as beneficiary of a trust, for example) in a Corporate Defendant or Doe Run Peru; or

      e.      any person who has one of Ira Rennert's parents as an ancestor or who are or were married to someone who had one of Ira Rennert's parents as an ancestor, any entity owned in whole or part by such individual, and any trust of which such individual is a beneficiary or trustee.

In the case of such transfer of funds, produce the documentation underlying the transfer, whether it be a contract for services or goods, use of property, loan, distribution, capital contribution, gift, or otherwise. In the case of a loan, produce the note or other evidence of indebtedness, whether documented or maintained in an electronic record, including all records of payment, deferrals, interest rate, and due date.[2]

      **RESPONSE:**  Defendants incorporate their general objections.  Defendants also object on the ground that this request is not proportionate to the needs of this case because it seeks detailed information about financial transactions, many of which have no relevance at all to Doe Run Peru or to any issue framed in this case.  Defendants also object that the request is unduly intrusive on the financial privacy of the entities and individuals involved and therefore is unduly burdensome and not reasonably calculated to lead to admissible evidence.  Defendants further object to the request on the ground that it is duplicative of prior requests and is therefore cumulative and unduly burdensome.

---

[2]Request No. 29 from Plaintiffs' Third Request for Production of Documents previously asked for documents relating to cash flow or transfers between Doe Run Peru and a Corporate Defendant or its subsidiary. Any information previously produced in response to said request is specifically excluded.

**REQUEST NO. 14**:  Produce all loan agreements (including any amendments thereto) for to any debt, loan, note, debenture, indenture, lines of credit, or other payment obligation:

      a.      entered into by Doe Run Peru, Doe Run Mining, Doe Run Cayman, or Metaloroya;

      b.      guaranteed by Doe Run Peru, Doe Run Mining, Doe Run Cayman, or Metaloroya;

      c.      containing provisions requiring payments from Doe Run Peru, Doe Run Mining, Doe Run Cayman, or Metaloroya (whether to a Corporate Defendant or other party);

      d.      entered into by Ira Rennert or a Corporate Defendant to obtain funding, directly or indirectly, for Doe Run Cayman and/or its subsidiaries; or

      e.      guaranteed by Ira Rennert or a Corporate Defendant to obtain funding, directly or indirectly, for Doe Run Cayman and/or its subsidiaries.

This request specifically includes any loan arrangements intended to indirectly fund Doe Run Cayman or its subsidiaries, such as the Special Term Deposit / Back-to-Back loan.

      **RESPONSE:**  Defendants incorporate their general objections.  Defendants also object that this request is unduly burdensome in that it seeks information about extensive financial transactions far beyond what is necessary to the preparation or defense of this case as well as information that has already been produced.  Defendants further object to the request to the extent it calls for the production of privileged attorney-client communications and work product documents.

**REQUEST NO. 15**:  With respect to the loan agreements identified in Request No. **14**, produce all borrowing base certificates, loan applications, and correspondence between the lender and YOU, Doe Run Peru, Doe Run Mining, Doe Run Cayman, or Metaloroya.

**RESPONSE:**  Defendants incorporate their general objections.  This request is overly broad and unduly burdensome and seeks information about extensive financial transactions far beyond what is necessary to the preparation or defense of this case as well as information that has already been produced. Defendants further object to the request to the extent it calls for the production of privileged attorney-client communications and work product documents.

**REQUEST NO. 16**:  Produce all documents filed or otherwise presented to the court or commission, all deposition and hearing transcripts, any expert reports, and all decrees or orders — including any English translations thereof — of the insolvency proceedings initiated by Consorcio Minero S.A. ("Cormin") against Doe Run Peru on or about February 18, 2010, including, but not limited to, any and all financial statements and schedules filed in the bankruptcy and schedules of amounts due creditors.

**RESPONSE:**  Defendants incorporate their general objections.  Any insolvency proceedings of Doe Run Peru bear no relevance to any issue presented by the claims in this case, and it would be unduly burdensome to require Defendants to locate and produce any such documents.  Defendants further object to this request on the ground it is unduly burdensome to the extent that records of the insolvency proceedings referred to are as available to Defendants as to Plaintiffs.

**REQUEST NO. 17**:  Produce all minutes, transcripts, recordings, notes, or other records of creditor meetings — including any English translations thereof — in the Doe Run Peru INDECOPI bankruptcy proceedings.

**RESPONSE:**  Defendants incorporate their general objections.  The INDECOPI proceedings of Doe Run Peru bear no relevance to any issue presented by the claims in

17

this case, and it would be unduly burdensome to require Defendants to locate and produce any such documents.  Defendants further object to this request on the ground it is unduly burdensome to the extent that records of the insolvency proceedings referred to are as available to Defendants as to Plaintiffs.

Dated: June 5, 2017                                   Respectfully submitted,

                                        **DOWD BENNETT LLP**


                                        James E. Crowe, III  #50031MO
                                        jcrowe@dowdbennett.com
                                        Edward L. Dowd, Jr.  #28785MO
                                        edowd@dowdbennett.com
                                        Terrence J. O'Toole, #60446MO
                                        tjotoole@dowdbennett.com


                                        7733 Forsyth Blvd., Suite 1900
                                        St. Louis, Missouri  63105
                                        Telephone:  (314) 889-7300
                                        Facsimile: (314) 863-2111


                                        **KASOWITZ BENSON TORRES LLP**

                                        Marc E. Kasowitz (*pro hac vice*)
                                        mkasowitz@kasowitz.com
                                        Joshua Greenblatt (*pro hac vice*)
                                        jgreenblatt@kasowitz.com
                                        Leonard A. Feiwus (*pro hac vice*)
                                        lfeiwus@kasowitz.com
                                        Matthew A. Kraus (*pro hac vice*)
                                        mkraus@kasowitz.com
                                        1633 Broadway
                                        New York, New York 10019
                                        Telephone: (212) 506-1700
                                        Facsimile: (212) 506-1800

Attorneys for Defendants

The Renco Group, Inc., DR Acquisition Corp.,
Ira L. Rennert, Doe Run Cayman Holdings,
LLC, The Ira Leon Rennert Revocable Trust,
The Trusts F/B/O S. Tamara Rennert Under
the Ira Leon Rennert Grantor Retained
Annuity Trusts Nos. 1, 2 and 3, The Trusts
F/B/O Yonina Nechama Rennert Under the Ira
Leon Rennert Grantor Retained Annuity
Trusts Nos. 1, 2 and 3, The Trusts F/B/O Ari
E.Y.M. Rennert Under the Ira Leon Rennert
Grantor Retained Annuity Trusts Nos. 1, 2 and
3, The Ira Leon Rennert Grantor Retained
Annuity Trusts Nos. 4, 5, 9, 10, 11, 2002A
and 2002B, The Ira Leon Rennert 2010
Irrevocable Sub Trust F/B/O Sarah Tamara
Rennert Winn, The Ira Leon Rennert 2010
Irrevocable Sub Trust F/B/O Yonina Nechama
Rennert Davidson, The Ira Leon Rennert 2010
Irrevocable Sub Trust F/B/O Ari E.Y.M.
Rennert, Roger L. Fay, Marvin M. Koenig,
John A. Siegel, Jr., Dennis A. Sadlowski, John
A. Binko and Michael C. Ryan

