UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.O.A., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Case No. 4:11-cv-00044-CDP |
| | ) (CONSOLIDATED) |
| vs. | ) |
| | ) |
| THE DOE RUN RESOURCES | ) |
| CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO EXCLUDE
THE OPINION TESTIMONY OF JACK V. MATSON UNDER FEDERAL RULE OF
CIVIL PROCEDURE 26, FEDERAL RULE OF EVIDENCE 702, AND *DAUBERT***

Defendants The Renco Group, Inc., The Doe Run Resources Corporation, D.R. Acquisition Corp., Doe Run Cayman Holdings LLC, Ira L. Rennert, Theodore P. Fox III, Marvin K. Kaiser, Jeffery L. Zelms, and Albert Bruce Neil (collectively "Defendants"), by and through undersigned counsel, respectfully request that the Court exclude the proposed opinion testimony of Plaintiffs' expert witness, Jack V. Matson, Ph.D., pursuant to Rule 26 of the Federal Rules of Civil Procedure, Rule 702 of the Federal Rules of Evidence, and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and its progeny.

In support of their Motion, Defendants state:

1) Upon the passing of Dr. Nicholas Cheremisinoff, Plaintiffs designated Dr. Matson to provide opinions on the standard of care. Dr. Matson issued an expert report on December 1, 2020 that contains a single sentence purporting to adopt the totality of Dr. Cheremisinoff's work in this case, which includes 639 pages of expert reports and 502 pages of deposition testimony.

Dr. Matson's disclosure of his opinions violates Rule 26 and this Court's Case Management Order in at least four ways.

2) First, Dr. Matson's December 2020 report does not articulate a standard-of-care opinion. Rule 26 requires that an expert disclose a complete statement of all opinions to be expressed and the bases and reasons supporting those opinions. Dr. Matson's report, which again boils down to a single-sentence adoption of Dr. Cheremisinoff's conclusions, does not comply with Rule 26's disclosure requirements.

3) Second, during his depositions, Dr. Matson retreated from his unqualified adoption of Dr. Cheremisinoff's conclusions. When pressed on what opinions he was actually adopting, Dr. Matson confirmed there were many instances where he disputed or disagreed with Dr. Cheremisinoff. However, his December 2020 report contains no explanation or discussion of these opinions.

4) Third, Dr. Matson improperly used deposition testimony and rebuttal reports to disclose new opinions, including opinions relating to sulfur dioxide, arsenic, the reliability of air monitoring data, and other topics on which he previously and expressly stated he was not offering opinions.

5) Fourth, aside from the procedural defects in Dr. Matson's disclosure of his opinions, Dr. Matson cannot adopt Dr. Cheremisinoff's conclusions because he testified repeatedly that he performed no analysis to verify the information contained in and relied on by Dr. Cheremisinoff. It is well-established federal law that an expert may not adopt the opinions of another expert without first doing his own analysis to verify the accuracy and reliability of those opinions. Here, Dr. Matson testified that he simply assumed the work performed and information relied on by Dr. Cheremisinoff was reliable, complete, and accurate.

6) Additionally, in reaching his opinion, Dr. Matson did not use a reliable methodology. Distilled to its essence, Dr. Matson's opinion is that Defendants violated the standard of care by not completing four lead fugitive emission projects a few years earlier than Defendants actually completed them. But in arriving at this opinion, Dr. Matson conducted no actual analysis of the extent to which these projects would have reduced fugitive lead emissions, whether the projects actually could have been completed during the specific time period in question and on the timeline he identified, or whether the projects would have reduced lead emissions to an extent greater than the projects Defendants actually completed during the same time period.

7) Even more fundamentally, Dr. Matson consciously ignored Peruvian environmental laws and regulations. While Dr. Matson admitted he had no expertise, experience, or familiarity with Peru's environmental laws and regulations, and that he did not consider Peruvian law when arriving at his conclusions, Dr. Matson opined that, to the extent Doe Run Peru's obligations under Peruvian law conflicted with his opinions, Peruvian law was wrong and Defendants should have lobbied for the imposition of additional and different legal obligations based on environmental laws, regulations, and their experience in the United States. In doing so, Dr. Matson contradicted his own admitted methodology and manufactured a standard of care opinion detached from the legal and regulatory framework existing in Peru at the time.

8) Dr. Matson also ignored facts that contradict his opinions and he improperly opines on community health interventions that he admits he is not qualified to opine on.

9) Finally, to the extent Dr. Matson frames his opinions as bearing on Defendants' "Corporate Social Responsibility" (CSR), those opinions must be excluded because Dr. Matson is not qualified to offer CSR opinions, and Dr. Matson did not conduct a reliable CSR analysis.

10) Defendants have this day filed, and incorporate by reference herein, their Memorandum of Law in support of this motion, and Exhibits A-K thereto.

**WHEREFORE,** Defendants respectfully request that the expert testimony of Jack V. Matson, Ph.D., be limited or excluded.

Respectfully submitted,

**KING & SPALDING LLP**

By: /s/ *Geoffrey M. Drake*
Andrew T. Bayman, #043342GA
abayman@kslaw.com
Carmen R. Toledo, #714096GA
ctoledo@kslaw.com
Geoffrey M. Drake, #229229GA
gdrake@kslaw.com
1180 Peachtree Street, N.E.
Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Tracie J. Renfroe, #16777000T
trenfroe@kslaw.com
1100 Louisiana Street
Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

James P. Cusick, #4041653NY
jcusick@kslaw.com
1185 Avenue of the Americas, 34th Floor
New York, New York 10036
Telephone: (212) 556-2170
Facsimile: (212) 556-2222

*Attorneys for Defendants The Renco Group, Inc., D.R. Acquisition Corp., Doe Run Cayman Holdings, LLC, Ira L. Rennert, The Doe Run Resources Corporation, Theodore P. Fox, III, Marvin M. Kaiser, Albert Bruce Neil, Jeffrey L. Zelms*

**LEWIS RICE LLC**                    **DOWD BENNETT LLP**

| | |
|---|---|
| Thomas P. Berra, Jr., #43399MO<br>tberra@lewisrice.com<br>Michael J. Hickey, #47136MO<br>mhickey@lewisrice.com<br>600 Washington Ave., Suite 2500<br>St. Louis, MO 63102-2147<br>Telephone: (314) 444-7600<br>Facsimile: (314) 241-6056<br><br>*Attorneys for Defendants The Doe Run Resources Corporation, Marvin K. Kaiser, Albert Bruce Neil, Jeffery L. Zelms, and Theodore P. Fox, III* | Edward L. Dowd, Jr. #28785MO<br>edowd@dowdbennett.com<br>Jeffrey R. Hoops, #69813MO<br>jhoops@dowdbennett.com<br>7733 Forsyth Blvd., Suite 1900<br>St. Louis, Missouri 63105<br>(314) 889-7300 (telephone)<br>(314) 863-2111 (facsimile)<br><br>*Attorneys for Defendants The Renco Group, Inc., DR Acquisition Corp., Ira L. Rennert, and Doe Run Cayman Holdings, LLC* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of November, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court through the Court's CM/ECF system, which will affect service on all counsel of record by sending a Notice of Electronic Filing.

       /s/ *Geoffrey M. Drake*