IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.O.A., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:11-cv-00044-CDP |
| | ) (CONSOLIDATED) |
| THE DOE RUN RESOURCES | ) |
| CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION TO EXCLUDE, IN PART, THE
<u>EXPERT OPINIONS OF SHAHROKH ROUHANI</u>**

Dr. Shahrokh Rouhani is an environmental scientist, engineer, and consultant in environmental statics and geostatistics who was retained by Defendants to offer opinions at trial related to the La Oroya Complex. Plaintiffs move to exclude certain rebuttal opinions he offers that critique the work of Plaintiffs' air modeling expert, David Sullivan. Specifically, Plaintiffs move to exclude the opinions expressed in paragraphs 22 through 28 of Rouhani's March 19, 2021 supplemental report, where he compares the daily and hourly concentrations estimated by Sullivan's model with measured values from the air monitoring sites at those same dates and times.

The Court should exclude those opinions because they are not based on reliable principles and methods and are not helpful to the jury. Rouhani's approach to assessing Sullivan's model is known as "pairing in time and space," and it is not an accepted method for evaluating an air quality model. Air models are not intended to be accurate to the hour or even the day; rather, they are assessed by how accurately they predict distributions of concentrations and long-term averages.

Rouhani uses a flawed methodology because he lacks significant experience evaluating air models and developed his opinions solely for the purpose of testifying in this case. His regressions and conclusions will not assist the jury in understanding the evidence or determining a fact in issue, especially since the allegations here concern Plaintiffs' *long-term* exposure to lead and other toxins. Without a reliable scientific foundation, Rouhani's opinions do not satisfy the standard for admitting expert testimony set forth in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Rouhani's opinions also fail the Rule 403 balancing test, as whatever probative value they might have is substantially outweighed by the danger of confusing and misleading the jury. This Court should accordingly enter an order precluding Rouhani from offering those opinions at trial. Further grounds for granting this motion are set forth in an accompanying memorandum of law.

Respectfully submitted,

**SCHLICHTER, BOGARD & DENTON, LLP**

By:  /s/ *Nathan D. Stump*
Jerome J. Schlichter, #32225
Nelson G. Wolff, #40796
Kristine K. Kraft, #37971
Nathan D. Stump, #71641
100 South 4th Street., Suite 1200
St. Louis, Missouri 63102
Telephone: (314) 621-6115
jshlichter@uselaws.com
nwolff@uselaws.com
kkraft@uselaws.com
nstump@uselaws.com

*Attorneys for Plaintiffs*