UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.O.A., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.  4:11CV44 CDP |
| ) | (CONSOLIDATED) |
| DOE RUN RESOURCES CORPORATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO FILE DOCUMENT UNDER SEAL**

**Introduction**

Defendants oppose Plaintiffs' Motion to File Document Under Seal [Doc. #1337], through which Plaintiffs seek to redact portions of their 5 page Motion to Stay Discovery Pending Appeal [Doc. #1338][1]. Simply put, the Peruvian criminal investigation that Plaintiffs reference and seek to shield from their filing is not confidential. There is no reason why that non-confidential investigation, which is the primary purported justification for staying their ongoing discovery obligations, should be redacted in contradiction to the rules that (a) there is a "general right to inspect and copy public records and documents, including judicial records and documents" and (b) that "only the most compelling reasons can justify non-disclosure of judicial records." *See S.E.C. v. Shanahan*, No. 4:06-MC-546 CAS, 2006 WL 3330972, at *3 (E.D. Mo. Nov. 15, 2006) (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). Plaintiffs' Motion to Seal fails to meet this standard and fails to provide support or justification why their own statements as to a non-

---

[1] Defendants will submit a separate memorandum opposing Plaintiffs' Motion to Stay Pending Appeal [Doc. #1338] on or before June 2, 2023.

confidential investigation should be withheld from publication.  For these and additional reasons stated herein, Defendants respectfully request this Court deny the Motion to Seal.

### Legal Standard

The Eighth Circuit has made clear that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *In re Neal,* 461 F.3d 1048, 1053 (8th Cir.2006) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)).  Although the "common-law right of access to judicial records" is not absolute, it requires a requires a weighing of competing interests to overcome.  *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). "[O]nly the most compelling reasons can justify non-disclosure of judicial records." *Neal*, 461 F.3d at 1053 (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)).  "[C]onclusory statements [about potential harm] do not constitute a compelling reason for non-disclosure." *Wilkins v. Tory Burch, LLC*, No. 4:23-CV-422 RLW, 2023 WL 3600084, at *2 (E.D. Mo. May 23, 2023) (citing cases).

### Argument

This Court should deny Plaintiffs' Motion to Seal because the investigation that they reference and use to justify staying their discovery obligations is not confidential.  Indeed, the fact that there has been an ongoing criminal investigation in Peru, centered around allegations of fraud committed by Peruvian plaintiffs recruiters, has been divulged in open court here in this action.  Such allegations were discussed at the October 28, 2022 status conference conducted jointly for this matter and for *J.Y.C.C. vs. Doe Run Resources Corporation,  et al.*, Case #15-1704.  The transcript for that conference is available to the public through Pacer.  (Doc. #1318).

The only support for Plaintiffs' statement that "upon information and belief, the investigation remains confidential and has not been publicly disclosed" is a prior Motion to Seal

2

that Defendants filed two years ago, on May 18, 2021, when Defendants attempted to bring the fact of that investigation to this Court's attention.  However, since that filing, any confidentiality as to the investigation has dissipated.  Namely, upon information and belief, on April 27, 2023 the office of the prosecutor (the Fiscalia) in Peru unsealed its case through the filing of a ("Formalización").  Since then, the Fiscalia has been notifying all parties subject to the investigation and their known counsel.  Through the issuance of the Formalización, the investigation is no longer sealed and nothing in the Peru's Código Penal, the Código Procesal Penal (its criminal procedure code), or otherwise prevents a party from sharing the Formalization.

Moreover, Plaintiffs do not provide any support for their statements that sealing is necessary to "protect the integrity of a Peruvian criminal investigation" or why sealing is needed to "protect the privacy and reputational interests of Peruvian attorneys." (Doc. #1337, at p.1). These statements are conclusory and Plaintiffs have failed to provide any support showing a potential for harm.  Conclusory statements are insufficient to justify filing of information under seal. *See Wilkins v. Tory Burch, LLC*, No. 4:23-CV-422 RLW, 2023 WL 3600084, at *2 (E.D. Mo. May 23, 2023) (citing cases) (denying motion to seal where movants failed to explain why certain information was sensitive or why divulsion of that information would be harmful). Moreover, even if the Peruvian criminal investigation was confidential (which it is not), Plaintiffs have not described that investigation with any definitiveness.  Plaintiffs have not divulged the names of persons subject to the investigation, nor the name of the prosecutor, nor the exact nature of the potential criminal activity such that "the privacy and reputational interests of Peruvian attorneys and staff" would be harmed.  In short, there is nothing confidential or sensitive about what Plaintiffs wish to seal off from public viewing.

**Conclusion**

For the reasons stated herein, the Court should deny Plaintiffs' Motion to File Document Under Seal (Doc. #1337).

Respectfully submitted, this 26th day of May, 2023.

          **LEWIS RICE LLC**

          By: /s/ Thomas P. Berra, Jr.
          Thomas P. Berra, Jr., #43399MO
          tberra@lewisrice.com
          Michael J. Hickey, #47136MO
          mhickey@lewisrice.com
          600 Washington Ave., Suite 2500
          St. Louis, MO  63102-2147
          Telephone: (314) 444-7600
          Facsimile: (314) 241-6056

          *Attorneys for Defendants The Doe Run Resources Corporation, Albert Bruce Neil, Marvin K. Kaiser, and Jeffrey L. Zelms*

| **KING & SPALDING LLP** | **DOWD BENNETT LLP** |
|---|---|
| Tracie J. Renfroe, #16777000T<br>trenfroe@kslaw.com<br>1100 Louisiana Street<br>Suite 4000<br>Houston, Texas 77002<br>Telephone: (713) 751-3200<br>Facsimile: (713) 751-3290<br><br>Andrew T. Bayman, #043342GA<br>abayman@kslaw.com<br>Carmen R. Toledo, #714096GA<br>ctoledo@kslaw.com<br>Geoffrey M. Drake, #229229GA<br>gdrake@kslaw.com<br>1180 Peachtree Street, N.E.<br>Suite 1600<br>Atlanta, Georgia  30309<br>Telephone: (404) 572-4600<br>Facsimile: (404) 572-5100 | Edward L. Dowd, Jr. #28785MO<br>edowd@dowdbennett.com<br>Jeffrey R. Hoops, #69813MO<br>jhoops@dowdbennett.com<br>7733 Forsyth Blvd., Suite 1900<br>St. Louis, Missouri 63105<br>(314) 889-7300 (telephone)<br>(314) 863-2111 (facsimile)<br><br>*Attorneys for Defendants The Renco Group, Inc., DR Acquisition Corp., Ira L. Rennert, and Doe Run Cayman Holdings, LLC* |

4

*Attorneys for Defendants The Renco Group, Inc., D.R. Acquisition Corp., Doe Run Cayman Holdings, LLC, Ira L. Rennert, The Doe Run Resources Corporation, Theodore P. Fox, III, Marvin M. Kaiser, Albert Bruce Neil, Jeffrey L. Zelms*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 26th day of May 2023, the foregoing was filed via the ECF/CM system with the Clerk of the Court and which will serve Notice of Electronic Filing upon counsel of record via electronic mail.

                                                        /s/ Thomas P. Berra, Jr.