**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| A.O.A., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  4:11CV44 CDP |
| | ) | (CONSOLIDATED) |
| DOE RUN RESOURCES CORPORATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO**
**PLAINTIFFS' MOTION TO STAY DISCOVERY PENDING APPEAL**

**Introduction**

This Court should deny Plaintiffs' Motion to Stay Discovery Pending Appeal [Doc. #1337-1], through which Plaintiffs seek to further put off their Court-ordered obligation to produce Plaintiff Profile Sheets ("PPSs") until a decision is reached on appeal in *Reid v. Doe Run Resources Corp.*, No. 23-1625.  It has been over *ten years* since this Court first ordered Plaintiffs to produce notarized PPSs in accordance with Peruvian law.  (Case Management Order ("CMO") No. 2, dated March 21, 2013, Doc. #103, at ¶5).  Subsequently, in CMO No. 10 entered on June 18, 2015, this Court required all subsequent Plaintiffs to provide PPSs within 60 days of Defendants' notices of removal.  (Doc. #303, at ¶6).  Even though Defendants' last removal was over five years ago, there are 113 Plaintiffs who have failed to produce notarized supplemental PPSs as of today.  Simply put, Plaintiffs are not requesting a "discovery stay," which would be inclusive of written requests, document productions, depositions, and independent medical examinations, because discovery in this case has been closed since July 27, 2020.  (*See* Sixth Amended CMO  No. 15, Doc. #1102, at

¶3). Rather, Plaintiffs are actually asking this Court for permission to avoid their longstanding and overdue obligations to provide notarized PPSs to Defendants.

Plaintiffs' argument for a limited and self-serving "stay" is wandering and unsupported. Plaintiffs initially state that conducting discovery during the parties' appeal would waste the Court's and the parties' resources. But certainly it is not this Court's obligation to collect and produce discovery. Further, Plaintiffs, who do not explain how their resources are wasted here, strongly opposed Defendants' petition for interlocutory appeal, claiming the appeal was unnecessary and unlikely to succeed under the applicable law. To now turn around and claim the appeal is potentially dispositive such that Plaintiffs do not need to produce this long overdue discovery is inconsistent and simply a clear attempt to further put off their *existing* (not future) obligations. Moreover, Plaintiffs overlook that this Court has already implicitly rejected the notion of an absolute stay of proceedings, and instead ordered the parties to attempt to resolve their disputes during the pendency of the appeal. (*See* Order Referring Case to Alternative Dispute Resolution, dated February 24, 2023, Doc. #1325). Curiously, Plaintiffs also rely on a motion to stay that Defendants filed in *J.Y.C.C. v. Doe Run Resources Corp.* (the "*Collins*" cases, No. 4:15-cv-1704-RWS (Doc. #728), but fail to inform the Court that Judge Sippel *denied* that motion on May 11, 2023 (Doc. #735). Finally, though the criminal conduct forming the basis of the Peruvian investigation is undoubtedly serious, underscored by the prosecutor's recent unsealing through the Formalización on April 27, 2023, Plaintiffs fail to support or explain how this investigation is preventing their fulfillment of their longstanding discovery obligations, or even how this investigation would no longer be an obstacle come any decision by the Eighth Circuit. For these reasons, set forth in more detail below, Plaintiffs' Motion should be denied.

## **Background**

Plaintiffs' failure to produce notarized PPSs is not a new development.  Plaintiffs have had years to produce missing notarized PPSs.  Defendants' last removal of Plaintiffs into this consolidated action occurred on April 16, 2018, more than five years ago.  Plaintiffs have been required, pursuant to CMO No. 10, to produce PPSs within sixty (60) days of removal.  Thus, sixty days after April 16, 2018—by June 15, 2018—Plaintiffs should have produced all PPSs to Defendants.  In January 2020, Defendants specifically advised Plaintiffs that (at that time) there were 224 instances in which over 100 different Plaintiffs failed to comply with the notarization requirement in full. (*See* letter from Geoffrey Drake to Kristine Kraft dated January 7, 2020, attached hereto as <u>Exhibit A</u>).  Following that notice, Plaintiffs agreed to produce these outstanding notarizations by August 31, 2020.  (*See* e-mail from Kristine Kraft dated February 13, 2020, attached hereto as <u>Exhibit B</u>).  Plaintiffs still remain in non-compliance with the notarization requirement.

