



From: Kristine Kraft <kkraft@uselaws.com>
Date: February 13, 2020 at 7:14:21 PM EST
To: "Sentenac, Mark" <MSentenac@KSLAW.com>, Beth Wilkins <bwilkins@uselaws.com>
Cc: "Drake, Geoffrey" <GDrake@KSLAW.com>, "Berra, Thomas P., Jr." <tberra@lewisrice.com>, Beth Wilkins
<bwilkins@uselaws.com>, Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
Subject: RE:  Reid/ DRR - Conferral on Records Production Issues

 **External Sender**
Dear Mark:

This is not entirely correct.  As to the 90 outstanding PPS, we stated that we will continue producing additional PPS'
on a rolling basis and that we would make every effort to produce as many as possible. Although we have produced
269 PPS' since the first of the year, we cannot guarantee that all 90 will be produced by the end of the month.

With respect to your demand that Plaintiffs provide notarized signatures of the PPS' submitted by the plaintiffs
identified in your January 6, 2020 letter, please be advised that we have re-considered our position.  We understand
that your basis for seeking notarizations is to confirm the identity of the plaintiffs. Therefore, we proposed that
these plaintiffs would produce a copy their DNI card as a means to verify the plaintiff's identity, and additionally an
affidavit from an attorney attesting to the identity of the plaintiffs. We had anticipated that you would agree to
accept our compromise, given that it would achieve the goal of confirming identity and the notary process provides

**EXHIBIT B**

no additional value.  However, given that you have not agreed, we will undertake the process of meeting with each of these clients before a notary and obtain their notarized signature verifying the answers they provided were true and accurate at the time they were provided. We will not also produce copies of DNI cards or an affidavit from our counsel. We will produce the notarized signatures for the Plaintiffs identified in your January 7, 2020 letter by August 31, 2020.

As to the Medical, Education, and Employment Records for Trial Groups A-D, first, there is no order requiring plaintiffs to provide employment records. We advised you multiple times that when the medical/academic records were produced for these groups, the records were complete.  As we explained, before your firm's involvement, we had initially produced medical and school records as soon as we received them from each provider, instead of holding onto the records until we obtained a complete set from all providers/schools. Defense counsel advised us long ago that these partial productions were problematic for them to track and requested that we hold the records until a complete set from every provider and school had been received for a particular plaintiff.  Therefore, for quite some time, we have been following the process of producing complete records for plaintiffs.  As a result, from our perspective we have produced complete records for Groups A-D. This is why we asked you to identify the gaps in the production that you believe exist.  You initially would not agree to do so, but later provided a handful of examples. Based on the examples you provided, it appears that the new counsel in this case is has not taken sufficient time to develop a familiarity with the records in order to accurately evaluate whether complete records have been produced.  In an effort to further explain the unique issues that exist in the records in these cases, I have attached responses to a few of the cases you identified in your February 5th letter.  The information in the attachment clarifies that the deficiencies you claimed do not exist.

As to Trial Groups E-F, you have asked for production of their medical and academic records.  We have collected a large volume of records in that group and will produce the sets that are complete next week.   While we do have partial records in additional cases in our possession, you agreed that we should not produce those records until we have a complete set for an individual plaintiff.

In addition, we will produce notarized signatures to the contention interrogatories dated March 8, 2019 as soon as practical.


Kristine K. Kraft, Partner
Schlichter, Bogard & Denton, LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115    314-621-1365 (fax)
kkraft@uselaws.com<mailto:kkraft@uselaws.com>
http://www.uselaws.com<http://www.uselaws.com/>

Visit our Website<http://www.druginjuryinformation.com/>

This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.

From: Sentenac, Mark <MSentenac@KSLAW.com>
Sent: Thursday, February 13, 2020 6:53 AM
To: Kristine Kraft <kkraft@uselaws.com>; Beth Wilkins <bwilkins@uselaws.com>
Cc: Drake, Geoffrey <GDrake@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>

Subject: Reid/ DRR - Conferral on Records Production Issues

Kris and Beth—

I write to memorialize yesterday's discussion on records production and PPF production issues.  If you feel I stated anything incorrectly, please let me know.

1)     Unserved Profile Sheets:  You indicated that there are approximately 90 plaintiffs that still have not produced plaintiff profile forms pursuant to CMO 10.  You stated you would continue to provide profile forms on a rolling basis and estimated that all 90 outstanding profile forms would be produced before the end of the month.

2)     Notarizations:  You stated that Plaintiffs will not be complying with the Court's order to have profile forms notarized.  You reiterated your position that Defendants should be required to confirm signatures from Plaintiffs' DNI cards, which we rejected again for the reasons stated in our conferral letter.

3)     Medical, Education, and Employment Records:

a.      With respect to Trial Groups A-D, you stated that Plaintiffs have completed records production for these groups and will not be producing any further documents.

b.      With respect to Trial Groups E-F, you stated that Plaintiffs have collected approximately 1,100 records for these groups, but have not produced the records because records collection is not complete for individual Plaintiffs. Although Plaintiffs have had years to collect records for these Plaintiffs, you could not provide a timeline by which records collection for these groups would be complete.

4)     The parties agreed that the conferral over these issues is complete.

Thanks,
Mark


___

Mark Sentenac
Senior Associate

T: +1 404 572 3571  |  E: msentenac@kslaw.com<mailto:msentenac@kslaw.com>  | www.kslaw.com<http://www.kslaw.com>

BIO<https://www.kslaw.com/people/mark-sentenac>  |  vCARD<https://www.kslaw.com/people/mark-sentenac.vcf>

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

<https://www.kslaw.com/>

_____


King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or

otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.