# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street N.E. Ste. 1600
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

Geoffrey M. Drake
Partner
Direct Dial: +1 404 572 4726
Direct Fax: +1 404 572 5100
gdrake@kslaw.com

January 3, 2023

**VIA EMAIL**

Kristine K. Kraft
Nathan D. Stump
Schlichter, Bogard, & Denton LLP
100 South 4th Street, Suite 1200
St. Louis, Missouri 63102
kkraft@uselaws.com
nstump@uselaws.com

> Re:   ***Reid, et al. v. Doe Run Resources Corporation, et al.***, Case No. 4:11-cv-00044-
> CDP (consolidated cases), Remaining Issues Regarding Plaintiffs' Production
> of Profile Sheets

Dear Kris and Nathan:

I write on behalf of Defendants in these consolidated cases to address several remaining issues related to Plaintiffs' production of Profile Sheets, or complete lack thereof, in these actions.

As you are aware, Plaintiff Profile Sheets are a key source of information regarding Plaintiffs' claims, including their biographical, medical, educational, employment, damages, and other information. For this reason, over nine years ago in Case Management Order ("CMO") No. 2 (Doc. 103 at ¶ 5), the Court first ordered that all Plaintiffs produce notarized Profile Sheets in accordance with Peruvian law. Subsequently, in CMO No. 10, the Court required all subsequent Plaintiffs to provide notarized Profile Sheets within 60 days of Defendants' notices of removal. (Doc. 303 at ¶ 6). Importantly, the notarization requirement serves as a critical safeguard to ensure the accuracy of the information provided and Defendants' evaluation of Plaintiffs' claims.

Yet, according to Defendants' records, 206 Plaintiffs have failed to satisfy these requirements to date, as set forth in more detail below.

**EXHIBIT C**

January 3, 2023
Page 2

### 1.  Failure to Produce *Any* Profile Sheets

As you will recall, we previously raised the issue of outstanding Profile Sheets with you in our correspondence dated January 7, 2020, in which we identified Plaintiffs in five *Reid*-consolidated actions filed between 2016 and 2018 who had yet to serve Profile Sheets in accordance with this requirement (4:16-cv-01731, 4:18-cv-00575, 4:17-cv-01270, 4:18-cv-00585, and 4:18-cv-00594).  On February 13, 2020, you agreed that at least 90 Profile Sheets were missing and advised that you would continue producing these outstanding Profile Sheets on a rolling basis. (*See* Exhibit A, 2/13/20 Email from K. Kraft to G. Drake Re: Reid/ DRR - Conferral on Records Production Issues).

However, *three years* have since passed, and our records reflect that 76 Plaintiffs have yet to produce *a single* Profile Sheet in their respective actions.  (*See* Exhibit B).  As such, the Plaintiffs identified in Exhibit B, who have entirely failed to produce these crucial case management documents, should be dismissed with prejudice forthwith.  If you will not agree to dismiss these Plaintiffs, please advise by January 10, 2023 what efforts you have undertaken over the past three years that would support a further extension of time to comply with this Court's directives.

### 2.  Failure to Produce Any *Notarized* Profile Sheets

In addition to those Plaintiffs who have failed to produce any Profile Sheets whatsoever, another 7 Plaintiffs have only ever produced unnotarized Profile Sheets in their actions.  (*See* Exhibit C).  An unnotarized Profile Sheet is effectively equivalent to *no* Profile Sheet, and significant time has lapsed with these Plaintiffs not satisfying the Court's orders.  Moreover, while Defendants are sensitive to the challenges posed by the COVID-19 pandemic, it is now January 2023.  The pandemic and any resulting challenges it may have previously presented to obtaining notarized Profile Sheets in Peru do not excuse Plaintiffs' continued noncompliance here.[1]

Therefore, these 7 Plaintiffs should also be dismissed with prejudice.  Should you not agree to these Plaintiffs' dismissal, please provide your basis for any further extension to produce these Profile Sheets.

