IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.O.A., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.:   4:11-cv-00044-CDP |
| v. ) | (CONSOLIDATED) |
| ) | |
| DOE RUN RESOURCES ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REDACTED REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STAY DISCOVERY PENDING APPEAL

Discovery in this case should be stayed until the Eighth Circuit issues its potentially dispositive ruling. If the Eighth Circuit were to reverse, there would have been no point to Plaintiffs bearing the substantial cost and time of continuing to produce records that will not be used. If the Eighth Circuit were to uphold the district court's ruling, as Plaintiffs expect, there are sixteen bellwether cases ready for trial; discovery is not needed on those. Those are the cases which will proceed to trial. Thus, obtaining records of other plaintiffs will have no value to Defendants. The information will merely be stored in their files until serial trials for the full bellwether group are completed. Should it affirm, the time before their cases come to trial will render discovery conducted in the interim out of date, and Defendants will then seek further discovery before trials on their cases from these plaintiffs.

Moreover, to the point that the records will enable Defendants to evaluate the entire group of plaintiffs, Defendants have no remaining argument in support. Outside of mere curiosity, there is absolutely no benefit to Defendants in obtaining the records at this time

because, as of one week ago, the court-ordered mediation has definitely failed. There will be no settlement for the duration of the appeal. As a result, a stay cannot be prejudicial to Defendants.

There is little doubt that, if Plaintiffs were to request additional discovery at this time, such as updated net worth for the punitive damages claim, updated emails regarding Defendants' actions in Peru, further information about transactions among Defendants' companies, actions of Ira Rennert, additional depositions, a supplemental deposition of Ira Rennert, and more, Defendants would vigorously assert that this would be unnecessary because the case may be dismissed. Hence, the result of requiring Plaintiffs to continue to produce records at this time will prejudice them, burden them with spending substantial time and money, produce no benefit to anyone, and create a one-sided burden only on them, while Defendants produce no discovery.

Further, since the Court has not ruled on the numerous outstanding *Daubert* motions and the remaining summary judgment motions, Plaintiffs believe it is likely that the court will not until the appeal is resolved, under the same rationale that it may be a waste of time. While Plaintiffs prefer that the court rule on these motions so that the case can be expeditiously proceed after an affirmance, Plaintiffs understand why the court may not wish to spend its time on a lengthy process of making such rulings that may turn out to be unnecessary.

What this means is that failing to grant Plaintiffs requested stay will put Plaintiffs in the position that, apart from working on the appeal, they alone will bear the burden of working up the case, while Defendants simply pursue the appeal, and this court waits for the Eighth Circuit's decision.

A stay is an exercise of a court's power "to control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Deciding on a motion for a stay is a

"call for the exercise of judgment, which must weigh competing interests." *Id.* at 255. The court should exercise its discretion to stay the discovery.

I. **Continuing discovery during the lengthy appeals process would be inefficient and against the interest of judicial economy.**

In their Petition, Defendants stated that reversal at the Eighth Circuit will mean "shielding 'the more than 1400 plaintiffs who are not yet part of a discovery cohort from the burdens of discovery.'" Petition for Permission to Appeal, Doc. 1324, at 32[1] (quoting Doc. 1322, Memo & Order on Defs' Mtn for Application of Peruvian Law & SJ Under Peruvian Law, at 78).[2] Regardless of the outcome, continuing discovery now will guarantee that those Plaintiffs face years of discovery, even if the end result is reversal on appeal, in which case "'this litigation will be over.'" Doc. 1324, at 32 (quoting Doc. 1322, at 77).

The case is pending before the Eighth Circuit after Defendants' petition. The Eighth Circuit certified the interlocutory appeal on April 3, 2023. The Eighth Circuit's next sitting will be held in St. Louis on June 12th through June 16, 2023. All of the cases on the docket were docketed in 2022, at least seven months before the hearing. It is fair to expect, then, that this case will be heard no earlier than November 2023. A decision would likely come months later, around May or June 2024.

