**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| A.O.A., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.  4:11CV44 CDP |
| ) | (CONSOLIDATED) |
| DOE RUN RESOURCES CORPORATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS FOR FAILURE TO PROSECUTE BY PRODUCING PROFILE SHEETS**

Pursuant to Federal Rule of Civil Procedure 41(b), Defendants file this memorandum in support of their motion to dismiss with prejudice the 119 Plaintiffs who have failed to follow Court orders and have failed to prosecute their cases by producing notarized Plaintiff Profile Sheets ("PPSs"):

**Introduction**

Years after being ordered to do so, 119 Plaintiffs have failed to meet their most basic discovery obligations in this case—to produce a notarized Plaintiff Profile Sheet ("PPS"). As further set out below, Plaintiffs should have produced all PPSs to Defendants no later than June 15, 2018—*over five years ago*. Defendants provided Plaintiffs with a specific account of all outstanding PPSs years ago and reminded them again of these outstanding seven months ago. However, despite Defendants' good faith attempts, there remain 119 Plaintiffs who have failed to produce original or supplemental notarized PPSs as of today—*42 of which have never produced a single PPS (notarized or not) to date*. Having now exhausted their attempts to obtain these missing

1

forms without resort to this Court's intervention, Defendants respectfully request that this Court dismiss with prejudice all 110 Plaintiffs without further delay.

**Factual Background**

It has been over *ten years* since this Court first ordered Plaintiffs to produce notarized PPSs in accordance with Peruvian law. (Case Management Order ("CMO") No. 2, dated March 21, 2013, Doc. #103, at ¶5). Subsequently, in CMO No. 10 entered on June 18, 2015, this Court required all subsequent Plaintiffs to provide PPSs within 60 days of Defendants' notices of removal. (Doc. #303, at ¶6). Defendants' last removal of Plaintiffs into this consolidated action occurred on April 16, 2018, more than *five years* ago. Thus, sixty days after April 16, 2018—by June 15, 2018—Plaintiffs should have produced all outstanding PPSs to Defendants.

In January 2020, Defendants advised Plaintiffs that (at that time) there were 224 instances in which over 100 different Plaintiffs failed to comply with the notarization requirement in full. (*See* letter from Geoffrey Drake to Kristine Kraft dated January 7, 2020, attached hereto as Exhibit A). Following that notice, Plaintiffs agreed to produce these outstanding notarizations by August 31, 2020, but never did. (*See* e-mail from Kristine Kraft dated February 13, 2020, attached hereto as Exhibit B).

More recently, Defendants have once again tried to work with Plaintiffs to set a reasonable, but at least somewhat definitive, deadline for Plaintiffs to produce their missing notarized PPSs. But this effort has been in vain despite Defendants' good faith efforts to work with Plaintiffs to facilitate this long overdue production. On January 3, 2023, counsel for Defendants notified Plaintiffs' counsel that 206 Plaintiffs have failed to produce complete notarized PPSs. (*See* letter from Geoffrey Drake to Kristine Kraft, attached hereto as Exhibit C). Specifically, Defendants laid out exactly which Plaintiffs had failed to produce *any* PPS to date (76 Plaintiffs), which had

failed to produce original, *notarized* PPSs (7 Plaintiffs), which had failed to produce *notarized supplemental* PPSs (113 Plaintiffs), and which had produced incomplete PPSs (10 Plaintiffs). (*Id.*).  Defendants asked that Plaintiffs (i) dismiss those Plaintiffs who had not produced either any notarized PPSs or otherwise explain what efforts had been undertaken over the past several years that would support a further extension of time to produce them; and (ii) produce missing pages from incomplete PPSs that were previously produced.

Ten days later, on January 13, 2023, Plaintiffs' counsel advised that they anticipated providing these PPSs on a rolling basis and would "make all efforts to complete that process by April 28." (*See* letter from Kristine Kraft to Geoffrey Drake, attached hereto as Exhibit D). *Though over three months out, Defendants held off on seeking Court intervention, trusting Plaintiffs would comply by that self-imposed deadline.*  Later that month, Plaintiffs again confirmed that they planned to produce these PPSs by April 28, and further vowed that in the event they were unable to do so, they would provide Defendants with "an update on the status of [their] efforts and the reason behind the delay." (*See* January 31, 2023 letter from Kristine Kraft to Geoffrey Drake, attached hereto as Exhibit E).

