UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.O.A., et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:11 CV 44 CDP |
| IRA L. RENNERT, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On November 17, 2023, defendants Doe Run Resources Corporation and The Renco Group, Inc., moved for "limited relief" from a protective order entered in this action by agreement of the parties in November 2017. Specifically, defendants ask that I suspend provisions of the protective order so that they may provide to Peruvian prosecutors certain protected documents and information they received from plaintiffs during the course of discovery in this case, which defendants aver are responsive to a Peruvian subpoena served on them on November 7. Plaintiffs oppose defendants' Motion for Limited Relief to which defendants have replied. Upon careful consideration of the parties' respective positions, I will deny the motion.

I am aware of no Eighth Circuit authority addressing whether the sanctity of a civil protective order should give way to an outside (and here, foreign) agency's

request for information as part of a criminal investigation.  There is a strong presumption against modifying a protective order if the producing party has reasonably relied on it, which all parties have done in this case.  Modification in those circumstances is proper only if there is a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need.  *In re Apex Oil Co.*, 101 B.R. 92, 103-04 (Bankr. E.D. Mo. 1989); *State ex rel. Ford Motor Co. v. Manners*, 239 S.W.3d 583, 587 (Mo. banc 2007).  *Cf. Omaha Indem. Co. v. Royal Am. Managers, Inc.*, 140 F.R.D. 398, 400 (W.D. Mo. 1991) (applying "improvident or compelling need" test); *Rogers v. Proctor & Gamble Co.*, 107 F.R.D. 351, 353 (E.D. Mo. 1985) (applying "intervening or extraordinary circumstance" test).  There was no improvidence here in entering the protective order, and I cannot say that the present circumstance is extraordinary or that there is a compelling need.  I agree with plaintiffs that the subpoena at issue here does not mandate surrender of the protected information defendants proffer to supply, given that the subpoena expressly provides that supplying "Information deemed relevant" is "optional."  Moreover, there is no showing that provision of the protected information by the defendants is indispensable to the investigation, given the expressed "option" to provide it and the admitted "convenience" to the prosecutor in requesting it.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Doe Run Resources Corporation and The Renco Group, Inc.'s Motion for Limited Relief from Protective Order [1390] is **DENIED**.

**In all other respects, this action remains <u>STAYED</u> pending disposition of the interlocutory appeal certified under 28 U.S.C. § 1292(b) and presently before the Eighth Circuit Court of Appeals.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of December, 2023.