UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.O.A., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:11 CV 44 CDP |
| ) | |
| IRA L. RENNERT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pursuant to Amended Case Management Order 17 (ECF 1195), which was filed August 19, 2021, all motions for summary judgment and motions to exclude or limit expert testimony were due to be filed not later than November 15, 2021, with full briefing on the motions to be completed not later than May 23, 2022. All parties complied with those deadlines. On January 20, 2023, I largely denied one of those motions – defendants' Motion for Application of Peruvian Law and Summary Judgment Under Peruvian Law, or, Alternatively, Dismissal Under Transnational Law Doctrines. (*See* ECF 1322.) On April 3, 2023, the Eighth Circuit Court of Appeals granted defendants leave to take an interlocutory appeal and, five months later – on September 5, 2023 – I applied the reasoning of the Supreme Court's June 2023 decision in *Coinbase, Inc. v. Bielski*[1] and stayed all proceedings in this case

---

[1] 143 S. Ct. 1915 (2023).

pending that appeal. (ECF 1380.) On August 1, 2024, the Eighth Circuit affirmed my January 2023 Order. *Reid v. Doe Run Res. Corp.*, 110 F.4th 1049 (8th Cir. 2024). Mandate issued September 3, 2024, and I lifted the stay on September 24. Defendants filed a petition for certiorari with the Supreme Court on November 27, 2024. That petition was denied March 3, 2025. 604 U.S. ___, No. 24-601, 2025 WL 663701 (Mar. 3, 2025).

Defendants now seek leave to file a renewed motion for summary judgment so that they may raise an additional argument addressing their affirmative defense under Article 1971 of Peru's Civil Code. In my January 2023 Order, I determined that Peruvian law applied to defendants' Article 1971 defense, but I denied defendants summary judgment thereon given that there existed genuine issues of material fact on Article 1971's application to the particular facts of this case.[2] In their motion for leave, defendants assert that because a relevant legal argument on their defense did not become available until my January 2023 ruling, and this case was stayed "shortly after" the January 2023 Order (ECF 1440 at p. 4), they "moved quickly to file this motion as soon as practicable." (ECF 1439 at p. 3.) With its motion for leave, defendants have submitted their proposed renewed motion for summary judgment, memorandum in support, and 22 exhibits, including the declaration of a Peruvian law expert.

---

[2] I based that determination in part on the testimony of defendants' own expert who testified that whether DRP did or did not meet the criteria for Article 1971 exclusion from liability was a "factually dense question." *See* Memo. & Ord., ECF 1322 at p. 27.

Upon careful review of the defendants' motion for leave, the status of the proceedings in the case, defendants' affirmative defenses raised in their answer to plaintiffs' amended complaint, and their previously asserted arguments seeking summary judgment under Peruvian law, I do not find that good cause exists to grant defendants leave to file their renewed summary judgment motion nearly three-and-a-half years after the deadline, more than two years after the January 2023 ruling that they claim provided the basis for their new argument,[3] and more than five months after the stay in the case was lifted.  *See* Fed. R. Civ. P. 6(b).  I will therefore deny their motion for leave.  By this ruling, I am not forever barring defendants from arguing or presenting evidence on this aspect of their affirmative defense.  Instead, the matter will be taken up at the trial of the case.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to File Out of Time Renewed Motion for Summary Judgment Under Article 1971 with Accompanying Expert Declaration [1439] is **DENIED.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2025.

---

[3] As noted above, I stayed the case in September 2023, which was nearly eight months after I issued this ruling.