UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.O.A, et al., | ) |
|     Plaintiffs, | ) ) ) |
| v. | )    Case No. 4:11 CV 44 CDP ) |
| IRA L. RENNERT, et al., | ) ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

Presently before the Court is defendants The Renco Group and Doe Run Resources Corporation's "Motion to Confirm Right to Produce in Discovery in Florida Action Materials Now Under Seal or Otherwise Protected from Disclosure Pursuant to Protective Orders." The motion involves the production of discovery in a state-court action pending in Florida[1] whereby Renco and Doe Run Resources, as plaintiffs in that action, allege that individuals Victor Careaga and Louis Thaler as well as Thaler's law firm engaged in malicious prosecution against Renco and Doe Run Resources in relation to the recruitment of certain plaintiffs to participate in a related case pending in this district before Judge Rodney W. Sippel – *J.Y.C.C., et al. v. The Doe Run Res. Corp., et al.*, No. 4:15CV1704 RWS (E.D. Mo.),

---

[1] *Doe Run Res. Corp., et al. v. Thaler, et al.,* No. 2022-007907-CA-01 (CBL44) (Fla. 11th Judicial Cir.).

commonly referred to as "the *Collins* case" – and who were later dismissed from that case. Although the discovery that is the subject of defendants' Motion to Confirm mostly comprises matters and materials in the *Collins* case over which I have no authority,[2] defendants' motion appears to address some material that has been filed and is subject to protective orders in this case. As to that material, plaintiffs do not object to defendants' request to disclose the documents defendants created, namely the Jones Day and Rivero Mestre Reports, to Vincent Careaga and Louis Thaler and their respective litigation teams as needed for their defense in the Florida case, subject to the protective orders presently in place in this action that would prevent a much broader disclosure that the confidentiality order in the Florida case would appear to allow. Regarding the *Collins*-related matters addressed in defendants' Motion to Confirm, plaintiffs suggest that I defer to any ruling Judge Sippel makes on the same motion in the *Collins* case.

Judge Sippel entered his ruling on the motion on July 24, 2025. *See J.Y.C.C.*, No. 4:15CV1704 RWS, ECF 950, Order (July 24, 2025).

Accordingly, upon careful review of the parties' respective positions on the motion as it pertains to the materials submitted to and filed with the Court in this case, and upon consideration of Judge Sippel's ruling on the same motion in the

---

[2] Notably, Renco and Doe Run Resources filed an identical Motion to Confirm in the *Collins* case. *J.Y.C.C.*, No. 4:15CV1704 RWS, ECF 894, 896, Mot. and Memo. in Supp. (October 18, 2024).

*Collins* case,

**IT IS HEREBY ORDERED** that defendants The Renco Group and Doe Run Resources Corporation's "Motion to Confirm Right to Produce in Discovery in Florida Action Materials Now Under Seal or Otherwise Protected from Disclosure Pursuant to Protective Orders" [1424] is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that only for purposes of the discovery propounded in the Florida case of *Doe Run Res. Corp., et al. v. Thaler, et al.,* No. 2022-007907-CA-01 (CBL44) (Fla. 11th Judicial Cir.) – as exhibited at ECF 1425-1 in this case – and only in relation to matters involved in this action before me and not the *Collins* case:

1) Defendants The Renco Group and Doe Run Resources Corporation are permitted to produce to only Victor Careaga and Louis Thaler and their defense teams the Jones Day and Rivero Mestre reports (along with all their exhibits) that were earlier filed with this Court under seal, and to otherwise use those documents in Renco and Doe Run Resources' prosecution of their claims in the Florida action (*e.g.*, as part of hearings or in depositions). The production of that material is subject to the confidentiality order issued in the Florida case, and such material shall be filed and appropriately maintained under seal in a manner consistent with the requirements of this Court should they be used as part of an official court

proceeding such as a hearing or deposition.

2) Defendants The Renco Group and Doe Run Resources Corporation may do what they wish with respect to work product that they themselves have created or uncovered as part of their investigations or those undertaken at their direction. To the extent that any such work product contains the names or identifying information of individual plaintiffs with cases presently before me in this action, or the names or identifying information of plaintiffs who are currently minors whose cases were dismissed from this action without prejudice, defendants shall redact the same in any court filings or document production.

3) Defendants The Renco Group and Doe Run Resources Corporation are permitted to produce to <u>only</u> Victor Careaga and Louis Thaler and their defense teams any other material that The Renco Group and Doe Run Resources Corporation have filed (or will file) in this action under seal, or have produced (or will produce) to any party in this action in discovery, subject to confidentiality and/or protective order(s) issued by this Court. The production of such material shall also be subject to the confidentiality order issued in the Florida action and shall be filed and appropriately maintained under seal in a manner consistent with the requirements of this Court should they be used as part of an official court proceeding such as a hearing or deposition.

4) Consistent with my Orders of December 7, 2023 (ECF 1399), and

February 13, 2024 (ECF 1412), none of the documents or related information subject to this Memorandum and Order shall be offered or released to any prosecutor in Peru, nor shall they be used in any proceeding in Peru by any defendant in this case.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2025.