UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

A.O.A, et al.,                                    )
                                                  )
        Plaintiffs,                               )
                                                  )
v.                                                )        Case No. 4:11 CV 44 CDP
                                                  )
IRA L. RENNERT, et al.,                           )
                                                  )
        Defendants.                               )

## MEMORANDUM AND ORDER

Upon careful consideration of the parties' respective arguments on

defendants' Motion for Protective Order Regarding Financial Discovery and to

Extend Production Compliance Deadline, I will deny the motion to the extent it

seeks a protective order.  I will grant a brief extension, however, to the relevant

deadlines set out in Case Management Order 18.  All other deadlines set out in that

CMO remain in full force and effect.

As an initial matter, I reject defendants' assertion that I broke procedural

norms by ordering them to supplement their discovery responses without the

benefit of briefing and before plaintiffs provided the material I directed them to

file.  As I stated on the record at the conference held June 24, 2025, I had earlier

entered an Order addressing the financial information plaintiffs sought in their

Requests for Production when initially propounded, and to which plaintiffs

presently request supplemental responses under Federal Rule of Civil Procedure 26(e). That Order, the relevant requests, defendants' responses thereto, the parties' arguments on the propriety of production, the parties' briefs on defendants' motion to reconsider, and my Order denying that motion are all a part of the record, which I carefully reviewed after the June 24 conference concluded. Because that record included all the material I had directed plaintiffs to file, ruling before the filing of redundant information prejudiced no one.

Moreover, contrary to defendants' assertion, the discovery supplementation plaintiffs request is relevant to both punitive damages and the corporate governance and control of Doe Run Peru by the upstream Doe Run/Renco entities, including Ira Rennert. First, there can be no serious dispute – as noted, *e.g.*, in my earlier Orders on plaintiffs' Requests for Production (ECF 636, 721) – that the unique facts of this case involve a complicated corporate structure with several layers of financial interests, dealings, and holdings of several business entities, individuals, and trusts, including the diversion of significant amounts of monies between each. The unique circumstances of this case distinguish the 8-year period of requested supplementation here from what defendants describe as a general limitation to two years for discovery relating to punitive damages.

The supplementation requested is also relevant to the issues of corporate governance and control despite DRP ceasing its operation of the Complex in 2009.

- 2 -

Although defendants argue that information covering 2018 to the present cannot relate to such matters, I am aware that DRP's bankruptcy remained pending during that time, and defendants' multi-layered interest in DRP likewise remained active because of it.  Defendants' conduct during that period as it relates to the corporate governance and control of DRP remains relevant to plaintiffs' corporate veil argument.

Finally, while I appreciate defendants' repeated reminders that their motions for summary judgment remain pending, all parties should be assured that no one is more acutely aware of that fact than me.  But to forego addressing discovery and other pretrial matters that may or may not be relevant after those motions are ruled, as defendants appear to urge me to do, runs the risk of further delay in this already protracted litigation.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion for Protective Order Regarding Financial Discovery and to Extend Production Compliance Deadline [1504] is **DENIED** to the extent it seeks a protective order, but I will **GRANT** a limited extension to the relevant deadlines in Case Management Order 18.

**IT IS FURTHER ORDERED** that not later than **September 2, 2025,** defendants shall serve upon plaintiffs supplemental responses to plaintiffs' Sixth Request for Production of Documents (Nos. 5, 6, 9, 10, 11, and 12), including

- 3 -

current balance sheets of Doe Run Resources Corporation and Renco Group, as well as net worth and statement of assets and liabilities and balance sheets of Ira L. Rennert.  Not later than **September 16, 2025**, the parties shall meet and confer and notify of the Court of i) agreed-upon dates for taking supplemental depositions of Ira L. Rennert and Ari Rennert, and ii) any additional depositions plaintiffs believe they are entitled to take.  **In all other respects, the remaining deadlines set out in Case Management Order 18 (ECF 1490) remain in full force and effect**.

Going forward, all counsel are reminded of this Court's Local Rule 3.04(A) governing discovery motions:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. *This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.*

(Emphasis added.)


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 6th day of August, 2025.