UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:11CV44 CDP |
| | ) | (CONSOLIDATED) |
| DOE RUN RESOURCES CORPORATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiffs respectfully move the Court to compel immediate compliance with this Court's prior directive requiring production of Defendant Ira L. Rennert's balance sheets and financial statements sufficient to show present net worth. Despite a clear and unambiguous order by this Court on June 25, 2025 (Case Management Order No. 18, Doc. 1490), Mr. Rennert has failed to produce the required financial materials and has failed to offer any legitimate explanation for noncompliance.

**Introduction and Background**

On June 25, 2025, this Court ordered, *inter alia*, the supplemental deposition of Defendant Ira L. Rennert, and further ordered Defendants to "serve upon plaintiffs . . . net worth and statement of assets and liabilities and balance sheets of Ira L. Rennert." (Doc. 1490 at 1). Defendants sought a protective order limiting the scope of discovery (*see* Doc. 1505), specifically requesting relief from the requirement that Ira Rennert sit for a supplemental deposition (*id.* at 13) and urging that production of financial documents be limited (*id.* at 1).[1] The Court denied the motion and reiterated

---

[1] Plaintiffs responded to Defendants' motion. Doc. 1511. Plaintiffs hereby incorporate their response.

that "net worth and statement of assets and liabilities and balance sheets of Ira L. Rennert" were to be produced by September 2, 2025. Doc. 1517.

On September 2, Defendants produced certain materials to Plaintiffs, but not the entirety of what the Court ordered. The produced materials consist of tax returns, isolated individual account statements, and other documents prepared for discrete IRS reporting—but these do not represent a fulsome accounting of Mr. Rennert's assets and liabilities and do not otherwise purport to show Mr. Rennert's net worth.

Plaintiffs' counsel thereafter made substantial and repeated efforts to communicate the deficiencies in Defendants' productions, including Defendants' failure to produce updated balance sheets and related financial statements providing the state of Mr. Rennert's assets and liabilities. *See* Ex. 1 (correspondence dated September 11, 2025) (noting "The production fails to provide a complete picture of Mr. Rennert's assets, liabilities and most importantly, his current net worth."); Ex. 2 (correspondence dated October 28, 2025) (reiterating the need for documents reflecting net worth); Ex. 3 (Email Correspondence dated November 6 and November 7, 2025) (same and displaying Defendants' latest response).[2]

To date, Defendants have not produced Mr. Rennert's net worth, a statement of assets and liabilities, or a balance sheet for Mr. Rennert. Neither have they produced materials from which Plaintiffs can derive this information. Plaintiffs are scheduled to take the supplemental deposition of Mr. Rennert on December 5, 2025.

---

[2] Counsel is omitting a slew of intervening discovery communications not here relevant, including Defendants' attempt and proposal—even after the Court's consideration and rejection of Defendants' argument in their motion for protective order—that the elder Mr. Rennert not be required to sit for a deposition. The parties have been engaged in ongoing written communications about all aspects of supplemental discovery.

Case: 4:11-cv-00044-CDP   Doc. #: 1563   Filed: 11/13/25   Page: 3 of 6 PageID #: 66199

**Legal Standard**

Plaintiffs are entitled to supplemental discovery into Defendants' financial position for purposes of establishing punitive damages and submitting their case to pierce the corporate veil. *See* Fed. R. Civ. P. 26(e); *Macon Elec. Coop. v. Wooldridge*, No. 2:18-CV-109-CDP, 2020 U.S. Dist. LEXIS 59935, at *2 (E.D. Mo. Apr. 6, 2020) ("[A] plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages.") (internal citation omitted); *Montoya v. Sloan Valve Co.*, No. 20-01108 (AGF), 2021 U.S. Dist. LEXIS 236800, at *3 (E.D. Mo. Dec. 10, 2021) (same); *see also* Doc. 1517 (Court's Memorandum Order on Defendants' Motion to Compel).

