IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:11-cv-00044-CDP |
| | ) | (CONSOLIDATED) |
| THE DOE RUN RESOURCES | ) | |
| CORPORATION, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EXPEDITED MOTION
TO COMPEL COMPLIANCE WITH COURT ORDER REQUIRING PRODUCTION OF
<u>IRA L. RENNERT'S CURRENT NET WORTH AND BALANCE SHEETS</u>**

Defendants file this Opposition to Plaintiffs' Expedited Motion to Compel Compliance with

Court Order Requiring Production of Ira L. Rennert's Current Net Worth and Balance Sheets (Doc.

No. 1562), and respectfully state as follows:

**I.   INTRODUCTION**

Plaintiffs' expedited motion to compel additional financial discovery is without merit and

should be denied.   Defendants complied with the Court's Order and, as Plaintiffs concede,

"Defendants have produced significant financial documents." [Mot., Ex. 2]  Defendants produced

thousands of additional pages of Mr. Rennert's personal and corporate financial information:

- Nearly 300 pages of detailed annual financial statements, including records of intercompany transactions, for The Renco Group for the years 2017 to 2024.
- Over 1,700 pages of Mr. Rennert's personal bank and brokerage account statements between 2018 and 2025.
- Over 1,800 pages of Mr. Rennert's personal tax returns for the years 2017 to 2023.

Plaintiffs provide no evidence to support their claim that these substantial productions fail to comply with the Court's Orders.  Plaintiffs assert that Defendants have not produced "current balance sheets and statements of assets and liabilities sufficient to show net worth." As Defendants have repeatedly informed Plaintiffs, however, Mr. Rennert does not maintain such documents, and Defendants cannot produce documents that do not exist.

Plaintiffs assert that "individual defendants of this caliber" *must* maintain additional net worth and asset and liability documents not produced.  The motion cites no evidence for this assertion.  Indeed, while the Court's Order concerns *supplemental* discovery, Plaintiffs cannot identify a single document or category of documents relating to Mr. Rennert's net worth— including "net worth" statements, balance sheets, or lists of assets and liabilities—previously produced in response to Plaintiffs' original document requests that was not supplemented in compliance with the Court's Order.  Plaintiffs also complain, without further detail, that the individual account statements produced are incomplete, but despite Defendants' repeated requests, Plaintiffs have not identified the accounts they claim belong to Mr. Rennert but were not produced.

More importantly, Plaintiffs' Motion misleads the Court by failing to inform the Court that that their May 2025 request to supplement Request No. 9 expressly ***excluded*** the portions requesting statements of net worth and lists of assets, thereby waiving their demand for the very discovery they now seek to compel:

> **REQUEST NO. 9**: Produce documents showing the income, expenses, assets, and liabilities, for Ira Rennert September 1, 1997 to the present, including, but not limited to:
> a. Copies of monthly, quarterly, or other periodic statements for any domestic or foreign bank, brokerage, or other financial account, regardless of how such account is titled, over which Ira Rennert had signatory authority or other such control;
> b. Copies of any and all financial statements, including, but not limited to, financial statements provided to banks or other lending institutions;

    c.   Copies of federal income tax returns, including any and all supporting statements and schedules, (including, but not limited to, Forms 1040, 1041, Schedule K-1s, and state tax returns).

    d.  ~~Listing of any and all personal credit card accounts and copies of all monthly, quarterly, annual, or periodic statements, regardless of how such account is titled, over which Ira Rennert had control, including the directing of payments on account; and~~

    e.  ~~Copies of journals, books, statements of net worth, or other documents reflecting, stating, or identifying assets which Ira Rennert possesses or controls directly or through other persons, trusts, entities, or nominees.~~[1]

Finally, Plaintiffs failed to engage in a good faith meet and confer in a genuine effort to resolve this matter misleading the Court as to the course of events. Plaintiffs never provided a substantive response to Defendants' discovery letters, nor did they identify any particular deficiency or request additional specific financial information. Instead, they filed this motion a mere two hours after a perfunctory, unscheduled call from Plaintiffs' counsel, which was the only time the parties discussed the matter.

For these reasons, the Court should deny Plaintiffs' Motion.

