IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:11-cv-00044-CDP |
| | ) | (CONSOLIDATED) |
| IRA L. RENNERT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION OF
THE LAW APPLICABLE TO PUNITIVE DAMAGES**

This Court has repeatedly found that no conflict exists between Missouri and Peruvian law, and that even if a conflict existed, Missouri law would apply to punitive damages. *See* Doc. 949 at 46–47, 49–51; Doc. 1322 at 4, 15–17. On the eve of trial, Defendants now move the Court to reconsider those rulings based solely on proposed legislation and dicta from Peru, all of which are more than two years old. *See generally* Doc. 1618 (the "Motion"). Plaintiffs' expert, Dr. Espinoza, recently reviewed the relevant section of his 2018 report and attests that his opinions on this issue have not changed, even after reviewing Defendants' purportedly contrary authorities. *See* Ex. 1, Mar. 11, 2026 Decl. of Dr. Juan Espinoza, ¶¶ 7–10; Ex. 2, Apr. 30, 2018 Espinoza Report (excerpt). Even if there were a conflict, Missouri continues to have the most significant relationship to this issue, and the law of the forum state should apply. The Motion should be denied.

**ARGUMENT**

**I.      Reconsideration of the Court's prior order on punitive damages is unwarranted.**

"[T]o prevail on their motion to reconsider, [Defendants] must show that they did not have a fair opportunity to argue the matter previously and that a significant error necessitates granting

the motion." Doc. 1577 at 4. This reflects the Court's interest in "judicial economy and ensuring respect for the finality of its decisions." *Id.* A court "should be loathe to [grant Rule 54(b) reconsideration] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *In re KV Pharm. Co. Sec. Litig.*, No. 11-1816 (AGF), 2014 U.S. Dist. LEXIS 78331, at *9 (E.D. Mo. June 6, 2014) (citation omitted).

Defendants have already had more than fair opportunity to argue for the application of Peruvian law. Twice before, the Court conducted the choice-of-law analysis Defendants urge, evaluating 185 pages of Defendants' briefing in 2018 and another full round of briefing in 2021. Docs. 843, 909, 1230, 1300. In 2018, the Court applied a rigorous choice of law analysis, ultimately finding no actual conflict between Missouri and Peruvian law because, under Peruvian law, "the behavior of the party that caused the harm is to be considered" in assessing damages, and thus "damages are not solely based on compensation." Doc. 949 at 47–51. After reviewing Defendants' additional briefing in 2021, the Court "continu[ed] to conclude, as [it] did before, that Missouri law applies to most of this case," with the lone exception of Defendants' claimed immunity under Article 1971 of the Peruvian Civil Code. Doc. 1322 at 4.

The purported "intervening authorit[ies]" Defendants rely upon are dated October 2019, September 2023, October 2023, and August 2023, respectively. *See* Doc. 1618-1–4. However, they did not move for reconsideration until March 2026—more than two years after the latest in time citation and over six years since the first. The Motion is therefore untimely. *See Wegmann v. Ethicon, Inc.*, No. 20-704 (JAR), 2020 U.S. Dist. LEXIS 211046, at *8-9 (E.D. Mo. Nov. 12, 2020) (reconsideration motion was not "timely" where party took no action for several months using the motion to raise arguments that could have been presented earlier); *see also Whatley v. Canadian*

2

*Pac. Ry. Co.*, No. 16-74, 2023 U.S. Dist. LEXIS 179032, at \*9 (D.N.D. Jan. 20, 2023) (finding it "rather unreasonable" to move for reconsideration after more than one year).

The Motion's Exhibit A (Doc. 1618-1) is dated over two years before Defendants moved for summary judgment on choice-of-law and is absent from that motion. *See generally* Doc. 1230 (filed Nov. 15, 2021). The Motion's Exhibit A is thus not a proper basis for reconsideration. A Rule 54(b) motion "may not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." *KV Pharm.*, 2014 U.S. Dist. LEXIS 78331, at \*9 (citation omitted).

## II.    Under choice of law principles, Missouri law should apply.

Even if the Court were to revisit its choice of law analysis, the result would be unchanged. There is no actual conflict between the laws of Missouri and Peru on punitive damages, but even if there were a conflict, Missouri law should govern, as Missouri has the most significant relationship to the issue. *See* Doc. 949 at 47–51 (articulating framework for choice of law analysis).

