UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:11 CV 44 CDP |
| | ) | |
| IRA L. RENNERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Defendants The Renco Group, Inc., and Doe Run Resources Corporation admit that they disclosed the names of minor plaintiffs in this case in violation of the Court's sealing order(s).  Plaintiffs move for sanctions, asking that I impose a punitive sanction of at least $429,260 for defendants' conduct.  Plaintiffs argue that such an enhanced penalty is appropriate given defendants' continued willful and bad-faith defiance of this Court's orders.  I agree that sanctions are warranted for defendants' wrongful disclosure, but the penalty plaintiffs seek is not appropriate. I will therefore grant plaintiffs' motion to the extent they seek sanctions but deny it as to the amount sought.  I will give plaintiffs time to provide sufficient information and documentation from which I can assess an appropriate sanction. Defendants will have an opportunity to respond.

## Procedural Background

The manner and method by which the defendants wrongfully disclosed the

sealed identities of minors named as plaintiffs in both this case and the companion

case of *J.Y.C.C., et al. v. Doe Run Resources Corp., et al.*, Case No. 4:15CV1704

RWS (E.D. Mo.) (the *Collins* case), was thoroughly briefed, argued, and vetted

before Judge Sippel in *Collins*.  In brief, beginning as early as March 2023,

> Defendants Doe Run Resources and Renco released the names of 495
> minors [3] to an attorney in Peru, Juan Mario Peña Flores, who is not a
> counsel of record in this case.  The attorney in turn gave these names
> to the Peruvian prosecutor conducting the criminal proceeding in
> Peru, initiated by Defendants, to investigate the alleged recruitment
> irregularities.  Defendants were not authorized to disclose the minors'
> names to the Peruvian attorney or to the Peruvian prosecutor.  Nor
> were the Peruvian attorney or the Peruvian prosecutor otherwise
> authorized to receive this information.
>
> [3]  Defendants also disclosed . . . adult and minor plaintiffs' names from the
> companion case in this Court. . . .

*J.Y.C.C.*, Case No. 4:15CV1704 RWS (E.D. Mo. July 29, 2025) (ECF 951, Memo.

& Ord. at pp. 3-4) (citation modified).  The *Collins* plaintiffs filed a motion for

sanctions in April 2024 for defendants' wrongful disclosure.[1]  That motion began

the process in that Court of investigating, appraising, and evaluating defendants'

alleged conduct and whether and what sanctions were warranted.  After a lengthy

briefing schedule, the submission of evidence, and several conferences and in-

---

[1] The *Collins* plaintiffs are represented by different counsel than the plaintiffs in this case.
Counsel for defendants, however, are the same in both cases.

court hearings, Judge Sippel concluded that defendants intentionally, willfully, and in bad faith disclosed the minor plaintiffs' names "in direct violation of the sealing and redaction orders and rules of procedure[.]" *Id.* at p. 8.  He imposed a sanction of $100 for each of the minor plaintiffs' names that were wrongfully disclosed in that case.  As plaintiffs presented evidence demonstrating that 495 *Collins* plaintiffs met the parameters of having their identity wrongfully disclosed, Judge Sippel imposed a sanction totaling $49,500.  *Id.* at p. 9.[2]

In seeking sanctions here, plaintiffs adopt Judge Sippel's findings regarding the manner and method of defendants' wrongful disclosure of sealed names and information of minor plaintiffs in both this case and the *Collins* case.  (*See*, *e.g.*, Case No. 4:15CV1704 RWS, ECF 951 at p. 3, n.3; p. 4.)  Referring to orders I entered in 2018 and 2020 that awarded plaintiffs $429,260 in attorneys' fees as a Rule 37(b) sanction for defendants' willful violations of discovery orders entered in 2014 and 2017,[3] plaintiffs argue that defendants' wrongful disclosure of sealed information shows that they continue to intentionally and willfully violate court orders, which warrants an enhanced penalty that at least equals the monetary sanction I imposed for their discovery violations, that is, at least $429,260.

---

[2] Those parameters were that, at the time of the defendants' disclosure, the plaintiffs were minors with active cases or whose cases had been dismissed without prejudice.  *See* Case No. 4:15CV1704 RWS, ECF 951, Memo. & Ord. at p. 4, n.4; p. 5.

[3] *See* ECF 837, Memo. & Ord.; ECF 1107, Memo. & Ord.

In response, defendants do not challenge plaintiffs' reliance on Judge Sippel's findings in *Collins* regarding defendants' sanctionable conduct, and they admit that minors' names from this case were disclosed.  Defendants argue, however, that the scope of disclosure in this case is substantially less than in *Collins*, averring that only six minors' names were disclosed here as opposed to 495 in *Collins*.  Defendants therefore argue that plaintiffs' requested sanction of $429,260 for six missteps is disproportional and unrelated to the sanctionable conduct.

