**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| A.O.A., *et al.*, | ) | |
| | ) | Case No. 4:11-cv-00044-CDP |
| Plaintiffs, | ) | (CONSOLIDATED) |
| | ) | |
| vs. | ) | |
| | ) | |
| THE DOE RUN RESOURCES | ) | |
| CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR**
**<u>OMNIBUS MOTION IN LIMINE</u>**

On May 1, 2026, in exchanging initial deposition designations, Plaintiffs disclosed for the first time that they will seek to admit 20-year-old deposition testimony from a different case—a personal injury case involving Herculaneum that pre-dates this litigation—by deceased former Doe Run Resources Corporation employee Dan Vornberg. Ex. A (Vornberg Designations); Ex. B (Vornberg Vol. I Report); Ex. C (Vornberg Vol. II Report). Plaintiffs disclosed the testimony for the first time after Defendants filed their April 28, 2026 Omnibus Motion *in Limine* ("Motion"). Defendants therefore file this short supplemental brief in support of the Motion.

Mr. Vornberg's testimony should be excluded for all the reasons discussed in Defendants' Motion regarding Herculaneum-related evidence. Dkt. 1645 (Defs.' MIL) at 1–7. It relates to a lawsuit brought by a Missouri plaintiff regarding a different facility, in a different country, operated pursuant to different regulations concerning issues unrelated to those in this lawsuit. Indeed, the lengths to which Plaintiffs are going to offer irrelevant, prejudicial, and improper evidence regarding Herculaneum are astonishing and grow by the day. *See also, e.g.*, Pls.' May 8, 2026 Opp. to Defs.' Mot. to Strike, Dkt. 1664.

But even if the Court finds that Herculaneum-related evidence is admissible, Mr. Vornberg's testimony is not. Mr. Vornberg was not included in Plaintiffs' Rule 26 disclosures.[1] And he was not included on the witness list Plaintiffs filed with the Court ***just one week before*** designating his testimony. Under Rule 37(c)(1)'s mandatory exclusion sanction, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

---

[1] Defendants reserve the right to object to testimony of Mr. Vornberg during the deposition designation process, but this brief asserts only the grounds raised in the Motion as to Herculaneum-related evidence and improperly disclosed witnesses. *See* Defs.' MIL at 1–7, 17–19.

1

Neither exception applies. Plaintiffs have no justification for not disclosing Mr. Vornberg, who passed away 12 years ago, as to testimony he gave 20 years ago. *See Certain Underwriters at Lloyd's v. SSDD, LLC*, 301 F.R.D. 391, 395–97 (E.D. Mo. 2014) (no substantial justification where disclosing party knew of witness and simply failed to supplement); *Wildman v. Am. Century Servs., LLC*, No. 4:16-CV-00737-DGK, 2018 WL 4008990, at *3 (W.D. Mo. Aug. 22, 2018) (same). And Plaintiffs' failure is far from harmless. Because Mr. Vornberg is deceased, cross- or direct-examination is permanently foreclosed, and Defendants never had the chance to develop counter testimony or other evidence in this case that would contextualize his testimony. *See, e.g.*, *Certain Underwriters*, 301 F.R.D. at 395–97. Indeed, in 2006, when Mr. Vornberg gave his deposition, litigation over the La Oroya smelter ***had not even begun***. There was no reason for Defendants to examine Mr. Vornberg about, for example, testimony Plaintiffs have designated from him related to Peru or the CMLO. Plaintiffs should not be permitted to inject one-sided testimony about Herculaneum into this case, devoid of context that would have come through record development by Defendants had Mr. Vornberg been properly disclosed.

That Mr. Vornberg was known generally to Defendants is immaterial. *See Troknya v. Cleveland Chiropractic Clinic*, 280 F.3d 1200, 1205 (8th Cir. 2002) (affirming exclusion of undisclosed witnesses who was identified "somewhere in the course of discovery"). Plaintiffs' conduct is the very "sandbagging" that Rule 26 exists to prevent. *See, e.g.*, *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 255 F.R.D. 645, 656 (N.D. Iowa 2009) ("belated designation of [the witness] smack[ed] of 'sandbagging'" and was not harmless where "discovery was long closed" and designating party sought "to get new issues into the case through the 'back door'").

For the foregoing reasons tied to those argued in their Motion, Defendants respectfully request that the Court exclude Mr. Vornberg.

2

Respectfully submitted,

**KING & SPALDING LLP**

By: */s/ Geoffrey M. Drake*
Andrew T. Bayman, #043342GA
abayman@kslaw.com
Geoffrey M. Drake, #229229GA
gdrake@kslaw.com
Mark Sentenac, #987346GA
msentenac@kslaw.com
1180 Peachtree Street, N.E., Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Tracie J. Renfroe, #16777000T
trenfroe@kslaw.com
1100 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

*Attorneys for Defendants The Renco Group, Inc.,*
*D.R. Acquisition Corp., Doe Run Cayman Holdings,*
*LLC, Doe Run Resources Corporation, Ira L.*
*Rennert, Marvin M. Kaiser, and Albert Bruce Neil*

**SIDLEY AUSTIN LLP**

Jennifer L. Saulino
Jennifer.saulino@sidley.com
Richard W. Smith
rwsmith@sidley.com
1501 K Street NW
Washington, DC 20005
Telephone: (202) 736-8649
Facsimile: (202) 736-8711

*Attorneys for Defendants The Renco Group, Inc.*
*and Ira L. Rennert*

**LEWIS RICE LLC**

Thomas P. Berra, Jr., #43399MO
tberra@lewisrice.com

3

Michael J. Hickey, #47136MO
mhickey@lewisrice.com
600 Washington Ave., Suite 2500
St. Louis, Missouri 63102-2147
Telephone: (314) 444-7600
Facsimile: (314) 241-6056

*Attorneys for Defendants Doe Run Resources
Corporation, Marvin K. Kaiser, and Albert Bruce
Neil*

**DOWD BENNETT LLP**

Edward L. Dowd, Jr., #28785MO
edowd@dowdbennett.com
7676 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
Telephone: (314) 889-7300
Facsimile: (314) 863-2111

*Attorneys for Defendants The Renco Group, Inc.,
D.R. Acquisition Corp., Doe Run Cayman Holdings,
LLC, and Ira L. Rennert*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of May, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court through the Court's CM/ECF system, which will effect service on all counsel of record by sending a Notice of Electronic Filing.

*/s/ Geoffrey M. Drake*