IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-cv-00044-CDP |
| | ) | (CONSOLIDATED) |
| IRA L. RENNERT, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**SUPPLEMENTAL MOTION *IN LIMINE* (DOC. 1680)**

Defendants' supplemental motion *in limine* should be denied. Defendants seek to exclude

deposition testimony of a former Doe Run Resources (DRRC) employee, Daniel Vornberg, which

they themselves produced in discovery over 10 years ago. They argue the testimony is irrelevant

and impermissible because Vornberg was not included in Plaintiffs' Rule 26(a) disclosures or

initial witness list. *See generally* Doc. 1680. But the deposition is admissible as the statement of a

party opponent, and Vornberg's testimony is highly relevant to show Defendants' knowledge of

key facts at issue in the trial, including the dangers lead poses to children living near a smelter.

Any procedural error is harmless, as Defendants cannot show surprise or prejudice.

**BACKGROUND**

Dan Vornberg is a former defendant in this case. *See* Doc. 7 at 5 (complaint); Doc. 239

(stipulation of dismissal). Before his death on June 23, 2014, *see* Doc. 225, he spent many years

as Doe Run's vice president of environmental affairs—a role that put him at the center of the

environmental control projects Doe Run implemented in both Missouri and Peru. *See* Doc. 1680-

2 at 108–112 (Tr. 109:18–21, 112:23–113:16). Correspondence to and from Vornberg featured

prominently in Plaintiffs' opposition to Defendants' foreign law briefing. *See, e.g.*, Docs. 871-38, -65, -66, -75, -76, -77, -78, -83, -84, -88, -92, -93, -94, -95, -99, -124, and -125 (filed 5/8/2018). His name appears more than 60 times in Plaintiffs' omnibus summary judgment response (*see generally* Doc. 1276, filed 3/24/2022), and more than 25 times on *Defendants'* exhibit list for trial (*see generally* Doc. 1639-1, filed 4/23/2026).

Although Plaintiffs did not list Vornberg on their Rule 26(a) disclosures, *Defendants did*, both in 2013 and again in 2020. In 2013, Defendants indicated that Vornberg was "likely to have discoverable information regarding environmental management and operations of the La Oroya Complex by predecessors to DRP; environmental management and operations of the La Oroya Complex, including PAMA compliance and extensions; Peruvian government actions relating to the La Oroya Complex, including PAMA compliance and extensions, remediation, and community relations." *See* Ex. 1 (6/28/2013 Letter from Dowd) at 17. In 2020, Defendants disclosed Vornberg again, as they represented that "[*a*]*ll persons* listed in Defendants' original Rule 26(a)(1) Disclosures *remain disclosed and endorsed as witnesses*." Ex. 2 (Defts' Supp'l Rule 26(a)(1) Disclosures) at 2 n.1 (emphasis added).

Vornberg died before he could be deposed in this case. However, he was deposed in the Herculaneum litigation, on September 19–20, 2006. *See* Docs. 1680-2 and 1680-3. At that deposition, Defendants Kaiser, Rennert, Renco, DRRC, and DR Acquisition were all represented by counsel, including two of the same firms currently defending this case. Doc. 1680-2 at 3–4 (Tr. 4:7–5:16). On January 5, 2016, Defendants produced a copy of the Vornberg deposition transcript as part of DRRC's fifth rolling ESI production. *See* Ex. 3 (1/5/2016 Letter from Hickey); *see also* Doc. 570 at 10 (quoting from the transcript). Plaintiffs included the same transcript as PLTF-0825 on their initial exhibit list exchanged on March 25, 2026, *see* Ex. 4 (3/25/2026 Email from Stump)

at 3, and on their final exhibit list filed April 23, 2026, *see* Doc. 1637-2 at 31. On May 1, 2026, Plaintiffs designated portions of Vornberg's deposition for use at trial. *See* Doc. 1680-1.

## ARGUMENT

**I.      Vornberg's testimony is relevant and admissible as the statement of a party opponent.**

Defendants assert that Vornberg's testimony should be excluded because it involves "Herculaneum-related evidence," which is a subject of their motions *in limine*. Doc. 1680 at 2. Plaintiffs have opposed that motion (*see* Doc. 1669-1 at 1–6) and will not burden the Court by rehashing those arguments here. But the relevance of Vornberg's testimony is not merely to show that Defendants understood the dangers of lead to small children based on their experience in Herculaneum. *See, e.g.*, Doc. 1680-3 at 60–61 (Tr. 262:24–263:4) (admitting he became aware of "a relationship of risk to distance of the plant in about 1985 or '86"); *id.* at 53 (Tr. 255:9–16) ("we started to generate the idea of a buffer zone ... in the late '80s, maybe 1989, maybe 1987"). His testimony also shows that he was integrally involved in decisions about environmental projects in Peru. *See, e.g.*, Doc. 1680-2 at 111–12 (Tr. 112:23–113:16).

Vornberg was an officer of DRRC when he was deposed in 2006, and he testified about matters within the scope of his employment. *See* Doc. 1680-2 at 116 (Tr. 117:7–12). Accordingly, his statements are attributable to an opposing party, and his deposition may be used for any purpose at trial. *See* Fed. R. Civ. P. 32(a)(3); Fed. R. Evid. 801(d)(2)(D); *e.g.*, *Brown v. Pagan*, 2010 U.S. Dist. LEXIS 34800, at *4 (S.D.N.Y. Apr. 8, 2010). This is true even though the deposition was taken in an earlier proceeding. Fed. R. Civ. P. 32(a)(8); *e.g.*, *Old Republic Ins. Co. v. Whitaker*, No. 10-3236, 2012 U.S. Dist. LEXIS 206596, at *3–4 (W.D. Mo. Jan. 12, 2012) (observing that "deposition testimony from a previous case [is] admissible non-hearsay because it is an admission by a party-opponent") (quoting *United States v. Lay*, 612 F.3d 440, 448 (6th Cir. 2010)).

