UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:11 CV 44 CDP |
| | ) | |
| IRA L. RENNERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Defendants seek to strike three of plaintiffs' witnesses and bar plaintiffs' use of their recently produced documents.  In March 2026, plaintiffs learned of and received from three previously disclosed non-party witnesses documents and media files that defendants claim were not produced in response to subpoenas defendants directed to those witnesses in 2020.  In April 2026, plaintiffs produced all of the newly obtained material to defendants.  The first trial in this case is set for June 23, 2026.  Given the eve-of-trial disclosure, defendants request that I impose Rule 37 sanctions and strike the three witnesses from plaintiffs' witness list and bar their testimony at trial. Alternatively, defendants ask that I bar plaintiffs from using any of the new material at trial or at the very least permit defendants to conduct supplemental depositions of

two witnesses and an initial deposition of the third.[1]

Upon careful consideration of the parties' respective arguments on defendants' motion to strike or for alternative relief, and the exhibits submitted in support of those arguments, I will deny defendants' motion.

As an initial matter, plaintiffs did not violate any of this Court's orders in their unexpected discovery and reasonably prompt production of the material at issue. Although defendants contend that the late production generally violates scheduling orders that closed discovery long ago and that plaintiffs' "gamesmanship" in sitting on the material for weeks before producing it to defendants renders those discovery deadlines meaningless, I note that plaintiffs likewise did not know of the existence of the material until very recently and acted promptly in producing the material upon their review of it and having it processed in producible form.

Moreover, I cannot say that the non-party witnesses did not comply with the subpoenas that were served on them in 2020.  Witness Ellie Stock testified at her 2020 deposition that she no longer had her "earlier documents," having "got rid of the stuff" after the smelter had closed.  At her own 2020 deposition, witness Leslie Warden produced some of the material defendants now assert is "new," and she testified to her belief that she produced all the documents in her possession that were

---

[1] Defendants deposed witnesses Ellie Stock and Leslie Warden in 2020.  Defendants decided at that time to not depose witness Hunter Farrell.

responsive to the subpoena.  And the documents recently provided by witness Hunter Farrell are not *his* documents and were not in his possession when he received defendants' subpoena in October 2020.  The documents in fact are records belonging to Stock and contained in boxes she sent to Farrell in 2014, which Farrell then immediately sent to the coordinator of the Presbyterian Church's Joining Hands Program – a network of religious groups that earlier served in LaOroya, Peru.  The boxes came to be back in Farrell's possession in February 2026 when the Church sent them to him to go through before the Church's planned disposal of them.[2]

Even if the witnesses were not fully compliant when responding to the subpoenas in 2020, defendants are not prejudiced by the recent production as the information contained in the material is not substantively new to them.  Much of the material had already been produced, albeit possibly in different forms.  Much of the information was already within defendants' knowledge and possession and indeed was addressed in Stock's and Warden's depositions.  As to Farrell, defendants chose not to depose him in 2020 as a matter of strategy (*see* Defts' Mot. Strike, ECF 1655 at p. 2), despite their knowledge of his involvement in the LaOroya community during the relevant period, including being the link between leaders in Peru and

---

[2] I do not assume a nefarious intent by plaintiffs' production of Farrell's affidavit in response to defendants' motion to strike with no similar production of sworn statements from Stock or Warden. The parties already have sworn deposition testimony from Stock and Warden regarding their possession and production of responsive documents in 2020.  As defendants chose not to depose Farrell, there was no such sworn testimony from him.

individuals in St. Louis investigating the health impact in LaOroya "due to the lead emissions from the LaOroya Complex." (Joint Status Rep. re Witness Discl., ECF 1123 at p. 3.) Defendants do not identify what in substance they could learn from Farrell if they were to depose him now and how that new information is related to the recently produced documents as they are not his documents. Regardless, defendants can cross-examine the witnesses on why they did not produce the material before.

Finally, the scope of the witnesses' testimony has not yet been determined. My decision now to not strike *in toto* either the witnesses' testimony or the new material does not mean that it will all be admitted at trial. My ruling is not on admissibility, only on whether to preempt plaintiffs' tendering the witnesses and documentary evidence altogether. On the record presently before the Court, I will not impose that bar. Nor will I permit defendants to depose the three witnesses, whether in supplementation or otherwise, for the reasons set out above.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Strike Certain of Plaintiffs' Witnesses or, in the Alternative, to Bar Use of Late-Produced Material and Reopen Discovery [1655] is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of June, 2026.

- 4 -