UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:11 CV 44 CDP |
| | ) | |
| IRA L. RENNERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs move to voluntarily dismiss with prejudice their claims against defendants D.R. Acquisition Corp. and Doe Run Cayman Holdings, LLC, as well as the claims raised in Counts X and XI of the amended complaint against all defendants.  All defendants oppose the dismissal of D.R. Acquisition and Doe Run Cayman.  They do not oppose plaintiffs' dismissal of Counts X and XI.  Upon careful consideration of each side's position, argument, and cited authority, I will grant plaintiffs' motion to dismiss in its entirety.

Plaintiffs explain that dismissal of the parties and claims would help simplify the jury instructions and verdict forms in this case; that D.R. Acquisition's and Doe Run Cayman's shell-company status leaves them with no unique claims, defenses, or witnesses of their own; and that D.R. Acquisition and Doe Run Cayman are no longer necessary parties to the case.  These are reasonable

explanations in the circumstances of this complicated case.

This is a far different case from, for example, *C.H. Robinson Worldwide, Inc. v. Traffic Tech, Inc.*, 161 F.4th 1101 (8th Cir. 2025), cited by defendants.  In *C.H. Robinson*, the district court granted summary judgment to a group of defendants under California law.  On plaintiff's appeal, the Eighth Circuit determined that Minnesota law applied to all but one defendant and remanded the case for the court to consider, *inter alia*, whether the relevant claims as to that one defendant arose in California.  *Id.* at 1105.  On remand, defendants again moved for summary judgment, and plaintiff moved to dismiss the one California-related defendant with prejudice.  Again determining that California law applied to that defendant, the district court noted that "the table was set" for another grant of summary judgment to that defendant and "it was clear that [he] should win on the merits."  *Id.* at 1106.  The court accordingly granted summary judgment to that defendant and denied plaintiff's motion to dismiss him with prejudice.  On a second appeal, the Eighth Circuit held that it was not an abuse of discretion to deny plaintiff's last-minute attempt to dismiss that defendant with prejudice, especially since, as admitted by the plaintiff, such dismissal could have precluded the defendant from pursuing a potential claim against plaintiff under California law for attorney fees.  *Id.* at 1108-09.  Unlike *C.H. Robinson*, the explanations plaintiffs give here for dismissal with prejudice are not so self-serving, and the dismissal will

- 2 -

have no preclusive or prejudicial effect on the dismissed defendants.

Moreover, the remaining defendants will not be prejudiced by the dismissal of D.R. Acquisition and Doe Run Cayman.  They will still be able to mount their own defenses.  D.R. Acquisition and Doe Run Cayman are part of the "story" of this case, and evidence about those companies will undoubtedly be part of the trial, whether they are named as defendants or not.  Nor does dismissal affect any other party's ability to assert their own claims on the issues.  Again, this case is different from defendants' cited cases.  For example, in *Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1048 (10th Cir. 2002), plaintiff's dismissal with prejudice as part of a settlement would have made it impossible for intervenors to obtain relief.  There is no similar circumstance here.  Although the remaining defendants argue that dismissal of these two defendants could cause them to bear greater shares of any potential damages, that argument ignores the long-held rule "that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."  *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7 (1990).

Finally, I do not consider plaintiffs' dismissal of D.R. Acquisition and Doe Run Cayman a waste of judicial time and effort.  I cannot say that the presence of those defendants up to this point either prolonged or affected the course of the proceedings in this case or rendered anyone's work on the case wasteful, because

matters relating to D.R. Acquisition's and Doe Run Cayman's structure and role in the conduct alleged in the amended complaint would have been discoverable and relevant evidence regardless of whether they were named as defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Voluntarily Dismiss Certain Claims and Defendants [1771] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' claims against defendants D.R. Acquisition Corp. and Doe Run Cayman Holdings, LLC, are **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that Counts X and XI of plaintiffs' amended complaint are **DISMISSED with prejudice.**

A separate Partial Order of Dismissal is entered this date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2026.