**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

A.O.A., *et al.*,

        Plaintiffs,

    v.

THE DOE RUN RESOURCES
CORPORATION, *et al*.,

        Defendants.

Case No. 4:11-cv-00044-CDP

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' STATEMENT OF THE CASE**

In accordance with the Court's order, Dkt. 1779, the parties filed proposed "neutral statements of the case." Dkts. 1789, 1790. Defendants write to notify the Court of factual inaccuracies and legal errors in Plaintiffs' proposed statement, Dkt. 1789.

First, Plaintiffs' descriptions of certain Defendants are misleading (Para. 6). Marvin K. Kaiser retired in 2006, and it is misleading to refer to him as "an officer of The Doe Run Resources Corporation during the relevant time period," which ended in 2009. Ira L. Rennert is an owner of The Renco Group, Inc. ("Renco"), but the vast majority of Renco is owned by trusts of which he is not a beneficiary. *See* Renco Tr. Br. at 3 n.1. Referring to him as the principal owner of Renco may mislead the jury.

Second, Plaintiffs' statement alleges the Defendant companies were "owners— directly or indirectly—of Doe Run Peru and the Complex through this chain of related companies" (Para. 7). None of the Defendant companies owned Doe Run Peru or the

Complex at any time. Nor were any of them "directly" connected to Doe Run Peru in the corporate structure. Certainly none could be described as a direct owner of Doe Run Peru. Further, describing all Defendant companies as owning Doe Run Peru and the Complex "through this chain of related companies" is not a neutral statement; it is a fact-finding; and it would not be appropriate for the Court to so instruct the jury.

Third, Plaintiffs say they are alleging that "the defendants are legally responsible *for the operation of the Complex*" (Paras. 8; *see also* para. 9 ("[D]efendants … deny that they are legally responsible for Doe Run Peru's *operation of the Complex*" (emphasis added)). This understates what Plaintiffs must prove for Defendants to be held liable for Doe Run Peru's alleged torts. Responsibility for operation of the Complex is not enough. Plaintiffs must show complete domination of Doe Run Peru "in respect to the transaction attacked." *Doe 1631 v. Quest Diagnostics, Inc.*, 395 S.W.3d 8, 18 (Mo. 2013). "Operation of the Complex" is not the transaction attacked. Further, collapsing all Defendants into one entity is incorrect. Plaintiffs must prove their allegations individually for each Defendant.

Plaintiffs' statement is likely to mislead the jury into thinking that Defendants may be held liable if they had some level of responsibility for operation of the Complex, as opposed to, for each Defendant, complete domination and control over Doe Run Peru with respect to the specific actions which Plaintiffs attack. This is particularly true because Plaintiffs' statement contains no guidance regarding principles of corporate separation. It is important that the jury be instructed on basic principles of corporate separation when the concept of legal responsibility of a parent company for torts of a subsidiary is introduced. Plaintiffs' misleading summary of their allegation, particularly absent clarifying

- 2 -

instructions on corporate separation, is likely to confuse and mislead the jury about the legal standards they will be called upon to apply.

## CONCLUSION

For these reasons, the Court should not deliver Plaintiffs' statement as drafted by Plaintiffs. Defendants submit that the Court should instead deliver Defendants' statement, Dkt. 1790. In the event the Court chooses to deliver Plaintiffs' statement, Defendants have proposed revisions to address the above and other issues in the attached redline and accompanying clean version. Defendants attempted to obtain Plaintiffs' agreement to these proposed revisions but Plaintiffs indicated that they prefer the statement they submitted.

Dated: June 19, 2026

/s/ Geoffrey M. Drake

**KING & SPALDING LLP**

Andrew T. Bayman, #043342GA
abayman@kslaw.com
Geoffrey M. Drake, #229229GA
gdrake@kslaw.com
Mark Sentenac, #987346GA
msentenac@kslaw.com
1180 Peachtree Street, N.E.
Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Tracie J. Renfroe, #16777000T
trenfroe@kslaw.com
1100 Louisiana Street
Suite 4000
Houston, TX 77002

Respectfully submitted,

/s/ Jennifer L. Saulino

**SIDLEY AUSTIN LLP**

Jennifer L. Saulino (D.C. Bar No. 479390)
jennifer.saulino@sidley.com
Richard W. Smith (D.C. Bar No. 465563)
rwsmith@sidley.com
Jillian S. Stonecipher (D.C. Bar No. 1030214)
jstonecipher@sidley.com
1501 K Street, N.W.
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

*Attorneys for Defendants The Renco Group, Inc. and Ira L. Rennert*

**LEWIS RICE LLC**

- 3 -

Telephone: (713) 751-3200
Facsimile: (713) 751-3290

*Attorneys for Defendants The Renco Group, Inc., D.R. Acquisition Corp., Doe Run Cayman Holdings, LLC, The Doe Run Resources Corporation, Ira L. Rennert, Marvin M. Kaiser, and Albert Bruce Neil*

**DOWD BENNETT LLP**

Edward L. Dowd, Jr. #28785MO
edowd@dowdbennett.com
Jeffrey R. Hoops, #69813MO
jhoops@dowdbennett.com
7733 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
(314) 889-7300 (telephone)
(314) 863-2111 (facsimile)

*Attorneys for Defendants The Renco Group, Inc., DR Acquisition Corp., Ira L. Rennert, and Doe Run Cayman Holdings, LLC*

Thomas P. Berra, Jr., #43399MO
tberra@lewisrice.com
Michael J. Hickey, #47136MO
mhickey@lewisrice.com
600 Washington Ave., Suite 2500
St. Louis, MO 63102-2147
Telephone: (314) 444-7600
Facsimile: (314) 241-6056

*Attorneys for Defendants The Doe Run Resources Corporation, Marvin K. Kaiser, and Albert Bruce Neil*

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this was filed on June 19, 2026 via the

ECF/CM system with the Clerk of the Court, which will serve Notice of Electronic Filing

upon counsel of record.

By: */s/ Jennifer L. Saulino*