IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-cv-00044-CDP |
| | ) | (CONSOLIDATED) |
| IRA L. RENNERT, *et al*., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER APPOINTING A SPECIAL MASTER UNDER RULE 53

Before the Court is the Parties' Joint Motion to Appoint a Special Master under Federal Rule of Civil Procedure 53. The Parties have consented to the appointment, all Parties have had notice and an opportunity to be heard, and John Jackson of Ascend ADR has filed the affidavit required by Rule 53(b)(3) disclosing no ground for disqualification under 28 U.S.C. § 455. The Court FINDS that the appointment is authorized under Rule 53(a)(1)(A).

Accordingly, IT IS HEREBY ORDERED that the Parties' Joint Motion to Appoint a Special Master [1814] is granted and that:

1.      John Jackson of Ascend ADR LLC, is appointed as special master (the "Neutral") in connection with the administration of the Parties' settlement.

2.      **Duties.** The Neutral shall, with all reasonable diligence: (a) audit the enrollment records and receive the enrollment counts; (b) review the authenticity of execution of disputed Claim Packages; (c) issue a Final Participation Report stating the number of Enrolled Participants and whether the Participation Threshold is satisfied; and (d) review and approve the allocation of the Net Settlement Fund under the allocation model. The Neutral has no authority beyond these duties.

1

3.      **Ex parte communications.** The Neutral may communicate ex parte with the Court on administrative and scheduling matters.

4.      **Record.** The Neutral shall preserve the materials supporting the Final Participation Report and the allocation review, and shall file the Final Participation Report and any other report with the Court under seal, serving a copy on each Party.

5.      **Review.** A Party may file objections to, or a motion to adopt or modify, a report of the Neutral within twenty-one (21) days after service. Fed. R. Civ. P. 53(f)(2). The Court will decide de novo all objections to findings of fact, unless the Parties, with the Court's approval, stipulate that the Neutral's findings are final under Rule 53(f)(3)(B). The Court will decide de novo all objections to the Neutral's conclusions of law, consistent with Rule 53(f)(4).  Procedural rulings are reviewed for abuse of discretion.

6.      **Compensation.** The Neutral shall be compensated for reasonable time spent performing the duties set out in this Order at the rate set forth in the Neutral's engagement with Plaintiffs' Counsel. The Neutral's fees and reasonable expenses shall be paid from the earnings of the qualified settlement fund, a fund subject to the Court's continuing jurisdiction, as a cost of settlement administration, and shall not be charged against any claimant's recovery. Fed. R. Civ. P. 53(g)(2)(B). The applicable rate is stated in the Neutral's engagement, which Plaintiffs' Counsel will make available to the Court for in camera review upon request. The Court retains authority to review and fix the Neutral's compensation, including on the objection of any Party, under Rule 53(g)(1).

7.      The Court retains continuing jurisdiction over the Neutral's appointment and the matters addressed in this Order and may amend this Order after notice to the Parties and an opportunity to be heard.

SO ORDERED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated: July 2, 2026