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that on this 5th day of June 2017, a true and correct copy of the foregoing document was served upon counsel listed below by electronic mail addressed to the following:

          Roger C. Denton
          Kristine K. Kraft
          Elizabeth Wilkins
          Schlichter, Bogard & Denton, LLP
          100 South 4th Street, Suite 1200
          St. Louis, Missouri  63102

          Andrew Rothschild
          Richard A. Ahrens
          Thomas P. Berra, Jr.
          Michael J. Hickey
          Lewis Rice LLC
          600 Washington Avenue, Suite 2500
          St. Louis, Missouri 63101-1311

# EXHIBIT D

**Cherry, Cheryl**

| | |
|---|---|
| **From:** | Drake, Geoffrey |
| **Sent:** | Friday, January 31, 2020 1:39 PM |
| **To:** | Kristine Kraft |
| **Cc:** | Toledo, Carmen; Dillman, Lisa; Ramic, Mia; Sambataro, Andra; Berra, Thomas P., Jr.; Beth Wilkins; Reenee Gangopadhyay; Cusick, Jim; Murphy, J. Emmett; Dillman, Lisa |
| **Subject:** | RE: A.O.A. v. Rennert, et al. |

Kris,

We understand the parties have a duty to supplement discovery responses under the Federal Rules, but we have not identified any further responsive documents to RFP 9 in the requested time period.

Geoff

---

**From:** Kristine Kraft <kkraft@uselaws.com>
**Sent:** Monday, December 30, 2019 10:28 AM
**To:** Drake, Geoffrey <GDrake@KSLAW.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** A.O.A. v. Rennert, et al.

**External Sender**
Geoff:

Please provide supplemental responses and documents to Request No. 9 within 30 days.  Thanks.

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115     314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

# EXHIBIT E

**Cherry, Cheryl**

| | |
|---|---|
| **From:** | Kristine Kraft <kkraft@uselaws.com> |
| **Sent:** | Wednesday, February 5, 2020 9:46 AM |
| **To:** | Drake, Geoffrey |
| **Cc:** | Toledo, Carmen; Dillman, Lisa; Ramic, Mia; Sambataro, Andra; Berra, Thomas P., Jr.; Beth Wilkins; Reenee Gangopadhyay; Cusick, Jim; Murphy, J. Emmett; Dillman, Lisa |
| **Subject:** | RE: A.O.A. v. Rennert, et al. |

**\*\*External Sender\*\***
Geoff:

Defendants last produced documents in response to Request No. 9  in early 2018.   This Request seeks a variety of financial related information pertaining to Mr. Rennert's assets and liabilities and it doesn't seem to be practical that his financial position has remained idle for this length of time and/or  that no financial related documents responsive to this request have been created since 2018.

For instance, are there periodic statements for financial accounts over which Mr. Rennert either has signatory authority or control that are dated since early 2018? (subpart a of Request No. 9). This certainly seems to be the case.  In addition, with respect to subpart e of Request No. 9, all documents identifying Mr. Rennert's assets are responsive and we have not received these documents. His net worth is discoverable and we believe is ascertainable from one or more documents, despite the  responsive given in 2018. These are only examples of responsive documents that we expect to be produced by way of supplementing your responses.  We encourage you to re-visit this issue with your client and provide the responsive documents.

In addition, I would like to set a meet and confer as soon as practical.  Can you discuss tomorrow the 6th prior to 1:00 Central?

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115    314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

**From:** Drake, Geoffrey <GDrake@KSLAW.com>
**Sent:** Friday, January 31, 2020 12:39 PM
**To:** Kristine Kraft <kkraft@uselaws.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Dillman, Lisa <LDillman@KSLAW.com>
**Subject:** RE: A.O.A. v. Rennert, et al.

Kris,

We understand the parties have a duty to supplement discovery responses under the Federal Rules, but we have not identified any further responsive documents to RFP 9 in the requested time period.

Geoff

---

**From:** Kristine Kraft <kkraft@uselaws.com>
**Sent:** Monday, December 30, 2019 10:28 AM
**To:** Drake, Geoffrey <GDrake@KSLAW.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** A.O.A. v. Rennert, et al.

**External Sender**
Geoff:

Please provide supplemental responses and documents to Request No. 9 within 30 days.  Thanks.

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115     314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

# EXHIBIT F

**Cherry, Cheryl**

| | |
|---|---|
| **From:** | Kristine Kraft <kkraft@uselaws.com> |
| **Sent:** | Wednesday, February 5, 2020 10:26 AM |
| **To:** | Drake, Geoffrey |
| **Cc:** | Toledo, Carmen; Dillman, Lisa; Ramic, Mia; Sambataro, Andra; Berra, Thomas P., Jr.; Beth Wilkins; Reenee Gangopadhyay; Cusick, Jim; Murphy, J. Emmett; Dillman, Lisa; Beth Wilkins; Reenee Gangopadhyay |
| **Subject:** | RE: A.O.A. v. Rennert, et al.  - Supplementation to 6th RTP |

**External Sender**
In addition, as to Request No. 9 of the 6th Request, we were not provided Mr. Rennert's tax returns for the following years and we request you supplement the production next week with these returns:

1997, 1998, 2000, 2002, 2003, 2004.

Thanks.

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115     314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

---

**From:** Kristine Kraft
**Sent:** Wednesday, February 5, 2020 8:46 AM
**To:** Drake, Geoffrey <GDrake@KSLAW.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Dillman, Lisa <LDillman@KSLAW.com>
**Subject:** RE: A.O.A. v. Rennert, et al.

Geoff:

Defendants last produced documents in response to Request No. 9  in early 2018.   This Request seeks a variety of financial related information pertaining to Mr. Rennert's assets and liabilities and it doesn't seem to be practical that his financial position has remained idle for this length of time and/or  that no financial related documents responsive to this request have been created since 2018.

For instance, are there periodic statements for financial accounts over which Mr. Rennert either has signatory authority or control that are dated since early 2018? (subpart a of Request No. 9). This certainly seems to be the case.  In addition, with respect to subpart e of Request No. 9, all documents identifying Mr. Rennert's assets are responsive and we have not received these documents. His net worth is discoverable and we believe is ascertainable from one or more

1

documents, despite the  responsive given in 2018. These are only examples of responsive documents that we expect to be produced by way of supplementing your responses.  We encourage you to re-visit this issue with your client and provide the responsive documents.

In addition, I would like to set a meet and confer as soon as practical.  Can you discuss tomorrow the 6th prior to 1:00 Central?

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115     314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

**From:** Drake, Geoffrey <GDrake@KSLAW.com>
**Sent:** Friday, January 31, 2020 12:39 PM
**To:** Kristine Kraft <kkraft@uselaws.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Dillman, Lisa <LDillman@KSLAW.com>
**Subject:** RE: A.O.A. v. Rennert, et al.

Kris,

We understand the parties have a duty to supplement discovery responses under the Federal Rules, but we have not identified any further responsive documents to RFP 9 in the requested time period.

Geoff

**From:** Kristine Kraft <kkraft@uselaws.com>
**Sent:** Monday, December 30, 2019 10:28 AM
**To:** Drake, Geoffrey <GDrake@KSLAW.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** A.O.A. v. Rennert, et al.

**External Sender**
Geoff:

Please provide supplemental responses and documents to Request No. 9 within 30 days.  Thanks.