More recently, Defendants have tried to work with Plaintiffs to set a reasonable, but at least somewhat definitive deadline for Plaintiffs to produce missing notarized PPSs.  But this effort has been in vain despite Defendants' good faith efforts to work with Plaintiffs to facilitate this long overdue production.  Specifically, on January 3, 2023, counsel for Defendants notified Plaintiffs' counsel that 206 Plaintiffs have failed to produce complete notarized PPSs.  (*See* letter from Geoffrey Drake to Kristine Kraft, attached hereto as <u>Exhibit C</u>).  Defendants asked that Plaintiffs (i) dismiss those Plaintiffs who had not produced either any notarized PPSs or otherwise explain what efforts had been undertaken over the past several years that would support a further extension of time to produce them; and (ii) produce missing pages from PPSs that were previously produced.

Ten days later, on January 13, 2023, Plaintiffs' counsel advised that they anticipated providing these PPSs on a rolling basis and would "make all efforts to complete that process by April 28." (*See* letter from Kristine Kraft to Geoffrey Drake, attached hereto as Exhibit D). Though over three months out, Defendants agreed to proceed, trusting Plaintiffs would comply by that self-imposed deadline. Later that month, Plaintiffs again confirmed that they planned to produce these PPSs by April 28, and further vowed that in the event they were unable to do so, they would provide Defendants with "an update on the status of [their] efforts and the reason behind the delay." (*See* January 31, 2023 letter from Kristine Kraft to Geoffrey Drake, attached hereto as Exhibit E).

Notwithstanding Plaintiffs' acknowledgement that they are obligated to produce these missing PPSs to Defendants, and seeming cooperation to do so, come April 28, 2023, all 113 Plaintiffs failed to produce their notarized supplemental PPSs. Moreover, Plaintiffs did not explain—despite their prior agreement to do so—the reasons behind their delay. Instead, without providing any specifics, Plaintiffs offered a vague excuse that "[t]here have been circumstances beyond [their] control." (*See* April 28, 2023 e-mail from Denisse Icenogle, attached hereto as part of Exhibit F). Importantly, at *no point* did Plaintiffs suggest to Defendants that either the parties' appeal to the Eighth Circuit or the Peruvian criminal investigation was the basis for their failure to collect this discovery to date. Instead, Plaintiffs led Defendants to believe they had been working on collecting these PPSs since early January, only to now be blindsided by a request to stay these efforts.

On May 5, 2023, in an effort to avoid motion practice on this issue, Defendants' counsel again requested a hard deadline for Plaintiffs' production of the missing notarized supplemental PPSs and an explanation why these sheets have not been produced to date. (*See* May 5, 2023 e-

mail from Rania Kajan, attached hereto as part of <u>Exhibit F</u>).  However, in response, Plaintiffs instead announced their intention to file the instant Motion to Stay.

## Legal Standard

While a district court has broad discretion to stay proceedings, when appropriate, to control its docket, in considering whether a stay is appropriate, it "must weigh competing interests" including potential prejudice or hardship to either party, as well as judicial economy.  S*ee Landis v. North American Co.*, 299 U.S. 248, 254-55, (1936); Sierra Club v. U.S. Army Corps of Engineers, 446 F.3d 808, 816 (8th Cir. 2006).  "The proponent of a stay bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).  That party "must make out a clear case of hardship or inequity," if there is "even a fair possibility" that the stay will cause damage to someone else.  *Landis*, 299 U.S. at 255.

## Argument

As an initial matter, Plaintiffs' continued delay in producing notarized PPSs is prejudicial to Defendants.  Not only have the delays and extensions to produce these required documents been inequitable to Defendants, but Defendants also suffer an inability to meaningfully evaluate these Plaintiffs' claims absent complete information.  It is only through PPSs that Defendants are able to gather information pertaining to Plaintiffs' educational, medical, employment, histories (among other things).  Not having that information prevents Defendants from confirming whether all Plaintiffs have potentially cognizable injuries and prevents Defendants' meaningful evaluation of those Plaintiffs for future discovery, inclusion in trial pools, and disposition strategy.

As Defendants suffer prejudice, the burden is on Plaintiffs to show some hardship that they would suffer absent a stay.  But Plaintiffs have shown none.  Plaintiffs state that the process of

collecting PPSs is "laborious" and "costly," but Plaintiffs fail to explain how this process is laborious and costly, or why a reasonable date certain cannot even be agreed upon for production.

Plaintiffs allude to an "obstacle" created by a Peruvian criminal investigation.  But again, Plaintiffs do not at all explain how such investigation makes Plaintiffs' collection of notarized supplemental PPSs "more difficult."   Indeed, Plaintiffs acknowledge that this criminal investigation was initiated over two years ago—on January 8, 2021.  Plaintiffs have had more than sufficient time to arrange different means of gathering these documents if such investigation was a hindrance.  Even if Plaintiffs are sincere in their statement that they did not learn about a position held by a Peruvian prosecutor (the status of such investigation Plaintiffs fail to explain) until May 3, 2023, that does not change Plaintiffs' agreement throughout January, February, March and April to produce missing notarized supplemental PPSs by April 28, 2023.  During that time, Plaintiffs again had ample time to collect these missing records.   To be clear, the Peruvian criminal investigation is an excuse of convenience here, not an excuse of reality.