### 3.  Failure to Produce Notarized *Supplemental* Profile Sheets

Relatedly, while a third category consisting of 113 Plaintiffs appear to have produced notarized Profile Sheets in the past, they later produced operative Supplemental Profile Sheets that were never notarized.  (*See* Exhibit D).

In our correspondence dated January 7, 2020, Defendants identified for your office 224 instances in which over 100 different Plaintiffs failed to comply with the notarization requirement in full.  On February 13, 2020, following the parties' conferral on this issue, Plaintiffs agreed to produce these outstanding notarizations by August 31, 2020.  (*See* Exhibit A).  Plaintiffs, however,

---

[1] Indeed, on July 19, 2022, the Court in *Collins, et al. v. Doe Run Resources Corp., et al.*, Case No. 4:15-CV-01704-RWS, ordered over *1,000 Plaintiffs* who had yet to produce notarized Profile Sheets in their actions (citing pandemic-related challenges) to do so by October 31, 2022.

January 3, 2023
Page 3

failed to do so, instead allowing the agreed-upon deadline to pass without even an outreach to the undersigned.

Your clients have now had several years to comply with the Court's Order, including almost three years since we raised these issues with you in January 2020.  Thus, the 113 Plaintiffs identified in Exhibit D should also be dismissed with prejudice. If you disagree, we again ask you to explain your basis for any extension to produce notarized versions of Plaintiffs' Supplemental Profile Sheets.

### 4.   Failure to Produce *Complete*, Notarized Profile Sheets

Finally, our records reflect that 10 Plaintiffs produced what appear to be notarized Profile Sheets, based on individually stamped pages, that are otherwise missing the relevant notary pages, thus necessitating their reproduction.  (*See* Exhibit E).  Therefore, Defendants request that Plaintiffs identified in Exhibit E reproduce complete copies of their Profile Sheets within 30 days, or by February 2, 2023.

*  *  *  *  *  *  *  *

Please advise us of your position on these issues by January 10, 2023.  If we do not hear from you on any of the above, Defendants will raise the issue(s) with the Court.  We appreciate your anticipated, prompt attention to these matters and remain available to discuss further, as needed.

Sincerely,

Geoffrey M. Drake

cc:
Thomas P. Berra
Michael J. Hickey
Edward L. Dowd
Tracie J. Renfroe
Andrew T. Bayman
Carmen Toledo

Exhibit A

**From:** Kristine Kraft <kkraft@uselaws.com>
**Sent:** Thursday, February 13, 2020 7:13 PM
**To:** Sentenac, Mark <MSentenac@KSLAW.com>; Beth Wilkins <bwilkins@uselaws.com>
**Cc:** Drake, Geoffrey <GDrake@KSLAW.com>; Berra, Thomas P., Jr. <tberra@lewisrice.com>; Beth Wilkins <bwilkins@uselaws.com>; Reenee Gangopadhyay <rgangopadhyay@uselaws.com>
**Subject:** RE: Reid/ DRR - Conferral on Records Production Issues
**External Sender**
Dear Mark:

This is not entirely correct. As to the 90 outstanding PPS, we stated that we will continue producing additional PPS' on a rolling basis and that we would make every effort to produce as many as possible. Although we have produced 269 PPS' since the first of the year, we cannot guarantee that all 90 will be produced by the end of the month.

With respect to your demand that Plaintiffs provide notarized signatures of the PPS' submitted by the plaintiffs identified in your January 6, 2020 letter, please be advised that we have re-considered our position. We understand that your basis for seeking notarizations is to confirm the identity of the plaintiffs. Therefore, we proposed that these plaintiffs would produce a copy their DNI card as a means to verify the plaintiff's identity, and additionally an affidavit from an attorney attesting to the identity of the plaintiffs. We had anticipated that you would agree to accept our compromise, given that it would achieve the goal of confirming identity and the notary process provides no additional value. However, given that you have not agreed, we will undertake the process of meeting with each of these clients before a notary and obtain their notarized signature verifying the answers they provided were true and accurate at the time they were provided. We will not also produce copies of DNI cards or an affidavit from our counsel. We will produce the notarized signatures for the Plaintiffs identified in your January 7, 2020 letter by August 31, 2020.