Following the Eighth Circuit's ruling, the losing party may well petition for an en banc panel rehearing. The most recent Eighth Circuit en banc sitting was held on April 11, 2023. The petition for that hearing was granted on November 15, 2022. *United States v. Stowell*, No. 21-2234, 2022 U.S. App. LEXIS 31598 (8th Cir. Nov. 15, 2022). This indicates a waiting time of around five months if the en banc court entertains the petition. Again, a decision would take

---

[1] References to the record, unless otherwise indicated, refer to the ECF pagination.
[2] The reference to Doc. 1322 refers to the document's internal pagination.

months, meaning the en banc process could add another six months to a year, with the en banc process ending in May or June 2025.

It is at least possible, and more likely probable, that the losing side will petition the Supreme Court for a writ of certiorari. A writ of certiorari is timely filed with the Supreme Court within 90 days after a Court of Appeals' ruling. USCS Supreme Ct. R. 13.1; *see* 28 U.S.C. § 2101(c). An opposition brief is due 30 days after the case is docketed. USCS Supreme Ct. R. 15.3. A reply brief may be filed within 14 days before the Clerk delivers all filings to the Court. USCS Supreme Ct. R. 15.5. Based on the timing above, it is likely that this briefing will conclude during the Court's summer break, so the petition would not be considered until October 2025.

If the Supreme Court requests the views of the Solicitor General, that process alone can add 6 months or more.[3] That would take the case to late 2026 even if the Supreme Court were to deny the certiorari petition.

If the Supreme Court grants certiorari, the petitioner has 45 days to file an opening brief. USCS Supreme Ct. R. 25.1. The appellee has another 30 days to file a respondent's brief. USCS Supreme Ct. R. 25.2. The appellant then may file a reply brief within 30 days. USCS Supreme Ct. R. 25.3. Extensions of time for the briefing in the Supreme Court are widely given.

If the Supreme Court were to accept the case, briefing might or might not be completed before the end of the 2027 term in June. Thus, a decision could be expected by either mid 2027

---

[3] Plaintiffs' attorneys have had two cases in the last two years in which they asked the Supreme Court to grant certiorari. In both cases, the Supreme Court asked for the views of the Solicitor General. In one, *Hughes v. Northwestern Univ.*, 142 S. Ct. 737 (2022), the SG process itself took more than seven months before the SG weighed in, recommending that the Court take the case, which it did.

or late that year. At that point, the case would return to this court, only to have the need for the *Daubert* and summary judgment motions to be decided, thereby resulting in a first trial date in 2028. By then, even discovery on the bellwether cases would need to be updated, and records obtained on non-bellwether cases obtained now would also when the bellwether cases were finished.

That Plaintiffs opposed the interlocutory appeal is of little moment. *See* Def's Memo. In Opp. to Pltfs' Mt. to Stay Discovery, Doc. 1343, at 2. Despite Plaintiffs' opposition, the appeal was certified, and the parties must now deal with the facts as they currently are.

## II.  A discovery stay is beneficial, not prejudicial, to Defendants.

A non-moving party, in opposing a stay, needs to show "prejudice that may flow from conducting discovery later rather than sooner." *Mau v. Twin City Fire Ins. Co.*, No. 16-325, 2017 U.S. Dist. LEXIS 134699, at *8 (D. N.D. Aug. 23, 2017). Only then must the proponent show hardship if required to move forward. *Landis*, 299 U.S. at 255. Here, a stay benefits both parties and is of no prejudice to Defendants, while Plaintiffs will suffer hardship from moving forward with discovery while this appeal is pending.

Defendants have not identified any prejudice they would face from a stay during the interlocutory appeal process. In *Collins*, Defendants even argued that they would be prejudiced if a stay were *not* granted, "as Defendants will be forced to expend substantial time and resources engaging in discovery and litigating issues that may become entirely moot." *J.Y.C.C. v. Doe Run Resources Corp.,* No. 4:15-cv-1704-RWS (Doc. 728) at 7–8. It is true, as Defendants point out, Doc. 1343, at 2, that Judge Sippel denied that motion. But the fact remains that their position was that, at least there, a stay was necessary.