Notwithstanding Plaintiffs' acknowledgement that they are obligated to produce these missing PPSs to Defendants, and seeming cooperation to do so, come April 28, 2023, most of the 206 identified Plaintiffs had failed to produce their supplemental notarized PPSs.  Moreover, Plaintiffs did not explain—despite their prior agreement to do so—the reasons behind their delay. Instead, without providing any specific details, Plaintiffs offered a vague excuse that "[t]here have been circumstances beyond [their] control." (*See* April 28, 2023 e-mail from Denisse Icenogle, attached hereto as part of Exhibit F).

3

On May 5, 2023, in an effort to avoid motion practice on this issue, Defendants' counsel requested that the delinquent Plaintiffs propose a hard deadline for production of their missing notarized supplemental PPSs, the largest subset of the overall group of Plaintiffs who are not in compliance with the notarization requirement, and an explanation why these sheets have not been produced to date. (*See* May 5, 2023 e-mail from Rania Kajan, attached hereto as part of Exhibit F). However, now shifting course from their prior position, Plaintiffs instead announced their intention to move for a stay of "all discovery" pending resolution of the interlocutory appeal, which they filed on May 19, 2023. This Court denied that Motion to Stay on June 15, 2023, determining that the only discovery issue outstanding is the production of notarized PPSs, and that Plaintiffs' obligation to produce the PPSs is in accordance with its earlier Orders that have existed over a period of years. See Memorandum and Order (Doc. #1353 at 2). Moreover, this Court held that the "interlocutory appeal presently pending before the Eighth Circuit does not change this existing obligation." (*Id.*)

Following the Court's Order denying Plaintiffs' Motion to Stay, on June 19, 2023, Defendants reached out to Plaintiffs one final time. Defendants informed Plaintiffs that should the (then) 146 "Plaintiffs fail to produce complete, notarized Profile Sheets by July 20, 2023, Defendants will consider their conferral obligations complete and move to dismiss any non-compliant Plaintiff with prejudice from these proceedings." (*See* June 19, 2023 e-mail from Rania Kajan, attached hereto as Exhibit G). However, come July 20, 2023, Plaintiffs produced only a fraction of the remaining outstanding notarized PPSs, without any explanation why there remained 119 PPSs outstanding or when said PPSs would be produced.

In sum, as of today, there remain 119 Plaintiffs who have failed to produce original or supplemental notarized PPSs. Of these Plaintiffs, there are 42 Plaintiffs who have failed to produce

4

*any PPSs whatsoever to date*, 1 Plaintiff who has failed to ever produce a *notarized* PPS, and 76 Plaintiffs who have failed to produce their *notarized supplemental* PPSs.  (*See* Composite Exhibit H detailing these Plaintiffs)..[1]

## Argument

A plaintiff who initiates a lawsuit is expected to prosecute it. If a plaintiff fails to pursue his or her claim, Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss the action with prejudice for failure of the plaintiff "to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). Rule 41(b) does not require a showing of bad faith for dismissal. *See Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010). Instead, Rule 41(b) allows dismissal "in cases of willful disobedience of a court order *or* where a litigant exhibits a pattern of intentional delay" *Id.* (affirming dismissal with prejudice pursuant to Rule 41(b) when "[t]he district court provided plaintiffs with numerous opportunities to comply with its discovery orders") (emphasis added).

Under either of the Rule 41(b) dismissal prongs laid out in *Arnold*, dismissal is warranted as to these 119 Plaintiffs.  In fact, Plaintiffs have disobeyed court orders *and* exhibited a pattern of delay in failing to produce valid PPSs.  Plaintiffs' obligation to produce notarized PPSs has existed for over ten years, dating to this Court's entry of CMO No. 2 on March 21, 2013.  Pursuant to that Order, Plaintiffs should have produced complete notarized PPSs to Defendants within sixty days after their last removal on April 16, 2018 (thus, by June 15, 2018)—over *five years ago*.