District courts are afforded "'great latitude' in discovery matters." *Exec. Air Taxi Corp. v. City of Bismarck*, 518 F.3d 562, 569 (8th Cir. 2008) (internal citation omitted). Discovery rulings are reviewed only for abuse of discretion, *id.*, and will not be reversed "absent a 'gross abuse of discretion resulting in fundamental unfairness.'" *McGowan v. Gen. Dynamics Corp.*, 794 F.2d 361, 363 (8th Cir. 1986) (internal citation omitted); *see also Robinson v. Potter*, 453 F.3d 990, 994–5 (8th Cir. 2006) (discovery matters are committed to the discretion of the district court and reviewed for a "gross abuse of discretion") (internal citation omitted). District courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 46 (2016). It has been "long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* at 45 (internal citation omitted).

3

**Argument**

Defendants' November 7, 2025, correspondence states:

> "… Defendants have produced to Plaintiffs a substantial volume of
> available financial materials responsive to these requests for
> production from which Plaintiffs can assess Mr. Rennert's assets,
> liabilities, and financial condition, consistent with the Court's
> directive. Further, we conferred with our client and understand that
> Mr. Rennert does not maintain a statement of 'net worth.' Thus,
> there are no such statements to produce."

Ex. 3. Although Defendants emphasize the "substantial volume" of their production, what has been produced related to Ira L. Rennert falls far short of what the Court ordered and does not comply with the law pertaining to discovery for purposes of punitive damages. The materials consist of tax returns, isolated individual account statements, and other documents prepared for discrete IRS reporting. These piecemeal documents do not disclose the totality of current assets and liabilities necessary to establish Ira L. Rennert's net worth, nor do they substitute for the balance sheets and statements of assets and liabilities expressly required by the Court's order. "'When punitive damages are claimed it is well settled that the net worth of the defendant is discoverable.'" *Christian v. Frank Bommarito Oldsmobile, Inc.*, No. 08-1423-JCH, 2009 U.S. Dist. LEXIS 48686, at *6 (E.D. Mo. June 10, 2009) (citing *Eastman Kodak Credit Corp. v. Gustin*, No. 89-0355, 1990 U.S. Dist. LEXIS 13500, at *2 (W.D. Mo. Oct. 9, 1990)).

The individual account statements produced are incomplete (omitting, for example, certain records of checks or transfers). In the records produced, there are numerous indications of transfers to other accounts, the records of which have *not* been produced to Plaintiffs. Neither has Mr. Rennert produced information pertaining to real property ownership, vehicles, or other tangible assets like art holdings, all of which are necessary for Plaintiffs to gain a reliable understanding of his net worth. This Court's order requires Defendants to produce current balance sheets and

statements of assets and liabilities sufficient to show net worth, not merely fragments of financial paperwork or a representation that a specific "net-worth statement" does not exist.

Counsel's suggestion that they have "complied" because no formal "net-worth statement" exists is mere evasion. Sophisticated corporations and individual defendants of this caliber do not exist in a financial vacuum. They maintain records reflecting ownership and value of assets—assets such as real estate, vehicles, business interests, artwork, investment accounts, and other holdings—as well as liabilities. If Defendant truly lacks a one-page "net-worth statement," that does not impact the obligation to produce the underlying source documents that reflect the state of Mr. Rennert's current assets and liabilities.

Without the information Defendants have been ordered to produce, Plaintiffs will be prejudiced in their ability to prepare for and conduct a productive Court-ordered supplemental deposition of Ira L. Rennert.

## Conclusion

WHEREFORE, Plaintiffs respectfully request that the Court order immediate production of the outstanding financial documents within five days, or on such other expedited schedule as the Court deems appropriate in light of the upcoming Court-ordered supplemental deposition of Ira. L. Rennert.

Respectfully submitted,

SCHLICHTER BOGARD LLC

By:    */s/ Cort VanOstran*
CORT A. VANOSTRAN #67276 (MO)
JEROME J. SCHLICHTER #32225 (MO)
KRISTINE K. KRAFT #37971 (MO)
NATHAN D. STUMP #71641 (MO)
100 South 4th Street, Suite 1200
St. Louis, MO 63102
(314) 621-6115
(314) 621-7151 (fax)

5

cvanostran@uselaws.com
jschlichter@uselaws.com
kkraft@uselaws.com
nstump@uselaws.com