## II.    BACKGROUND

On May 25, 2025, Plaintiffs requested that Defendants supplement their responses to certain requests in their Sixth Set of Requests for Production. Plaintiffs' request explicitly omitted subparts 9(d) and 9(e), which sought ***net worth information, lists of assets***, credit card statements, and receipts. Although Plaintiffs now suggest these are "mere fragments" of Mr. Rennert's finances, in response to Request No. 9, the only specific documents Plaintiffs requested "showing income, expenses, assets, and liabilities" were financial account statements (9(a)), financial

---

[1] 6/17/2025 Jt. Status Report [ECF 1477], at 11 (identifying "Request Nos. 5, 6, **9a–c**, 10, 11, and 12.") (emphasis added); 5/15/2025 Communication from K. Kraft requesting supplemental financial information, Ex. 1.

statements provided to lenders (9(b)), and tax returns (9(c)). [5/15/2025 Correspondence from K. Kraft].

Defendants did not agree, and in the June 17, 2025, Joint Status Report, Plaintiffs requested the Court compel supplemental responses to Request Nos. 5, 6, **9a–c**, 10, 11, and 12. [ECF 1477]. Following the June 24, 2025, Status Conference, the Court granted Plaintiffs' request. [6/25/2025 CMO-18, ECF 1490, at 1].

After the Court denied Defendants' Motion for Protective Order [ECF 1517], on September 2, 2025, Defendants timely supplemented their responses and produced over 3,800 pages of supplemental financial materials in compliance with the Court's Order. This included thousands of pages of Mr. Rennert's brokerage and bank account statements, The Renco Group's financial statements with detailed asset and liability information, and Mr. Rennert's annual tax returns.

On September 11, 2025, Plaintiffs sent a letter again characterizing the documents requested to be supplemented in response to Request No. 9 as "periodic statements for any domestic or foreign bank or other financial account over which Mr. Rennert had signatory authority or control, copies of all financial statements, and copies of federal income tax returns," and asserting that Defendants' productions were incomplete. [Mot., Ex. 1]. This letter did not mention any missing documents related to unspecified "real estate, vehicles, business interests, artwork, investment accounts, and other holdings" referenced in Plaintiffs' Motion. Instead, Plaintiffs claimed only to have identified references to accounts in the financial statements that were not produced.

On October 1, 2025, Defendants sent a detailed response outlining their extensive production and confirming a reasonable search for all responsive materials, which Plaintiffs did not attach to their Motion. [10/1/2025 Ltr. to Plaintiffs, Ex. 2]. Defendants also explained why

Plaintiffs' assumption that any referenced account belonged to Mr. Rennert (as opposed to a third-party) was flawed. Nonetheless, Defendants requested Plaintiffs identify specific accounts for further investigation.

Plaintiffs did not respond to Defendants' letter and have never identified any specific missing accounts. Instead, a month later, on October 28, 2025, Plaintiffs sent another letter acknowledging Defendants' "significant financial documents" but claiming an inability to estimate Mr. Rennert's net worth. [Mot., Ex. 2]. Plaintiffs' letter failed to explain why they could not estimate net worth, identify any specific missing documents, or specify any additional information still needed to evaluate Mr. Rennert's financial condition. They vaguely quoted CMO-18 and requested Defendants address the "deficiency" without providing details." *Id.*

Defendants responded on November 7, 2025, reiterating the substantial financial materials provided, confirming Mr. Rennert does not maintain a running, updated "net worth" or consolidated asset and liabilities statement, and again invited discussion of any specific outstanding items. Plaintiffs did not respond to this communication either.

On November 13, 2025, Plaintiffs' counsel made an unscheduled call merely "to confirm the parties were at an impasse." Defendants reminded Plaintiffs' counsel of their failure to respond to Defendants' communications and to identify any specific deficiencies. Plaintiffs' counsel agreed to meet and confer further regarding more specific demands to attempt to resolve the issue. Instead, Plaintiffs filed this motion two hours later without further communication.

III.   ARGUMENT

   a. **Defendants Have Complied with the Court's Order.**

Defendants have fully complied with the Court's Order to serve "supplemental responses to plaintiffs' Sixth Request for Production of Documents (Nos. 5, 6, 9, 10, 11, and 12), including .

. . net worth and statement of assets and liabilities and balance sheets" for Mr. Rennert (Case Management Order No. 18, Doc. No. 1490).  Defendants timely supplemented their response to Request No. 9 and, as Plaintiffs concede, have produced substantial supplemental financial information.  [Mot., Ex. 2]  This includes The Renco Group's consolidated financial statements, Mr. Rennert's tax returns, and thousands of pages of supplemental bank and brokerage account statements.  Moreover, this information was provided for the 8-year period, 2018-2025, where available.