### A.    No actual conflict of law exists.

Since the Court last analyzed this issue, Peruvian courts have continued to consider "the behavior of the party that caused the harm" in calculating damages and to award damages accounting for punitive factors. *See* Doc. 949 at 47; Ex. 1, ¶ 8. As Dr. Espinoza avers, it remains the case in Peru that, "[i]n assessing non-pecuniary damages (moral damages and personal injury), the conduct of the party causing the harm must also be considered. Thus, damages are not solely based on compensation. When setting civil remedies for damages, the *quantum* [amount] may be increased—at the judge's discretion—to punish the offender and deter others…. Moral damages are still applicable under Peruvian law." Ex. 1, ¶¶ 8, 10.

Defendants submit no intervening authority to the contrary. While the notion of "punitive damages" may not be recognized as a discrete category of damages under Peruvian law, Peruvian

courts still consider tortfeasor behavior in setting damages and continue to award damages for "moral harm." Ex. 1 ¶¶ 8-10. That practice remains the same today just as it was in 2018 when the Court issued its decision on this issue,[1] and it is sufficiently similar to Missouri's consideration of a tortfeasor's "conscious disregard for the safety of others" in awarding punitive damages. *See* Doc. 949 at 47. To the extent that "punitive damages do not appear to be applied in the same manner in Peru as they are applied in the United States (*i.e.*, as a separate submission of damages)," the Court already considered that fact in its prior order. Doc. 949 at 47. The Court's finding of no actual conflict between Peru and Missouri law on the issue of punitive damages remains valid.

It is also worth noting that the "legislation" Defendants reference is merely the preliminary recitals of a 2023 labor bill proposal—the voice of a single congressman promoting a failed bill pertaining to unjustified dismissals. *See* Doc. 1618 at 5; Doc. 1618-4 at 4. It does not carry the force of law. Likewise, the cassations cited in the Motion are dicta; they have no binding authority. As Defendants' own expert explained, "judicial decisions by Peruvian courts do not constitute binding precedents," excepting "[d]ecisions of the Constitutional Tribunal that expressly declare that they have precedential value[.]" Doc. 843-17 at 5, ¶ 14. None of the cassations Defendants submit in Exhibits A–C contain the required declaration of precedential value. *See generally* Doc. 1618-1–3. Nor are they decisions of a plenary session of the Supreme Court, which is the highest deliberative body in Peru. *See* Ex. 3, Peru Const. art. 144 (Constitution Project Trans., Excerpt).

---

[1] Plaintiffs possess several recent decisions from Peruvian courts that contemplate punitive factors in awarding damages. These include Exp. N.º 451-2009 by the High Court of Huánuco (Jan. 30, 2026) and Exp. N.º 127-2022 from the High Court of Cañete (Aug. 19, 2024). While they are in Spanish, Plaintiffs can provide English translations of them should the Court so request.

**B.      Missouri has the most significant relationship to the punitive damages issue.**

"Even if a conflict were present, under the principles of the most-significant-relationship test, Missouri law would still control." Doc. 949 at 50. This Court has previously ruled that "as the state where defendants are incorporated and the misconduct occurred ... Missouri has a greater ability to control corporate behavior by deterrence or punishment than Peru, the place where the injury occurred." *Id.* at 51. This general analysis applies with even greater force to punitive damages, whose purpose is punishment and deterrence. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 492 (2008) ("[P]unitives are aimed not at compensation but principally at retribution and deterring harmful conduct.").

Defendants identify no basis for the Court to reconsider this holding, and indeed, the law accords with the Court's conclusion. An "important factor" in determining which state has the most significant relationship to an issue is the "purpose sought to be achieved" by the relevant rule. Restatement (Second) of Conflict of Laws § 146 cmt. e (Am. Law Inst. 1988). Where that purpose is to punish and deter, "there is better reason to say that the state where the conduct occurred is the state of dominant interest." *Id.*

As Defendants acknowledge, the domicile of the parties (Missouri, for most Defendants) is also a critical factor in determining choice of law for recovery issues, *i.e.*, damages. *See* Doc. 1618 at 5 n. 5. In another case, this Court found that Missouri law on punitive damages applied to Missouri defendants because of Missouri's public policy "to deter defendants who choose to locate in and operate from Missouri from engaging in tortious conduct." *Leonard v. Air Evac EMS, Inc.*, No. 06-202 (CDP), 2006 U.S. Dist. LEXIS 109067, at *13, 17 (E.D. Mo. Oct. 10, 2006) (citation omitted) (observing that to hold otherwise "would be to gut the very concept of corporate accountability... [and] would encourage rampant subterfuge and confusion"); *see also Hersh v. CKE Rest. Holdings, Inc.*, 571 F. Supp. 3d 1046, 1054-55 (E.D. Mo. 2021) (applying Missouri law

5

where defendant had Missouri domicile even though the only plaintiff was a Jordanian injured in Jordan). Defendants cite no authority contradicting Missouri's legitimate interest in applying its punitive damages rules to tortious conduct committed by Missouri corporations in Missouri. *Cf. State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 421 (2003) (observing that generally, a State would not have "a legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed *outside* of the State's jurisdiction") (emphasis added).