**Discussion**

As an initial matter, I agree with defendants that the $429,260 award of attorneys' fees imposed against them for past violations of discovery orders bears little if any relation to what constitutes an appropriate sanction for defendants' willful conduct in disclosing minors' identifying information in contravention of this Court's sealing orders.  That conclusion does not excuse defendants' sanctionable conduct here, but rather directs me to the lens through which I must view it.  In my orders granting Rule 37(b) sanctions and awarding plaintiffs $429,260 in attorneys' fees, I painstakingly detailed the history of defendants' violations of my discovery orders as well as the nature of the work and the time expended by plaintiffs' counsel directly caused by defendants' noncompliance. Based on those considerations, I concluded that $429,260 was a reasonable

- 4 -

lodestar amount of attorneys' fees to impose as a sanction.  Plaintiffs argue now that the same monetary amount – that is, $429,260 – must be imposed as a sanction here to deter defendants from continuing in their wrongful conduct.  Other than the fact that I previously imposed that amount as a discovery sanction, plaintiffs provide no specific argument or evidence to support why $429,260 is an appropriate sanction in the present circumstance.

Federal courts possess the inherent authority to manage their own affairs and impose sanctions for bad faith conduct during litigation.  *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-51 (1991).  If the amount of a monetary sanction goes beyond what is necessary to redress the wronged party for losses sustained, that additional amount is considered punishment for the sanctioned party's misbehavior, to which procedural guarantees applicable in criminal cases would attach.  *Goodyear Tire & Rubber*, 581 U.S. at 108.  Consequently, while I may award plaintiffs their attorneys' fees as a compensatory sanction for defendants' willful and bad-faith violation of this Court's sealing orders, any amount that extends further than plaintiffs' legal bills caused by defendants' misconduct requires an additional level of proof.  *Id.*

Based on 1) Judge Sippel's finding that defendants intentionally, willfully, and in bad faith disclosed the sealed names and other information pertaining to minor plaintiffs in both this case and the *Collins* case in violation of court orders

and rules of procedure; 2) defendants' conceding Judge Sippel's liability finding in response to plaintiffs' motion here, and defendants' challenge to only the amount of sanctions to be imposed rather than their propriety; and 3) defendants' admission that they disclosed sealed information pertaining to minor plaintiffs in this case, I conclude that defendants intentionally and willfully disclosed minor plaintiffs' names in direct violation of the sealing and redaction orders of the Court and rules of procedure. I will therefore grant plaintiffs' motion to the extent they seek sanctions for defendants' wrongful behavior.

However, because plaintiffs do not provide the required proof for an award of compensatory attorneys' fees or for punitive sanctions, I cannot render either. I will therefore give plaintiffs 30 days to file a verified statement of the attorneys' fees they reasonably incurred that were caused solely because of defendants' wrongful disclosure of the names of minor plaintiffs that were subject to the sealing orders of this Court. Requested attorneys' fees may include those reasonably incurred in investigating, preparing, and litigating their motion for sanctions. Any statement of attorneys' fees must be supported by sufficient detailed documentation from which I can determine the hourly rates charged and by whom, and whether the hours were reasonably expended.

To the extent plaintiffs seek sanctions beyond an award of attorneys' fees, plaintiffs shall also file sufficient proof of the specific number of minor plaintiffs

whose names defendants wrongfully disclosed, and specifically:  1) those plaintiffs who remain active in this case and are currently minors; 2) those plaintiffs who remain active in this case, are currently adults, and who were minors at the time of the wrongful disclosure; 3) those plaintiffs who were minors at the time of the wrongful disclosure and who, at that time or since, have been dismissed from this case without prejudice; and 4) those plaintiffs who were minors at the time their names were disclosed in the context of the *Collins* case as having been dismissed from that case, whether with or without prejudice, for the reason that they were already named as a plaintiff in this case (*see*, *e.g.*, ECF 1531-4 at hdr. p. 9 – "Without Prejudice-Duplicate Filing Reid").  Defendants may have 30 days to respond to plaintiffs' submissions.  No reply or supplemental briefs will be permitted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Sanctions [1529] is **GRANTED in part and DENIED in part** as set out in this Memorandum and Order.

**IT IS FURTHER ORDERED** that **within thirty (30) days of the date of this Memorandum and Order**, plaintiffs shall file a verified statement of attorneys' fees they reasonably incurred that were caused because of defendants' wrongful disclosure of the names of minor plaintiffs that were subject to the

sealing orders of this Court.

If plaintiffs seek sanctions beyond an award of attorneys' fees,

**IT IS FURTHER ORDERED** that **within thirty (30) days of the date of this Memorandum and Order**, plaintiffs shall file proof of the specific number of minor plaintiffs whose names defendants wrongfully disclosed, and specifically: 1) those plaintiffs who remain active in this case and are currently minors; 2) those plaintiffs who remain active in this case, are currently adults, and who were minors at the time of the wrongful disclosure; 3) those plaintiffs who were minors at the time of the wrongful disclosure and who, at that time or since, have been dismissed from this case without prejudice; and 4) those plaintiffs who were minors at the time their names were disclosed in the context of the *Collins* case as having been dismissed from that case, whether with or without prejudice, for the reason that they were already named as a plaintiff in this case.

**IT IS FURTHER ORDERED** that defendants shall have thirty (30) days to respond to plaintiffs' submissions.

No reply or supplemental briefs will be permitted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of May, 2026.