Case No.: 4:11-cv-00044-CDP
(Consolidated)

Vornberg's deposition is also admissible under Federal Rule of Evidence 804(b)(1) as the statement of an unavailable witness, offered against a party who had an opportunity and similar motive to develop the testimony in an earlier proceeding. Fed. R. Evid. 804(b)(1); *see Battle v. Mem'l Hosp.*, 228 F.3d 544, 552 (5th Cir. 2000) (observing that "similar motive does not mean identical motive"). In preparation for trial, Plaintiffs recently obtained the video recording of Vornberg's testimony and will seek to publish the designated portions of his transcript by playing those videotaped excerpts, just as the parties intend to do for other unavailable witnesses. This is appropriate under Rule 32(c). *See* Fed. R. Civ. P. 32(c) ("On any party's request, deposition testimony offered in a jury trial for any purpose other than impeachment must be presented in non-transcript form, if available, unless the court for good cause orders otherwise.").

**II.      Any procedural error in the designation of Vornberg's testimony is harmless.**

Defendants suggest that Vornberg's deposition testimony should be excluded because he was "not included in Plaintiffs' Rule 26 disclosures" or recently filed witness list (Doc. 1636). *See* Doc. 1680 at 2 (citing Rule 37). But "[t]he testimony of fact witnesses who were untimely disclosed 'should seldom be barred unless bad faith is involved.'" *Acosta v. Tyson Foods, Inc.*, No. 08-86, 2012 U.S. Dist. LEXIS 181030, at *8 (D. Neb. Dec. 21, 2012) (quoting *Bergfeld v. Unimin Corp.*, 319 F.3d 350, 355 (8th Cir.2003)). The purpose of our modern discovery procedure is to narrow the issues, *to eliminate surprises*, and to achieve substantial justice." *Mawby v. United States*, 999 F.2d 1252, 1254 (8th Cir. 1993) (emphasis in original, citation omitted).

Defendants cannot credibly claim surprise, or "sand-bagging," when they included Vornberg in their own Rule 26(a)(1) disclosures. *See* Ex. 1 at 17. "[A] party will not be allowed to insist on exclusion of a witness whose relevance the party was already aware of, especially when that party has itself recognized the witness's importance by including him in the party's own Rule

26(a) disclosure." *Jackson v. Herrington*, No. 05-186, 2011 U.S. Dist. LEXIS 49503, at *6 (W.D. Ky. May 6, 2011); *accord, e.g.*, *Gould v. Transamerica Life Ins. Co.*, No. 11-0730, 2012 U.S. Dist. LEXIS 204582, at *20 (S.D. Ala. Oct. 16, 2012) ("[O]nce witnesses are disclosed by one party to the other party, both parties are aware that such witnesses have discoverable information such that any failure to supplement prior Rule 26(a) disclosures is harmless.").

The notion that "Defendants never had the chance to develop counter testimony or other evidence in this case that would contextualize his testimony" (Doc. 1680 at 3) is untenable. The facts are these: (a) Vornberg was a named defendant in this action until his death; (b) Defendants were represented by counsel at his prior deposition; (c) Defendants have possessed the deposition transcript for 20 years; (d) Defendants produced the deposition transcript in discovery; (e) Vornberg died before discovery depositions occurred in this case; and (e) Defendants nevertheless included Vornberg on their own initial disclosures, even after his death.

Vornberg's relevance to the case has been highlighted repeatedly in Plaintiffs' prior briefing. Plaintiffs also included his deposition transcript on their initial exhibit list, provided to the defense over three months before trial. Even if Vornberg should have been included on Plaintiffs' witness list, filed a week before designating his testimony, the delay of "***just one week***" (Doc. 1680 at 2) was harmless. *See Cincinnati Ins. Co. v. St. Louis Produce Mkts.*, No 20-358 (SNLJ), 2021 U.S. Dist. LEXIS 207275, at *19 (E.D. Mo. Oct. 27, 2021) (finding no surprise or prejudice where untimely disclosure did not require the opposing party to conduct additional discovery, re-depose the deponent, or make substantial changes to its preparation of the case); *cf. Kautsch v. Premier Communs.*, No. 06-04035, 2008 U.S. Dist. LEXIS 14327, at *10 (W.D. Mo. Feb. 26, 2008) (failure to produce an exhibit in discovery was harmless where the opposing party already possessed it).

## CONCLUSION

The Court should deny Defendants' motion and admit Vornberg's deposition testimony.

Respectfully submitted,

**SCHLICHTER BOGARD LLC**

May 21, 2026

 /s/ *Nathan D. Stump*
Cort A. VanOstran, #67276 (MO)
Jerome J. Schlichter, #32225 (MO)
Nathan D. Stump, #71641 (MO)
Kristine K. Kraft, #37971 (MO)
Rachel Berger, #77248 (MO)
100 South 4th St., Suite 1200
St. Louis, Missouri 63102
(314) 621-6115
cvanostran@uselaws.com
jschlichter@uselaws.com
nstump@uselaws.com
kkraft@uselaws.com
rberger@uselaws.com

*Attorneys for Plaintiffs*