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200

St. Louis, MO 63102
314-621-6115     314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

# EXHIBIT G

**Cherry, Cheryl**

| | |
|---|---|
| **From:** | Drake, Geoffrey |
| **Sent:** | Wednesday, February 12, 2020 3:00 PM |
| **To:** | Kristine Kraft |
| **Cc:** | Toledo, Carmen; Dillman, Lisa; Ramic, Mia; Sambataro, Andra; Berra, Thomas P., Jr.; Beth Wilkins; Reenee Gangopadhyay; Cusick, Jim; Murphy, J. Emmett; Beth Wilkins; Dillman, Lisa; Beth Wilkins; Reenee Gangopadhyay |
| **Subject:** | RE: A.O.A. v. Rennert, et al.  - Supplementation to 6th RTP |

Kris,

Given the new information you relayed to us on our call, we will provide you our written position on Friday.  We are working in good faith on understanding the issues you have raised and meeting our discovery obligations.

Geoff

**From:** Kristine Kraft <kkraft@uselaws.com>
**Sent:** Monday, February 10, 2020 2:28 PM
**To:** Drake, Geoffrey <GDrake@KSLAW.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Beth Wilkins <bwilkins@uselaws.com>; Dillman, Lisa <LDillman@KSLAW.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** RE: A.O.A. v. Rennert, et al. - Supplementation to 6th RTP

**External Sender**
Yes  1:00 central?

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115     314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

**From:** Drake, Geoffrey <GDrake@KSLAW.com>
**Sent:** Monday, February 10, 2020 12:58 PM
**To:** Kristine Kraft <kkraft@uselaws.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay

1

<rgangopadhyay@uselaws.com>); Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Beth Wilkins <bwilkins@uselaws.com>; Dillman, Lisa <LDillman@KSLAW.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** RE: A.O.A. v. Rennert, et al. - Supplementation to 6th RTP

Kris,

Do you have availability Wednesday afternoon to discuss the issues you have raised?

Thanks,
Geoff

---

**From:** Drake, Geoffrey
**Sent:** Thursday, February 6, 2020 3:59 PM
**To:** Kristine Kraft <kkraft@uselaws.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Beth Wilkins <bwilkins@uselaws.com>; Dillman, Lisa <LDillman@KSLAW.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** RE: A.O.A. v. Rennert, et al. - Supplementation to 6th RTP

Kris,

I received your three emails on this topic since yesterday morning, as well as your voicemail.  I am sorry I missed your call, as I have been out of the office (and I also thought you and your colleagues were tied up this week given we had to postpone the Libicki deposition originally scheduled for this week).  I thought I had responded completely to your original email of December 31, but now it appears you are raising several different issues entirely.  So we are looking into the issues you raised yesterday and will circle back with you next week so that we may discuss.

Thanks,
Geoff

---

**From:** Kristine Kraft <kkraft@uselaws.com>
**Sent:** Thursday, February 6, 2020 1:52 PM
**To:** Drake, Geoffrey <GDrake@KSLAW.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Beth Wilkins <bwilkins@uselaws.com>; Dillman, Lisa <LDillman@KSLAW.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** RE: A.O.A. v. Rennert, et al. - Supplementation to 6th RTP

**External Sender**
Geoff:

I'm following up on this email and my voicemail today.   We request that your client supplement the responses to Request No. 9 immediately.  There are responsive documents that were not originally produced (according to our records) and only as examples, it is impractical to claim that there are no responsive documents since early 2018 or that are no documents reflecting Mr. Rennert's assets.

Please let me know when you can discuss these matters very soon.

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115    314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

---

**From:** Kristine Kraft
**Sent:** Wednesday, February 5, 2020 9:26 AM
**To:** Drake, Geoffrey <GDrake@KSLAW.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Dillman, Lisa <LDillman@KSLAW.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** RE: A.O.A. v. Rennert, et al. - Supplementation to 6th RTP

In addition, as to Request No. 9 of the 6th Request, we were not provided Mr. Rennert's tax returns for the following years and we request you supplement the production next week with these returns:

1997, 1998, 2000, 2002, 2003, 2004.

Thanks.

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115    314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

---

**From:** Kristine Kraft
**Sent:** Wednesday, February 5, 2020 8:46 AM
**To:** Drake, Geoffrey <GDrake@KSLAW.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>;

Dillman, Lisa <LDillman@KSLAW.com>
**Subject:** RE: A.O.A. v. Rennert, et al.

Geoff:

Defendants last produced documents in response to Request No. 9 in early 2018.   This Request seeks a variety of financial related information pertaining to Mr. Rennert's assets and liabilities and it doesn't seem to be practical that his financial position has remained idle for this length of time and/or that no financial related documents responsive to this request have been created since 2018.

For instance, are there periodic statements for financial accounts over which Mr. Rennert either has signatory authority or control that are dated since early 2018? (subpart a of Request No. 9). This certainly seems to be the case.  In addition, with respect to subpart e of Request No. 9, all documents identifying Mr. Rennert's assets are responsive and we have not received these documents. His net worth is discoverable and we believe is ascertainable from one or more documents, despite the  responsive given in 2018. These are only examples of responsive documents that we expect to be produced by way of supplementing your responses.  We encourage you to re-visit this issue with your client and provide the responsive documents.

In addition, I would like to set a meet and confer as soon as practical.  Can you discuss tomorrow the 6th prior to 1:00 Central?

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115    314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

---

**From:** Drake, Geoffrey <GDrake@KSLAW.com>
**Sent:** Friday, January 31, 2020 12:39 PM
**To:** Kristine Kraft <kkraft@uselaws.com>
**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>; Cusick, Jim <JCusick@KSLAW.com>; Murphy, J. Emmett <jemurphy@kslaw.com>; Dillman, Lisa <LDillman@KSLAW.com>
**Subject:** RE: A.O.A. v. Rennert, et al.

Kris,

We understand the parties have a duty to supplement discovery responses under the Federal Rules, but we have not identified any further responsive documents to RFP 9 in the requested time period.

Geoff

---

**From:** Kristine Kraft <kkraft@uselaws.com>
**Sent:** Monday, December 30, 2019 10:28 AM
**To:** Drake, Geoffrey <GDrake@KSLAW.com>

4

**Cc:** Toledo, Carmen <CToledo@KSLAW.com>; Dillman, Lisa <LDillman@KSLAW.com>; Ramic, Mia <MRamic@KSLAW.com>; Sambataro, Andra <ASambataro@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** A.O.A. v. Rennert, et al.

**External Sender**
Geoff:

Please provide supplemental responses and documents to Request No. 9 within 30 days.  Thanks.