The fact that Defendants filed a motion to stay in *Collins*, which Judge Sippel <u>denied</u>, does not justify a stay here.  This case and *Collins* are not analogous because they are in dramatically different procedural postures.  Discovery is in its infancy in *Collins*.  Soon parties in that action will be undertaking a mutually laborious and time-consuming effort of conducting depositions and arranging for independent medical examinations of those plaintiffs in the initial discovery cohort.  But here there are no currently pending discovery deadlines that require a stay.  Plaintiffs state that Defendants have "pressure[d]" them to complete production of notarized PPSs, but in reality Defendants are operating based on the deadline Plaintiffs proposed.  Plaintiffs have had years since filing suit to produce verified, notarized PPSs but have failed to do so, and have now also failed to meet multiple self-imposed deadlines to remedy that deficiency without explanation.  And when

Defendants asked Plaintiffs for reasons that would necessitate more time for their production, which could save the need for motion practice, Plaintiffs refused to provide any reasons.

Finally, judicial economy weighs against a stay. This Court could have, but did not, stay the case in its January 20, 2023 Memorandum and Order, which it certified for immediate appeal. This Court has taken that effort in the past when it deemed it necessary. *See, e.g.*, *Munroe v. Cont'l W. Ins. Co.*, No. 4:10CV1942 CDP, 2012 WL 6553952, at *2 (E.D. Mo. Dec. 14, 2012) (issuing stay *sua sponte*). Further, here, this Court has taken the additional step of requiring the parties to *continue* to work on this case—by requiring the parties to engage in mediation. Finally, unlike cases Plaintiffs have cited in their Motion to Stay, this case has gone on for more than a decade, and without a trial date set, such that a stay is unwarranted and ill-advised. *See Gillick v. Willey*, No. 4:19-CV-03095 SEP, 2020 WL 5017291, at *3 (E.D. Mo. Aug. 25, 2020) (staying case during appeal of denial of motion to dismiss); *Burford v. Monsanto Co.*, No. 4:16CV00536 PLC, 2016 WL 3878469, at *4 (E.D. Mo. July 18, 2016) (staying case that had been pending for less than one year upon appellate decision affecting its potential remand to state court). Plaintiffs should not be allowed to continue putting off their longstanding obligation to produce basic information about their claims to Defendants based on an appeal they opposed as futile and an investigation with no connection to this production whatsoever.

## Conclusion

For the reasons stated herein, the Court should deny Plaintiffs' Motion to Stay Discovery Pending Appeal (Doc. #1337-1).

Respectfully submitted, this 2nd day of June, 2023.

**LEWIS RICE LLC**

By: /s/ Thomas P. Berra, Jr.
Thomas P. Berra, Jr., #43399MO
tberra@lewisrice.com
Michael J. Hickey, #47136MO
mhickey@lewisrice.com
600 Washington Ave., Suite 2500
St. Louis, MO 63102-2147
Telephone: (314) 444-7600
Facsimile: (314) 241-6056

*Attorneys for Defendants The Doe Run Resources Corporation, Albert Bruce Neil, Marvin K. Kaiser, and Jeffrey L. Zelms*

**KING & SPALDING LLP**

Tracie J. Renfroe, #16777000T
trenfroe@kslaw.com
1100 Louisiana Street
Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

Andrew T. Bayman, #043342GA
abayman@kslaw.com
Carmen R. Toledo, #714096GA
ctoledo@kslaw.com
Geoffrey M. Drake, #229229GA
gdrake@kslaw.com
1180 Peachtree Street, N.E.
Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

*Attorneys for Defendants The Renco Group, Inc., D.R. Acquisition Corp., Doe Run Cayman Holdings, LLC, Ira L. Rennert, The Doe Run Resources Corporation, Theodore P. Fox, III, Marvin M. Kaiser, Albert Bruce Neil, Jeffrey L. Zelms*

**DOWD BENNETT LLP**

Edward L. Dowd, Jr. #28785MO
edowd@dowdbennett.com
Jeffrey R. Hoops, #69813MO
jhoops@dowdbennett.com
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300 (telephone)
(314) 863-2111 (facsimile)

*Attorneys for Defendants The Renco Group, Inc., DR Acquisition Corp., Ira L. Rennert, and Doe Run Cayman Holdings, LLC*