As to the Medical, Education, and Employment Records for Trial Groups A-D, first, there is no order requiring plaintiffs to provide employment records. We advised you multiple times that when the medical/academic records were produced for these groups, the records were complete. As we explained, before your firm's involvement, we had initially produced medical and school records as soon as we received them from each provider, instead of holding onto the records until we obtained a complete set from all providers/schools. Defense counsel advised us long ago that these partial productions were problematic for them to track and requested that we hold the records until a complete set from every provider and school had been received for a particular plaintiff. Therefore, for quite some time, we have been following the process of producing complete records for plaintiffs. As a result, from our perspective we have produced complete records for Groups A-D. This is why we asked you to identify the gaps in the production that you believe exist. You initially would not agree to do so, but later provided a handful of examples. Based on the examples you provided, it appears that the new counsel in this case is has not taken sufficient time to develop a familiarity with the records in order to accurately evaluate whether complete records have been produced. In an effort to further explain the unique issues that exist in the records in these cases, I have attached responses to a few of the cases you identified in your February 5th letter. The information in the attachment clarifies that the deficiencies you claimed do not exist.

As to Trial Groups E-F, you have asked for production of their medical and academic records. We have collected a large volume of records in that group and will produce the sets that are complete next week. While we do have partial records in additional cases in our possession, you agreed that we should not produce those records until we have a complete set for an individual plaintiff.

In addition, we will produce notarized signatures to the contention interrogatories dated March 8, 2019 as soon as practical.

Kristine K. Kraft, Partner

**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115 314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com
Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

**From:** Sentenac, Mark
**Sent:** Thursday, February 13, 2020 6:53 AM
**To:** Kristine Kraft ; Beth Wilkins
**Cc:** Drake, Geoffrey ; Berra, Thomas P., Jr.
**Subject:** Reid/ DRR - Conferral on Records Production Issues

Kris and Beth—

I write to memorialize yesterday's discussion on records production and PPF production issues. If you feel I stated anything incorrectly, please let me know.

1. Unserved Profile Sheets: You indicated that there are approximately 90 plaintiffs that still have not produced plaintiff profile forms pursuant to CMO 10. You stated you would continue to provide profile forms on a rolling basis and estimated that all 90 outstanding profile forms would be produced before the end of the month.

2. Notarizations: You stated that Plaintiffs will not be complying with the Court's order to have profile forms notarized. You reiterated your position that Defendants should be required to confirm signatures from Plaintiffs' DNI cards, which we rejected again for the reasons stated in our conferral letter.

3. Medical, Education, and Employment Records:
    a. With respect to Trial Groups A-D, you stated that Plaintiffs have completed records production for these groups and will not be producing any further documents.
    b. With respect to Trial Groups E-F, you stated that Plaintiffs have collected approximately 1,100 records for these groups, but have not produced the records because records collection is not complete for individual Plaintiffs. Although Plaintiffs have had years to collect records for these Plaintiffs, you could not provide a timeline by which records collection for these groups would be complete.

4. The parties agreed that the conferral over these issues is complete.

Thanks,
Mark
———

**Mark Sentenac**
*Senior Associate*

T: +1 404 572 3571 | E: msentenac@kslaw.com | www.kslaw.com

**BIO | vCARD**

King & Spalding LLP
1180 Peachtree Street, NE

Suite 1600
Atlanta, GA 30309

KING & SPALDING

**Exhibit B**

| NO. | | PLFID | | NAME |
|---|---|---|---|---|
| | | | | |



**Exhibit C**

| NO. | | | PLFID | | NAME | | |
|---|---|---|---|---|---|---|---|
| | ███ | | ███ | | ██████████████ | | |
| | ███ | | ███ | | ██████████████████ | | |
| | ███ | | ███ | | ████████████████ | | |
| | ███ | | ███ | | ████████████████ | | |
| | ███ | | ███ | | ██████████████ | | |
| | ███ | | ███ | | ██████████████ | | |
| | ███ | | ███ | | ████████████████ | | |

**Exhibit D**







**Exhibit E**