Defendants maintain that the cases are separated by their procedural posture, discovery in Collins being "in its infancy." Doc. 1343 at 6. That is another reason why the requested records in this case add nothing of benefit to Defendants. They have a mountain of records on hundreds of plaintiffs and those records provide sufficient basis to evaluate the damages in these cases at this stage, if there were some potential for settlement. However, that is not the situation. The difference in posture between the cases does not call for denying a stay in this case.

One reason Defendants cannot show prejudice is that the stay "would not significantly disrupt the litigation process." *St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*, No. 15-01215, 2015 U.S. Dist. LEXIS 150776, at *13 (E.D. Mo. Nov. 4, 2015). Here, full discovery has not yet commenced, on either side, for the Plaintiffs who have not yet been placed in a discovery cohort. Discovery has already ended for the Plaintiffs in the Discovery Cohort, including production of their Plaintiff Profile Sheets. Staying discovery now would not slow down the case. No discovery is needed on the cases headed to trial; as to the rest, it is too early to conduct meaningful discovery, as it will be years (and trials) before they will go to trial.

Any doubt about this was removed by the June 5, 2023 failed mediation. *See* Doc. 1344. Defendants now have no justification to seek these records at this time. The only purpose for seeking discovery, then, is to create burden and expense for Plaintiffs. ███████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

This court should not allow such a process to proceed when there is no benefit to Defendants and only harm to Plaintiffs.

Indeed, a stay of discovery will be mutually beneficial, not prejudicial. In issuing a stay, a court considers "whether discovery is complete and a trial date has been set." *Wells Fargo Ins. Servs. USA v. King*, No. 15-4378, 2016 U.S. Dist. LEXIS 194161, at *7–8 (D. Minn. July 29, 2016) (collecting cases). Discovery is not complete and a trial date has not been set for anyone, including even the bellwether plaintiffs.

Defendants themselves recognized as much in their Petition for Permission to Appeal, writing that "the court explained that it would be wasteful to proceed with further discovery . . . on more than 1400 plaintiffs' claims before this Court addresses these legal issues that could end this case entirely." Doc. 1324 at 9. In urging the Eighth Circuit to take on the interlocutory appeal, Defendants noted that doing so would mean "shielding" the more than 1,400 plaintiffs on whom discovery has not yet commenced. Doc. 1324 at 32. Thus, Defendants have conceded that "shielding" Plaintiffs from further discovery while the appeal proceeds is the right step. Further, a stay not only protects the parties from having to engage in pointless discovery, but it also "prevents the court from having to entertain any further discovery motions or hearings on issues that may be of no consequence." *Mau*, 2017 U.S. Dist. LEXIS 134699, at *8.

Indeed, it is not hard to imagine how Defendants will respond if Plaintiffs seek depositions regarding their current practices, resources, and assets. Such requests would be resisted as unnecessarily intrusive, given that such discovery will need to be updated at the conclusion of the pending appeal.

**III.** 

**IV. Defendants' remaining arguments are without merit.**

Defendants cite the short pendency of certain cases in which stays were granted, inviting the Court to infer that the short pendency was the reason for, or a contributing factor in, the decision. But this is not the case. The court in *Gillick* granted a stay because a pending Eighth Circuit decision "would very likely determine the disposition of this case . . . subjecting the parties to costly discovery . . . would not be prudent when directly relevant guidance from the



Eighth Circuit is forthcoming." *Gillick v. Willey*, No. 19-03095, 2020 U.S. Dist. LEXIS 153640, at *6 (E.D. Mo. Aug. 25. 2020). Similarly, the *Burford* stay was granted because a decision from the Eighth Circuit "will likely have a significant effect on the ultimate disposition of the instant matter. The Court therefore finds that staying the . . . proceedings in this case would serve in the interests of the judicial economy." *Burford v. Monsanto Co.*, No. 16-00536, 2016 U.S. Dist. LEXIS 92696, at *12–13 (E.D. Mo. July 18, 2016). Neither so much as mentions short pendency as a reason for a stay, nullifying Defendants' attempt to infer that a long pendency would have caused those cases to come out differently. The rationale of the cases is that courts do not require substantial burden on parties when a dispositive motion may eliminate the case.