---

[1] Notably, Plaintiffs have not made substantial progress in producing their outstanding PPSs since Defendants reminded them on January 3, 2023 that 206 Plaintiffs had failed to produce complete notarized PPSs.  (*See* Exhibit C).  As of January 3, 2023, 76 Plaintiffs had failed to produce *any* PPS; only 34 Plaintiffs from this group have produced PPSs since then.  Moreover, as of January 3, 2023, 113 Plaintiffs had failed to produce *notarized supplemental* PPSs.  Only 30% of these Plaintiffs have since fixed the issue, leaving 76 Plaintiffs still missing notarized supplemental PPSs today.

Notwithstanding that failure, Defendants have tried in good faith for years to obtain Plaintiffs' missing PPSs without resort to formal motion practice. As set forth above, Defendants advised Plaintiffs of missing PPSs that must be produced as early as January 2020—over three and half years ago. While Plaintiffs have made promises to produce the missing PPSs since that time, and are further aware of this Court's denial of their Motion to Stay and reminder of their longstanding Court-ordered discovery obligations, there remain 119 Plaintiffs who have failed to produce complete notarized PPSs and Defendants are without any date certain as to when these PPSs will be produced.

Plaintiffs failure to produce notarized PPSs has prejudiced Plaintiffs. Valid PPSs are the Court-imposed and intended way for Defendants to assess whether Plaintiffs actually exist, intend to be in these cases, and want to proceed with them. Defendants should not be required to wait years past required deadlines for Plaintiffs named in these lawsuits to verify the most basic information about their identity, alleged injuries, and willingness to go forward. *See In re Deepwater Horizon*, 907 F.3d 232, 236 (5th Cir. 2018) ("Dismissal with prejudice is a proper remedy to prevent lawsuits from non-existent plaintiffs, which further hamper the resolution of meritorious claims by real plaintiffs.").

Indeed, in Defendants' corresponding case, *J.Y.C.C. v. Doe Run Resources Corp.* (the "*Collins*" cases, No. 4:15-cv-1704-RWS, Judge Sippel has already granted Defendants' analogous motions and determined on several occasions that a plaintiff's longstanding failure to produce a valid, notarized PPS warrants dismissal with prejudice. (Doc. ## 513, 524, 719 (dismissing 544 plaintiffs), 752 (dismissing 45 plaintiffs).) In fact, in his Memorandum and Order dated January 26, 2023 (Doc. #719), Judge Sippel determined that "Plaintiffs [had] intentionally not completed this production when they had ample opportunity to do so before the onset of the COVID pandemic

6

and from January 2021 through July 2022," and, accordingly, Defendants were "entitled to finality with these plaintiffs' failure to prosecute their cases and comply with Court orders."[2] (Memorandum and Order, dated Jan. 26, 2023, Dkt. No. 719 at 24.) Judge Sippel further rejected the *Collins* Plaintiffs' proposal to produce missing PPSs on a rolling basis going forward:

> Plaintiffs proposed a lesser "sanction" of a rolling production that would not be completed for a year. That is not a sanction. Nor would the lesser sanction of dismissal without prejudice be appropriate. That too would not be a sanction, it would simply be yet another extension of time to allow these plaintiffs to comply with my multiple orders and expired production deadlines.

(*Id.*) Judge Sippel's dismissals are supported by courts within the Eighth Circuit, which have similarly granted dismissal for failure to adhere to court orders. *See*, *e.g.*, *Chauvin v. Bayer Pharmaceuticals, Inc.*, 860 F. App'x 95 (8th Cir. 2021) (per curiam) (affirming dismissal of plaintiffs' claims when they failed to comply with a pretrial order and the district court warned plaintiffs about continued noncompliance); *In re Prempro Prod. Liab. Litig.*, 423 F. App'x 659, 660–61 (8th Cir. 2011) (per curiam) (affirming dismissal of a plaintiff pursuant to Rule 41(b) for failure to produce a medical authorization form despite two court orders to do so); *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007) (affirming the district court's decision to dismiss plaintiffs' claims when they failed to comply with two court orders). Now, it is similarly proper for this Court to dismiss these 119 Plaintiffs for the same reasons.