Moreover, Mr. Rennert will be produced for a supplemental deposition on December 5.  To the extent Plaintiffs need clarification regarding Mr. Rennert's net worth, they will have the opportunity to ask those questions at his deposition.

### b. **Plaintiffs Failed to Meet Their Burden of Showing Good Cause for Further Productions.**

Plaintiffs assert that Defendants failed to comply with the Court's Order because they did not produce "net worth and statement of assets and liabilities and balance sheets."  This assertion is incorrect.  As Defendants have repeatedly explained to Plaintiffs in this litigation, Mr. Rennert does not maintain such documents.  Clearly, Defendants cannot produce documents that do not exist, and the law is clear that there is no obligation to do so.  Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."); *see also Pennington v. Integrity Communications, Inc.*, 2014 WL 2136000, at *2 (E.D. Mo. May 22, 2014) ("[t]he Court cannot compel the production of documents that do not exist."); *Gard*, 2017 WL 782279, *8 (denying motion to compel because the court cannot compel a party to "create documents where none exist").  Accordingly, Plaintiffs' Motion should be denied.

6

Plaintiffs cursory motion does not satisfy their burden of demonstrating good cause to grant their motion, and nothing in it requires a different result. Plaintiffs have not submitted any evidence supporting their speculation that Mr. Rennert "must" maintain additional net worth, balance sheets, and lists of assets and liabilities that he failed to produce. This assumption makes little sense. Mr. Rennert is an individual, not a private or public company that maintains up-to-date, auditable financial account statements. Tellingly, Plaintiffs have not identified a single such document previously produced in response to Request No. 9 that Plaintiffs claim Defendants failed to supplement in compliance with the Court's Order.

Plaintiffs also failed to submit any evidence, such as an expert declaration, in support of their claim that they cannot reasonably assess Mr. Rennert's financial condition based on the information provided. Their suggestion otherwise is contradicted by Plaintiffs' own supplemental request. Request No. 9 seeks bank account statements, brokerage account statements, and tax returns expressly because they "show[] income, expenses, assets, and liabilities." And Plaintiffs clearly believed they were sufficient because they expressly waived the portion of their request seeking "statements of net worth" and "other documents reflecting, stating, or identifying assets."

Lastly, Plaintiffs summarily claim that the produced bank and brokerage account statements are incomplete. [Mot. at 4]. However, notwithstanding Defendants' repeated offers to investigate the matter, Plaintiffs have never identified the specific accounts or transfers they claim are missing. Their assertions remain entirely unsupported, and even if they attempt to correct that, their failure to simply identify them in good faith during meet and confers, as they were obligated to do, still dooms their motion. *Robinson v. Napolitano,* No. Civ. 08–4084(VLD), 2009 WL 1586959, *3 (D.S.D. 2009) (The meet-and-confer requirement is "not an empty formality."); *Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 197, 198–99 (D.D.C.1999) (calling

7

opposing counsel and leaving a vague message two hours before filing the discovery motion does not satisfy the meet-and-confer requirement).

## IV.     CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Expedited Motion to Compel Compliance with Court Order Requiring Production of Ira L. Rennert's Current Net Worth and Balance Sheets.


Dated: November 19, 2025

Respectfully submitted,

**KING & SPALDING LLP**

*/s/ Geoffrey M. Drake*
Andrew T. Bayman, #043342GA
abayman@kslaw.com
Carmen R. Toledo, #714096GA
ctoledo@kslaw.com
Geoffrey M. Drake, #229229GA
gdrake@kslaw.com
Mark Sentenac, #987346GA
msentenac@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Tracie J. Renfroe, #16777000TX
trenfroe@kslaw.com
1100 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290
*Attorneys for Defendants The Renco Group, Inc., D.R. Acquisition Corp., Doe Run Cayman Holdings, LLC, Ira L. Rennert, The Doe Run Resources Corporation, Marvin K. Kaiser, and Jerry Pyatt*

8

**DOWD BENNETT LLP**
Edward L. Dowd, Jr. #28785MO
edowd@dowdbennett.com
Jeffrey R. Hoops, #69813MO
jhoops@dowdbennett.com
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
Telephone: (314) 889-7300
Facsimile: (314) 863-2111

*Attorneys for Defendants The Renco Group,*
*Inc., DR Acquisition Corp., Ira L. Rennert,*
*and Renco Holdings, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 19th day of November, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court through the Court's CM/ECF system, which will affect service on all counsel of record by sending a Notice of Electronic Filing.


*/s/ Geoffrey M. Drake*