The principal cases Defendants cite (Doc. 1618 at 5) demonstrate that Missouri's deterrence interest often outweighs competing interests of other states. In *Winter v. Novartis Pharms. Corp.*, 739 F.3d 405, 410–11 (8th Cir. 2014), Missouri's "strong" deterrence interest trumped New Jersey's possible interest in having its statute applied. In *Bayes v. Biomet, Inc.*, No. 13-800 (SRC), 2020 U.S. Dist. LEXIS 182634, at *7 (E.D. Mo. Oct. 2, 2020), Missouri's strong deterrence interest outweighed "[w]hatever interest Indiana may have in the application of its laws." And in *Seals v. Wright Med. Tech., Inc.*, No. 20-1656 (SRC), 2022 U.S. Dist. LEXIS 202223, at *11–12 (E.D. Mo. Nov. 7, 2022), Missouri's deterrence interest outweighed Tennessee's interest in applying its statutes, even though the plaintiff was not a Missouri resident, since the focus of punitive damages is "deterring the defendant, not compensating the plaintiff." Defendants' remaining authorities are similar. *See Ridings v. Maurice*, No. 15-20, 2019 U.S. Dist. LEXIS 173976, at *35 (W.D. Mo. Aug. 12, 2019) (applying Missouri law over Connecticut's law precluding punitive damages); *Garrett v. Albright*, No. 06-4137, 2008 U.S. Dist. LEXIS 22530, at *28–31 (W.D. Mo. Mar. 21, 2008) (applying Missouri law where, inter alia, "[m]any of the alleged acts and omissions giving rise to the injury occurred in Missouri").

Defendants' reliance on *Enron Corp. v. Lawyers Title Ins. Corp.*, 940 F.2d 307 (8th Cir. 1991), is misplaced. There, the court balanced the "clear constitutional prohibition" of punitive

damages in the forum state (Nebraska) against the weaker policy of the Virgin Islands, which merely adopted the Restatement's position, and determined that Nebraska had the most significant relationship to the issue. *Id.* at 313. Here, unlike *Enron*, the forum state allows for the recovery of punitive damages and "has a strong interest in imposing punitive damages for the wrongful conduct of a corporation headquartered in Missouri." *See Hersh*, 571 F. Supp. 3d at 1054. As the place where Defendants—many of whom were Missouri citizens—regularly made decisions concerning the Complex (*see* Doc. 1322 at 59), Missouri's interests outweigh those of Peru. *Cf. Fanselow v. Rice*, 213 F. Supp. 2d 1077, 1086 (D. Neb. 2002) (although the injury itself occurred in Nebraska, defendants' home jurisdictions had a greater interest "in deterring future wrongdoing by their respective resident defendants" than "whatever interest Nebraska may have in prohibiting punitive damages against two non-resident defendants").

Defendants' remaining arguments are an attempt to relitigate unrelated issues. *See* Doc. 1618 at 8. Defendants cite no support for the relevance of derivative liability. *Id.* If the jury credits Plaintiffs' theories of veil piercing and agency liability, punitive damages are appropriate. *See, e.g.*, *Hersh*, 571 F. Supp. 3d at 1054 (punitive damages available despite agency allegations). Similarly, the contours and relevance of Peru's Article 1971 are the subject of parallel briefing (Docs. 1616, 1619, and 1621) and will be further addressed in Plaintiffs' motions in limine. They do not alter the availability of punitive damages.

### CONCLUSION

As the parties continue to prepare for trial, Defendants no doubt would like to eliminate the possibility of a jury verdict that includes punitive damages. But the Court has already found that such damages are available and supported by sufficient evidence, and there is no good reason for the Court to revisit that decision. The relevant law in Peru has not changed, and neither has the choice of law analysis. In sum, the Motion is baseless and should be denied.

Respectfully submitted,

**SCHLICHTER BOGARD LLC**

March 20, 2026                    By:    */s/ Nathan D. Stump*
                                         JEROME J. SCHLICHTER #32225 (MO)
                                         KRISTINE K. KRAFT #37971 (MO)
                                         NATHAN D. STUMP #71641 (MO)
                                         CORT A. VANOSTRAN #67276 (MO)
                                         JESSICA HOLMES, *pro hac vice*
                                         100 South 4th Street, Suite 1200
                                         St. Louis, MO 63102
                                         (314) 621-6115 | fax: (314) 621-7151
                                         jschlichter@uselaws.com
                                         kkraft@uselaws.com
                                         nstump@uselaws.com
                                         cvanostran@uselaws.com
                                         jholmes@uselaws.com