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115     314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

# EXHIBIT H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., et al., | ) | |
| | ) | Case No.  4:11CV44 CDP |
| Plaintiffs, | ) | (CONSOLIDATED) |
| | ) | |
| v. | ) | |
| | ) | |
| DOE RUN RESOURCES CORPORATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL RESPONSES OF DEFENDANTS THE RENCO GROUP, INC., et al.
TO PLAINTIFFS' SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS**

COME NOW Defendants, The Renco Group, Inc. ("Renco"), DR Acquisition Corp., Ira L. Rennert, Doe Run Cayman Holdings, LLC, The Ira Leon Rennert Revocable Trust, The Trusts F/B/O S. Tamara Rennert Under the Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2 and 3, The Trusts F/B/O Yonina Nechama Rennert Under the Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 1, 2 and 3, The Trusts F/B/O Ari E.Y.M. Rennert Under the Ira Leon Rennert Grantor Retained Annuity Trusts Nos. 4, 5, 9, 10, 11, 2002A and 2002B, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Sarah Tamara Rennert Winn, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Yonina Nechama Rennert Davidson, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Ari E.Y.M. Rennert, Roger L. Fay, Marvin M. Koenig, John A. Siegel, Jr., Dennis A. Sadlowski, John A. Binko and Michael C. Ryan (collectively, the "Defendants") and provide the following supplemental responses to Plaintiffs' Sixth Request for Production of Documents as follows:

## OBJECTIONS TO DEFINITIONS

1.      Defendants objects to defining the terms "You" or "Your" or "Renco" to refer to "all subsidiary companies . . .  as well as any partners, directors, officers, employees, servants, agents joint ventures or other representatives of the foregoing companies" as unduly burdensome and oppressive.

2.      Defendants object to the term "identify" or "identity" as overly broad, vague and ambiguous, would therefore be unduly burdensome, oppressive and inconsistent with the Federal Rules of Civil Procedure.

## OBJECTIONS TO INSTRUCTIONS

1.      Defendants object to the Instructions to the extent they impose requirements beyond those imposed by the Federal Rules of Civil Procedure or the ESI Order in this case, including the requirement that Renco identify custodians from whom information might be sought.   Defendants object to the requirement to identify specific documents as responsive to particular requests, which is inconsistent with the Federal Rules of Civil Procedure.

2.      Defendants object to the "relevant time period" as set forth in the instructions to Plaintiffs' requests as being from January 1, 1997 to the present.  On or about June 2, 2009, operations ceased at the La Oroya Complex.   In February 2010, involuntary bankruptcy proceedings were initiated against Doe Run Peru, S.R.L. in the Republic of Perú before the Instituto Nacional de Defensa de la Competencia y de la Protección de la Propiedad Intelectual (INDECOPI).  It is a matter of public record that in May 2012, Right Business S.A., a Peruvian entity, was appointed by the creditors' committee in INDECOPI as the liquidator of Doe Run Peru, S.R.L. including the La Oroya Complex, pending resolution of the bankruptcy proceedings administered by INDECOPI.  Since that time, all assets of Doe Run Peru, S.R.L. have been managed, maintained and controlled solely by liquidators appointed through the INDECOPI

proceedings. Any operations of the La Oroya Complex from May 2012 forward were ones undertaken by the liquidator.

3.      Defendants further object to the Instructions contained in the Plaintiffs' Sixth Request for Production of Documents, to the extent they are counter to or require more than is required under the ESI order and to the standing agreement and course of conduct between counsel for the parties.

## GENERAL OBJECTIONS

1.      Defendants object to the production of any documents that constitute attorney-client communications, work product communications and documents protected by any other privilege.

2.      This request is duplicative of prior requests for documents in this action.  Plaintiffs have served six prior Requests for Production of Documents.  Each successive request has covered (in differing language) many of the same topics, such as ownership and control of the corporate defendants, certain defendants' acquisition of the entity that operated the metallurgical complex, interaction among defendants, agreements among the defendant entities, and detailed records of financial transactions of defendants.

3.      In particular, more than two and one-half years ago, in September 2014, plaintiffs served their Fourth Request for Production of Documents which sought extensive financial records of defendants in detail completely unnecessary to the preparation of this case for trial.  Defendants objected to those Requests for Production of Documents and moved for a Protective Order with respect to that request.  The Motion for Protective Order was ultimately denied without prejudice as moot.  Now, as the parties work to complete discovery necessary to the choice of law issues in advance of the deadline set for that purpose, plaintiffs have renewed these requests in even more

detail, and would impose on defendants the obligation to conduct yet another detailed search of hard copy and electronic records, including voluminous accounting records.  The timing of this renewed and extensive request only adds to the burden.

4.      Under Federal Rule of Civil Procedure 26, it is incumbent upon any party serving a request for discovery to limit that discovery to matters relevant to any party's claim or defense and proportional to the needs of the case.  The party propounding discovery must take into account the importance of the issues at stake, the amount in controversy, the party's relative access to relevant information, the party's resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Review of each of these requests demonstrate that they were drafted without regard for these principles and seek to impose on defendant a disproportionate burden bearing little or no usefulness to the preparation of this case.

5.      Defendants object to the production of any non-public financial records other than pursuant to the terms of the Protective Order in place in this action.  The financial records sought in these requests seek detailed financial information, the disclosure of which could cause commercial injury to Defendants.

**OBJECTIONS TO SPECIFIC REQUESTS**

**REQUEST NO. 1:**  Detailed transactional General Ledgers, downloaded and exported to Microsoft Excel, for the period September 1, 1997 through the current date for each of the following entities:

     a.      Doe Run Peru

     b.      Doe Run Mining

     c.      Doe Run Cayman

d.      Doe Run Cayman Holdings

e.      Doe Run Resources Corporation

f.      DR Acquisition Corporation

g.      The Renco Group

**RESPONSE:**  Defendants incorporate their General Objections.  Defendants also object to producing transactional general ledgers which are maintained in electronic format and which contain information related to all accounts within the company's chart of accounts and thus include a great detail of information that bears no relevance whatever to this case and much information that is highly commercially sensitive.  Defendants further object on the ground that the request is overbroad because it is not limited to transactions that might bear some relationship to matters at issue in this action.  In addition, defendants have produced or are producing annual financial statements for the entities involved, which contain information sufficient for purposes of preparation of this case for trial.  To the extent this information is sought for purposes of punitive damages, it is premature in that plaintiffs have not made a showing that a punitive damage case will be submitted to any jury that hears this case.

**SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged documents responsive to this Request located in such searches.  The following responsive documents were not produced: (i) general ledgers for Doe Run Cayman, Doe Run Cayman Holdings, and DR Acquisition Corp. because those entities never created or utilized general

ledgers, and thus those documents do not exist; and (2) general ledgers for Doe Run Peru and Doe Run Mining because, after reasonable and diligent searches, they could not be located.  In accordance with the Court's instruction, however, on January 24, 2018, Defendants sent a written request to the Peruvian Liquidator-in-Possession of Doe Run Peru in an attempt to procure materials responsive to this Request. To the extent the Liquidator-in-Possession of Doe Run Peru provides Defendants with any materials responsive to this Request, Defendants will produce such materials after conducting a privilege review.

**REQUEST NO. 2:**  Quarterly Aged Accounts Receivable and Quarterly Aged Accounts Payable Reports, for the period September 1, 1997 through the current date for each of the following entities:

     a.      Doe Run Peru

     b.      Doe Run Mining

     c.      Doe Run Cayman

     d.      Doe Run Cayman Holdings

     e.      Doe Run Resources Corporation

     f.      DR Acquisition Corporation

     g.      The Renco Group

**RESPONSE:**  Defendants incorporates their General Objections.  Defendants also object on the ground that the Request is overbroad and unduly burdensome because Quarterly Aged Accounts Receivable and Quarterly Aged Accounts Payable Reports are detailed accounting records tracking purchase and sales transactions of the entities involved, most

of which do not involve any transactions related to Doe Run Peru or to any issue in this case.  Compiling and producing 20 years of such reports would be highly burdensome, requiring the retrieval of documents from archived storage.  Production of these materials would add nothing to the preparation or defense of this case because the requested materials are irrelevant to any issue presented by this case.