Just like in *Gillick* and *Burford*, an Eighth Circuit decision, an appeal in this very case, will have a direct effect on how this case will proceed. Just like in *Gillick* and *Burford*, then, a stay of discovery is called for.

Defendants claim this Court has "implicitly rejected the notion of an absolute stay of proceedings[.]" Doc. 1343 at 2. The Order Referring Case to Alternative Dispute Resolution makes no mention of rejecting the notion of a stay. *See* Doc. 1325. It does, however, indicate that if the Eighth Circuit does not dismiss the case, then "discovery will continue—and in most cases commence—on the more than 1400 plaintiffs who are not yet part of a Discovery Cohort." *Id*. at 77–78. Further, the Order takes note of "the uncertainty caused by the pending matters." *Id*. at 2. The Court, therefore, has already recognized that the continuation of discovery is contingent upon the Eighth Circuit's decision.

V. Conclusion

To preserve fairness and judicial economy, the Court should grant this motion and stay

discovery efforts during the forthcoming lengthy interlocutory appeal process.

                              Respectfully submitted,

                              **SCHLICHTER, BOGARD LLP**

By:   /s/ *Kristine K. Kraft*
JEROME J. SCHLICHTER #32225
NELSON G. WOLFF #40796
KRISTINE K. KRAFT #37971
NATHAN D. STUMP #71641
100 South 4th Street, Suite 1200
St. Louis, MO 63102
(314) 621-6115
(314) 621-7151 (fax)
jschlichter@uselaws.com
nwolff@uselaws.com
kkraft@uselaws.com
nstump@uselaws.com

## CERTIFICATE OF SERVICE

I certify that on June 12, 2023, I served the unredacted version of this document via electronic mail on the following:

**Lewis Rice, LLC**
Thomas P. Berra, Jr.
tberra@lewisrice.com
Michael J. Hickey
mhickey@lewisrice.com
600 Washington Avenue, Suite 2500
St. Louis, MO 63102

*Attorneys for Defendants The Doe Run Resources Corporation, Albert Bruce Neil, Marvin K. Kaiser, and Jeffrey L. Zelms*

**King & Spalding, LLP**
Tracie J. Renfroe
trenfroe@kslaw.com
1100 Louisiana Street, Suite 4000
Houston, TX 77002

Andrew T. Bayman
abayman@kslaw.com
Carmen R. Toledo
ctoledo@kslaw.com
Geoffrey M. Drake
gdrake@kslaw.com
1180 Peachtree Street, N.E., Suite 1600
Atlanta, GA 30309

*Attorneys for Defendants The Renco Group, Inc., D.R. Acquisition Corp., Doe Run Cayman Holdings, LLC, Ira L. Rennert, The Doe Run Resources Corporation, Theodore P. Fox, III, Marvin M. Kaiser, Albert Bruce Neil, Jeffrey L. Zelms*

**Dowd Bennett, LLP**
Edward L. Dowd, Jr.
edowd@dowdbennett.com
Jeffrey R. Hoops
jhoops@dowdbennett.com
7733 Forsyth Blvd., Suite 1900
St. Louis, MO 63105

*Attorneys for Defendants The Renco Group, Inc., DR Acquisition Corp., Ira L. Rennert, and Doe Run Cayman Holdings, LLC*

By:   /s/ *Kristine K. Kraft*
      KRISTINE K. KRAFT