In short, this Court should not entertain any superficial excuses by Plaintiffs for their failure to produce complete notarized PPSs. Defendants have now spent multiple years attempting to

---

[2] Like the *Collins* Plaintiffs, notwithstanding any production delays potentially caused by the COVID-19 pandemic, these Plaintiffs also had ample opportunity to produce their PPSs before the onset of the pandemic, as well as since January 2021 when notary services resumed in La Oroya.

collect from Plaintiffs foundational documents *they agreed to produce* several times over. Accordingly, the Court should reject Plaintiffs' baseless excuses and dismiss with prejudice these 119 Plaintiffs—*42 of which have failed to produce a single PPS to date (much less a notarized one)*—without further delay. *See also Fletcher v. S. Farm Bureau Life Ins. Co.*, 757 F.2d 953, 956 (8th Cir. 1985) (affirming district court's dismissal with prejudice when plaintiff disobeyed court's orders and ignored repeated warnings over three-year period); *In re Vioxx Prods. Liab. Litig.*, 452 F. Appx. 500 (5th Cir. 2011) (per curiam) (affirming dismissal of plaintiff's claims with prejudice where plaintiff failed to comply with court scheduling order requiring production of doctor's report linking decedent's injury and death to use of Vioxx, despite district court granting plaintiff numerous extensions to comply with court scheduling order); *In re Asbestos Products Liability Litigation*, 718 F.3d 236, 248–49 (3rd Cir. 2013) (affirming the dismissal of twelve plaintiffs with prejudice pursuant to Rule 41(b) based on those plaintiffs' noncompliance with the district court's administrative order).

## Conclusion

Plaintiffs have long failed to comply with the Court's directives to produce properly executed PPSs for 119 Plaintiffs, notwithstanding Defendants' persistent attempts to obtain them over the years without the need for Court intervention.  Therefore, Defendants respectfully request that the Court dismiss with prejudice the claims of the 119 Plaintiffs who have failed to produce valid, compliant PPSs to date.

## Certification of Meet and Conferral

In accordance with Local Rule 3.04, the undersigned movant hereby certifies that Defendants exhausted their meet and confer attempts as described in the foregoing motion.

Respectfully submitted this 11th day of August, 2023.

                                                  **LEWIS RICE LLC**

By: /s/ *Thomas P. Berra, Jr.*
Thomas P. Berra, Jr., #43399MO
tberra@lewisrice.com
Michael J. Hickey, #47136MO
mhickey@lewisrice.com
600 Washington Ave., Suite 2500
St. Louis, MO  63102-2147
Telephone: (314) 444-7600
Facsimile: (314) 241-6056

*Attorneys for Defendants The Doe Run Resources Corporation, Albert Bruce Neil, Marvin K. Kaiser, and Jeffrey L. Zelms*

**KING & SPALDING LLP**                          **DOWD BENNETT LLP**

| | |
|---|---|
| Tracie J. Renfroe, #16777000T<br>trenfroe@kslaw.com<br>1100 Louisiana Street<br>Suite 4000<br>Houston, Texas 77002<br>Telephone: (713) 751-3200<br>Facsimile: (713) 751-3290<br><br>Andrew T. Bayman, #043342GA<br>abayman@kslaw.com<br>Carmen R. Toledo, #714096GA<br>ctoledo@kslaw.com<br>Geoffrey M. Drake, #229229GA<br>gdrake@kslaw.com<br>1180 Peachtree Street, N.E.<br>Suite 1600<br>Atlanta, Georgia  30309<br>Telephone: (404) 572-4600<br>Facsimile: (404) 572-5100<br><br>*Attorneys for Defendants The Renco Group, Inc., D.R. Acquisition Corp., Doe Run Cayman Holdings, LLC, Ira L. Rennert, The Doe Run Resources Corporation, Theodore P. Fox, III, Marvin M. Kaiser, Albert Bruce Neil, Jeffrey L. Zelms* | Edward L. Dowd, Jr. #28785MO<br>edowd@dowdbennett.com<br>Jeffrey R. Hoops, #69813MO<br>jhoops@dowdbennett.com<br>7733 Forsyth Blvd., Suite 1900<br>St. Louis, Missouri 63105<br>(314) 889-7300 (telephone)<br>(314) 863-2111 (facsimile)<br><br>*Attorneys for Defendants The Renco Group, Inc., DR Acquisition Corp., Ira L. Rennert, and Doe Run Cayman Holdings, LLC* |