**SUPPLEMENTAL RESPONSE:**

Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged documents responsive to this Request located in such searches.  Defendants did not produce Quarterly Aged Accounts Receivable and Quarterly Aged Accounts Payable Reports for Doe Run Cayman, Doe Run Cayman Holdings, DR Acquisition Corp., Doe Run Peru, and Doe Run Mining because, after reasonable and diligent searches, they could not be located.  In accordance with the Court's instruction, however, on January 24, 2018, Defendants sent a written request to the Peruvian Liquidator-in-Possession of Doe Run Peru in an attempt to procure materials responsive to this Request. To the extent the Liquidator-in-Possession of Doe Run Peru provides Defendants with any materials responsive to this Request, Defendants will produce such materials after conducting a privilege review.

**REQUEST NO. 3**:  Bank statements, cancelled checks, check stubs, wire transfer advices, deposit slips, credit and debit memos, signature cards, and opening account documents for all accounts, from September 1, 1997 through the present, for each of the following:

      a.      Trust Defendants

      b.      Doe Run Peru

      c.      Doe Run Mining

      d.      Doe Run Cayman

      e.      Doe Run Cayman Holdings

      f.      Doe Run Resources Corporation

      g.      DR Acquisition Corporation

      h.      The Renco Group

**RESPONSE:**  Defendants incorporate their General Objections.  Defendants further object on the ground that this request is overbroad and unduly burdensome, given that it seeks underlying transaction documents, most of which having nothing to do with Doe Run Peru or any issue relevant to this case , on a transaction-by-transaction basis for each of eight entities.  It would be extremely wasteful of time and resources to require Renco to compile and produce for inspection and copying the underlying records, such as deposit slips, credit and debit memos, wire transfer advices and cancelled checks, as well as bank statements, related to all of these transactions.

**SUPPLEMENTAL RESPONSE:**

Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent

searches, Defendants have produced all non-privileged documents responsive to this Request located in such searches.  Defendants did not produce bank statements, cancelled checks, check stubs, wire transfer advices, deposit slips, credit and debit memos, signature cards, and opening account documents for accounts of Doe Run Peru and Doe Run Mining because those documents were not located after reasonable and diligent searches.  Additionally, Defendants did not produce credit and debit memos for any of the entities listed in this Request, because those materials, as understood by Defendants, do not exist.  In accordance with the Court's instruction, however, on January 24, 2018, Defendants sent a written request to the Peruvian Liquidator-in-Possession of Doe Run Peru in an attempt to procure materials responsive to this Request. To the extent the Liquidator-in-Possession of Doe Run Peru provides Defendants with any materials responsive to this Requests, Defendants will produce such materials after conducting a privilege review.

**REQUEST  NO.  4**: Investment records, share ledgers, records of capital contributions and distributions, from September 1, 1997 through the present, for each of the following entities:

a.  Doe Run Peru

b.  Doe Run Mining

c.  Doe Run Cayman

d.  Doe Run Cayman Holdings

e.  Doe Run Resources Corporation

f.  DR Acquisition Corporation

g.  The Renco Group

**RESPONSE:**  Defendants incorporate their general objections.  Defendants also object to this request in that it is vague in terms of what is requested; it is not clear what the term "investment records" means.  In addition, Defendants further object to this request on the ground that it is overbroad and unduly burdensome because this request seeks detailed accounting of particular transactions which have no relevance to Doe Run Peru or any issue presented in this case.

**SUPPLEMENTAL RESPONSE:**  Defendants state this Request was not subject to the Court's Order dated August 29, 2017 [Doc. 636] and therefore Defendants stand by their prior Response.


**REQUEST NO. 5**: Financial statements (internal or externally prepared) for each of the following entities for the years and/or periods ending:

a.    <u>Doe Run Peru</u>: 10/31/02, 10/31/12, 10/31/13 through the present

b.    <u>Doe Run Mining</u>: 10/31/98, 10/31/99, 10/31/00, 06/01/01

c.    <u>Doe Run Cayman</u>: 10/31/97, 10/31/01 through the present

d.    <u>Doe Run Cayman Holdings</u>: 1997 through the present

e.    <u>Doe Run Resources Corporation</u>: 10/31/98, 10/31/99, 10/31/00, 10/31/04, 10/31/11 through the present

f.    <u>DR Acquisition Corporation</u>: 1997 through the present

g.    <u>The Renco Group</u>: 1997 through the present

**RESPONSE:**  Defendants incorporate their general objections.  Defendants object that, to the extent this request seeks information relevant to punitive damages, it is premature in that Plaintiffs have not made a submissible case with respect to punitive damages.  It is

also far more extensive in terms of time than anything required for punitive damages, and goes far beyond the scope of punitive damage discovery that have been allowed in prior cases.  Defendants further object to Plaintiffs' requests for financial statements of Doe Run Peru from 2012 forward, during which period of time Doe Run Peru has been controlled and operated by various liquidators appointed in the INDECOPI proceedings.  Subject to the foregoing objection, Defendants are prepared to meet and confer with Plaintiffs regarding the appropriate scope of financial discovery, commensurate with the needs of this action.  Any discovery of non-public financial information should be subject to the terms of the existing protective order, by reason of the commercially sensitive nature of the information sought.

**SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged documents responsive to this Request located in such searches.  Defendants did not produce financial statements for Doe Run Mining because those documents were not located after reasonable and diligent searches. In accordance with the Court's instruction, however, on January 24, 2018, Defendants sent a written request to the Peruvian Liquidator-in-Possession of Doe Run Peru in an attempt to procure materials responsive to this Request. To the extent the Liquidator-in-Possession of Doe Run Peru provides Defendants with any materials responsive to this Request, Defendants will produce such materials after conducting a privilege review.

11

**REQUEST NO. 6**: Complete tax returns, including any and all supporting statements and schedules, (including, but not limited to, Forms 1120, 1120S, 1065, 1040, 1041, Schedule K-1s, state tax returns, and Peruvian tax returns) for the tax years 1997 through 2015 for each of the following:

a. Trust Defendants

b. Doe Run Peru

c. Doe Run Mining

d. Doe Run Cayman

e. Doe Run Cayman Holdings

f. Doe Run Resources Corporation

g. DR Acquisition Corporation

h. The Renco Group

**RESPONSE:**  Defendants incorporate their general objections.  Defendants further object on the ground that tax information is not relevant to any issue in this case.  Defendants further object on the ground that production of the tax return information would be invasive of the entities involved and unduly burdensome. To the extent financial information related to the entities listed and not already produced might be relevant, Plaintiffs have previously received such information, or will receive such information as described in Defendants' response to Request 5.

**SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged

documents responsive to this Request located in such searches.  Defendants did not produce tax returns for Doe Run Cayman or Doe Run Cayman Holdings because they were never created and do not exist.  Defendants did not produce tax returns for Doe Run Mining because those documents were not located after reasonable and diligent searches.  In accordance with the Court's instruction, however, on January 24, 2018, Defendants sent a written request to the Peruvian Liquidator-in-Possession of Doe Run Peru in an attempt to procure materials responsive to this Request.  To the extent the Liquidator-in-Possession of Doe Run Peru provides Defendants with any materials responsive to this Request, Defendants will produce such materials after conducting a privilege review.

**REQUEST NO. 7**: Listing of any and all corporate credit card accounts and copies of all monthly, quarterly, annual, or periodic statements, from September 1, 1997 through the present, for each of the following entities:

      a.     Doe Run Peru

      b.     Doe Run Mining

      c.     Doe Run Cayman

      d.     Doe Run Cayman Holdings

      e.     Doe Run Resources Corporation

      f.     DR Acquisition Corporation

      g.     The Renco Group

**RESPONSE:**  Defendants incorporate their general objections.  Defendants also object to this request on the ground that it is not in any way proportional to the needs of discovery in this case.  Defendants further object that the request is irrelevant, overbroad and unduly

burdensome.  Requiring the assembly, compilation of the monthly statements on all company credit card accounts for purposes of business expenses would impose a burden wholly disproportionate to any needs in this case, particularly when in response to earlier document requests served by plaintiffs, Renco has already reviewed and produced any available company credit card account statements that reflect expenses associated with travel by any Renco employee to Peru.

**SUPPLEMENTAL RESPONSE:**  Defendants state this Request was not subject to the Court's Order dated August 29, 2017 [Doc. 636] and therefore Defendants stand by their prior Response.


**REQUEST NO. 8**: Corporate formation and dissolution documents, including, but not limited to, articles of incorporation, certificates of formation, limited liability company agreements, operating agreements, bylaws, and certificates of dissolution, from September 1, 1997 through the present, for each of the following entities:

    a.      Doe Run Peru

    b.      Doe Run Mining

    c.      Doe Run Cayman

    d.      Doe Run Cayman Holdings

    e.      Doe Run Resources Corporation

    f.      DR Acquisition Corporation

    g.      The Renco Group

**RESPONSE:**  Defendants incorporate their general objections.  Defendants also object that would be unduly burdensome to require Defendants to compile these documents, many

of which are publicly available through the offices of the various Secretaries of State and other public offices for the jurisdictions in which the entities are incorporated.  Defendants further object to this request on the ground that the time frame is overly broad in relation to the needs of this case.  Defendants also object to the request on the ground that it is duplicative of prior requests and is therefore cumulative and unduly burdensome.

**SUPPLEMENTAL RESPONSE:**  Defendants state this Request was not subject to the Court's Order dated August 29, 2017 [Doc. 636] and therefore Defendants stand by their prior Response.

**REQUEST NO. 9**: Produce documents showing the income, expenses, assets, and liabilities, for Ira Rennert September 1, 1997 to the present, including, but not limited to:

    a.    Copies of monthly, quarterly, or other periodic statements for any domestic or foreign bank, brokerage, or other financial account, regardless of how such account is titled, over which Ira Rennert had signatory authority or other such control;

    b.    Copies of any and all financial statements, including, but not limited to, financial statements provided to banks or other lending institutions;

    c.    Copies of federal income tax returns, including any and all supporting statements and schedules, (including, but not limited to, Forms 1040, 1041, Schedule K-1s, and state tax returns);

    d.    Listing of any and all personal credit card accounts and copies of all monthly, quarterly, annual, or periodic statements, regardless of how such account is titled, over which Ira Rennert had control, including the directing of payments on account; and

e.      Copies of journals, books, statements of net worth, or other documents reflecting, stating, or identifying assets which Ira Rennert possesses or controls directly or through other persons, trusts, entities, or nominees.

**RESPONSE:**  Defendants incorporate their general objections.  Defendants also object to this request on the grounds that it is overly broad and not proportional to the needs of the case.  Defendants also object on the ground that the request is  unduly invasive of the privacy interests of Mr. Rennert, as well as individuals and entities not relevant to this case and is therefore overbroad and unduly burdensome.  To the extent the request seeks information required for punitive damages, it is far broader than discovery on this subject that has been allowed by applicable case law.  Defendants further object to this request on the ground that the time frame for this request is far longer than any that is reasonably necessary to any adjudication of issues related to punitive damages.  Defendants also object that the request is premature in that no demonstration has been made that Plaintiffs will make a submissible case pertaining to damages.

**SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged documents responsive to subparts (a), (b), and (c) of this Request located in such searches.  Defendants did not produce financial statements for Ira Rennert because they were never created and do not exist.  The parties attempted to narrow the scope of subparts (d) and (e) of this Request pursuant to and in accordance with the Court's Order dated August 29, 2017.

With respect to subpart (d), Defendants agreed to produce: (i) annual credit card statements for Renco and/or its subsidiaries with the understanding that Plaintiffs are not seeking statements for corporate charge cards issued to employees; (ii) copies of any personal credit card statements for Ira Rennert that contain charges for items purchased, in whole or in part, for the use or benefit of Doe Run Peru, Doe Run Mining, Doe Run Cayman, Doe Run Cayman Holdings, Doe Run Resources, DR Acquisition, or The Renco Group; (iii)  copies of credit card statements for any corporate charge card issued to Ira Rennert; and (iv) copies of personal credit card statements of Ira Rennert reflecting all charges paid by Renco and/or its subsidiaries, or for which Mr. Rennert was reimbursed by Renco and/or its subsidiaries. Defendants state that to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged documents responsive to this subpart (iv) located in such searches.  Defendants did not produce documents responsive to (i), (ii), and (iii) above because none were located through reasonable and diligent searches of documents within Defendants' possession, custody and control.

Defendants also agreed to produce documents responsive to subpart (e) to the extent that any such documents existed.  Defendants did not produce any such documents because none were located through reasonable and diligent searches of documents within Defendants' possession, custody and control.

**REQUEST NO. 10**: Produce one copy of each trust agreement, including all amendments, of any trust that presently owns, or at any time from September 1, 1997 to the present owned, any interest in one or more Corporate Defendants or Doe Run Peru (collectively "Trusts," and individually "Trust"), a list of the beneficiaries of each Trust, and the relationship, if any, each beneficiary has to Ira Rennert.

> **RESPONSE:**  Defendants incorporate their general objections.  Defendants further object to this request on the ground that the identity of all the grantors and beneficiaries of any of the trusts referred to are not facts that are relevant to any issue in this case.  The request for such information is intrusive of their privacy and unduly burdensome.

> **SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged documents responsive to this Request located in such searches.

**REQUEST NO. 11**: Produce one copy of each monthly, quarterly, annual, or other periodic financial document prepared by or on behalf of any trustee of a Trust from September 1, 1997 to the present.

> **RESPONSE:**  Defendants incorporate their general objections.  Defendants further object on the grounds that the request is irrelevant, overbroad and unduly burdensome because the documents sought are not proportionate to the needs for any issue in this case and the request is unduly invasive of the privacy of the individual trust beneficiaries.

**SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged documents responsive to this Request located in such searches.

**REQUEST NO. 12**: From September 1, 1997 to the present, produce all records of transfers of funds — whether by wire transfer, electronic funds transfer, check, negotiable order of withdrawal, or otherwise — from a Corporate Defendant, Doe Run Peru, Metaloroya, Doe Run Mining, or Doe Run Cayman, directly or indirectly, to or for the benefit of:

    a.     Ira Rennert;

    b.     a Trust Defendant;

    c.     a Corporate Defendant, Doe Run Peru, Metaloroya, Doe Run Mining, or Doe Run Cayman;

    d.     Blue Turtles, Inc. or Renco Holdings, Inc.;

    e.     any person owning a direct or indirect interest (through a chain of entities or as beneficiary of a trust, for example) in a Corporate Defendant or Doe Run Peru; or

    f.     any person who has one of Ira Rennert's parents as an ancestor or who are or were married to someone who had one of Ira Rennert's parents as an ancestor, any entity owned in whole or part by such individual, and any trust of which such individual is a beneficiary or trustee.

In the case of such transfer of funds, produce the documentation underlying the transfer, whether it be a contract for services or goods, use of property, loan, distribution, capital contribution, gift,

or otherwise. In the case of a loan, produce the note or other evidence of indebtedness, whether documented or maintained in an electronic record, including all records of payment, deferrals, interest rate, and due date.[1]

**RESPONSE:**  Defendants incorporate their general objections.  Defendants also object on the ground that this request is not proportionate to the needs of this case because it seeks detailed information about financial transactions, many of which have no relevance at all to Doe Run Peru or to any issue framed in this case.  Defendants also object on the ground that the request is unduly intrusive on the financial privacy of the entities and individuals involved and therefore is unduly burdensome and not reasonably calculated to lead to admissible evidence.  Defendants further object to the request on the ground that it is duplicative of prior requests and is therefore cumulative and unduly burdensome.

**SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to the Court's Order dated August 29, 2017 [Doc. 636], the parties were directed to narrow the scope of this Request.  Despite numerous meet and confers, Plaintiffs have not agreed to narrow the scope of this Request, nor have they made a proposal to narrow this Request.  Nevertheless, in connection with Plaintiffs' Sixth Request for Documents, Defendants have produced thousands of documents responsive to this Request, including, but not limited to: (i) Renco's general ledgers from 1997 through present (*see* Supplemental Response to Request No. 1); (ii) bank statements, wire transfer advices, cancelled checks, and check stubs for Renco, DR Acquisition Corp., Doe Run Cayman, and Doe Run Cayman Holdings (*see* Supplemental Response to Request No. 3); (iii) financial statements and/or detailed

---

[1]       Request No. 29 from Plaintiffs' Third Request for Production of Documents previously asked for documents relating to cash flow or transfers between Doe Run Peru and a Corporate Defendant or its subsidiary. Any information previously produced in response to said request is specifically excluded.

accounting reporting packages for Renco, DR Acquisition Corp., Doe Run Cayman, Doe Run Cayman Holdings, and Doe Run Peru (*see* Supplemental Response to Request No. 5); (iv) tax returns for Renco, Doe Run Resources, DR Acquisition Corp, and Doe Run Peru (*see* Supplemental Response to Request No. 6); (v) bank statements, cancelled checks, other financial documents, and tax returns for the Trust Defendants (*see* Supplemental Responses to Request Nos. 3, 6, and 11); and (vi) bank statements, credit card statements, and personal tax returns for Ira Rennert (*see* Supplemental Response to Request No. 9). Despite the fact that Plaintiffs have not narrowed this Request in accordance with the Court's August 29, 2017 Order, Defendants have agreed that if, after reviewing Defendants' full production, Plaintiffs believe there is a demonstrable need for additional materials, then Defendants will, in good faith, discuss any requests for additional materials at that time.

**REQUEST NO. 13**: From September 1, 1997 to the present, produce all records of transfers of funds — whether by wire transfer, electronic funds transfer, check, negotiable order of withdrawal, or otherwise — to or for the benefit of a Corporate Defendant, Doe Run Peru, Metaloroya, Doe Run Mining, or Doe Run Cayman, directly or indirectly, by:

a.    Ira Rennert;

b.    a Trust Defendant;

c.    a Corporate Defendant, Doe Run Peru, Metaloroya, Doe Run Mining, or Doe Run Cayman;

d.    any person owning a direct or indirect interest (through a chain of entities or as beneficiary of a trust, for example) in a Corporate Defendant or Doe Run Peru; or

     e.     any person who has one of Ira Rennert's parents as an ancestor or who are or were married to someone who had one of Ira Rennert's parents as an ancestor, any entity owned in whole or part by such individual, and any trust of which such individual is a beneficiary or trustee.

In the case of such transfer of funds, produce the documentation underlying the transfer, whether it be a contract for services or goods, use of property, loan, distribution, capital contribution, gift, or otherwise. In the case of a loan, produce the note or other evidence of indebtedness, whether documented or maintained in an electronic record, including all records of payment, deferrals, interest rate, and due date.[2]

**RESPONSE:**  Defendants incorporate their general objections.  Defendants also object on the ground that this request is not proportionate to the needs of this case because it seeks detailed information about financial transactions, many of which have no relevance at all to Doe Run Peru or to any issue framed in this case.  Defendants also object that the request is unduly intrusive on the financial privacy of the entities and individuals involved and therefore is unduly burdensome and not reasonably calculated to lead to admissible evidence.  Defendants further object to the request on the ground that it is duplicative of prior requests and is therefore cumulative and unduly burdensome.

**SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to the Court's Order dated August 29, 2017 [Doc. 636], the parties were directed to narrow the scope of this Request.  Despite numerous meet and confers, Plaintiffs have not agreed to narrow the scope of this Request, nor have they made a proposal to narrow this Request.  Nevertheless,

---

[2]    Request No. 29 from Plaintiffs' Third Request for Production of Documents previously asked for documents relating to cash flow or transfers between Doe Run Peru and a Corporate Defendant or its subsidiary. Any information previously produced in response to said request is specifically excluded.

in connection with Plaintiffs' Sixth Request for Documents, Defendants have produced thousands of documents responsive to this Request, including, but not limited to: (i) Renco's general ledgers from 1997 through present (*see* Supplemental Response to Request No. 1); (ii) bank statements, wire transfer advices, cancelled checks, and check stubs for Renco, DR Acquisition Corp., Doe Run Cayman, and Doe Run Cayman Holdings (*see* Supplemental Response to Request No. 3); (iii) financial statements and/or detailed accounting reporting packages for Renco, DR Acquisition Corp., Doe Run Cayman, Doe Run Cayman Holdings, and Doe Run Peru (*see* Supplemental Response to Request No. 5); (iv) tax returns for Renco, Doe Run Resources, DR Acquisition Corp, and Doe Run Peru (*see* Supplemental Response to Request No. 6); (v) bank statements, cancelled checks, other financial documents, and tax returns for the Trust Defendants (*see* Supplemental Responses to Request Nos. 3, 6, and 11); and (vi) bank statements, credit card statements, and personal tax returns for Ira Rennert (*see* Supplemental Response to Request No. 9). Despite the fact that Plaintiffs have not narrowed this Request in accordance with the Court's August 29, 2017 Order, Defendants have agreed that if, after reviewing Defendants' full production, Plaintiffs believe there is a demonstrable need for additional materials, then Defendants will, in good faith, discuss any requests for additional materials at that time.

**REQUEST NO. 14**:  Produce all loan agreements (including any amendments thereto) for to any debt, loan, note, debenture, indenture, lines of credit, or other payment obligation:

     a.     entered into by Doe Run Peru, Doe Run Mining, Doe Run Cayman, or Metaloroya;

     b.     guaranteed by Doe Run Peru, Doe Run Mining, Doe Run Cayman, or Metaloroya;

     c.      containing provisions requiring payments from Doe Run Peru, Doe Run Mining, Doe Run Cayman, or Metaloroya (whether to a Corporate Defendant or other party);

     d.      entered into by Ira Rennert or a Corporate Defendant to obtain funding, directly or indirectly, for Doe Run Cayman and/or its subsidiaries; or

     e.      guaranteed by Ira Rennert or a Corporate Defendant to obtain funding, directly or indirectly, for Doe Run Cayman and/or its subsidiaries.

This request specifically includes any loan arrangements intended to indirectly fund Doe Run Cayman or its subsidiaries, such as the Special Term Deposit / Back-to-Back loan.

     **RESPONSE:**  Defendants incorporate their general objections.  Defendants also object that this request is unduly burdensome in that it seeks information about extensive financial transactions far beyond what is necessary to the preparation or defense of this case as well as information that has already been produced.  Defendants further object to the request to the extent it calls for the production of privileged attorney-client communications and work product documents.

     **SUPPLEMENTAL RESPONSE:**  Defendants state that, pursuant to and in accordance with the Court's Order dated August 29, 2017 [Doc. 636] and to the extent responsive documents exist within Defendants' possession, custody and control and have been located through reasonable and diligent searches, Defendants have produced all non-privileged documents responsive to this Request located in such searches.  In accordance with the Court's instruction, however, on January 24, 2018, Defendants sent a written request to the Peruvian Liquidator-in-Possession of Doe Run Peru in an attempt to procure materials responsive to this Request.  To the extent the Liquidator-in-Possession of Doe Run Peru

provides Defendants with any materials responsive to this Request, Defendants will produce such materials after conducting a privilege review.

**REQUEST NO. 15**:  With respect to the loan agreements identified in Request No. **14**, produce all borrowing base certificates, loan applications, and correspondence between the lender and YOU, Doe Run Peru, Doe Run Mining, Doe Run Cayman, or Metaloroya.

    **RESPONSE:**  Defendants incorporate their general objections.  This request is overly broad and unduly burdensome and seeks information about extensive financial transactions far beyond what is necessary to the preparation or defense of this case as well as information that has already been produced. Defendants further object to the request to the extent it calls for the production of privileged attorney-client communications and work product documents.

    **SUPPLEMENTAL RESPONSE:**  Defendants state this Request was not subject to the Court's Order dated August 29, 2017 [Doc. 636] and therefore Defendants stand by their prior Response.

**REQUEST NO. 16**:  Produce all documents filed or otherwise presented to the court or commission, all deposition and hearing transcripts, any expert reports, and all decrees or orders — including any English translations thereof — of the insolvency proceedings initiated by Consorcio Minero S.A. ("Cormin") against Doe Run Peru on or about February 18, 2010, including, but not limited to, any and all financial statements and schedules filed in the bankruptcy and schedules of amounts due creditors.

**RESPONSE:**   Defendants incorporate their general objections.   Any insolvency proceedings of Doe Run Peru bear no relevance to any issue presented by the claims in this case, and it would be unduly burdensome to require Defendants to locate and produce any such documents.  Defendants further object to this request on the ground it is unduly burdensome to the extent that records of the insolvency proceedings referred to are as available to Defendants as to Plaintiffs.

**SUPPLEMENTAL RESPONSE:**  Defendants state this Request was not subject to the Court's Order dated August 29, 2017 [Doc. 636] and therefore Defendants stand by their prior Response.


**REQUEST NO. 17**:  Produce all minutes, transcripts, recordings, notes, or other records of creditor meetings — including any English translations thereof — in the Doe Run Peru INDECOPI bankruptcy proceedings.

**RESPONSE:**   Defendants incorporate their general objections.   The INDECOPI proceedings of Doe Run Peru bear no relevance to any issue presented by the claims in this case, and it would be unduly burdensome to require Defendants to locate and produce any such documents.  Defendants further object to this request on the ground it is unduly burdensome to the extent that records of the insolvency proceedings referred to are as available to Defendants as to Plaintiffs.

**SUPPLEMENTAL RESPONSE:**  Defendants state this Request was not subject to the Court's Order dated August 29, 2017 [Doc. 636] and therefore Defendants stand by their prior Response.

Dated:  March 5, 2018                         Respectfully submitted,

**DOWD BENNETT LLP**

By: /s/  James E. Crowe, III
    Edward L. Dowd, Jr.  #28785MO
    edowd@dowdbennett.com
    Terrence J. O'Toole, #23247MO
    tjotoole@dowdbennett.com
    James E. Crowe, III, #50031MO
    jcrowe@dowdbennett.com
    7733 Forsyth Blvd., Suite 1900
    St. Louis, Missouri 63105
    (314) 889-7300 (telephone)
    (314) 863-2111 (facsimile)


**KASOWITZ BENSON TORRES LLP**

By: /s/  Matthew A. Kraus  (w/ permission)
    Marc E. Kasowitz, *pro hac vice*
    mkasowitz@kasowitz.com
    Kenneth R. David, *pro hac vice*
    kdavid@kasowitz.com
    Matthew A. Kraus, *pro hac vice*
    mkraus@kasowitz.com
    1633 Broadway
    New York, NY  10019
    (212) 506-1710 (telephone)
    (212) 506-1800 (facsimile)

*Attorneys for Defendants*
*The Renco Group, Inc., DR Acquisition Corp., Ira*
*L. Rennert, Doe Run Cayman Holdings, LLC, The*
*Ira Leon Rennert Revocable Trust, The Trusts*
*F/B/O S. Tamara Rennert Under the Ira Leon*
*Rennert Grantor Retained Annuity Trusts Nos. 1,*
*2 and 3, The Trusts F/B/O Yonina Nechama*
*Rennert Under the Ira Leon Rennert Grantor*
*Retained Annuity Trusts Nos. 1, 2 and 3, The*
*Trusts F/B/O Ari E.Y.M. Rennert Under the Ira*
*Leon Rennert Grantor Retained Annuity Trusts*
*Nos. 1, 2 and 3, The Ira Leon Rennert Grantor*
*Retained Annuity Trusts Nos. 4, 5, 9, 10, 11,*
*2002A and 2002B, The Ira Leon Rennert 2010*
*Irrevocable Sub Trust F/B/O Sarah Tamara*

*Rennert Winn, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Yonina Nechama Rennert Davidson, The Ira Leon Rennert 2010 Irrevocable Sub Trust F/B/O Ari E.Y.M. Rennert, Roger L. Fay, Marvin M. Koenig, John A. Siegel, Jr., Dennis A. Sadlowski, John A. Binko and Michael C. Ryan*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 5th day of March, 2018, a true and correct copy of the foregoing document was served upon counsel listed below by electronic mail addressed to the following:

Roger C. Denton
Kristine K. Kraft
Elizabeth Wilkins
Schlichter, Bogard & Denton, LLP
100 South 4th Street, Suite 1200
St. Louis, Missouri  63102

Andrew Rothschild
Richard A. Ahrens
Thomas P. Berra, Jr.
Michael J. Hickey
Lewis Rice LLC
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101-1311


_____ /s/ James E. Crowe, III _____